IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED 2006 MAR 27 A 10:18

ROBERT REX EDWARDS,
  PLAINTIFF,

06CV177-WFW (WO)

BILLY MITCHEM, et, al,
  DEFENDANT.

## REBUTTAL TO JUDGE WATKINS' ORDER

Now comes, the plaintiff to this HONORABLE Court with this rebuttal to the order denying the Temporary Restraining Order (TRO).

The plaintiff tried to foreclose what he was told about the LOUISIANA private prison ran by LCS at PINE PRAIRIE. This was to prevent "irreparable injury" to his case by UNCONSTITUTIONAL CONDITION at the camp. I.E. no Law Library, Not allowed stamps by mail, outrageous prices on the store to include a surcharge on US Postal Service stamped envelopes, "Pod segregation" to limit being able to help each other with our Legal work.

Due to being sent to LOUISIANA on the 8th day of MARCH, 2006. The plaintiff at Limestone Co CF had Legal supplies pre-authorized by LT Fraiser only to have the same LT steal 4 - 3 hole Loose Leaf paper folders. And have CAP'T Wallace steal 5 file folders from him the morning of the 8th of MARCH, 2006. The Letter authorizing the supplies is kept by MARY AHEARN at 727 446 0094 the plaintiff's sister. Defendant Mitchem has full knowledge of the Legal supplies.

These legal supplies were to used to help organize the plaintiff's legal work.

When the plaintiff reached PINE PRAIRIE additional property was stolen without due process or equal protection of the laws. All ALABAMA inmates lost canteen/store items religious necklaces and the plaintiff lost his 1½" 3 hole loose leaf binder containing legal materials. Legal material were returned.

After filing a complaint the plaintiff got his glue and an empty promise by Maj. Riley. The promise was access to the Law Library. There is nothing on the computers about ALABAMA law.

On 3-20-06 just hours before receiving this order the plaintiff received a rejection form. His 20 stamps were stolen by LCS. Their policy violates ALABAMA DOC AR 303 and PROCUNIER v MARTINEZ 416 US 396, 40 LEd 2d 224 (1974). PLAINTIFF had to get stamps from a friend to even send this rebuttal. We do not even get our 2 free stamps a week from another federal decision that AR 303 upholds. We are not treated as other ALABAMA inmates.

LCS violate court orders by policy of a none indigent is a person with more than $5.00. INDIGENCY is determined by ALABAMA Code 1975 § 15-12-5(b) and must be earned income not monies from family or friends.

In order to get my stolen stamps I have to buy them back. That way we spend 78¢ for a 39¢ stamps. That violates federal laws.

Property interest in money and stamps in MATHERS v Halford 76 F 3d 951 (8 cir 1996) is violated by LCS's policy.

2

As state inmates of ALABAMA we have 'State Created Rights' and 'Liberty Interest.' Meachem v FANO, 427 US 215 49 LEd 2d 451 (1976)

As US citizens we have 'due process' and 'equal protection of the laws' of the Constitution. (USCA 1, 5, 14)

These violation have created 'irreparable injury' to our First Amendment rights to 'access to the courts' by an illegal policy that steals our rights, mail, and due process. HIGGASON v Farley, 83 F3d 807 (7 cir 1996) GENTALA v CITY OF TUCSON, 213 F3d 1055 (9 cir 2000)

This will cause me to lose my case for which I am illegally imprisoned on.

The plaintiff was transferred out of state to a more restrictive prison and placed in 'pod segregation' without charges, a hearing due process or equal protection of the laws. Diamond v Thompson, 364 F supp 659, 662 (MD AL 1973); Jackson v Goowin, 400 F2d 529, 535 (5 cir 1968).

This is a retalitory transfer. In the past the plaintiff has filed greivances to get access to the courts only to be placed in segregation for protecting prisoners rights in violation of DAVIS v GOORD, 320 F3d 346 (2 CIR 2003), Farrow v West 320 F3d 1235 (11 cir 2003),

The plaintiff is exspecting that soon he will be in seg here at PPCC. He has filed a set of greivance on the unconstitutional Handbook to include opening our legal mail that is return to sender not in front of the inmate. Lemon v Dugger, 931 F2d 1465 (11 cir 1991); BREWER v WILKINSON, 3 F3d 816 (5 cir 1993)

3

## PRAYER for Relief.

Therefore, for good cause the plaintiff prays to this HONORABLE COURT for reversal of the order and granting the TEMPORARY RESTRAIN-ING ORDER and an order to the ALABAMA DOC to return the plaintiff to LIMESTONE Co CF where he will have access to the courts to complete this pending case.

For a conditional retalcutution order to prevent any more retalitory actions by the ALABAMA DOC. To Restore all legal papers and material taken from him and to have the LCS investigated by the Louisiana authorities.

Respectfully submitted this the 25th day of MARCH, 2006

Pro-se

Robert R Edwards
ROBERT REX EDWARDS
225984 ; BAYOU B-3
PO BOX 650
PINE PRAIRIE, LA
70576-0650

## CERTIFICATE OF SERVICE

I certify a copy has been sent postage paid to the ATTORNEY GENERAL'S OFFICE and THE MIDDLE DISTRICT - US DISTRICT COURT

Robert R Edwards

P.s. Home made envelope due to price of $1.89 for 50 envelopes for which the plaintiff cannot afford.

4