# ORIGINAL

IN THE
COURT OF CRIMINAL APPEALS
FOR THE STATE OF ALABAMA

FILED
DEC 24 2002
on 12/30/02
CLERK
ALA COURT CRIMINAL APPEALS

CRIM. APP. NO. 01-2180

ROBERT REX EDWARDS,

Appellant,

vs.

THE STATE OF ALABAMA,

Appellee.

ON APPEAL FROM CONVICTION
IN THE CIRCUIT COURT OF CHILTON COUNTY, ALABAMA
IN CASE NUMBERED
CC-01-244

BRIEF FOR APPELLANT

ORAL ARGUMENT REQUESTED

Elizabeth H. Huntley
Attorney for Appellant
P.O. Box 1545
Clanton, Alabama 35046
(205) 280-6552



EXHIBIT B

## TABLE OF CONTENTS

                                              <u>Page No.</u>

Table of Contents . . . . . . . . . . . . . .ii

Table of Authorities . . . . . . . . . . . . iii

Statement of the Case . . . . . . . . . . . . .1

Statement of the Issues . . . . . . . . . . . .4

Statement of the Facts . . . . . . . . . . . ..5

Argument and Citations of Authority . . . . . .9

Conclusion . . . . . . . . . . . . . . . . . .11

List of Adverse Rulings . . . . . . . . . . ..12

Certificate of Service . . . . . . . . . . . .13

## TABLE OF AUTHORITIES

**CASES**                                                        PAGE NO.

*Faretta v. California*

    422 U.S. 806, 95 S.Ct. 25254, 45 L.Ed.2d 562
    (1975). . . . . . . . . . . . . . . . . . . . .9

*Tomlin v. State*

    601 So.2d 124 (Ala. 1991). . . . . . . . . . . 9


**RULES**                                                        PAGE NO.

ARAP 30(g). . . . . . . . . . . . . . . . . . . . ..13

## STATEMENT OF THE CASE

ROBERT REX EDWARDS (hereinafter referred to as "EDWARDS") was arrested by the Chilton County Sheriff's Department on June 22, 2001 on charges of Sexual Abuse 1st (two counts) and Possession of Pornographic Material (30 counts[C. 7-70]. EDWARDS was released from jail on bond on July 3, 2001 [C-1].

EDWARDS was then indicted on August 10, 2001 for one count of Production of Obscene Matter, two counts of Sexual Abuse, First Degree and thirty counts of Possession of Obscene Matter of Persons Under 17 years old [C. 103].

On August 26, 2001, EDWARDS filed a Plea of Not Guilty and Waiver of Arraignment [C. 120]. On September 6, 2001 a trial date of November 13, 2001 was set with a plea date of October 9, 2001 [C. 121].

On the plea date of October 9, 2001 the case was continued to December 10, 2001 with the plea held open [C.

1

2]. On December 10, 2001 testimony was taken on motions to suppress and/or dismiss, both motions were denied [C. 2].

On January 16, 2002, among various discovery motions, the appellant filed a motion to act as his own attorney. [C. 127-129].

On April 1, 2002 the plea was closed and the case set for trial on June 24, 2002[C. 3]. On the same date, the court granted the appellant's motion to act as his own attorney and appointed the Honorable David Karn as an advisor. [C.3].

On April 2, 2002, the appellant filed a motion for the removal of Judge Reynolds as judge of his case. [C. 132]. On April 19, 2002, the appellant filed a motion to withdraw Hon. Karn as his legal advisor. [C. 134]. The court set both motions for a hearing on May 8, 2002. [C. 3].

On June 24, 2002 the case was called, EDWARDS was present to represent himself with his court appointed

2

advisor, David Karn [C. 3]. The jury voir dire was held and a jury selected [C. 3, R. 5-29].

The trial was held on June 28, 2002 with EDWARDS representing himself, with David Karn as his advisor [C. 3]. Testimony was taken, the case was given to the jury, who returned verdicts of guilty on all counts of the indictment [C. 3-6, R. 29-225].

On July 29, 2002, EDWARDS was sentenced to ten years on each of the Sexual Abuse, first degree convictions, to run consecutively [C. 194-195, R. 236-237]. On each of the convictions for Possession of Pornographic Material, EDWARDS was sentenced to ten years to run concurrently [C. 194-195, R. 236-237].

On August 2, 2002, EDWARDS filed his notice of appeal and Elizabeth H. Huntley was appointed as appeal counsel [C. 6].

3

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

**II. WAS THE APPELLANT'S WAIVER OF COUNSEL KNOWINGLY AND INTELLIGENTLY ENTERED?**

**STATEMENT OF FACTS**

On May 7, 2001, Mrs. Angela Bryant reported to the Thorsby Police Department that her son, Joshua, had been molested by EDWARDS [R. 102]. Chief of Police for Thorsby, Alabama, Edward Prady, subsequently took verbal and written statements from Joshua Bryant and Steven Kidd, another minor possibly molested by EDWARDS [R. 102-103]. In Joshua Bryant's statement, he said that EDWARDS touched him in the privates and was looking and groping it. Bryant also stated that EDWARDS told him not to tell anybody or else. [R. 78].

The minors were then interviewed by Child Protect in Montgomery, Alabama. Chief Prady was present in the building during those interviews and was able to view them on a video monitor as well as hear the audio [R. 104].

On May 18, 2001, a search warrant was executed at EDWARDS' residence at the Cross Creek Trailer Park in Thorsby, Alabama to confiscate any evidence relating to crimes of sexual abuse[R. 105-106,145-147, 242-245]. Among the items siezed were video cassettes, pornographic

5

magazines and computer hard drives [R. 106]. EDWARDS arrived at the residence during the search and was arrested at that time on the two charges of sexual abuse first degree [R. 107].

