COURT OF CRIMINAL APPEALS NO. _CR-03-2117_

# APPEAL TO ALABAMA COURT OF CRIMINAL APPEALS

### FROM

## CIRCUIT COURT OF _Chilton_ COUNTY, ALABAMA

CIRCUIT COURT NO. _CC-01-244-60_

CIRCUIT JUDGE _Sibley Reynolds_

Type of Conviction / Order Appealed From: _Rule. 32_

Sentence Imposed: _____

Defendant Indigent: ☒ YES ☐ NO

_Robert Rex Edwards_

**NAME OF APPELLANT**

_Pro Se_
(Appellant's Attorney)                    (Telephone No.)

(Address)

(State)        (Zip Code)

### V.

## STATE OF ALABAMA

(State represented by Attorney General)

**NAME OF APPELLEE**

NOTE: If municipal appeal, indicate above, and enter name and address of municipal attorney below.

_____

_____

(For Court of Criminal Appeals Use Only)


EXHIBIT
5

COURT OF CRIMINAL APPEALS NO. _____

# APPEAL TO ALABAMA COURT OF CRIMINAL APPEALS

### FROM

CIRCUIT COURT OF ___Chilton___ COUNTY, ALABAMA

CIRCUIT COURT NO. _CC-01-244-60_

CIRCUIT JUDGE _Sibley Reynolds_

Type of Conviction / Order Appealed From: _Rule. 32_____

Sentence Imposed: _____

Defendant Indigent: [X] YES [ ] NO

_Robert Rex Edwards_

_____ **NAME OF APPELLANT**

_Pro Se_
(Appellant's Attorney)                    (Telephone No.)

(Address)

(City)            (State)            (Zip Code)

### V.

**STATE OF ALABAMA**

_____ **NAME OF APPELLEE**

(State represented by Attorney General)
NOTE: If municipal appeal, indicate above, and enter
name and address of municipal attorney below.

_____

_____

(For Court of Criminal Appeals Use Only)

## CLERK'S INDEX OF RECORD

- CASE ACTION SUMMARY                                        1-2
- PETITION FOR RELIEF FROM CONVICTION (RULE 32)              3-38
- LETTER FILED BY CCA                                        39
- MOTION TO AMEND RULE 32                                    40-42
- MOTION TO CHANGE ADDRESS                                   43-44
- WRIT FOR HABEAS CORPUS                                     45
- 3RD AMENDMENT TO RULE 32                                   46-54
- MOTION TO DISMISS                                          55-56
- 4TH AMENDMENT TO RULE 32 PETITION                          57-70
- ORDER                                                      71
- NOTICE OF APPEAL                                           72
- NOTICE OF APPEAL BY TRIAL COURT CLERK                      73
- REQUEST FOR LOCAL EXTENSION BY COURT REPORTER              74
- REPORTERS TRANSCRIPT ORDER                                 1
- COURT REPORTERS TRANSCRIPT OF PROCEEDINGS                  2-9
- COURT REPORTERS CERTIFICATE OF COMPLETION                  10
- TRIAL COURT CLERKS CERTIFICATE OF COMPLETION               11
-

```
ACR0372                ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: CC 2001 000244.60
OPER: TCC                        CASE ACTION SUMMARY
PAGE:    1                        CIRCUIT   CRIMINAL               RUN DATE: 01/24/200
IN THE CIRCUIT COURT OF   CHILTON                                              JUDGE: SHR

STATE  OF  ALABAMA                         VS      EDWARDS ROBERT REX
                                                   TALLADEGA CF #228184      Bibb CF
CASE:  CC 2001 000244.60                           PO BOX 585                565 Bibb lane
                                                   TUTWILER, MS  38763 0000  Brent, AL 35034

DOB: 09/17/1961          SEX: M  RACE: W  HT: 5 11  WT: 170    HF: BRO EYES: BRO
SSN: XXXXXXXXX  ALIAS NAMES:
CHARGE01: RULE 32-FELONY         CODE01: RULE LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE:                           AGENCY/OFFICER:

DATE WAR/CAP ISS:                       DATE ARRESTED:
DATE    INDICTED:                       DATE    FILED: 09/24/2003
DATE   RELEASED:                        DATE  HEARING:
BOND       AMOUNT:             $.00        SURETIES:

DATE 1:              DESC:              TIME: 0000
DATE 2:              DESC:              TIME: 0000

TRACKING NOS:

   DEF/ATY:                          TYPE:                              TYPE:

                          00000                                    00000

PROSECUTOR:

OTH CSE:   000000000000 CHK/TICKET NO:                              GRAND JURY:
COURT REPORTER:                        SID NO:
DEF STATUS: PRISON                            000000000            OPER: TEC
                       DEMAND:
DATE        ACTIONS, JUDGEMENTS,  AND  NOTES
```

| DATE | ACTIONS, JUDGEMENTS, AND NOTES |
|---|---|
| 9-24-03 | Rule 32 filed by Deft. |
| 9-24-03 | In Forma Pauperis Declaration filed by Deft. |
| 9-29-03 | In Forma Pauperis Granted |
| 10-14-03 | Copy granting In Forma Pauperis sent to DA & Deft. |
| 2-4-04 | Ltr. to Judge Reynolds filed. |
| 2-17-04 | Ltr from Cit of Crim Appeals filed |
| 3-18-04 | Motion to amend Rule 32 Petition with State Cases filed by Defendant. |
| 4-8-04 | Rule 32 petition is set for hearing @ 9:00 Am on 8-9-04 Clerk to arrange for Defendant to appear (SR) |
| 4-12-04 | Copy of CAS sent to DA and Defendant. |
| 5-12-04 | Motion to change Address filed by Defendant. |
| 7-6-04 | Writ of Habeas Corpus filed by Defendant. |
| 7-6-04 | 3rd Amendment to Rule 32 filed by Defendant. |
| 7-14-04 | Writ of Habeas Corpus and Amended Rule 32 Petitions are Set @ 9:00 Am on 8-9-04 (SR) |

2

GCP0369  A L A B A M A   J U D I C I A L   I N F O R M A T I O N   C E N T E R
CASE ACTION SUMMARY
CONTINUATION
CASE: CC 3-01-001344
JUDGE ID: SCP

STATE OF ALABAMA                    VS    EDWARDS ROBERT REX

| DATE | ACTION, JUDGMENTS, CASE NOTES |
|---|---|
| 7-19-04 | Copy of CAS sent to DA & Defendant. |
| 7-19-04 | Order for inmate return sent to Jail + DOC. |
| 8-2-04 | Motion to dismiss filed by DA. |
| 8-9-04 | Case called on Rule 32 Petition. His 4th Amendment Rule 32 Petition amended filed this day, Argument heard - Issue taken under advisement (SP) |
| 8-26-04 | Order on Rule 32 (SP) |
| 8-27-04 | Copy of Order sent to DA and Defendant. |
| 8-27-04 | Amended conviction report sent to DOC + Defendant |
| 9-21-04 | Notice of Appeal filed by Defendant. |
| 9-21-04 | Clerks Notice of Appeal sent to CCA, AG, Defendant and Court Reporter. |
| 11-18-04 | Request for local extension of time filed by Court Reporter. |
| 11-18-04 | Request for Documents filed by Defendant. |

3

# PETITION FOR RELIEF FROM CONVICTION OR SENTENCE

### (Pursuant to Rule 32,
### Alabama Rules of Criminal Procedure)

|  | Case Number | | |
|---|---|---|---|
|  | CC | 2001 | 000244 |
|  | ID | YR | NUMBER |

IN THE ___CIRCUIT___ COURT OF ___CHILTON___, ALABAMA

___ROBERT REX EDWARDS___                    ___STATE OF ALABAMA___
Petitioner (Full Name)                              Respondent

[Indicate either the "State" or,
if filed in municipal court, the
name of the "Municipality"]

Prison Number ___225984___

Place of Confinement ___TALLAHATCHEE CO CORR FAC, MS___ ~~ST CLAIR CORR. FAC.~~

County of conviction ___CHILTON___

### NOTICE: BEFORE COMPLETING THIS FORM, READ CAREFULLY
### THE ACCOMPANYING INSTRUCTIONS.

1.  Name and location (city and county) of court which entered the judgment of conviction
    or sentence under attack ___CLANTON, CHILTON___

2.  Date of judgment of conviction ___(6) JUNE 28, 2002___

3.  Length of sentence ___10 years NO GOOD TIME___

4.  Nature of offense involved (all counts) ___13A-6-66 (2) SEXUAL ABUSE 1st___
    ___(30) 13A-12- 192 POSSESSION OF OBSCENE MATTER.___
    ___13A-12- 197 PRODUCTION OF OBSCENE MATTER.___

5.  What was your plea? (Check one)
    (a)  Guilty _____
    (b)  Not guilty ___X___
    (c)  Not guilty by reason of mental disease or defect _____
    (d)  Not guilty and not guilty by reason of mental disease or defect _____

4

6. Kind of trial: (Check one)

    (a)  Jury   <u>XX</u>            (b)  Judge only _____

7. Did you testify at the trial?

    Yes <u>XX</u>         No _____

8. Did you appeal from the judgment of conviction?

    Yes <u>XX</u>         No _____

9. If you did appeal, answer the following:

    (a)  As to the state court to which you first appealed, give the following information:

        (1)  Name of court ____ COURT OF CRIMINAL APPEALS ____

        (2)  Result _____ AFFIRMED WITH ERRORS ____
             JUDGE SHAW INFORMED OF ERRORS

        (3)  Date of result ____ MAY 11, 2003 ____

    (b)  If you appealed to any other court, then as to the second court to which you appealed, give the following information:

        (1)  Name of court ____ ALA SUPREME COURT ____
             WRIT OF CERT

        (2)  Result ____ DENIED ____

        (3)  Date of result ____ JULY 14, 2003 ____

    (c)  If you appealed to any other court, then as to the third court to which you appealed, give the following information:

        (1)  Name of court _____

        (2)  Result _____

        (3)  Date of result _____

S

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?

Yes _____          No XX____

11. If your answer to Question 10 was "yes", then give the following information in regard to the first such petition, application, or motion you filed:

    (a)  (1)  Name of court _____

          (2)  Nature of proceeding _____

          (3)  Grounds raised _____

                _____

                _____

                _____

                _____

                (attach additional sheets if necessary)

          (4)  Did you receive an evidentiary hearing on your petition, application, or motion?

                Yes _____          No _____

          (5)  Result _____

          (6)  Date of result _____

    (b)  As to any second petition, application, or motion, give the same information:

          (1)  Name of court _____

          (2)  Nature of proceeding _____

          (3)  Grounds raised _____

                _____

                _____

                _____

                _____

                (attach additional sheets if necessary)

          (4)  Did you receive an evidentiary hearing on your petition, application, or motion?

                Yes _____          No _____

          (5)  Result _____

          (6)  Date of result _____

    (c)  As to any third petition, application, or motion, give the same information (attach additional sheets giving the same information for any subsequent petitions, applications, or motions):

          (1)  Name of court _____

(2)  Nature of proceeding _____

(3)  Grounds raised _____

_____

_____

_____

_____

(attach additional sheets if necessary)

(4)  Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____                    No _____

(5)  Result _____

(6)  Date of result _____

(d)  Did you appeal to any appellate court the result of the action taken on any petition, application, or motion?

(1)  First petition, etc.          Yes _____                    No _____

(2)  Second petition, etc.         Yes _____                    No _____

(2)  Third petition, etc.          Yes _____                    No _____

**ATTACH ADDITIONAL SHEETS GIVING THE SAME INFORMATION
FOR ANY SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS.**

(e)  If you did not appeal when you lost on any petition, application, or motion, explain briefly why you did not:

_____

_____

_____

12.  Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information. Include all facts. If necessary, you may attach pages stating additional grounds and the facts supporting them.

# GROUNDS OF PETITION

**Listed below are the possible grounds for relief under Rule 32. Check the ground(s) that apply in your case, and follow the instruction under the ground(s):**

XX     A.  The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.

PET-1
PET-2

For your information, the following is a list of the most frequently raised claims of constitutional violation:.

(1)   Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

X (2)   Conviction obtained by use of coerced confession.

X (3)   Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(4)   Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

X (5)   Conviction obtained by a violation of the privilege against self-incrimination.

X (6)   Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(7)   Conviction obtained by a violation of the protection against double jeopardy.

X (8)   Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

X (9)   Denial of effective assistance of counsel.

**This list is not a complete listing of all possible constitutional violations.**

**If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each constitutional violation that you claim, whether or not it is one of the nine listed above, and include under it each and every fact you feel supports this claim. Be specific and give details.**

XX   B.   **The court was without jurisdiction to render the judgment or to impose the sentence.**

PET-3      If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

XX   C.   **The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.**

PET-4      If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____   D.   **Petitioner is being held in custody after his sentence has expired.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

XX   E.   **Newly discovered material facts exist which require that the conviction or sentence be vacated**
PET-5      **by the court, because:**

**The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to rule 24, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and**

**The facts are not merely cumulative to other facts that were known; and**

**The facts do not merely amount to impeachment evidence; and**

**If the facts had been known at the time of trial or sentencing, the result would probably have been different; and**

**The facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.**

      If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

\_\_\_\_\_ F.  **The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part.**

      If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

13.  **IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS RULE 32.2(b) LIMITS YOU TO ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:**

      "**Successive Petitions**.  The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exist why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."

A.  Other than an appeal to the Alabama Court of Criminal Appeals or the Alabama Supreme Court, have you filed in state court any petition attacking this conviction or sentence?

      Yes \_\_\_\_\_           No <u>XX</u>

B.  If you checked "Yes," give the following information as to earlier petition attacking this conviction or sentence:

    (a)  Name of court _____

    (b)  Result _____

    (c)  Date of result _____
         (attach additional sheets if necessary)

C.  If you checked the "Yes" line in 13A, above, and this petition contains a different ground or grounds of relief from an earlier petition or petitions you filed, attach a separate sheet or sheets labeled: "EXPLANATION FOR NEW GROUND(S) OF RELIEF."

     On the separate sheet(s) explain why "good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and [why the] failure to entertain [this] petition will result in a miscarriage of justice."

14.  Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

      Yes \_\_\_\_\_           No <u>XX</u>

9

15. Give the name and address, if known, of each attorney who represented you at the following stages of the case that resulted in the judgment under attack:

(a) At preliminary hearing _____ NO HEARING _____

_____

(b) At arraignment and plea _____ PRO-SE WILLIAM F. DOGGS WAS NOT AT
        HIS   ASSISTANT DID NOT KNOW UP FROM DOWN.

(c) At trial _____ PRO-SE   DAVID B. KARN AS ADVISOR WHO WOULD NOT SPEAK
        OR WOULD ALLOW ME TO CONTACT HIM PRIOR TO TRAIL.

(d) At sentencing _____ Pro-SE _____

_____

(e) On appeal _____ ELIZABETH H. HUNTLEY _____

_____ 402 1st AVE,     CLANTON,    AL    35045 _____

(f) In any post-conviction proceeding _____

_____

_____

(g) On appeal from adverse ruling in a post-conviction proceeding _____

_____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

Yes ___XX___            No _____

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes _____            No ___XX___

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

_____

(b) And give date and length of sentence to be served in the future: _____

_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes _____            No _____

18. What date is this petition being mailed?

_____

    Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

13

# PETITIONER'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that the foregoing is true and correct.

Executed on _____ 9/11/03 _____ .
                    (Date)

_____
Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this the 11th day of September, 2003.

_____
Notary Public

Notary Public State of Mississippi At Large
My Commission Expires: October 22, 2005
Bonded Thru Heiden, Brooks & Garland, Inc.

## OR *

## ATTORNEY'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I Swear (or affirm) under penalty of perjury that, upon information and belief, the foregoing is true

and correct. Executed on _____ .
                                (Date)

_____
Signature of Petitioner's Attorney

SWORN TO AND SUBSCRIBED before me this the _____ day of _____ , _____ .

_____
Notary Public

Name and address of attorney representing petitioner
in this proceeding (if any)

_____

_____

_____

_____

11

Code of Alabama /1975 13A-12-190 to 13A-12-198 are unconstitutional
as provisioned and used in my case. Nudes and nudist photographs
are not pornographic in nature as defined case cited as:

DOE v. CHAMBERLIN, '139 F Supp 2d 637   "Exhibitions of minors'
pubic areas in photographs of nude girls using outdoor beach shower,
swimming, and playing on beach were not "lascivious" under Protection
of Children Against Sexual Exploitation Act; pubic areas were not
focal points of photographs, minors were not touching, interacting,
or otherwise posed in sexually suggestive manner, minors were
laughing and exhibiting no sexual coyness, and photographs were not
intended to elicit sexual responce."