After EDWARDS was placed under arrest and given his Miranda rights, he was placed in a police car with Chief Prady and Lieutenant Jay Edwards of the Chilton County Sheriff's Department [R. 110]. At that time EDWARDS gave a statement to the officers wherein he admitted that he had developed a relationship with the boys, becoming friends with them. He stated that Josh Bryant and Steve Kidd had spent the night at his home, during which time they talked about being sexually active and showed each other their penis'. He also admitted to touching and stroking both of the boys' penis', but added that they were wearing condoms and lotion at the time. EDWARDS also stated that the boys looked at pornographic magazines and pornography on his computer[C. 246, R. 110-115].

The mother testified that when Josh returned home early the next morning he was acting funny and covered up on the

6

sofa, but would not immediately tell her what was wrong. Josh finally did tell his mother that EDWARDS had touched him while he spent the night and that was why he came home early and that he wanted to wait and talk to his Dad [R. 56-57].

Josh stated that before the night of the sexual abuse, EDWARDS had pulled up pornography on his computer for him to look at and taught him how to access the files himself [R. 73-74]. On the night of the abuse Josh was asleep and awoke to find EDWARDS "playing with his private parts".

A friend of Josh Bryant's, Steven Kidd, also reported being sexually abused by EDWARDS on two occasions. Steven testified that each time Steven told EDWARDS to stop, but he did not. [R. 89-94, 243]. The first incident occurred when Steven spent the night with EDWARDS by himself [R. 89-90]. The second incident occurred the next night when Steven, Josh and Josh's brother, Travis spent the night at EDWARDS' [R. 90-91]. According to Steven, EDWARDS sexually abused him after EDWARDS had allowed the minors to view pornography on the computer [R. 91-92].

7

On June 22, 2001, EDWARDS was arrested at his residence in Thorsby, Alabama on two counts of Sexual Abuse, first degree and 30 counts of Possession of Pornographic Material [C. 157].

**ARGUMENT AND CITATIONS OF AUTHORITY**

I. **WAS THE APPELLANT'S WAIVER OF COUNSEL KNOWINGLY AND INTELLIGENTLY MADE?**

The United States Supreme Court has recognized that a defendant has a right to self representation. *Faretta v. California*, 422 U.S. 806, 95S.Ct. 25254, 45 L.Ed.2d 562 1975). However, when balancing self-representation with any waiver of counsel, such waiver must be done "knowingly and intelligently." *Id.* 422 U.S. at 835, 95 S.Ct. at 2541. The record must show that the defendant expressly waived his right to counsel and if such waiver is unclear, the burden of proof is on the State. *Tomlin v. State*, 601 So.2d 124, 128 (Ala. 1991).

The appellant in this case never received a hearing or any advice from the court regarding the dangers of self-representation. The trial court should have advised the appellant regarding the dangers of proceeding without representation. *Faretta*, 422 at 835. There is no evidence in the record of any such discussions with the appellant.

9

The appellant in this case did not voluntarily waive his right to counsel. He merely accepted what was offered by the court. Although the appellant did request self-representation, he did so because he did not have confidence in any local counsel. [C. 127, 134].

The trial court did provide an advisor counsel, namely the Honorable David Karn. Although Mr. Karn was present throughout the entire course of the trial, the record reveals that he was serving merely as an advisory counsel at the time. [C. 3]. Other than the clarification of his role as advisory counsel, the record is void of any participation by Mr. Karn. The appellant served as his own counsel throughout the entire trial. The record is void of any discussions with the appellant at any time regarding the consequences of representing himself during trial. To further cloud the issue, there is no record of where the court addressed the appellant's motion requesting the withdrawal of his appointed advisor/counsel, Mr. Karn for ineffective assistance of counsel during the preparation of his trial. The appellant alleged that when attempted to see Mr. Karn in preparation for trial, Mr. Karn would not

10

see him. The lack of such a colloquy regarding the appellant's motion is further evidence that the appellant was unclear about his right to counsel.

Finally, the record is clear that the appellant did want representation from some counsel other than Mr. Karn. This issue was specifically addressed in appellant's Motion to Withdraw Counsel. [C. 134].

## CONCLUSION

Based on the foregoing, the appellant submits that his conviction was improper and due to be vacated by this Court.

RESPECTFULLY SUBMITTED on this the 23rd day of December, 2002.

_____
Elizabeth H. Huntley
Counsel for Appellant
P.O. Box 1545
Clanton, Alabama 35046
(205) 280-6552

11

**LIST OF ADVERSE RULING IN THE COURT BELOW**

| ADVERSE RULING | PAGE NO. |
|---|---|
| The Trial Court denied Defendant's Motion To Suppress and/or Dismiss | C.2 |

12

```
Robert Rex Edwards,        )    TO:  The   Clerk   of   the
Alabama
                           )    Court of Criminal Appeals
              Appellant,   )
                           )
vs.                        )    CRIM. APP. NO. 01-2180
                           )
STATE OF ALABAMA,          )
                           )
              Appellee.    )
```

**Clerk's certificate of completion: <u>October 28, 2002</u>**

I certify that I have this date served a copy of the foregoing brief upon the Office of Attorney General for the State of Alabama at 11 South Union Street, Montgomery, Alabama 36130, and upon the Office of the District Attorney for Chilton County, Alabama, at his last known address of Chilton County Courthouse, Second Avenue North, Clanton, Alabama 35045, by United States mail first class postage prepaid. The appellant, in compliance with Rule 30(g), ARAP:

Dated this 23rd day of October, 2002.

_____
Elizabeth H. Huntley
Counsel for Appellant

13