Lewd or lewdness is vauge therefore, the Federal government changed
lewd to "lascivious exhibition of the genitals or pubic area" and
nudity was within the meaning of "sexual explicit conduct." Nudity
alone should not be used as based alone for "child pornography".

A test known as the six Dost factors should be used to determine
pornographic material. UNITED STATES v. DOST, 636 F Supp 828 (1986)
    The Dost court stated that: "In determining whether a visual de-
piction of a minor constitutes a "lascivious exhibition of the geni-
tals or pubic area," ... the trier of fact should look to the follow-
ing factors: ... 1) whether the focal point of the visual depiction
is on the child's genitalia or pubic area; 2) whether the setting of
the visual depiction is sexually suggestive, i.e., in a place or
pose generally associated with sexual activity; 3) whether the child
is depicted in an unnatual pose, or in inappropriate attire, consid-
ing the age of the child; 4) whether the child is fully or partially
clothed, or nude; 5) whether the visual depiction suggests sexual
coyness or a willingness to engage in sexual activity; 6) whether
the visual depiction isintended or designed to elicit a sexual re-
sponce in the viewer.

"Sexually explicit conduct" means actual or simulated---
 (A) sexual intercourse, including genital to genital, oral to gen-
     genital, anal to genital, or oral to anal, whether between
     persons of the same or opposite sex;
 (B) bestiality;
 (C) masturbation;
 (D) sadistic or masochistic; abuse; or
 (E) lascivious exhibition of the genitals or pubic area of any
     person;

Therefore, nudist just standing or in activity of non-sexual conduct
should be not considered "child photography". Therefore, any govern-

CASE FACT 1

12

mental actions to prevent this "FREEDOM OF EXPRESSION" AND FREE
SPEECH of the First Amendment of the Federal Constitution of the
UNITED STATES.

By these definitions the trial court and prosecution erred in
that there 1000s of such images on the defendants computer. Not all
images were of minors, not all images were sexual, and not all
were "child porn" as labeled by Sgt. Gary Graves who testified he
estamated the age of the persons in the photographs. He used his
own children to gauge the age of the persons in the photographs.
This inturn shows he is not an expert witness on child growth rates.

CONSTITUTIONAL LAW

90(1)  Preservation of critical right of free speech requires pro-
1st    tection of expression that some may dislike or even despise.

82(3)  Intermediate scrutiny is not toothless standard, but requires
1st    government to produce evidence that a rgulation challenged on
       First Amendment grounds materially advances an important or
       substantial interest by redressing past harms or preventing
       future ones; such harms must be real and not merely conject-
       ural, and regulation must alleviate these harms in direct
       and material way.

48(8)  Court can not adopt limiting construction in order to save
1st    statute or regulation from overbreadth challenge, unless it
       is readily susceptible to such an interpretation by state
       courts.

90.1(1) Censorship through the enactment of criminal laws intended to
1st     control an evil idea can not satisfy the constitutional require-
        ments of the First Amendment.

CIVIL RIGHTS

268  Loss of First Amendment Rights, for even minimal periods of
1st  time, Unquestionably constitutes "irreparable injury," of kind
     required to permit issuance of preliminary injunction.

CASE FACT 2

13

)

ASHCOFT v. ACLU, 152 L Ed 2d 771 ( 2001)
"Discussions about prison rape or safe sexual practices,
artistic images that include nude subjects, and arguably the card
catalog of the Carnegie Library." id 1 at 878,  138 L Ed 874 (1997)
117 S Ct 2329.

31 F. Supp 2d, at 476 ("A child with minimal knowledge of a
computer, the ability to operate a browser, and the skill to type
a few simple words maybe able to access sexual images and content
over the World Wide Web.")

MILLER v. CALIFORNIA, 413 US 33  37 L Ed 419   93 S Ct 2607
"The court preserved the use of community standards in formu-
lating the MILLER text, Explaining that they furnish a valuable
First Amendment safeguard: "The primary concern ... is to be cer-
tain that ... material will be judged by itsimpact on an aveage
person, rather than a particulary susceptible or sensitive person
- or indeed a totally insensitve one.""

HAMLING v. UNITED STATES, 418 US 87, 107  41 L Ed 2d 590  94 S
Ct 2887 (1974) " Is to assure that the material is judged neither
on the bases of each juror's personal opinion, not by its effect
on a particularly sensitive or insensitive person or group."

ASHCOFT v. FREE SPEECH,COALITION, 152 L Ed 2d 403
Sexual explicit conduct has to be present for person to be engaged
in acts of child pornography. A nude person in a natural setting
such as in a nudist group, or alone does not prove child porno-
graphy. See PEOPLE v. ALEXANDER, 2003 WL 21197102 (Ill) i.e., EVI-3
of this petition.

I challege the theft of all my equipment and stuff on constitutioal
grounds. Which makes CV 2001-000214 theft under the ALABAMA COMPUTER
CRIME ACT Code of Alabama / 1975 13A-12-100 to 13A-12-1C4 and here-
by by this petition challege the actions of the law under Federal
jurisdiction.

14

)

UNITED STATES CONSTITUTIONAL LAWS    US SUPREME COURT

CONSTITUTIONAL LAW 930
Obscene material – private possession – The First and Fourteenth
* Amendments prohibit making mere private possession of obscene
material a crime.

Freedom of speech – obscene matter – mere private possession –
* A state obscenity statute, insofar as it imposes criminal sanc-
tions upon the mere knowing private possession of obscene mat-
ter, is unconstitutional as violating the First Amendment, as
made applicable to the states by the Fourteenth Amendment.

Freedom of speech and press – obscene matter – The First and
* Fourteenth Amendments recognize a valid governmental interest
in dealing with the problem of obscenity.
* The assertion of a valid governmental interest in dealing with
the problem of obscenity, which interest is recognized by the
First and Fourteenth Amendments, can not, in every context, be
insulated from all constitutional protections.
* Mere categorization of matters, such as films, as "obscene" is
insufficient justification for such a drastic invasion of per-
sonal liberties guaranteed by the First and Fourteenth Amend-
ments, as is perpetrated by a state statute which imposes crim-
inal sanctions upon the mere knowing possession of obscene mat-
ter, thus empowering the state to determine what types of mat-
erials an individual may not read or even possess.
* The asserted right of a state to protect the individual's mind
from effects of obscenity, as amounting to an asserted right of
the state to control the moral content of a person's thoughts,
is wholly inconsistent with the philosophy of the First Amend-
ment, even if obscenity in general, or particular films before
the court, are arguably devoid of any ideological content.
* Whatever the power of a state to control public dissemination
of ideas inimical to the public morality, it cannot constitut-
ionally premise obscenity legislation on the desirability of
controlling a person's private thoughts.
* Under the First Amendment a state may no more prohibit mere
possession of obscene matter on the ground that it may lead
to antisocial conduct than it may prohibit possession of chem-
istry books on the ground that they lead to manufacture of
homemade spirits.

Obscene matter – right to receive information and ideas.
* In a prosecution for mere possesion of obscene printed or filmed
matter in the privacy of the defendant's own home, the right,
protected by the Constitution, to receive information and ideas
takes on an added dimension.

* First Amendment – overbreadth– Under the overbreadth doctrine
of the Federal Constitution's First Amendment, facial invalida-
tion of a statute is inappropriate, even where the statute at
its margins infringes on protected expression, where the remain-
er of the statute covers a whole range of easily identifiable
and constitutionally proscribable conduct.

DISCOVERY:    ARCrP Rule 16

BERGER v. UNITED STATES, 295 US 78, 88    55 S Ct 629, 633
79 L Ed 1314 (1935)"(The District Attorney's) interest... in a
Criminal prosecution is not that (he) shall win a case, but that
justice shall be done. As such, he is in a peculiar and very
definite sense the servant of the law, the two fold aim of which
is that the guilt shall not excape or the innoeence suffer."

DA Lyle Messengale statement to several attorneys on June 24,
2002, "He lied to us and we will not offer him a deal." I did
not lie to them! There was no "CHILD PORN" on my computers. First
Amendment rights to everyone including nudists. Freedom of assembly,
freedom of association, freedom of choice, freedom of expression,
freedom of speech and freedom of press.

DA's office and Judge Reynolds violated BRADY v. MARYLAND, 373
US 83    83 S Ct 1194  10 L Ed 2d 215 (1963) "the suppression by the
prosecution of evidense favorable to an accused upon the request
violates due process where the evidense is material either to
guilt or to punishment." This violation took place thoughout the
intire procedings against me.  The record will show that when the
judge granted DISCOVERY the DA would not allow it. THen when the
DA allowed it he would not allow me to copy anything that I needed
to help me defend myself.

ARCrP 16.3 Violation I was not allowed to interview witnesses
against me, but the DA's Offiee interviewed my witnesses after-
wards they did show up or nor wexe they supeonia to show as Judge
Reynolds stated on June 24, 2002, Opening remarks to jury vernire.
My type recordings of my neighbors was not used or returned to me.
Statements by one witness who was killed in a car wreck just weeks
prior to the trial. Statements by neighbors on how many times the
law was called to the trailer park concerning the Bryants and Kidds

Judge Reynolds refused to allow me to record the court proceedings
in violation of The Sunshine Act to have a complete and actuate

record. Violaton of Code of Alabama /1975 § 12-21-30. Since one of my witnesses was deceased. And CoA /1975 12-17-270 The court reporter only type what the judge wanted her to. Therefore, I wanted to have my own recording of my case. Denied by judge.

Violation of ARCrP Rule 16.1, 16.4, 16.5, and 17

I was not given copies of the pictures of the evidence to have a certified doctor of pediactrics to determine if possible the age of the persons in the pictures without a birth certifiate or any other legal papers. Gary Graves of Prattville Police acted as an expert witness, but lacked the knowledge of TURNER SYNDROME or any other Delayed Pubitry Syndrome type of people. Or those like Ryan Evans, Gary Coleman, or Emmuel Lewis and 1000s of others who do not follow the criteria of CoA /1975 13A - 12 - 193.

Statements by Gary Graves about "Downloading porn from Birmingham" were false and shows he has no creditbility as a witness

Sinee I do not have any transcripts of my case I have to rely on what briefs I received. One such brief stated that, "Edwards was reprimanded with a written warning for exposing himself to a another employee." But no such record exist. Other lies by Wulke was that he never bfought printouts of sexual acts from his computer to work. This could have been verified that day if the judge had let me contact the employees of Dominoes Pizza of Clanton. Also the prosecution off the record said there was no reaso to burden this court with this line of questions. Judge once again agreed.

DIS-2

Mr. Messengale and Judge Reynolds both stated when I filed a Motion for DHR records, That a perpetrator was not allowed acess to the files or hearings. The following case citings say different. CURE v. STATE, 600 So 2d 415 (ALA CRIM APP 1992) Ex Parte Myers, 675 So 2d 549 (ALA CRIM APP 1996) STATE DEP'T OF HUMAN RESOURCES v. FUNK, 651 So 2d 12 (ALA CIV APP 1994) KING v. STATE, 707 So 2d 652, 657, 662 (ALA CRIM APP 1997).

IN CURE child sexual abuse defendant had the right to discovery involving Department of Human Resources records that could be conceivably be exculpatory or used as impeachment purposes, including any evidence of prior reports of sexual abuse by the alleged victims. Ex Parte Myers agreed.

IN FUNK, when DHR lists a person's name as a perpetrator in the Child Abuse and Neglect Central Registry, and intends to release that person's employer or future employer, DHR regulations provide for Administrative Hearings Procedures.

Code of Alabama / 1975  26-14-8 (b)(4) for use by a court where it finds that such information is necessary for the determination of an issue before the court.  Violation of due process of the 14th Amendment of the Federal Constitution.

Almost all MOTIONS put before the court denied off not heard.

When Judge Reynolds sentenced me on July 29, 2002, He asked me if Robert Henry Edwards was one the ones for whom I was charged as being I said YES. HE said I need to change my name. Because they used my first and last name only and then used all records of all Robert EDWARDS they fabricated prior offense records.

18

COURT AND DA IN VIOLATION OF ARCrP RULE 16

Under ARCrP Rule 16.5 Relief should be granted for failure of the prosecution non-compliance of the law. Laws that are suppose to uphold. And as a member of the court should be sanctioned.

Noted violation as follows:

Violation of discovery according to the ARCrP Rule 16. Prosecution used material that I had no discovery too.

No jury questionaire used pursuant to ARCrP Rule 18.

No testimony from officer who investigated complaints for the Department of Human Resources on either Kidd or Bryant Families.

Failure of court to recognise Code of Alabama / 1975 13A-8-100 to 13A-8-103 also known as the Alabama Computer Crime Act.

Failure of judge to supeona witnesses as he instructed jurors on June 24, 2002. *ARCrP 5.2*

Failure of court to produce tape recordings of witness who was killed in auto accident. Total of 6 tapes all together.

My home was licensed to the fact my computer was used for a business. NIC-NAC CRAFTS & GIFTS licensed in Chilton County Courthouse in February 2001. Pursuant to Code of Alabama / 1975 13A-8-100 to 103.

Judge who issues search warrant and later denies "MOTION TO SUPPRESS EVIDENCE" is in "CONFLICT OF INTEREST" CoA/1975 12-1-12.

__Ex Parte White__, 53 ALA APP 377, 300 So2d 420 (1974)As in White Judge Reyonds should have recused himself do to his personal conflict and first hand knowledge of the case prior to any arrest based on his signature on all the paperwork. Who was the preciding judge on the Grand Jury, Reynolds or Bush?

Everytime I request the Clerk of the Courts of Chilton County for all papers in my cases, I only receive partial information.

DIS_4

19

EVIDENCE:

Civil Action CV 2001-000214 invalid no inventory of what was taken when it was taken. Incomplete list of inventory given in printout value of property at $1000.00 but over 10,000.00 in commercial software taken from 10116 Collins Chappel Road Lot 16, Thorsby, AL not to mention the value of all the other articles. Software priacy charges should be filed. "FRUITS OF CRIME" decision invalid I was in custody and therefore, could not be present at the time the decision made. The court knew this because I was in the jury room at this time.

This evidence was illegally gained with a warrant based on prior record of Robert Scott Edwards SS# 212626138. Used to gain entry to my home. Since my computer was used as a legal business NIC-NAC CRAFTS & GIFTS and licensed in February 2001 at the County Courthouse then provision of the Alabama Computer Crime Act which is Code of Alabama /1975 13A-8-100 to 13A-8-104. My first attorney which I hired, William P. Boggs said that that it did not exist. I should have dropped him then, but he had my $1200.00 I already paid him and I could afford another attorney. Since the search and seizure was illegal then is so is the evidence on counts 1, 4 though 33.

Since I was not allowed full discovery or even allowed discovery of DHR records of victims as alleged. Violations of Code of Alabama /1975 26-14-8 (b)(4) and ARCrP Rule 16.

Since the court refused to all the tape recording that LT Edwards had and my SONY Microrecorder. These would have shown that there was a conflict to what was real evidence on counts 2 and 3 were.

An incamera inspection of all DHR and items collected should have been preformed.

20

On December 10, 2001 Chief Ed Prady of the Thorsby Police Dep't
made a bias statement that he was investigating the case as a
sodomy case. At no time was there anything that would have con-
cluded a sodomy type case. He claimed he had been investigating
these types of cases for the past 30 years.If this was true then
why did he not investigate the Bryants after one of the neighbors
had made weekly reports to him about them. One of my witnesses
that was not supeonia but that Judge Reynolds and the jury knew of
exist on June 24, 2002.

The prosecution and judge block any and all fairness to this
case.  Therefore, evidence that could have should the court that
Thorsby Police and that DHR negliented in their duties to protect
the innocence of all those involved.

By the legistlature describing "genital nudity" and "brest nudity"
as part of obscenity they have violated the First Amendment of the
Federal Constitution and by only using only part of the Miller
decision has violated the 'supremacy clause' of our country's laws.
The latest in which the CPPA was found unconstitutional and since
Alabama laws are similar to ASHCOFT v. FREE SPEECH COALITION, 152
L Ed 2d 403   535 US 234  thus, makes 13A-12-190 to 13A-12-197 of
the Code of Alabama /1975 invalid as defined and used. This inturn
invalidate the evidence for which I was convicted. In Ashcoft it
was decided that "depictions of sexual explicit conduct that are
"advertised, promoted, presented, desribed, or distributed in such a
manner that conveys the impression that the material is or contains
a visual depiction of a minor engaging in sexually explicit conduct"
is also substantially overbroad and in violation of the First

EVt- 2

AMENDMENT. WHEN the legistlature steps in and infringes on the right of people who have a different lifestyle then they do they do then they have violated the Constitutional rights of everyone not just nudist or even the gay and lesbien members of our socety or even the church goers of diffrent faiths.    Like in D.H. v. H.H., 830 So 2d 16, 38 (ALA.CIV.APP 2001) and Ex Parte H.H.,830 So 2d 21 (ALA 2002) In this case a lesbien mother by the fact is was a lesbien lost her custody battle dispite the fact that the children testified that their father physically and mentally abused them. Or the statement by Chief Justice Roy Moore on the opening prayer to his court was not permitted by certain religious groups who he did not represent the values of our forfathers of this country. Or the "FREEDOM OF EXPRESSION" by nudist is to walk around naked and to have their entire family there and to photograph and make available on the World Wide Web just as their very little clothed counterparts do at the nations beaches. Just look at any swimsuit magazines or even the TV. Only difference about nudist and clothed vacationers isthere is no sexual contact allowed at most nudist camps.  I challege the laws of any state who do not protect the Constitutional Rights of every class of their residents.

      Case in point PEOPLE v. ALEXANDER, 2003 WL 21197102 (Ill) "By banning virtual child pornography, the definition of child pornography within the definition of "CHILD" in the child porne-graphy statute is overbroad. It, therefore, violated the First Amendment's free speech guarantee.

      By virture of this reasoning the evidence against me of the nudist pictures is, therefore, inconsistant with the First Amendment of free speech. As for the sexual conduct pictures there is no proof

22

by recognized law of the age of persons in the pictures are other than the statement by the service provider that all model are over 18 years of age. Gary Graves nor anyone else at the trial were experts in pediactries. As stated in <u>Ashcoft v. Free Speech</u>, it depicts "a minor engaging in sexually explicit conduct," bans a range of sexually explicit images, sometimes called "virtual child pornography," that appear to depict minors but were produced by means other than using real children, such as though the use of youthful-looking adults or computer-imaging technology.

Estamating a persons age is best left up to side show freaks at carnivals. Gravesbased the age of the persons in the pictures on his own children. But it has been proven that not all children grow at the same rate. If needed or required I will list at least 1000 books that state those facts.

The statement that Lt. James 'Jay' Edwards prepared in the car was not a true statement of facts. Since I was handcuffed and the Police and law enforcement of Alabama have an abusive history of causing harm to detainees in their custody. And then covering up for each other I initialed and signed the statement under deress.

Lately it has been proven that what I have said was true. I got to talk to William Brakefield the boyfriend of April Kromer. She had identified me as her ex-boyfriend Robert Scott Edwards. I guess she thought everyone named Robert Edwards was him. I got to talk to Bill at the Chilton County Jail were April and him were waiting trial for charges resulting from their drug addiction. According to Bill, April was on CRACK the day she talked to ED FRADY. Her children were placed in foster care in late 2001. The Bryant's and the Kidd's children stayed with her more than they stayed home.

23

INDICTMENT:        ARCrP   RULE 12.8

Indictment is vauge and incomplete.

Indictment to general in description.

Does not follow guidelines of ARCrP Rule 12.8(f)(1) or SAMPLE FORM 11. In the Alabama Rules of Court. Or Code of Alabama / 1975 12-16-200.

On a multiple count indictment each count needs to state how many jurors found the charge to indict.

On my indictment it does not state, "in the presence of ____ other members of the Grand Jury," vaugeness and incompleteness.

The original indictment had the filenames of the computer files.

According to the newspaper Judge Reynolds was the presiding Judge, not Judge BUSH.  Grand jury minutes should solve that point.

It is not the same indictment I seen in the DA's Office the day I discovered they knew who Robert Scott Edwards really was a rap sheet fax from Lawerence County.  I did not consist to changes.

Ex Parte James, 813 So 2D 841 (ALA 2001)  Fewer than 12 Grand Jurors would be void and therefore, ineffective to confer juris- diction on a count to try, to convict, or to entence a defendant.

Therefore, it is necessary to inact Alabama Rules of Evidence Rule 606.   Juror testimony upon inquiry into validity of indictment.

Code of Alabama / 1975 12-16-60    75 ALR 5th 295  is now required for each member of both the Grand Jury and Trail Jury. Disqualification or exemption of juror for conviction of, or prosecution for, criminal offense.

Question needed to be answered in referense to my charges is. Do any of the members of the jury process or have any nudes of their children, or relatives?    A CLASS C FELONY IN THIS STATE.

1

EX PARTE JAMES, 813 So 2d 841 (Ala 2001)
"A validly pleaded claim that fewer than 12 Grand Jurors had found
an indictment, however, would constitute a jurisdictional claim
not subject to the two year time bar of Rule 32.2(c). Now 1 year.
See GORDON v. NAGLE, 647 So 2d 91,92 (Ala 1994)("Claims alleging
jurisdictional defects and excessive sentences under Rule 32.1(b)
and (c) are not subject to the two year time bar.") That is, an
indictment found by fewer than 12 grand jurors would be void and
therefore, ineffective to confer jurisdiction on a court to try,
to convict, or to sentence a defendant.

ARCrP Rule 12.8(f)(1) Code of Alabama / 1975  12-16-200
"In the Investigation of a charge for any indictable offence, the
grand jury can receive no other evidence than is given by witnesses
before them or furnished by legal documentary evidence, and any
witness maybe examined and compelled to testify as to any offence
within his knowledge without being specially interrogated as to
any particular person, time or place."

By the court not informing the Grand Jury that they are violating

the First Amendment of the United States Constitution in order to

get a conviction for the counts of 1, 4 to 33. DOE v. CHAMBERLIN

and UNITED STATES v. DOST. THe ruling from the DOST case makes up

requirment for determing child pornography or not. This is referred

to as the six Dost factors. See CASE FACT -1.

As for the Constitutional claim I have I have made numerous

mentions of this thoughout this petition.

Since the court did not inform the jurors of the SUPREMEACY CLAUSE

of the courts, this inturns makes the jury invalid and void.

See the CASE FACT and CONST pages of this petition on Constitutional

rights of all AMERICANS.

CODE OF ALABAMA / 1975  13A-12-190 to 13A-12-198 and 13A-12-200.1

to 13A-12-200.10 unconstitutional and void. And now will challeged

on constitutional grounds.

THE CONSTITUTION OF THE UNITED STATES OR THE STATE OF ALABAMA
REQUIRES A NEW TRIAL, A NEW SENTENCE PROCEEDING, OR OTHER
RELIEF.

(2)  CONVICTION OBTAINED BY USE OF COERCED CONFESSION.

LT Edwards wrote the confession while I was handcuffed in the back
seat of the car. Statements he wrote are inconsistant with facts
by all other statements. They were armed I was not. History of
Police in Alabama show abuse of authority. He also got my tape-
recorder and tapes (6) of my neighbors and what they knew.

(3)  CONVICTION OBTAINED BY USE OF EVIDENCE GAINED PURSUANT TO
AN UNCONSTITUTIONAL SEARCH AND SEIZURE.

a) Search and seizures guideline when involving computers:
   A warrant to search computer files must satisfy the requirement
   of specificity by stating clearly the files to be searched and
   the information to be "SEIZED"- i.e., the material sought. The
   officer executing the warrant may review files to determine
   whether they are covered by the warrant, but once that determ-
   ination has been made, material that is not covered may not be
   examined futher.

b) I never got acomplete inventory of my equipment and other stuff
   removed from my home. ARCrP 3.11(a)

c) It was never returned to me in 30 days.  ARCrP 3.11(b)

d) Only one item the harddrive, was used at trail not all my equip-
   ment. What happened to my equipment and books.

e) The judge that issued the search warrant also denied the "MOTION
   TO SUPPRESS THE EVIDENSE" Ex Parte White, 53 Ala App 377 (1974)

f) The court refused to search the Bryant's home for the pictures
   of the father engaged in sex with his son. As Joshua said on one
   of the tapes about his mom takeing pictures of him giving his
   dad oral sex on his penis.

(5)  CONVICTION OBTAINED BY A VIOLATION OF THE PRIVILEGE AGAINST
SELF-INCRIMINATION.

5th Amendment violation at arrest and trial and hearsay evidence by
Angela Bryant about what I told her that I did not. Do not have any
transcript to quote what was said.

(6)  CONVICTION OBTAINED BY THE UNCONSTITUTIONAL FAILURE OF THE
PROSECUTION TO DISCLOSE TO THE DEFENDANT EVIDENCE FAVORABLE
TO THE DEFENDANT

See the DISCOVERY; Section of this petition pages noted DIS-

26

(8) CONVICTION OBTAINED BY ACTION OF A GRAND OR PETIT JURY WHICH WAS UNCONSTITUTIONALLY SELECTED AND IMPANELED.

a) See INDICTMENT section pages marked IND-

b) As the Prosecution has tried me, then anyone with a nude picture of a child is guilty of a felony. Which could impeach the jurors on well known fact of child rearing to take pictures of nude children.

c) Panel was told informed of contitutionallity of federal laws on nudist cases. DOE v. CHAMBERLIN, 139 F Supp 2d 637 or UNITED STATES v. DOST, 636 F Supp 828 (1986) and the six Dost factors.

(9) DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL.

a) The court refused to appoint counsel from the begining of the arrest in violation of Alabama v Shelton, 152 L Ed 2d 888(2002) even though this case was decided after my conviction the facts that Alabama violates the Federal Constitution freely with know-ledge and intention.

b) Boggs the counsel I retained refused to help or show up at court because I was an indigent and could not afford their services. MOTION TO WITHDRAW stating LACK OF COOPERATION. The lack of Coop-eration was the fact I did not have $4000.00 for their services.

c) Icould not get any cooperation from the appointed counsel there-fore, I filed the motions to withdraw him. Reynolds refused to remove Karn but instead appointed him as advisor. I filed another motion to withdraw him. This motion was never heard. Other than opening statements Karn never said another word. No advise given.

B  THE COURT WAS WITHOUT JURISDICTION TO RENDER THE JUDGMENT OR TO IMPOSE THE SENTENCE.

a)  The sentence is in violation of the Fourteenth Amendment of due process dealing with the fact: 1) The indictment was invalid, changed, and no copy presented to the defendant. See INDICTMENT page IND-1 and 2.

b) See SENTENCE page SEN-1 DORTCH v. STATE and Code of Alabama / 1975 14-4-91. I was sentenced to 10 years with no good time. Fourteenth Amendment violation.

c)  The court erred in not allowing full discovery ARCrP 16. See SENTENCE section Starting on Page SEN-1 and DISCOVERY section starting on page DIS-1 as well as EVIDENCE section starting on page EVI-1.

d)  The court is in violation  of the First Amendment as set forth on pages starting on CASE FACT - 1.

e)  The court violated procedures as set up by the ALABAMA RULES OF COURT and FEDERAL RULES OF COURT as well as the SUPREMEACY CLAUSE.

C    THE SENTENCE IMPOSED EXCEEDS THE MAXIMUM AUTHORIZED BY LAW,
OR IS OTHERWISE NOT AUTHORIZED BY LAW.

a)    Violation of the "SUPREMEACY CLAUSE" as defined:
"The clause of Art. VI of the United States Constitution which
declares that all laws made in pursuance of the Constitution
and all treaties made under the authority of the United States
shall be "supreme law of the land" and shall enjoy legal super-
ority over any conflicting provision of a state constitution or
law. Pre-emption - Supreme Court federal laws overrule state
laws.

b)    See EVIDENCE starting with page EVI-1.

c)    See INDICTMENT starting with page IND-1.

d)    See SENTENCE starting with page SEN-1.

e)    See DISCOVERY starting with page DIS-1.

f)    See CASE FACTS starting with page CASE FACT-1

g)    Violation of Constitutional Amendments of the United States.

E      NEWLY DISCOVERED MATERIAL FACTS EXIST WHICH REQUIRE THAT
       THE CONVICTION OR SENTENCE BE VACATED BY THE COURT, BECAUSE:

a)  The court was never informed that the state witness Wulke
    was under investigation for a felony and had a prior felony
    record. This information was with held in violation of ARCrP
    16 Discovery and factored as creditbility of witness.

b)  That the court and prosecution knew that the SUPREMEACY CLAUSE
    was violated intentionly in order to get a conviction.

c)  That case DOE v. CHAMBERLIN had similar facts and that the
    Code of Alabama / 1975 13A-12-190 to 198 was faulty in these
    facts. See CASE FACTS starting with CASE FACT - 1.

d)  That Sgt. Gary Graves not only acted as a pediactic expert but
    but also acted as a computer expert in estimated the value of
    my equipment and software. The estamate was in favor of the
    law in order to prevent any civil action against the Police
    Department. He estimated the value at $1000.00 for Commercial
    Software and registered to me at $10,000.00. If used then the
    user is guilty of software piracy.

e)  Statment made be Wulke a written reprimand where false and not
    proven in court. No paperwork has been found with my signature
    on any complaint at Dominoes Pizza of Clanton.

f)  Sinee being in prison and going to the LAW LIBRARY everyday I,
    discovered the violation of Chilton County Jail on no law library
    for pro-se litigates and detainees. As well as state inmates.
    That according to BRADY v. MARYLAND, 373 US 83   10 L Ed 215
    (1963) and BERGER v. UNITED STATES, 79 L Ed 1314 (1935). To bad
    PERRY MASON OR JUDGE JUDY never talked about what rights a per-
    son has to discovery and evidenee for and against them. Shows
    state intentional with held evidence.

g)  ARCrP 5.2 Summoning witnesses on June 24, 2002. I gave Judge
    Reynolds a list witnesses none were summoned. Same witnesses
    on recordings Lt. Edwards took from me except for Tammy McDonald
    who was killed in a car accident. By not allowing the tapes
    to be heard the oourt violated BRADY. Futhermore, the state in-
    terviewed my witnesses, but I was not allowed to interview the
    state witnesses. The court told the jurors on June 24, 2002
    that the court would supeonia the witnesses to ensure they would
    be there. If I had the transcript then I could quote it.

30

SENTENCE:

DORTCH v. STATE, 654 So 2d 105 ( ALA CRIM APP 1995) "We have privously held that the omission of sex offenders from eligibility retroactive incentive time violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. Cited in Sims v. State, 625 So 2d 1192 (ALA CRIM APP 1993) and in Brooks v. State, 622 So 2d 447,450-51 (ALA CRIM APP 1993). This proves Reynolds sentenced me in violation of my rights. Futhermore, Reynolds has also violated other laws by sentencing others with crimes that have harmed or caused death with a shorter sentence. As example a murderer gets 20/4 by the same judge. A female who molested her 3 children got YO and time served just over 1 year. YO gives her protection from registering as a sex offender, and sealed records. A school teacher who was charged with sexual assault 2nd degree got time served plus $500.00 fine. for molesting at 6 of his students between the ages of 13 to 20. How many others has he allowed to make these outrages deals with. Like a Clanton Policeman who while on bond kidnapped and molested another boy this one from South Birmingham. This occured in his home just two weeks while on bond. Just two weeks after signing the bond. A real sexual prediator::

SEN-1

31

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA

## INSTRUCTIONS FOR PRISONERS FILING A COMPLAINT
## UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

This packet contains two copies of a complaint form and one copy of an Application to Proceed *In Forma Pauperis*. To start an action, you must file an original, signed, and dated complaint. You should retain one copy of the complaint for your own records.

Your complaint must be legibly handwritten or typewritten and the facts of the complaint must be set out clearly and concisely in chronological order. **You** must sign and date the complaint. If you need additional space to answer a question, you may use an additional blank page. Do **NOT** write on the reverse side of the complaint form.

You will note that you are required to provide facts in your complaint. THE COMPLAINT SHOULD NOT CONTAIN LEGAL ARGUMENTS OR CITATIONS.

No more than one plaintiff may be named in a complaint. Each plaintiff must file a separate complaint and application to proceed *in forma pauperis* or filing fee.

Your complaint may be brought in this court only if one or more of the named defendants is located within this district. Further, it is necessary for you to file a separate complaint for each claim that you have unless the claims are all related to the same incident or issue.

In order for your complaint to be filed, it must be accompanied by the filing fee of $150.00. If you are unable to pay the filing fee for this action, you may petition the court to proceed as an indigent. An Application to Proceed *In Forma Pauperis* is included in this packet.

Mail the original complaint and the filing fee of $150.00 or an Application to Proceed *In Forma Pauperis* to the Clerk of the United States District Court for the Northern District of Alabama, Room 140, Hugo L. Black U. S. Courthouse, 1729 5th Avenue North, Birmingham, Alabama 35203-2195.

Rev. 2/98

# UNITED STATES SUPREME COURT RULINGS

**BRITT v. NORTH CAROLINA, (1971) 30 L Ed 2d 400, 402**
In determining the need of an indigent defendant for a free transcript
of prior proceedings in a criminal case - claimed as a right under the
principle that as a matter of equal protection, the state must provide
an indigent defendant with a transcript when needed for an effective
defense or appeal.

**WARDIUS v. OREGON, (1973) 37 L Ed 2d 82, 84**
Under the due process clause of the Fourteenth Amendment, discovery in
criminal prosecutions must be a two-way street, absent a strong show-
ing of state interest to the contrary; the state may not insist that
trials be run as a "search for truth" so far as defense witnesses; are
concerned, while maintaining "prior game" secrecy for its own witnesses
it is fundamentally unfair to require a defendant to divulge the de-
tails of his own case while at the same time subjecting him to the
hazard of surprise concerning refutation of the very pieces of evidence
which he disclosed to the state.

**MARYLAND v. BUIE, (1990) 108 L Ed 2d 276, 998**
**ARREST - SEARCH OF PREMISES, 108 L Ed 2d 987, 998**
The Supreme Court has held that a mass seizure of numerous and varied
items from, or the entire contents of, a premises cannot be justified
as an incident to a valid arrest.
   Thus, in UNITED STATES v. LEFKOWITZ, (1932) 76 L Ed 877  82ALR775,
infra # 8, it was held that a search and seizure were unconstitutional
where federal agents, after making arrests, had scrutinized everything
in the room and formed and seized numerous and varied items.
   In KREMEN v. UNITED STATES, (1957) 1 L Ed 2d 876 it was held
unconstitutional for law enforcement officers, after arresting defend-
ants in a cabin, to seize and remove the entire contents of the cabin.
   Holding that the search and seizure in question could not under
any view of the Fourth Amendment be justified as incident to an arrest
in VON CLEEF v. NEW JERSEY, (1969) 23 L Ed 2d 728 the court emphasized
that after combing the defendant's 3 - story, 16 room house for
about 3 hours, several policemen had eventually seized and carted away
several thousand items, including books, magazines, catalogs, mailing
list, private correspondence, photographs, drawings, and film.

CASE # CV 2001 000214   "FRUITS OF CRIME" only one hard drive was used
as evidence out of the nearly 1000 items taken.

Code of Alabama / 1975  13A-12-190 to 13A-12-198

ACTS 1984,  NO. 84-285

Code of Alabama / 1975  13A-12-200.1 to 13A-12-200.10

ACTS 1989,  NO. 89-402

These are unconstitutional according to the following court decisions. 18 USC 2256(B) and (D) found unconstitutional (2002)

ASHCROFT V. ACLU, 152 L Ed 2d 771 (2002) id@ 776 "... children may discover this pornographic ### material either by deliberately accessing pornographic Web sites or by stumbling upon them. See 31 F Supp 2d, at 476 ("A child with minimal knowledge of a computer, the ability to operate a browser, and the skill to type a few simple words may be able to access sexual images and the content over the World Wide Web")."

The illegal seizure based on UNITED STATES SUPREME COURT ruling. VON CLEEF V. NEW JERSEY, (1969) 23 L Ed 2d 728 as cited in ARREST - SEARCH OF PREMISES, (1990) 106 L Ed 2d 987 Fourth Amendment Violation.

The fact that my home had a business license in FEBRUARY 2001 as NIC-NAC CRAFTS AND GIFTS which was a mail-order business under the ALABAMA COMPUTER CRIME ACT Code of ALABAMA / 1975 13A-8-200 to 13A-8-103. In AUGUST 2001, William P. BOGGS my first attorney I retained said that did not exist.

DOE V. CHAMBERLIN, (MD PA. 2001) 139 F Supp 2d 637 aff'd 299 F 3d 192 "Photographs of nude minors did not depict "exhibition" of genitals or pubic area under Protection of Children Against Sexual Exploitation Act (PCASEA), where minors were turned away from camera, or genitals and pubic areas were obscured, obscured pubic areas were not focal points of photographs.

Exhibitions of minors' pubic areas in photographs of nude girls using outdoor beach shower, swiming and playing on beach were not "lascivious" under PCASEA; pubic areas were not focal points of photographs, minors were not touching, interacting, or otherwise posed in sexually suggestive manner, minors were laughing and exhibited no sexual coyness, and photographs were not intended to elicit sexual response."

US V. VILLARD,(D. NJ 1988) 700 F Supp 803

OBSCENITY 5.2   When picture does not constitute child pornography, even though it portrays nudity, it does not become child pornography because it is placed in hands of a pedophile, or in form where pedophiles might enjoy it.

USSC - 2

**SIX FACTOR DOST TEST** according to 885 F 2d 117, 122

1) whether the focal point of the visual depiction is on a child's genitalia or pubic area;

2) whether the setting of the visual depiction is sexually suggestive i.e., in a place or pose generally associated with sexual activity;

3) whether the child is depicted in a unnatural pose, or in inappropriate attire, considering the age of the child;

4) whether the child is fully or partially clothed, or nude;

5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity;

6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

In VILLARD one of the pictures was of a teenage male asleep with what seemed to be a partial erection. If a male is asleep and in REM (Rapid Eye Movement) sleep then he will have an erection. Either partially of full erection and sometimes even discharges from the penis without being sexually aroused. As stated in note on page 124.

"We recognize that the jury may have found the photographs lascivious, but that they did not depict minors. We refer to these photographs merely to underscore the point that an erection, partial or full, does not by itself necessarily establish that a depiction is "lasciv- ious," or that the genitals were the focal point of the depiction."

Id at 125 In FALOONA Vs HUSTLER MAGAZINE, INC., 607 F Supp 1341 (N.D. TEX 1985) nude pictures of children did not constitute child porno- graphy when published in "legitimate" Sex Atlas or in "raunchy" Hustler magazine, because they did not depict children engaged in sexual conduct.

OBSCENITY 1,2 Nude photographs of minors, admired by minors and their mother, and admittedly not obscene, when published in book considered by minors and their mother to be serious and comprehen- sive educational text on human sexuality, did not become child pornography when they appeared in socalled "hardcore" magazine.

COUNTS 4 - 33 have to be dropped to one count. Reason / case law.

CODE OF ALABAMA / 1975 § 13A-12-192(b). Stated: Any person who knowingly possesses any obscene matter containing a visual representation of a person under the age of 17 years engaged in any act of sado-masochistic abuse, sexual intercourse, sexual excitement, masturbation, genital nudity, or other sexual conduct shall be guilty of a Class C felony. (ACTS 1978, NO. 592 p. 705 § 3; CODE 1975 § 13-7-232; ACTS 1984, NO. 84-265, p. 492 § 3.)

All 30 counts of indictment and each guilty verdict are in error. All photographs came from a single hard drive.

Therefore, decision in UNITED STATES v. MEYER, 602 F Supp 1480 (1985) citing BELL v. UNITED STATES, 99 L Ed 905 (1954) APPLY.

...if Congress does not fix the punishment for a federal offense clearly and without ambiguity, doubt will be resolved against turning a single transaction into multiple offenses, when we have no more to go than the present case furnishes.

CRIMINAL LAW 29   Appropriate unit of prosecution for charged offenses of transportation of material involving sexual exploitation of children and importation of obscene material, arising from defendant's transporting several photographs in one binder, was one count of each offense, rather than one count of each photograph for each offense, since meaning of statutory phrases "any visual depiction," "any film; photograph, negative, slide, book, magazine, or other visual or printed medium," and "any merchandise" was not obvious from reading of the statutes and legislative history provided no guide to their meaning;

18 USCA §§ 545, 2252(a)(1), 2253.

CODE OF ALABAMA / 1975 §§ 13A-12-190 to 13A-12-198 and 13A-12 -200.1 to 13A-12-200.10. Is unconstitutional under First Amendment Federal Constitution's Freedom of Choice; Speech; Expression; Press and Association as well as   other FREEDOMS ENJOYED BY A FREE SOCIETY.

Nudes, nudist, or nudism are not sexual conduct and genital nudity and breast nudity, no matter how old or young a person is.  Is a guarranteed right of all human society. Lawsthat enfringe on these rights are unconstitutional.

USSC-4

Case Number

CC  01  000244
ID   YR   NUMBER
(To be completed
by Court Clerk)

# IN FORMA PAUPERIS DECLARATION

CIRCUIT COURT CHILTON COUNTY, ALABAMA
[Insert appropriate court]

ROBERT REX EDWARDS
(Petitioner)

vs.

STATE OF ALABAMA
(Respondent(s)

## DECLARATION IN SUPPORT OF REQUEST TO PROCEED
## IN FORMA PAUPERIS

I, ROBERT REX EDWARDS _____ , declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs, or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1.  Are you presently employed?     Yes _____     No XX

   a.  If the answer is "yes", state the amount of your salary or wages per month, and give the name and address of your employer.

       _____

       _____

   b.  If the answer is "no", state the date of last employment and the amount of the salary and wages per month which you received.
       MAY 18, 2001 _____

       DOMINOES PIZZA OF CLANTON     $960.00 _____

2.  Have you received within the past twelve months any money from any of the following sources?

   a.  Business, profession, or other form of self-employment?
       Yes _____     No XX

   b.  Rent payments, interest, or dividends?
       Yes _____     No XX

   c.  Pensions, annuities, or life insurance payments?
       Yes _____     No XX

   d.  Gifts or inheritances?
       Yes _____     No XX

   e.  Any other sources?
        No XX

*granted*
*(SN)*
*9-29-03*

If the answer to any of the above is "yes", describe each source of money and state the amount received from each during the past twelve months.

_____

_____

_____

_____

3.  Do you own cash, or do you have money in a checking or savings account?

    XX
    Yes _____              No _____

    (Include any funds in prison accounts.)

    If the answer is "yes", state the total value of the items owned.

    $6.68  .12 _____

    _____

    _____

4.  Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?

                                    XX
    Yes _____              No _____

    If the answer is "yes", describe the property and state its approximate value.
                STOLEN BY LAW.

    _____

    _____

    _____

5.  List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.
                            N/A

    _____

    _____

    I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on _____ .
                    (Date)

                            *Robert P Egan*
                            Signature of Petitioner

## CERTIFICATE

    I hereby certify that the petitioner herein has the sum of $ _$0.12_ on account to his credit at the institution where he is confined. I further certify that petitioner likewise has the foregoing securities to his credit according to the records of said _Tallahatchie County Correctional Facility_ institution:

    _None_____

    _____

    _____

_09/12/2003_
DATE

                            *Carolyn McAdams*
                            AUTHORIZED OFFICER OF INSTITUTION

3

ACCTSTMT

**Tallahatchie Correctional Facility**
**Inmate Account Statement #53**
**For Account 1 - From: 07/01/2003 To: 09/12/2003**

09/12/2003

*Edwards, Robert R*

Facility ID: 00225984

Location: E4-204-C

| Type | Trans. Date | Deposit Source | Trans. Nbr | Beg. Balance | Trans. Total | Ending Balance |
|------|-------------|----------------|------------|--------------|--------------|----------------|
| D | 08/26/2003 | INTAKE | 36448 | 0.00 | 11.31 | 11.31 |
| P | 08/27/2003 | | 36678 | 11.31 | 11.19 | 0.12 |

Beginning Balance For Date Range :     0.00
Total Net Transactions For Date Range :     0.12
Calculated Ending Balance For Date Range :     0.12

Total Records Printed :     2

THE FACILITY I AM AT SAYS THEY ARE NOT
RESPONSIBLE FOR MY PREVIOUS ACCOUNTS THAT
IS WHY THIS IN FORMA PAUPERIS IS INCOMPLETE.
BOTH MRS THOMAS AND MRS WOODS SAID THIS.
THIS FACILITY IS IN VIOLATION OF SEVERAL STATE
AND FEDERAL REGULATION.
THEY REFUSED TO GET ALDOC RECORDS.

Robert R Edwards

9/16/03

MY OLD FACILITY WAS ST CLAIR CORRECTIONAL
FACILITY. THEY WILL NOT PROVIDE ME THE RECORDS.

# Court of Criminal Appeals

State of Alabama
Judicial Building, 300 Dexter Avenue
**P. O. Box 301555**
**Montgomery, AL 36130-1555**

February 12, 2004

**H. W. "BUCKY" McMILLAN**
**Presiding Judge**
**SUE BELL COBB**
**PAMELA W. BASCHAB**
**GREG SHAW**
**A. KELLI WISE**
**Judges**



**Lane W. Mann**
**Clerk**
**Wanda K. Ivey**
**Assistant Clerk**
**(334) 242-4590**
**Fax (334) 242-4689**

Mr. Robert Edwards
AIS #225984
P. O. Box 388
Tutwiler, MS 38963-0388

RE:    Your letter of inquiry

Dear Mr. Edwards:

This is in response to your recent letter.

Please be advised that although this Court cannot direct the trial court to appoint counsel to represent you on a pending Rule 32 petition, I am, by copy of this letter to the Chilton County Circuit Clerk, respectfully requesting that you be advised as to the status of any Rule 32 petition that you may have filed in connection with Chilton County Circuit Court Case No. CC01-244.

Sincerely yours,

Lane W. Mann, Clerk
Court of Criminal Appeals

LWM/jz

cc:    Mike Smith
       Clanton County Circuit Clerk
       P. O. Box 1946
       Clanton, AL 35045

IN THE CIRCUIT COURT OF CHILTON COUNTY,
ALABAMA

ROBERT REX EDWARDS,                    )
            PETITIONER,                )
                                       )
V                                      )        CC 01 - 244
                                       )
STATE OF ALABAMA,                      )
            RESPONDANT.                )

MOTION TO AMEND RULE 32
PETITION WITH STATE CASES.

NOW COMES, ROBERT REX EDWARDS, PETITIONER AND
SUBMITTING TO THE COURT THE FOLLOWING STATE
CASES. SINCE THE COURT REFUSES TO ABIDE BY
THE SUPREMACY CLAUSE OF THE UNITED STATES.

GIRARD V STATE. _____ So 2d ____ (AL CR AP 11-22-2002)
MULTIPLE COUNTS OF §13A-12-192(b) IS DOUBLE JEOPADY.
GIRABO HAD A 10 COUNT INDICTMENT. I HAD A 30
COUNT INDICTMENT OF THE SAME OFFENSE.
THIS REFLECTS THE DECISIONS ON PAGE USSC-4
ON MY RULE 32 PETITION.

    NONE OF THE 33 COUNTS ARE DEFINED TO ALLOW
A LAY PERSON OF THE INTENT OF THE STATUES.
BY THIS FACT, "A STATUE IS UNCONSTITUTIONAL

ON ITS FACE IF IT PROHIBITS A SUBSTANTIAL AMOUNT OF PROTECTED EXPRESSION. USCA CONST. AMEND 1." ASHCROFT V FREE SPEECH, 122 SCT 1389 (2002).

CODE OF ALABAMA/1975 §13A-12-190, HAS TO BE USED FOR STATUES §§ 13A-12-191 TO 13A-12-198.

IN EX PARTE EDWARDS, 816 SO 2d 98 (ALA 2001) "EDWARDS CHALLENGES HER CONVICTION BY ARGUING THAT THE STATUE (ON ITS FACE) AS WRITTEN DOES NOT STATE A REQUIRED ELEMENT OF MENTAL CULPABILITY ...." ID @ 101. "A STATUE CREATING A CRIMINAL OFFENSE, WITH THE EXCEPTION OF A STRICT-LIABILITY STATUE, REQUIRES A CULPABLE MENTAL STATE."

COFER V STATE, 440 SO 2d 1121 (ALA 1983) AFFIRMING PARKER V STATE, 406 SO 2d 1036 (AL CR AP/1981) "ON ITS FACE, 13A-6-66, FAILS TO STATE ANY REQUISITE MENTAL STATE. HOWEVER, THE TERM 'SEXUAL CONTACT' AS DEFINED IN §13A-6-60(3), AND USED IN THE ABOVE STATUE, REQUIRES THE TOUCHING BE DONE TO GRATIFYING THE SEXUAL DESIRES OF EITHER PARTY. THERE FORE, IT IS INCUMBENT UPON THE STATE TO ESTABLISH INTENT TO GRATIFY THE SEXUAL DESIRE OF EITHER PARTY IN ORDER TO COMPLETE PROOF OF THE CRIME."

IN ORDER FOR §§ 13A-12-192(b) AND 13A-12-197 TO BE CHILD PORN THE PICTURES HAVE TO BE 'LEWD' NOT 'MERE NUDITY.'

US V VILLARD, 700 F SUPP 803, 813 (ONJ 1988) "A FAMILY PHOTO OF A CHILD ASLEEP, OR IN SOME OTHER NATURAL SETTING, MIGHT NOT CONSTITUTE "EXPLICIT SEXUAL CONDUCT"' EVEN THOUGH AN ERECTION IS PRESENT."

AS FOR THE ESTAMATED AGE OF "14, 15" YEARS

AGE," THE COURT CONCLUDED THAT HE COULD OR COULD NOT HAVE BEEN A MINOR."

ALL THIS CAME TO PASS BECAUSE THE GOVERNMENT ARGUED THAT, @ 809. "... THE POSE WAS UNNATURAL, ON THE PREMISE THAT A DEPICTION OF A MINOR WITH AN ERECTION COULD NEVER BE A NATURAL POSE. THE MINOR WAS FULLY NUDE."


CERTIFICATE OF SERVICE

BY PLACING THIS IN THE INSTITUTIONAL MAIL BOX ON THIS 3RD DAY OF MARCH, 2004.

3 COPIES ENCLOSED.

Robert R Edwards
ROBERT REX EDWARDS
AIS 225984; M-126
PO BOX 150
MT. MEIGS, AL.
36057-0150

3

43



IN THE CIRCUIT COURT OF CHILTON COUNTY,
                    ALABAMA

ROBERT REX EDWARDS,
        PETITIONER,

V                           CC 01-244   CV 01-214

STATE OF ALABAMA,
        RESPONDANT,

            MOTION TO CHANGE ADDRESS

NOW COMES, ROBERT REX EDWARDS, PETITIONER
WITH THIS NOTICE OF ADDRESS CHANGE AND
THIS UNHONORABLE COURT THAT I WILL
STILL FILE MY FALSE IMPRISONMENT HABEAS
CORPUS AND REMOVE THIS COURT VENUE IN
MY CASE PRIOR TO THE AUGUST 9, 2004 DATE
OF MY HEARING. YOU NEED TO READ LOCKYEAR
V ANDRADE, 123 SCT 1166, 1173 (2003) AND ACLU
V ASHCROFT, 322 F3d 240 (3CCA 2003) WHICH
PROVES CODE OF ALABAMA/1975 §§ 13A-12-190
ET SEQ AND §§ 13A-12-200.1 ET SEQ ARE UN-

CONSTITUTIONAL AND THE COURT HAS NO
JURISDICTION ON ANY MATERIAL ON THE
WORLD WIDE WEB. THIS MAKE OVER 40
CASES BOTH FEDERAL AND US SUPREME COURT
IN MY FAVOR.

I HAVE INVITED THE MEDIA TO MY OPEN
COURT SESSION AND ACCORDING TO LAWS OF
THE LAND MY CONVICTION ON JUNE 28, 2002
WAS UNLAWFUL DUE TO IT BEING A
CLOSED COURT SESSION.

WHETHER MY RULE 32 IS GRANTED OR
DENIED AN APPEAL WILL TAKE PLACE.

RESPECTFULLY SUMMETTO

MAY 8, 2004

PLACE THIS DAY IN
THE MAILBOX AT
BIBB C.C.F.

Robert R Edwards
ROBERT REX EDWARDS
AIS 225984 ; B2-5B
565 BIBB LANE
BRENT, AL 35034-4040

MR MIKE SMITH,
THIS IS TO LET YOU KNOW BY LAW THE
EXHIBITS THAT WERE DENIED TO ME ARE NOT PORNOGRAPHIC
CC MY FILE                          BY LAW OF THE LAND.
CC HABEAS CORROUS FILE

# NOTICE TO COURT OF ACTIONS TAKEN WHEN DENIED

IN THE CIRCUIT COURT OF BIBB COUNTY, ALABAMA

ROBERT REX EDWARDS, #225984,
                    PETITIONER

V.                                              CASE # _____

STATE OF ALABAMA,                    IN RE CASE # CC-01-244
        RESPONDANT                         CASE # CV-01-214
                                                    CHILTON COUNTY

## WRIT FOR HABEAS CORPUS

NOW COMES, ROBERT REX EDWARDS, #225984, PETITIONER FILING THIS PETITION.

THE PRISONER IS ILLEGALLY HELD IN THE CUSTODY, CONFINEMENT, OR RESTRAINT OF THE ALABAMA DEPARTMENT OF CORRECTIONS (ALDOC) AT BIBB COUNTY CORRECTIONAL FACILITY, IN BIBB COUNTY, ALABAMA AND THIS CONFINEMENT IS ILLEGAL BECAUSE :

### FACTS AND ISSUES OF SUPPORT

1) DOUBLE JEOPARDY : PETITIONER WAS ARRESTED, CHARGED, INDICTED, AND FOUND GUILTY OF (30) THIRTY COUNTS OF THE SAME STATUE FROM THE SAME

IN THE CIRCUIT COURT OF CHILTON COUNTY,
ALABAMA

ROBERT REX EDWARDS #225984,
PETITIONER,

V                                                01-244 ; CV 01-214
                                                  01-2180

STATE OF ALABAMA,
RESPONDANT

3RD AMENDMENT TO RULE 32
SUPREMACY CLAUSE

NOW COMES, ROBERT REX EDWARDS, PETITIONER,
WITH FEDERAL LAW CITING SUPREMACY CLAUSE
(4) FOUR YEARS PRIOR TO HIS ARREST SHOW-
ING CODE OF ALABAMA/1975 §§ 13A-12-190 ET.
SEQ. IS UNCONSTITUTIONAL BY MEANS OF LAW
OF THE LAND.

ACLU V ASHCOFT, 322 F3d 240 (3RD CIR 2003)
HELD UNCONSTITUTIONAL STATUE 47 USC § 231

In @ 243. "... RELIANCE ON "COMMUNITY STAND-
ARDS" TO IDENTIFY MATERIAL "HARMFUL TO
MINOR" COULD NOT MEET THE EXACTING STAND-
ARDS OF THE FIRST AMENDMENT."

STRUCK DOWN BY US SUPREME COURT ON FIRST
AMENDMENT CDA RENO V ACLU, 521 US 844; 117
S CT 2329; 138 L Ed 2d 874 (1997). "" THE 'COMMUN-
ITY STANDARDS' CRITERION AS APPLIED TO THE
INTERNET MEANS THAT ANY COMMUNICATION

(1)

AVAILABLE TO A NATIONWIDE AUDIENCE WILL
BE JUDGE BY THE STANDARDS OF THE COMMUNITY
MOST LIKELY TO BE OFFENDED BY THE MESSAGE."
Id @ 877-78; 117 SCT 2329."
"... AS A RESULT, THE COURT DETERMINED THAT
THE COA WAS NOT NARROWLY TAILORED TO THE
GOVERNMENTS' PURPORTED INTEREST, AND "LACKS
THE PRECISION THAT THE FIRST AMENDMENT
REQUIRES WHEN A STATUE REGULATES THE CONTENT
OF SPEECH." Id @ 874; 117 SCT 2329."

Id @ 248. (217 F3d @ 180-81) "WE HELD, THAT THE
REFERENCE TO "COMMUNITY STANDARDS" IN THE
DEFINITION OF "MATERIAL THAT IS HARMFUL TO
MINORS" RESULTED IN AN OVERBROAD STATUE.
BECAUSE THE INTERNET CANNOT, THOUGH MODERN
TECHNOLOGY, BE RESTRICTED GEOGRAPHICALLY,
WE HELD, THAT THE "COMMUNITY STANDARDS
LANGUAGE SUBJECTED INTERNET PROVIDERS IN
THE MOST TOLERANT COMMUNITIES TO THE
DECENCY STANDARDS OF THE MOST PURITANICAL."
        (HELD UNCONSTITUTIONAL)

    THE US SUPREME COURT CONCLUDED IN ASHCROFT
V ACLU, SUPRA, "... USE OF 'COMMUNITY STANDARDS'
TO IDENTIFY 'MATERIAL THAT IS HARMFUL TO MINORS'
VIOLATES THE FIRST AMENDMENT" Id @ 122 SCT
1703."

   "... THE USE OF LOCAL COMMUNITY STANDARDS WILL
CAUSE PROBLEMS FOR REGULATION OF OBSCENITY
ON THE INTERNET ... IN FUTURE CASES." Id
@ 1714 (O'CONNER, J., CONCURRING)."

                    (2)

48

"MATERIAL THAT IS HARMFUL TO MINORS"
HELD VAGUE @ ID 268  N.37

HTTP://WWW.CMP.UCR.EDU/PHOTOS/PHOTO
GRAPHERS.HTML

HTTP://WWW.SAFERSEX.ORG/CONDOMS/HOW.
TO.USE/

THESE TWO WEB ADDRESSES CAN AND CAN
~~NOT~~ NOT BE "MATERIAL THAT IS HARMFUL TO MINORS"
ACCORDING TO HOW VIEWS OF PICTURES AND TEXT
ARE USED. OVER 2000 WEB-SITES ON MUSUEMS
ALONG SHOWING PHOTOGRAPHS OF NUDES OF ALL
AGES FROM NEWBORN TO OLD, BOTH DEAD
AND ALIVE.

SUCH AS THE NUDES OF BOYS USED TO CREATE
THE PHOTOS AND PAINTINGS OF THE SWIMMING
HOLE. NEARLY 50 BOYS FROM A PHILADEL-
PHIA SCHOOL FOR THE ARTS IN PENNSYLVANIA.

SOME OF THESE FACTS ARE AT CHILTON
COUNTY JAIL IN MY BRIEF CASE THAT WAS

(3)

49

TAKEN FROM MY CAR. THE SAME BRIEF CASE I BROUGHT TO COURT, ON JUNE 28, 2002. HELD BY LT. JOHN SHERON AS EVIDENCE.

SGT GARY GRAVES VIOLATED MY 4TH, 5TH, 8TH, AND 14TH AMENDMENT RIGHTS OF THE CONSTITUTION OF THE UNITED STATES. THESE RIGHTS WERE VIOLATED DURING SEARCH AND SEIZURE OF MY PROPERTY AND BY NOT USING THE STATUES OF THE ALABAMA AS SET UP BY THE LEGISLATURE.

BECAUSE NOT EVERYONE MATURES AT THE SAME RATE SGT GRAVES WRONGFULLY ESTIMATED THE AGES OF ALL THE PICTURES.

US V VILCARO, 885 F2d 117, 121 (3 CIR 1989) "THE LANGUAGE OF THE STATUE MAKE CLEAR THAT THE DEPICTIONS MUST CONSIST OF MORE THAN MERELY NUDITY; OTHERWISE, INCLUSION OF THE TERM "LASCIVOUS" (LEWD) WOULD BE MEANINGLESS."

(4)

50

AS IN ASHCOFT V ACLU, SUPRA, ALABAMA
CODE /1975 §§ 13A-12-190 ET. SEQ. AND 13A-12
-200.1 ET. SEQ. "... INFRINGED THE FREE
SPEECH RIGHTS OF ORDER MINORS, VIOLATED
THE RIGHT TO 'COMMUNICATE AND ACCESS
INFORMATION ANONYMOUSLY.' "(I O @ 152
L Ed 2d 771, 779 (2001)).

THIS INTURNS VIOLATES THE UNITED STATES
FEDERAL CONSTITUTION AS CITED. IN LAW.

"STATE LAW REQUIREMENTS WERE TRUMPED BY
FEDERAL LAW PURSUANT TO SUPREMACY CLAUSE.
USCA CONST. ART. 6, CL. 2; CIVIL RIGHTS ACT
OF 1964 §601 ET. SEQ., AS AMENDED, 42 USCA
§2000d ET. SEQ.; ALA. CONST. AMEND, 509."

THUS ALABAMA CODE /1975 §§ 13A-12-190 ET.
SEQ. AND 13A-12-200.1 ET. SEQ. ARE UNCONST-
ITUTIONAL, IN ACCORDANCE WITH EVEN
ALABAMA CONSTITUTIONAL LAW.

   THE PETITIONER'S PROPERTY WAS ILLEGALLY
SEIZED. THE ONLY ALEGED 'FRUITS OF CRIME'
USE AT TRIAL WAS ONE HARDDRIVE NOT THE
HUNDREDS OF ITEMS SEIZED (CV-01-214).

(5)

28 USC §2254(d) A STATE COURT'S DECISION IS "CONTRARY TO" FEDERAL LAW IF IT: (1) "APPLIES A RULE THAT CONTRADICTS THE GOVERNING LAW" SET FORTH IN SUPREME COURT CASE AUTHORITY, OR (2) APPLIES CONTROLLING LAW TO A SET OF FACTS THAT IS "MATERIALLY INDISTINGUISHABLE" FROM A SUPREME COURT DECISION BUT NEVERTHELESS REACHES A DIFFERENT RESULT. <u>LOCKYEAR V ANDRADE</u>, 123 SCt 1166, 1173 (2003). A STATE COURT'S DECISION IS AN "UNREASONABLE APPLICATION" OF FEDERAL LAW ONLY IF IT IS "OBJECTIVELY UNREASONABLE", WHICH "REQUIRES THE STATE COURT DECISION TO BE MORE THAN INCORRECT OR ERRONEOUS." Id @ 1174.

THE GOVERNMENT'S ABILITY TO SEIZE ITEMS IS NO LONGER LIMITED TO INSTANCES IN WHICH IT CAN CLAIM A VALID SUPERIOR PROPERTY INTEREST. SEE <u>WARDEN V HAYDEN</u>, 387 US 294, 310 (1967) REVERSING "MERE EVIDENCE" RULE THAT LIMITED POLICE TO SEIZING ONLY FRUITS, INSTRUMENTALITIES OF CRIME, AND CONTRABAND, AND PROHIBITED POLICE FROM SEIZING ITEMS OF MERE EVIDENTIARY VALUE. HAYDEN EXPLAINED THAT "THE PRINCIPLE OBJECT OF THE FOURTH AMENDMENT IS THE PROTECTION OF PRIVACY RATHER THAN PROPERTY." Id @ 304.

(6)

US CONSTITUTION ARTICLE XIII § 1.

NEITHER SLAVARY NOR INVOLUNTARY SERVITUDE, EXCEPT AS PUNISHMENT FOR CRIME WHEREOF, THE PARTY SHALL HAVE BEEN DULY CONVICTED, SHALL EXIST WITHIN THE UNITED STATES, OR ANY PLACE SUBJECT TO THEIR JURISDICTION.

SINCE THE PETITIONER CAN PROVE HE WAS NOT ~~EVER~~ DULY CONVICTED THEN HE CANNOT BE FORCED INTO LABOR AS A CONVICTED SLAVE FOR THE STATE.

IN JACKSON V GODWIN, 400 F2d 529, 535 (5 CIR 1968) "ANY FUTHER RESTRAINTS OR DEPRIVATIONS IN EXCESS OF THAT INHERENT IN THE SENTENCE AN IN THE NORMAL STRUCTURE OF PRISON LIFE SHOULD BE SUBJECT TO JUDICAL SCRUTINY."

THE CASES ARE LEGION WHICH RECOGNIZE THAT PRISONERS DO NOT LOSE ALL THEIR CONSTITUTIONAL RIGHTS WHEN THEY PASS THOUGH THE JAILHOUSE DOOR. SEE e.g., WOLFF V McCONNELL, 418 US 539; 94 SCT 2963; 41 LED 2d 935 (1974); COURTNEY V BISHOP, 409 F2d 1185, 1187 (8 CIR 1969); JACKSON V BISHOP, 404 F2d 571, 576 (8 CIR 1968); JOHNSON V ANDERSON, 370 F SUPP 1373, 1379 (D DE 1974); DIAMOND V THOMPSON, 364 F SUPP 659, 662 (MD ALA 1973); COLLINS V SCHOONFIELD, 344 F SUPP 257, 264 (MD Md 1972); JONES V WITTENBERG, 323 F SUPP 93, 98 (NO OH 1971).

"ALL WHO ENTER HERE. ABANDON ALL HOPE." IS A STATEMENT OF CRUEL AND UNUSUAL PUNISHMENT ITSELF.

(7)

SUFFICIENCY OF INDICTMENTS

AS QUOTED FROM THE MAY 2001 GEORGETOWN LAW
JOURNAL P. 1289-90.

ALTHOUGH AN INDICTMENT THAT TRACKS THE STATUTORY
LANGUAGE DEFINING AN OFFENS IS USUALLY SUF-
FICIENT,[872] MERE RECITATION OF STATUTORY LANG-
UAGE IS ACCEPTABLE ONLY IF ALL ELEMENTS OF THE
CHARGED CRIME ARE SUBSUMED IN THE LANGUAGE.[873]

872. HAMLING V US, 418 US 87, 117 (1974) STATUTORY
LANGUAGE SUFFICIENT AS LONG AS APPLICATION TO
PARTICULAR DEFENDANT CLEAR.; US V FLORES, 63
F3d 1342, 1360-61 (5 CIR 1995) INDICTMENT CHARGING
VIOLATION OF MONEY LAUNDERING STATUE SUFFICIENT
BECAUSE TRACKED STATUTORY LANGUAGE FOR EACH
ELEMENT OF MONEY LAUNDERING, AND SPECIFIED
DATE EVENT OCCURED, DOLLAR AMOUNT INVOLVED,
AND TYPE OF TRANSACTION AT ISSUE....

873. US V VEFSKY, 994 F2d 885, 893-94 (1 CIR 1993)
INDICTMENT REPEATING STATUTORY LANGUAGE FOR
MAIL FRAUD CONSPIRACY INSUFFICIENT BECAUSE
FAILED TO ALLEGE PLAN TO DEFRAUD AS REQUIRED
BY CASELAW.; US V OPSTA, 659 F2d 848, 850 (8 CIR
1981) INDICTMENT TRACKING LANGUAGE OF INVOL-
UNTARY MANSLAUGHTER STATUE INSUFFIENT
BECAUSE STATUE DID NOT CONTAIN INTENT ELEMENT
REQUIRED BY CASELAW....

IN MY CASE ONLY THE STATUE WAS RECITED NO
FORFEITURE OF PROPERTY (CV-01-214) NO BILL OF PARTICULAR
DETAILS GIVEN. NO ID ON PICTURES. NO DEFIN-
ITIONS OF ANY ELEMENT GIVEN. (US V PELULLO,
105 F3d 117, 121 N.1 (3 CIR 1997))

(8)

## CERTIFICATE OF SERVICE

I CERTIFY THAT I HAVE PLACE THIS

FORGOING DOCUMENTS IN THE INSTUTIONAL

MAIL BOX   THIS <u>2ND</u> DAY OF <u>JULY</u>   2004,

Robert R Edwards

ROBERT REX EDWARDS

AIS 225984; B2-5B

565 BIBB LANE

BRENT, AL
        35034-4040

(9)

IN THE CIRCUIT COURT FOR THE NINETEENTH JUDICIAL CIRCUIT
CHILTON COUNTY, ALABAMA

EDWARDS, ROBERT REX
    PETITIONER



vs.
                                    CC 01-244

STATE OF ALABAMA
    RESPONDANT

## MOTION TO DISMISS

COMES NOW the State of Alabama, by and through the District Attorney for the 19th Judicial Circuit, and moves this Court to dismiss the above styled petition, and as grounds therefore avers to the Court the following:

1. Petitioner was convicted of 2 counts of Sexual Abuse First degree and received a 10 year sentence on each count running concurrently. The Petitioner was also convicted of 30 counts of Possession of obscene matter and 1 count of Production of Obscen matter. On those counts he received a 10 year sentence running concurrently. At trial the Petitioner admitted to sexually abusing the two boys as well as producing the obscene material that he delivered to a co-worker. The Petitioner also admitted to showing several boys pornographic material before sexually assaulting the two boys and attempting to assault a third. This information from the Petitioner was given in open court. The Petitioner was informed by the court of his rights but took the stand voluntarily and with full knowledge of the ramifications of his actions. Issues mentioned in the Petition and subsequent filings are or were facts known or could have been discovered at the time of the trial and sentencing or during any time period during post trial motions by exercising reasonable diligence. Facts mentioned by the Petitioner would not have changed the result of the trial. Again, the Petitioner took the stand waiving his rights and admitted to the heinous crimes against the children as well as the possession and production of pornographic material.

2. Petitioner asserts that a new trial or new sentence proceeding is necessary based upon a coerced confession, an unconstitutional search and seizure, a violation against self-incrimination, that the grand jury was unconstitutionally selected and impaneled, and that he was denied effective assistance of counsel.

3. In response to Petitioner's assertions as stated in paragraph 2, the State relies on Paragraph 1 as its response in that the Petitioner took the stand and effectively waived his rights as explained by the court. Further states that the petitioner had ample opportunity to raise these issues at trial. Also, the petitioner makes no specific allegations of this claim to which the State can respond. The Petitioner was told by this Court and was admonished regarding

his rejection of the counsel appointed.    However the Petitioner chose to represent himself at trial.

4.  The Petitioner attempts to raise issues that could have been but was not raised at trial or on appeal.

5.  The Petitioner contends that this Court's is without Jurisdiction over the Petitioner to impose the sentence. The State asserts the Petitioner was properly sentenced and nothing offered in his Petition amounts to improper Court jurisdiction, which would entitle him to a new sentencing hearing or trial.

6.  The Petitioner alleges his sentence exceeds maximum authorized by law and that newly discovered facts exist which require his sentence be vacated. However, the Jury returned a verdict on each count of the indictment of guilty and the Petitioner was sentenced according to the sentencing guidelings.  The Petitioner offers no facts or circumstances that would warrant this claim.

7.  The basic tenants of his argument is that he, in his own perverted world does not see what he has done to the children, to their families, and to the community is a crime. This Petitioner is the most dangerous to our children in that he believes he has a right to conduct himself in such a manner as to destroy the innocence of young boys and then cower behind a constitution that was never meant to protect this type of perverted and sick behavior.

**WHEREFORE PREMISES CONSIDERED**, the District Attorney requests that said petition be dismissed for the aforementioned reasons.

Respectfully submitted this the 3rd day of August, 2004.

Kyle D. Massengale
Assistant District Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing upon the Petitioner by mailing a copy of same, U.S. Mail, postage prepaid to Robert Rex Edwards, AIS# 225984,  565 Bibb Lane, Brent, Alabama 35034-4040

Kyle D. Massengale

Rec'd 8-9-04

IN THE CIRCUIT COURT OF CHILTON COUNTY, AL

ROBERT REX EDWARDS,
        PETITIONER,

✓                              CASE # CC-01-244; CV-01-214

STATE OF ALABAMA,
        RESPONDANT.

## 4TH AMENDMENT TO RULE 32 PETITION

NOW COMES, ROBERT REX EDWARDS, PETITIONER WITH

HIS 4TH AMENDMENT TO HIS RULE 32 PETITION.

KNOWN CASELAW AND ALABAMA CODE / 1975

VIOLATIONS BY THE JUDGE AND DISTRICT ATTORNEY'S

OFFICE.

THE FOURTH AMENDMENT OF THE UNITED STATES

FEDERAL CONSTITUTION GUARANTEES THAT:

T     THE RIGHT OF THE PEOPLE TO BE SECURE IN
      THEIR PERSONS, HOUSES, PAPERS, AND EFFECTS,
      AGAINST UNREASONABLE SEARCHES AND SEIZURES,
      SHALL NOT BE VIOLATED, AND NO WARRANTS SHALL
      ISSUE, BUT UPON PROBABLE CAUSE, SUPPORTED
      BY OATH OF AFFIRMATION, AND PARTICULARY
      DESCRIBING THE PLACE TO BE SEARCHED, AND
      THE PERSONS OR THINGS TO BE SEIZED.

THE SEARCH AND ARREST WARRANTS WERE INVALID

BY THE SINGLE FACT ROBERT S. EDWARDS SSN

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 IS NOT ME. I AM ROBERT REX

EDWARDS SSN 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. AND WHEN I

CONTACTED SIBLEY S. SHAWN, I WAS TOLD THAT

PROBABLE CAUSE WAS BASED ON PRIORS OF

ROBERT S. EDWARDS. REYNOLDS ERRED IN NOT

SUPPRESSING EVIDENCE GAINED BY AN ILLEGAL

SEARCH AND SEIZURE. AN ORDER THAT WAS

ALSO ISSUED BY REYNOLDS. VIOLATION OF

ALABAMA CODE /1975 §§ 12-1-12, 15-5-11, 15-5-13.

BAKER V STATE, 52 ALA APP 699; 296 SO 2d
794 (1974). JUDGE WHO HAD PRIOR KNOWLEDGE
OF THE [APPELLANT'S] BACKGROUND AND OF THE
NATURE OF THE OFFENSE AT ISSUE SHOULD
RECUSE HIMSELF.

§12-1-12   STATES IN PART:
... IN WHICH IS CALLED IN QUESTION THE
VALIDITY OF ANY JUDGEMENT OR JUDICAL
PROCEEDING IN WHICH HE WAS OF COUNSEL OR
THE VALIDITY OR CONSTRUCTION OF ANY INSTRU-
MENT OR PAPER PREPARED OR SIGNED BY HIM

2

AS COUNSEL OR ATTORNEY WITHOUT THE CONSENT OF THE PARTIES ENTERED OF RECORD OR PUT IN WRITING IF THE COURT IS NOT OF RECORD.

§ 15-5-11. RECIEPT OF PROPERTY TAKEN. WHEN AN OFFICER TAKES PROPERTY UNDER A SEARCH WARRANT, HE MUST GIVE A RECIEPT THE PERSON FROM WHOM IT WAS TAKEN OR IN WHO POSSESSION IT WAS FOUND IF REQUIRED.

OVER $10,000.00 IN COMMERICAL SOFTWARE ALONE WAS STOLEN BY SGT. GARY GRAVES OR THE PRATTVILLE POLICE DEPARTMENT. THIS DOES NOT INCLUDE ALL THE HARDDRIVES, BOOKS, PAPERS, COMPUTERS, AND OTHER ITEMS THEY STOLE.

LT. JAY EDWARDS STOLE MY SONY MICRO-RECORDER AND 6 TAPES OF EVIDENCE THAT MY NEIGHBORS WERE AWARE OF THE GOING ONS IN THE TRAILER PARK.

CHIEF ED PRADY ALLOWED THIS TO GO ON. FOR SOMEONE WITH 30 YEARS EXPERIENCE HE DOES NOT KNOW ANY LAW.

3

THE COURT ERRED IN ALLOWING HEARSAY

TESTIMONY BY DONALD WULKE ON A

RECORD THAT DOES NOT EXIST. EXPOSURE

AT WORK.

HEARSAY TESTIMONY OF ANGELA BRYANT

AND SGT GARY GRAVES. BOTH MAKING FALSE

STATEMENTS ABOUT WHAT WAS SAID IN

THEIR PRESENSE. NAMELY SGT GRAVES

STATING I DOWNLOADED PORNOGRAPHY FROM

BIRMINGHAM.

THE CIRCUIT COURT MUST MAKE A
'DETERMINATION ON THE RECORD' THAT
THE HEARSAY EVIDENSE PRESENTED
"SUFFICENT INDICIA OF RELIABILITY"
SEE HAND V STATE, 703 So. 2d 1020, 1022
(AL CRAP 1997)

OFFOR V SCOTT, 72 F3d 30 (5 CIR 1995); LOWERY
V COLLINS, 996 F2d 770 (5 CIR 1993); BRECHT V
ABRAHAMSON, 507 US 619 (1993) VIDEOTAPE OF
ALLEGED CHILD ABUSE VICTIM VIOLATES THE
CONFRONTATION CLAUSE-NOT HARMLESS ERROR
AND PREJUDICE TO THE DEFENDANT.
USCA CONST AMEND 6, 14.

4

LOWERY v COLLINS, 988 F2d 1364 (6 CIR 1993)
Id @ 1369. "THE CONFRONTATIONAL SAFEGUARDS
APPROBATED BY THE SUPREME COURT IN MARYLAND
v CRAIG, 497 US 836 (1990) WERE CONSPICUOUSLY
ABSENT DURING LOWERY'S TRIAL; CLEARLY THE
PROCEDURE DID NOT "PRESERVE [ ] ALL OTHER
ELEMENTS OF THE CONFRONTATIONAL RIGHT."
FOR EXAMPLE, THE STATE DOES NOT HERE ASSERT
RECORD DOES NOT REFLECT THAT, BEFORE THE
INTERVIEW, THE COMPETACY OF THE WITNESS
TO TESTIFY WAS DETERMINED; OR THAT THE
CHILD WAS UNDER OATH DURING THE INTERVIEW;
OR THAT LOWERY HAD AN OPPORTUNITY FOR A
FULL AND CONTEMPORANEOUS CROSS EXAM-
INATION OF THE CHILD-COMPLAINANT DURING
THE INTERVIEW; OR THAT THE OBSERVABLE
DEMEANOR OF THE BOY GAVE THE JURY THE
OPPORTUNITY THAT WAS SANCTIONED BY
CRAIG TO DETERMINE THE CHILD'S VERACITY."

Id @ 1372. "WE CANNOT ACCEPT THAT A VIDEO-
TAPED INTERVIEW OF A LITTLE BOY RESPONDING
TO A CHILD-PLACEMENT SPECIALIST'S QUESTIONS
ABOUT THE DETAILS OF AN ALLEGED CHILD
MOLESTATION COULD NOT HAVE "POSSIBLY
INFLUENCED THE JURY ADVERSELY TO THE
DEFENDANT." CHAPMAN, 386 US @ 23.

NO PHYSICAL EVIDENCE OTHER THAN HEAR-
SAY WAS PRESENTED BY THE VIDEO TAPE.
SENTENCE VACATED, NOT HARMLESS ERROR.
CONFIRMED 996 F2d 770 (5 CIR 1993)

5

O'NEIL V McANINCH, 513 US 432, 437 (1995)
DECISION: ERROR VIOLATING FEDERAL CONST-
ITUTION IN STATE CRIMINAL TRIAL HELD
NOT HARMLESS - AND FEDERAL HABEAS CORPUS
PETITIONER HELD REQUIRED TO WIN - WHERE
HABEAS JUDGE HAS GRAVE DOUBT AS TO HARM-
LESSNESS.

KYLE MESSENGALE AND JUDGE SG REYNOLDS
ERRED WHEN DENYING PETITIONER 'IN
CAMERA INSPECTION' OF DHR RECORDS
OF ALLEGED VICTIMS TO PROVE PRIOR
HISTORY OF ABUSE BY OTHERS. CURE V
STATE, 600 SO.2d 415 (AL CR AP 1992)
CONFIRMED EX PARTE MYERS, 675 SO2d
549 (AL CR AP 1996).

BY NOT ALLOWING DISCOVERY AS REQUIRED
BY LAW. KYLES V WHITLEY, 514 US 419,
453 (1995). PROSECUTION DID NOT ALLOW
PETITIONER TO COPY ANYTHING AND TO
THIS DAY WILL NOT HAND OVER EXHIBITS.

6

DUE PROCESS VIOLATED WHEN THE ~~COURT~~
STATE DID NOT DISCLOSE TO THE COURT,
JURY, OR DEFENDANT THE DEALS OF THE
STATE'S WITNESS DONALD WULKE.

OUIMETTE v MORAN, 942 F2d 1, 9-11 (1 CIR 1991)
DUE PROCESS VIOLATED BECAUSE PROSECUTION
FAILED AT TRIAL TO DISCLOSE EXTENSIVE
CRIMINAL RECORD OF STATE'S CHIEF WITNESS
AND WITHHELD FROM PETITIONER EXISTANCE
AND NATURE OF DEALS BETWEEN STATE AND
WITNESS IN RETURN FOR WITNESS'S INCULP-
ATORY TESTIMONY.

CRIVENS v ROTH, 172 F3d 991, 999 (7 CIR 1999)
DUE PROCESS VIOLATED BECAUSE PROSECUTION
WITHHELD EVIDENCE THAT COULD HAVE BEEN
USED TO IMPEACH TESTIMONY OF STATE'S
KEY WITNESS AND AFFECT CREDITIBILITY.

BY USING MORE THAN 4 (FOUR) OTHER ROBERT
EDWARDS' PRIORS AS MINE TO JUICE UP
THEIR ALREADY ILLEGAL PROCEEDINGS.

BARRIENTES v JOHNSON, 221 F3d 741, 753 (5 CIR
2000) DUE PROCESS VIOLATED WHERE PROSECUT-
ION MADE FALSE IMPLICATIONS ABOUT THE
DEFENDANT'S GUILT IN ANOTHER CRIME.

MARTIN V PARKER, 11 F 3d 613, 616 (6 CIR 1993)
DUE PROCESS VIOLATED BECAUSE PROSECUTION
MADE IMPROPER COMMITS AND REPEATED
REFERENCES TO PETITIONER'S PRIOR BAD ACTS.

FROM OPENING COMMITS TO CLOSING

ARGUMENTS IS REDIALED WITH SUCH

COMMITS.

PRIOR TO 1998 I NEVER EVEN HAD A

PARKING/TRAFFIC TICKET.

INEFFECTIVE ASSISTANCE OF COUNSEL

THE PETITIONER CONTENDS AND IS EVEN

SUPPORTED BY THE ALABAMA RULES OF COURT

ON THIS GROUND.

NONE OF THE SO-CALLED ATTORNEYS DID ANY

PART OF THEIR JOB.

EVEN BRITT V NORTH CAROLINA 30 LED 2d 400

(1971). SHOWS THE PETITIONER WAS DENIED

HIS COMPLETE TRANSCRIPTS BY ELIZABETH H.

HUNTLEY. WHO DID NOT EVEN READ THE

8

TRANSCRIPTS AND IF SHE DID THEN SHE DOES NOT KNOW LAW AND SHOULD BE OUT OF THE STATE BAR. A SEPERATE LAWSUIT WILL TAKE CARE OF THAT.

NOW BACK TO THE PROCEDURES DEMANDED BY THE FEDERAL CONSTITUTION, ALABAMA CONSTITUTION, AND EVEN THE ALABAMA RULES OF COURT.

US V BEAR STOPS, 997 F2d 451 (8 CIR 1993) UNDER CONFRONTATION CLAUSE AND DUE PROCESS CLAUSE, TO ADMISSION OF EVIDENCE RELATING TO VICTIMS SEXUAL ASSAULT BY [OTHERS] TO ESTABLISH ALTERNATIVE EXPLANATION FOR WHY VICTIM EXHIBITED BEHAVIORAL MANIFESTATIONS OF SEXUALLY ABUSED CHILD. (USCA CONS AMEND 5, 6, 14)

COURT AGREED HAD TO BE ADMITTED. SEE CURE, SUPRA.

"THE SIXTH AMENDMENT RIGHT TO CONFRONTATION AND THE FIFTH AMENDMENT RIGHT TO DUE PROCESS OF LAW REQUIRE ONLY THAT THE ACCUSED BE PERMITTED TO INTRODUCE ALL RELEVANT AND ADMISSIBLE EVIDENCE." US V KASTO, 584 F2d 268, 272 (8 CIR 1978) "THE RIGHT TO PRESENT RELEVANT EVIDENCE TESTIMONY IS NOT WITHOUT LIMITATION." MICHIGAN V LUCAS, 111 SCT 1743, 1746; 114 LED 2d 205 (1991)

9

THE FOLLOWING IS PROOF OF VIOLATIONS OF MY CONSTITUTIONAL RIGHTS AS A CITIZEN OF THE UNITED STATES AND THE STATE OF ALABAMA.

REMEMBER MY TAPE RECORDER THAT THE COURT MADE ME STOP RECORDING IN OPEN COURT.

THOMPSON V CITY OF CLIO, 765 F SUPP 1066 (ALABAMA 1991) H CIR) MAY ORDERING POLICE CHIEF TO SEIZE TAPE RECORDER BROUGHT TO COUNCIL MEET-ING BY COUNCIL MEMBER AND HELD IT OUTSIDE OF CHAMBERS UNTIL COUNCIL MEETING WAS COMPLETED, SO AS TO PREVENT COUNCIL MEMBER FROM RECORDING THE SESSION, RESULTED IN AN UNREASONABLE SEIZURE OF TAPE RECORDER FOR FOURTH AMEND-MENT PURPOSES; COUNCIL MEMBER'S FIRST AMEND-MENT RIGHT TO PRESERVE RECORD OF PROCEEDING WAS VIOLATED. USCA CONST AMEND 1, 4.

VIOLATIONS OF CONSTITUTIONAL LAW 90.1(1).

SEARCH AND SEIZURE 13, 23.

CIVIL RIGHTS 214(4,6), 244. 42 USC § 1983.

MAYOR AND CHIEF DID NOT HAVE QUALIFIED IMMUNITY PROTECTING THEIR CONDUCT FROM FOURTH AMENDMENT CHALLENGE.

VIOLATIONS OF ALABAMA CODE / 1975 § 13A -14-2 "THE ALABAMA SUNSHINE LAW."

10

FEDERAL CIVIL PROCEDURE 2515.

ALABAMA CONSTITUTION 1901 §4,5.

US FEDERAL CONSTITUTION §§1,4,5,14.

TEXAS V JOHNSON, 491 US 397, 404; 109 SCT 2533, 2539; 105 LED 2d 342 (1989).

SPENCE V WASHINGTON, 418 US 405, 409-10; 94 SCT 2727, 2730; 41 LED 2d 842 (1974).

THIS ALSO GOES FOR THE SONY MICRO-RECORDER AND 6 TAPES THAT LT JAY EDWARDS STOLE ON MAY 18, 2001. THE SAME DAY ALL OTHER STUFF WAS UNLAWFULLY SEIZED IN VIOLATION OF ALABAMA CODE /1975 §§ 13A-8-100 ET. SEQ. ALABAMA COMPUTER CRIME ACT. FOR WHICH ATTORNEY WILLIAM P. BOGGS SAID, DID NOT EXIST. MY COMPUTER BUSINESS NIC-NAC CRAFTS AND GIFTS LICENSE TO MY HOME ADDRESS FEBRUARY 2001.

I HAVE NO PRE-TRIAL TRANSCRIPTS.

11

DENIAL OF 1ST AND 6TH AMENDMENT AS APPLIED BY THE 14TH AMENDMENT TO THE STATES TO A PUBLIC TRIAL AND PROVIDING THE PRESS AND GENERAL PUBLIC TO RIGHT TO ATTEND CRIMINAL TRIALS. THIS WAS TO ENSURE FAIRNESS TO THE DEFENDANT AND TO ENSURE RESPONSIBILITY OF THE PROSECUTION AND COURT TO DO THEIR JOB.

SINGER V US 380 US 24, 34 (1965) THE RIGHT TO A PUBLIC TRIAL CANNOT BE WAIVED. THERE IS NO RIGHT TO A CLOSED TRIAL.

PRESS-ENTERPRISE Co V SUPERIOR COURT, 464 US 501 (1984) AND WALLER V GEORGIA 467 US 39 (1984)
BOTH DEMANDED REMAND OF COURT PROCEEDINGS AND FULL DISCLOSURE OF TRANSCRIPTS. JUDGE REYNOLDS DENIED MY RIGHTS UNDER THE 1ST AND 6TH AMENDMENT TO BOTH A PUBLIC TRIAL AND FULL TRANSCRIPTS AS WELL AS DIS-COVERLY. ATTORNEY ELIZABETH H. HUNTLEY VIOLATED THESE RIGHTS BY GOING ALONG WITH THE JUDGE'S DECISION TO NOT DISCLOSE PARTS OF THE TRANSCRIPTS INCLUDING ALL PRE-TRIAL TRANSCRIPTS.

12

EVEN THE JURY VOIR DIRE IS TO BE OPEN
TO THE PUBLIC.

PRESS-ENTERPRISE CO V SUPERIOR COURT,
478 US 1 (1986) PUBLIC ACCESS IS A POSSITIVE
ROLE IN CRIMINAL COURT PROCEEDINGS.

Id 464 US @ 508. PUBLIC ACCESS TO VOIR
DIRE TO ENSURE FAIRNESS AND TO PREVENT
PROSECUTORAL MISCONDUCT.

THE PUBLIC HAS A COMMON LAW RIGHT TO
INSPECT AND COPY PUBLIC RECORDS, INCLUDING
JUDICAL RECORDS. SEE NIXON V WARNER
COMMUNICATIONS, INC., 435 US 589, 597
(1978); US V MARTIN, 746 F2d 964, 968-69
(3 CIR 1984) COMMON LAW RIGHT OF ACCESS TO
JUDICAL RECORDS AND DOCUMENTS EXTENDS TO
TRANSCRIPTS OF TAPE RECORDINGS USED BY
JURY IN CRIMINAL TRIAL WHICH WERE NOT
ADMITTED INTO EVIDENCE. SMITH V US
DIST COURT OFFICERS, 203 F3d 440, 442 (7
CIR 2000) AUDIO TAPES

HOLLAND V STATE, 614 SO 2d 1012 (AL 1993)
THE TERM " PUBLIC WRITINGS " INCLUDE JUDICAL
RECORDS.

ON SEPTEMBER 19, 2002 IN THE CAS APPEARS AN ATTEMPT
TO VIOLATE ANOTHER CONSTITUTIONAL RIGHT NAMELY
MY PRO-SE STATUS. INITIALED BY JUDGE REYNOLDS
→ REVERSED PRO-SE MOTION."

13

70

WHEN THE PETITIONER WAS HELD WITHOUT BOND FOR 11 DAYS IN CHILTON COUNTY JAIL FROM JUNE, 22, 2001 TO JULY 3, 2001 HIS CONSTITUTIONAL RIGHTS UNDER THE 5TH AMENDMENT AS WELL AS OTHER GUARANTEED RIGHTS.

I COULD CONTINUE TO LIST 1000s OF CASE LAW ON THESE AND OTHER FACTS PRESENTED.

THIS RULE 32 PETITION WITH ALL AMENDMENTS, PORTIONS OF THE TRANSCRIPTS AND DOCUMENTS ARE GOING TO BE INCLUDED IN THE FALSE IMPRISONMENT HABEAS CORPUS FOR WHICH IS STILL BEING ASSEMBLED.

I WANT OUT OF THIS HELL YOU HAVE CREATED AND MY NAME CLEARED.

SUBMITTED IN COURT ON THE 9TH DAY OF AUGUST, 2004.

Robert A. Edwards

1

71

IN THE CIRCUIT COURT OF CHILTON COUNTY, ALABAMA

STATE OF ALABAMA,

VS.                                                              CASE NO. CC-01-244

ROBERT REX EDWARDS

DEFENDANT.

## ORDER ON RULE 32 PETITION

This case coming on before this Court upon the Petition for Rule 32 as filed by the Defendant and hearing on said Petition being held on August 9, 2004 and the Defendant presenting himself Pro Se, the Court does hereby find as follows:

1. That the Defendant presented himself for trial on one count of Production of Obscene material, two counts of Sexual Abuse 1st. and thirty counts of Possession of Obscene Material and has been found guilty of all thirty-three counts.

2. The Defendant appealed his convictions and the same were affirmed.

3. That the Defendant was in possession of the several images of children under the age of 17 years and the same should have been one count of Possession of Obscene Material.

Therefore, it is ORDERED, that the convictions for possession of Obscene Material in Counts 5-33 are set aside and the Sentencing Order be amended to reflect the following: Count One -Production of Obscene Material, 10 years, Count Two and Count Three- Sexual Abuse 1st., 10 years cs to each other, Count Four, Possession of Obscene Material, 10 years. The sentences shall run concurrent on Counts One, Two and Four and the sentence for Count Three shall be consecutive to Counts One Two and Four.

Clerk of Court to amend transcript to reflect this Order.

All other request for relief shall be and is denied.

ORDERED this the 26 day of August, 2004.

_____
CIRCUIT JUDGE, REYNOLDS

72

ROBERT REX EDWARDS,    IN THE CIRCUIT COURT

PETITIONER,    CHILTON COUNTY,

V    ALABAMA

STATE OF ALABAMA

RESPONDANT    CASE # CC-01-244



MOTION FOR NOTICE OF APPEAL

MOTION FOR FORMS TO COMPLETE
ORDERS FOR ALL NECESSARY DOCUMENTS, IE
ARAP-1C REPORTER'S TRANSCRIPT ORDER

NOW COMES, ROBERT REX EDWARDS, PETITIONER,
FOR A MOTION OF APPEAL OF JUDGEMENT
ON HIS RULE 32 PETITION ENTERED ON
AUGUST 26, 2004 BY JUDGE REYNOLDS.

NOW COMES THE PETITIONER ASKING THE
COURT TO SUPPLY ALL FORMS NECESSARY TO
FILE AN EFFECTIVE APPEAL.

RESPECTFULLY SUBMITTED THIS THE 20th
DAY OF SEPTEMBER, 2004

Robert R Edwards
AIS 225984; A3-31B
565 BIBB LANE
BRENT, AL
35034-4040

73

ACR371                    ALABAMA JUDICIAL DATA CENTER
           NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
                         BY THE TRIAL COURT CLERK
              IN THE CIRCUIT COURT OF    CHILTON COUNTY
STATE OF ALABAMA VS EDWARDS ROBERT REX         JUDGE: SIBLEY G. REYNOLDS
---------------------------------------------------------------------
| APPEAL DATE: 09/21/2004
|--------------------------------------------------------------------
| INDIGENCY STATUS:
|   GRANTED INDIGENCY STATUS AT TRIAL COURT:
|   APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL:    _X_ YES      __ NO
|   INDIGENT STATUS REVOKED ON APPEAL:                    YES   _X_ NO
|   INDIGENT STATUS GRANTED ON APPEAL:                _X_ YES   _X_ NO
|
| DEATH PENALTY: NO
|
| APPEAL TYPE: RULE 32 PETITION
|--------------------------------------------------------------------
| THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E., RULE 32 PETITION,
| WRIT OF HABEAS CORPUS, ETC) OR FROM ANY OTHER ISSUED BY THE TRIAL JUDGE.
|
| CO/CASE NUMBER: 14/CC 2001 000244.60
|
| ORDER ENTERED(DATE): 08262004 PETITION: __DISMISSED  __DENIED  X GRANTED
|--------------------------------------------------------------------
| POST-JUDGMENT MOTIONS FILED:    DT FILED       DT DENIED     CON BY AGREE
|   ___ MOTION FOR NEW TRIAL      _____        _____       _____
|   ___ MOTION FOR JUDG. OF ACQUIT _____       _____       _____
|   ___ MOTION TO W/D GUILTY PLEA  _____       _____       _____
|   ___ MOTION FOR ATTY TO W/DRAW  _____       _____       _____
|   ___ OTHER_____      _____       _____       _____
|--------------------------------------------------------------------
| COURT REPORTER(S):
| ADDRESS:                         SHARMAN, DEBORAH M.
|                                  C/O HON. SIBLEY REYNOLDS
|                                  CLANTON        ,  AL  35045
|
| APPELLATE COUNSEL #1:            _____
| ADDRESS:                         _____
|                                  _____
| PHONE NUMBER:                    _____
| APPELLATE COUNSEL #2:            _____
| ADDRESS:                         _____
|                                  _____
| PHONE NUMBER:                    _____
| APPELLANT (PRO SE):              _____
| ADDRESS:                         EDWARDS ROBERT REX
|                                  BIBB CF AIS #225984 B2-5B
| AIS #:                           BRENT          ,  AL  350340000
|
| APPELLEE (IF CITY APPEAL):       _____
| ADDRESS:                         _____
|                                  _____
|--------------------------------------------------------------------
I CERTIFY THAT THE INFORMATION PROVIDED
ABOVE IS ACCURATE TO THE BEST OF MY                    OPERATOR: TEC
KNOWLEDGE AND I HAVE SERVED A COPY OF            PREPARED: 09/21/2004
THIS NOTICE OF APPEAL ON ALL PARTIES TO
THIS ACTION ON THIS 21st DAY OF September, 2004   _Mike Smith (TC)_
                                                  CIRCUIT COURT CLERK

*14*

## REQUEST FOR LOCAL EXTENSION OF TIME
## TO COMPLETE THE REPORTER'S TRANSCRIPT

_Robert Rex Edwards_                          v. _State of Alabama_
**Appellant's Name**                              **Appellee**

Trial Court Case No. _CC-01-244.60_    Notice of Appeal Date _9-21-04_

On appeal from the:  [X] Circuit Court of

[ ] District Court of      _Chilton_           County

[ ] Juvenile Court of

I, _Deborah M. Sharnan_ , a court reporter in the above referenced case,

hereby request a _28_ day extension to complete the transcript in said cause for the reasons

I have set out below. Currently this transcript is due on _11-16-04_ , and with this extension

the transcript will be due on _12-14-04_ .

REASONS: _Heavy trial docket + unable to complete_
_transcript_

_Deborah M. Sharnan_                    _11-18-04_
**Court Reporter**                          **Date**

=================================================================

## TRIAL COURT ACTION

[X] Upon consideration of the above request, I hereby grant a _28_ day extension to complete said transcript, thus extending
the transcript's due date to _12-14-04_ . Upon granting this request, I direct the court reporter to file this order
with the Clerk of this Court and to mail or fax a copy hereof to the Clerk of the Court of Criminal Appeals at the address
noted below by no later than the transcript due date in effect immediately preceding this order.

[ ] The above referenced request for a local extension is denied.

_Ashley Reynolds_                    _11-18-04_
**Judge's Signature**                    **Date**

**Note:**    Pursuant to Rule 11(c) of the Alabama Rules of Appellate Procedure, local extensions cannot total more than 28
days and cannot be to a date more than 84 days from the date of the notice of appeal.

=================================================================

The Clerk of the Court of Criminal Appeals        Fax (334) 242-4689
P. O. Box 301555
Montgomery, Alabama 36130-1555

| State of Alabama<br>Unified Judicial System | CERTIFICATE OF COMPLETION AND<br>TRANSMITTAL OF RECORD ON<br>APPEAL BY TRIAL CLERK | Appellate Case Number |
|---|---|---|
| RAP-14            Rev. 11/91 | | *CC-01-244.60* |

| TO: THE CLERK OF<br>THE COURT OF CRIMINAL APPEALS OF ALABAMA | DATE OF<br>NOTICE OF APPEAL: *9-21-04* |
|---|---|

APPELLANT

*Robert Rex Edwards*

v.   STATE OF ALABAMA

I certify that I have this date completed and transmitted herewith to the appellate court the record on appeal by assembling in (a single volume of ___*85*___ pages) (_____ volumes of 200 pages each and one volume of _____ pages) the clerk's record and the reporter's transcript and that one copy each of the record on appeal has been served on the defendant and the Attorney General of the State of Alabama for the preparation of briefs.

I certify that a copy of this certificate has this date been served on counsel for each party to the appeal.

DATED this ___*14th*___ day of ___*December*___, *2004*___.


_____*Mike Smith*___(TS)_____
Circuit Clerk

| State of Alabama Unified Judicial System<br><br>Form ARAP- 1C      8/91 | REPORTER'S TRANSCRIPT ORDER -- CRIMINAL<br>See Rules 10(c) and 11(b) of the<br>Alabama Rules of Appellate Procedure (A.R. App.P.) | Criminal Appeal Number<br><br>*CR - 03-2117* |
|---|---|---|

TO BE COMPLETED BY COUNSEL FOR THE APPELLANT OR BY THE APPELLANT IF NOT REPRESENTED AND FILED WITH THE WRITTEN NOTICE OF APPEAL OR FILED WITHIN 7 DAYS AFTER ORAL NOTICE OF APPEAL IS GIVEN.

☒ CIRCUIT COURT  ☐ DISTRICT COURT  ☐ JUVENILE COURT OF ___*CHILTON Co*___ COUNTY

_____, Appellant

v.    ☒ STATE OF ALABAMA    ☐ MUNICIPALITY OF _____

| Case Number<br>*CC-01-244,60* | Date of Judgment/Sentence/Order<br>*8-26-04* |
|---|---|
| Date of Notice of Appeal<br>Oral: *8-9-04*    Written: *8-21-04* | Indigent Status Granted:<br>☒ Yes    ☐ No |

**PART 1. TO BE SIGNED IF THE APPEAL WILL NOT HAVE A COURT REPORTER'S TRANSCRIPT:**
I CERTIFY THAT NO REPORTER'S TRANSCRIPT IS EXPECTED AND THAT THE RECORD ON APPEAL SHALL CONSIST OF THE CLERK'S RECORD ONLY. IF THE APPEAL IS FROM DISTRICT COURT OR JUVENILE COURT, I ALSO CERTIFY (1) THAT A STIPULATION OF FACTS WILL BE INCLUDED IN THE CLERK'S RECORD AND THAT THE APPELLANT WAIVES HIS RIGHT TO A JURY TRIAL IF SO ENTITLED; OR (2) THAT THE PARTIES HAVE STIPULATED THAT ONLY QUESTIONS OF LAW ARE INVOLVED AND THAT THE QUESTIONS WILL BE CERTIFIED BY THE JUVENILE/DISTRICT COURT FOR INCLUSION IN THE CLERK'S RECORD (SEE RULE 28(A)(1), ALABAMA RULES OF JUVENILE PROCEDURE, AND §12-12-72, *CODE OF ALABAMA 1975*).

_____    _____    _____
Signature                              Date                              Print or Type Name

**PART 2. DESIGNATION OF PROCEEDINGS TO BE TRANSCRIBED.** Request is hereby made to the court reporter(s) indicated below for a transcript of the following proceedings in the above referenced case (see Rule 10(c)(2), Alabama Rules of Appellate Procedure (A.R.App.P.)):

**MARK PROCEEDINGS REQUESTED:**                                                    **COURT REPORTER(S)**

A. ☒ **TRIAL PROCEEDINGS** - Although this designation will include the judgment and sentence    *SHARMAN, DEBORAH M*
proceedings, a transcript of the organization of the jury and arguments of counsel must    *CHILTON SIBLEY REYNOLD*
be designated separately.    *CLANTON, AL 35045*

B. ☐ **ORGANIZATION OF THE JURY** - This designation will include voir dire examination and    _____
challenges for cause. Note that in noncapital cases the voir dire of the jury will not be    _____
recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

C. ☐ **ARGUMENTS OF COUNSEL** - Note that in noncapital cases the arguments of counsel will    _____
not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)    _____

IN ADDITION TO ANY PROCEEDINGS DESIGNATED ABOVE, SPECIAL REQUEST IS HEREBY MADE TO INCLUDE THE FOLLOWING PROCEEDINGS IN THE REPORTER'S TRANSCRIPT PORTION OF THE RECORD ON APPEAL. (ATTACH ADDITIONAL PAGES IF NECESSARY):

ADDITIONAL PROCEEDINGS REQUESTED                  DATE                  COURT REPORTER(S)

D. _____    _____    _____

E. _____    _____    _____

F. _____    _____    _____

G. _____    _____    _____

**IMPORTANT NOTICE:** The court reporter who reported the proceedings for which a transcript is requested must be identified on this form to be effective. Additionally, it is important to note that the appellant may not be permitted to raise any issue on appeal relating to any proceedings in the case that are not specifically designated on this form for inclusion in the reporter's transcript. A general designation such as "all proceedings" is not sufficient. (See Rule 10(c)(2), A.R.App.P.)

**PART 3. MUST BE SIGNED IF THE APPEAL WILL HAVE A COURT REPORTER'S TRANSCRIPT:**
I CERTIFY THAT I HAVE DISTRIBUTED THIS FORM AS SET OUT BELOW. I ALSO CERTIFY (1) THAT I HAVE MADE SATISFACTORY FINANCIAL ARRANGEMENTS WITH EACH COURT REPORTER LISTED ABOVE FOR PREPARING HIS OR HER PORTION OF THE REPORTER'S TRANSCRIPT HEREIN REQUESTED; OR (2) THAT THE APPELLANT PROCEEDED AT TRIAL AS AN INDIGENT AND THAT THAT STATUS HAS NOT BEEN REVOKED; OR, (3) THAT THE APPELLANT HAS BEEN GIVEN PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS. *PRO-SE*

*Robert R Edwards*        *9-28-04*        *ROBERT RER EDWARDS*
Signature                              Date                              Print or Type Name

**DISTRIBUTION: Original filed with Clerk of Trial Court and copies mailed to:** (1) Clerk of the Court of Criminal Appeals, (2) the District Attorney, (3) the Attorney General or the municipal prosecutor in lieu of the District Attorney and the Attorney General if the appeal is from a municipal conviction, and (4) to each Court Reporter who reported proceedings designated for inclusion in the reporter's transcript

COPY

IN THE NINETEENTH JUDICIAL CIRCUIT

IN AND FOR CHILTON COUNTY

CLANTON, ALABAMA

STATE OF ALABAMA          *

     v.                   *       Case No. CC-01-244.60

ROBERT REX EDWARDS,       *

        Defendant.       *

_____/

COURT REPORTER'S TRANSCRIPT OF PROCEEDINGS

     Proceedings taken in the above-styled cause in the Chilton County Courthouse, Clanton, Alabama, on August 9th, 2004, before the Honorable Sibley G. Reynolds.


APPEARANCES

FOR THE STATE:       Kyle Massengale
                     Assistant District Attorney

FOR THE DEFENDANT:   Robert Rex Edwards
                     Pro Se


OFFICIAL COURT REPORTER

Deborah M. Sharman, CSR

```
 1                    (August 9th, 2004.  The Defendant

 2                    present pro se.  Assistant District

 3                    Attorney Kyle Massengale present.

 4                    The following proceedings occurred

 5                    in open court:)

 6          THE COURT:  This is CC-01-0244, Circuit

 7     Court of Chilton County, State versus Robert

 8     Rex Edwards.  Mr. Edwards presents himself

 9     today pro se on a petition four Rule 32.  Kyle

10     Massengale is present for the State of

11     Alabama.  By way of review, Mr. Edwards was

12     before the Court June 28th, '02.  His cases

13     was tried.  He received multiple convictions.

14          THE DEFENDANT:  That reminds me, that

15     Social Security number that they have down

16     there.

17          THE COURT:  Hold it just a second.  He

18     was convicted of thirty counts of possession

19     of obscene material, two counts of sexual

20     abuse first degree, one count of production.

21     He has ten years for sexual abuse first, two

22     counts; ten years for production of obscene

23     material, one count; ten years for possession

24     of obscene material, thirty counts all

25     running -- Everything is running concurrent
```

4

1    with the exception of the sexual abuse, which

2    was running CS.  He appealed his case.  It was

3    affirmed.

4         THE DEFENDANT:  It was affirmed on the

5    pro se only.  It was not affirmed under any

6    other conditions.  She did not bring up

7    anything else during the -- that was on the

8    transcript at all.  The only thing she brought

9    up was pro se.

10         THE COURT:  For the purposes of the

11    Record, the defendant represented himself

12    pro se with Honorable David Karn here as an

13    appointed counsel for monitoring purposes and

14    to answer any questions of the defendant.

15    That issue was brought up on appeal.

16         Today we have received the fourth

17    amendment to the Rule 32.  It appears to be on

18    the issue --

19         THE DEFENDANT:  Constitutional

20    violations.

21         THE COURT:  -- of a violation of his

22    fourth amendment right to be secured in his

23    person and his property.  You said that there

24    was an illegal search.

25         THE DEFENDANT:  Yes.  They searched and

```
 1        seized everything I had in my house when they

 2        came over.

 3              THE COURT:  Isn't that where they found

 4        the obscene material?

 5              THE DEFENDANT:  On my computer.  The

 6        search warrant and everything was -- they used

 7        priors of a guy named Robert Scott Edwards and

 8        also a couple other people that was listed.

 9              THE COURT:  Make your record, please,

10        sir, anything you want to tell me about your

11        petition for Rule 32.

12              THE DEFENDANT:  Yes.  One thing first

13        off, they've still got that Social Security

14        number that Robert Scott Edwards through DOC.

15        That thing is causing nothing but headaches.

16              THE COURT:  You want --

17              THE DEFENDANT:  On the petition 32, I

18        found in case law under the double jeopardy,

19        thirty counts cannot be used as it was wrote

20        up because it was all the same statute.  It

21        came from one source.  It would be only one

22        count.

23              The fifth and sixth amendment violations

24        there are various on different things

25        including the fact that the videotapes were
```

```
1         not sworn in at the time they were taken

2         through the DA.  It's in the fourth amendment.

3         You can read it in there.

4              THE COURT:  What videotape?

5              THE DEFENDANT:  The interviews of the

6         kids that was presented during the trial.

7              THE COURT:  Who wasn't sworn in, the

8         children?

9              THE DEFENDANT:  The whole aspect of it.

10        You can read it.  It's in my fourth amendment

11        in there about --

12             THE COURT:  Mr. Edwards, the children

13        testified live.

14             THE DEFENDANT:  I know.  They also

15        testified on the video.  The video was a

16        violation of the (inaudible) clause, fourth

17        and fifth amendment.

18             THE COURT:  Okay.

19             THE DEFENDANT:  Applicable in three

20        different states through the fourteenth

21        amendment.  The tape recorder I had when you

22        kept taking it -- telling me not to use it,

23        under the Sunshine Law I had a right to record

24        any pretrial sessions.  It's under -- in there

25        under City of Clio.
```

1       THE COURT:  Clio.

2           THE DEFENDANT:  It's in there.  Thompson

3       versus City of Clio.  It's a Middle District

4       case.  It went all the way to the Supreme

5       Court.  Other than that, all the violations

6       are listed in there in the Rule 32.

7           THE COURT:  Okay.  Anything for the

8       State?

9           MR. MASSENGALE:  Judge, the issues that

10      he is raising in his Rule 32 are issues that

11      should have been or could have been raised at

12      the time of the trial.

13          THE DEFENDANT:  They are jurisdictional

14      reasons, so therefore they don't have to be

15      brought up at that time.  They can be brought

16      up on appeals.

17          MR. MASSENGALE:  Mr. Edwards was informed

18      by this Court, to my recollection, on numerous

19      occasions regarding his ability and his right

20      to have counsel.  He rejected the Court's

21      recommendation to him, although the Court did

22      allow -- went ahead with Mr. Karn in assisting

23      wherever Mr. Edwards had a question or

24      concern.  Mr. Edwards also understood his

25      rights, waived his rights, took the stand and

1    admitted to this Court and to the jury of his

2    involvement with two young boys.  He also

3    admitted, regarding the pornography, that he

4    had distributed to a co-worker and that the

5    pictures, what they depicted.

6         Mr. Edwards also attempts this morning to

7    hide behind a constitution that was never --

8    that was never intended for his behavior to

9    protect.  Based upon the issues that I have

10   raised in my response in my motion to dismiss,

11   we feel that it is proper for this petition to

12   be dismissed.

13        THE DEFENDANT:  I guess it will be up to

14   the Criminal Court of Appeals then because I'm

15   going to file with them to appeal it.

16        THE COURT:  Mr. Edwards, I haven't ruled

17   against you.

18        THE DEFENDANT:  I know, but --

19        THE COURT:  Mr. Edwards, in order for you

20   to be able to appeal, you have to lose.  Okay?

21        THE DEFENDANT:  Yes.

22        THE COURT:  Anything else?

23        THE DEFENDANT:  No, sir.

24        THE COURT:  Anything else from the State?

25        MR. MASSENGALE:  No, sir.

1          THE COURT:  Thank you.  We will stand in

2     recess.  I will get an order out.

3

4              *  *  *  *  *  *  *  *  *  *  *  *

5                    END OF PROCEEDINGS

6              *  *  *  *  *  *  *  *  *  *  *  *

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

| State of Alabama<br>Unified Judicial System | CERTIFICATE OF COMPLETION<br>REPORTER'S TRANSCRIPT | Page Number |
|---|---|---|
| Form ARAP 13 | | 10 |

**TO:**     **The Clerk of the Court of Criminal Appeals**
P. O. Box 301555                                      Fax: (334) 242-4689
Montgomery, Alabama 36130-1555

**Criminal Appeals Case Number**      CR   03  -  2117

_____Robert Rex Edwards_____     v.   State of Alabama
**Appellant's Name**                               **Appellee**

On appeal from the:   [xxx] Circuit Court of

                      [  ] District Court of        Chilton_____ County

                      [  ] Juvenile Court of

**Trial Court Case Number** _____CC-01-244.60_____

**Notice of Appeal Date** ___9-21-04_____

I, ___Deborah Moses Sharman_____, certify that I have this date completed and filed with the clerk of the trial court an original and three copies of a true and correct transcript of all proceedings in the above referenced case that were reported by me and were specifically designated by the appellant for inclusion on the Reporter's Transcript Order. The transcript, which is numbered serially in the upper right-hand corner of each page, begins with a copy of the Reporter's Transcript Order and an index of both the exhibits and the testimony of the witnesses. The original transcript concludes with the original of this notice and the copies of the transcript conclude with copies of this notice. The page number appearing in the upper right-hand corner of this certificate is the last page of my portion of the transcript in this case.

Done this the   8th   day of  December_____, 2004.

_Deborah Sharman (signature)_____
Court Reporter

**FILING AND SERVICE OF THIS FORM:**    Pursuant to Rule 11(b), A.R.App.P., the court reporter should file a copy of this certificate with the Clerk of the Court of Criminal Appeals and should serve copies of the certificate on counsel for the appellant or the appellant if he or she is not represented by appellate counsel, the attorney general and the district attorney, unless the appeal is from a municipal appeal, in which event a copy of the form should be served on the municipal prosecutor rather than the attorney general and district attorney.

| State of Alabama<br>Unified Judicial System<br><br>ARAP-14          Rev. 11/91 | CERTIFICATE OF COMPLETION AND<br>TRANSMITTAL OF RECORD ON<br>APPEAL BY TRIAL CLERK | Appellate Case Number<br><br>*CC-01-244.60* |

**TO: THE CLERK OF**
**THE COURT OF CRIMINAL APPEALS OF ALABAMA** | DATE OF NOTICE OF APPEAL: *9-21-04*

APPELLANT

*Robert Rex Edwards*

v.   **STATE OF ALABAMA**

---

I certify that I have this date completed and transmitted herewith to the appellate court the record on appeal by assembling in (a single volume of __*85*__ pages) (_____ volumes of 200 pages each and one volume of _____ pages) the clerk's record and the reporter's transcript and that one copy each of the record on appeal has been served on the defendant and the Attorney General of the State of Alabama for the preparation of briefs.

I certify that a copy of this certificate has this date been served on counsel for each party to the appeal.

DATED this ___*14th*___ day of ___*December*___, ___*2004*___.


_____*Mike Smith*_____ (TC)_____
Circuit Clerk

518235