*Supplement to Record*

COURT OF CRIMINAL APPEALS No. _CR-03-2117_

# APPEAL TO ALABAMA COURT OF CRIMINAL APPEALS

FROM

CIRCUIT COURT OF _Chilton_ COUNTY, ALABAMA

CIRCUIT COURT No. _CC-01-244.60_

CIRCUIT JUDGE _Sibley Reynolds_

Type of Conviction / Order Appealed From: _Rule 32_

Sentence Imposed: _____

Defendant Indigent: ☒ YES ☐ NO

_Robert Rex Edwards_

NAME OF APPELLANT

Pro Se    #225984
(Appellant's Attorney)        (Telephone No.)
Bibb CF    565 Bibb Lane
(Address)
Brent ,    Al    35034
(City)        (State)        (Zip Code)

V.

STATE OF ALABAMA
(State represented by Attorney General)

NAME OF APPELLEE

NOTE: If municipal appeal, indicate above, and enter
name and address of municipal attorney below.

_____

_____

(For Court of Criminal Appeals Use Only)


EXHIBIT

J

# CLERK'S INDEX OF RECORD

- CASE ACTION SUMMARY                                          1-3
- ORDER BY CCA                                                 4
- NOTICE OF RECIEPT                                            5-8
- NOTICE OF ACTIO                                              9-11
- ORDER BY CCA                                                 12
- ORDER TO APPEAR                                              13
- 2ND AMENDMENT OF RULE 32                                14-20
- CLARIFICATION NEEDED ON DEFINITION ON PRODUCTION             21-25
- ORDER BY CCA                                                 26-28
- REQUEST EXPLANATION OF WHY THE STATE REFUSES ETC.      29
- REBUTAL TO ORDER ISSUED BY JUDGE SIBLEY REYNOLDS            30-40
- CORRECTION OF RECORD AND INTENT TO USE                      41-42
- CERTIFICATE OF COMPLETION OF RECORD BY TRIAL CLERK          43

```
ACR0325          ALABAMA JUDICIAL INFORMATION SYSTEM    CASE: CC 2001 000244.60
OPER: TCC                    CASE ACTION SUMMARY             RUN DATE: 07/24/TCC
PAGE:   1                     CIRCUIT CRIMINAL
IN THE CIRCUIT COURT OF CHILTON                              JUDGE: SHR

STATE  OF  ALABAMA                VS        EDWARDS ROBERT REX
                                            TALLADEGA CF #2201'04     Bibb CF
CASE: CC 2001 000244.60                     PO BOX 338              565 Bibb lane
                                            TATWILER, MS 32763 000  Brent, AL 35034

DOB: 08/17/1961        SEX: M  RACE: W  HT: 5 11  WT: 170   HR: BRO EYES: BRO
SSN: 420865715  ALIAS NAMES:
CHARGE01: RULE 32-FELONY         CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFLNS: DATE:                     AGENCY/OFFICER:

DATE WAR/CAP ISS:                         DATE ARRESTED:
DATE    INDICTED:                         DATE    FILED: 09/24/2003
DATE    RELEASED:                         DATE  HEARING:
BOND        AMOUNT:        $.00            SURETIES:

DATE 1:              DESC:                  TIME: 0000
DATE 2:              DESC:                  TIME: 0000

TRACKING NOS:

   DEF/ATY:                        TYPE:                        TYPE:

                        00000                          00000

PROSECUTOR:

OTH CSE:  000000000000 CHK/TICKET NO:                     GRAND JURY:
COURT REPORTER:              SID NO:       000000000
DEF STATUS: PRISON           DEMAND:                          OPER: TCC
DATE    ACTIONS, JUDGEMENTS, AND NOTES
```

| | |
|---|---|
| 9-24-03 | Rule 32 filed by Deft. |
| 9-24-03 | In Forma Pauperis Declaration filed by Deft. |
| 9-29-03 | In Forma Pauperis Granted. |
| 10-14-03 | Copy granting In Forma Pauperis sent to DA & Deft. |
| 2-4-04 | Ltr. to Judge Reynolds filed. |
| 2-17-04 | Ltr from Ct. of Crim Appeals filed |
| 3-18-04 | Motion to amend Rule 32 Petition with State Cases filed by Defendant. |
| 4-8-04 | Rule 32 petition to set for hearing @ 9:00 am on 8-9-04 Clerk to arrange for Defendant to appear(S) |
| 4-12-04 | Copy of CAS sent to DA and Defendant. |
| 5-12-04 | Motion to change Address filed by Defendant. |
| 7-6-04 | Writ of Habeas Corpus filed by Defendant. |
| 7-6-04 | 352 Amendment to Rule 32 filed by Defendant. |
| 7-14-04 | Writ of Habeas Corpus and Amended Rule 32 Petition is set 9:00 am on 8-9-04 (SR) |

2

ACR036P  A L A B A M A  J U D I C I A L  I N F O R M A T I O N  C E N T E R
CASE ACTION SUMMARY
CONTINUATION

CASE: CC 84-1 ORIGINAL
JUDGE ID: 195

STATE OF ALABAMA                    VS.    EDWARDS ROBERT REY

| DATE | ACTION, JUDGMENTS, CASE NOTES |
|---|---|
| 7-19-04 | Copy of CAS sent to DA & Defendant |
| 7-19-04 | Order for inmate return sent to Jail & DOC |
| 8-2-04 | Motion to dismiss filed by DA. |
| 8-9-04 | Case called on Rule 32 Petition. His 4th Amendment Rule 32 Petition Amended filed this day, Argument heard - Issue taken under advisement (SP) |
| 8-26-04 | Order on Rule 32 (SP) |
| 8-27-04 | Copy of Order sent to DA and Defendant. |
| 8-27-04 | Amended conviction report sent to DOC & Defendant |
| 9-21-04 | Notice of Appeal filed by Defendant. |
| 9-21-04 | Clerks Notice of Appeal sent to CCA, AG, Defendant and Court Reporter. |
| 11-18-04 | Request for local extension of time filed by Court Reporter. |
| 11-18-04 | Request for Documents filed by Defendant. |
| 12-14-04 | Record of Appeal sent to CCA, AG and Deft |
| 1-27-05 | Hearing set 2-4-05 @ 3:00 EN |
| 1-27-05 | Notice of Order filed by CCA on 12-29-04 |
| 1-27-05 | Notice of reciept + Appeal filed on 12-30-04 (1 copy received from CCA and 1 copy received from defendant. |
| 1-27-05 | Order to appear filed. Copy sent to DA, CCA, and Defendant |
| 1-27-05 | Copy of CAS sent to DA, CCA and Defendant. |
| 1-27-05 | Order for inmate return sent to DOC & Jail. |
| 2-4-05 | Defendant present - Brings copy of his 2nd Amendment to Rule 32 Petition - Reviewed. Court considers Amendment and Order remains as Ordered 8-26-04 (SP) |
| 2-4-05 | 2nd Amendment to Rule 32 filed in open court by Defendant. |
| 2-4-05 | Copy of CAS sent to CCA, AG & Defendant. |
| 2-8-05 | Clarification needed on definition of Restitution Distribution filed by Deft. |
| 2-9-05 | Order filed by CCA. |
| 2-16-05 | Order filed by CCA. |

ACR0369  A L A B A M A    J U D I C I A L    I N F O R M A T I O N    C E N T E R

CASE ACTION SUMMARY
CONTINUATION

CASE: CC-01- 244. 60
JUDGE ID:

STATE OF ALABAMA                    VS  Edwards, Robert Rex

| DATE | ACTION, JUDGMENTS, CASE NOTES |
|------|-------------------------------|
| 2-22-05 | Request Explanation of why the State refuses to address each issue presented to the court filed by Defendant. |
| 2-22-05 | Rebuttal to order issued by Judge Sibley Reynolds on February 4, 2005 filed by Defendant. |
| 3-22-05 | Acknowledgment of reciept. Reciept of extension filed by Deft |
| 3-28-05 | Correction of record and intent of use filed by Deft |
| 3-28-05 | Motion to correct record. Denied. ⑨ |
| 3-29-05 | Copy of CAS sent to CCA, AG and Defendant |

5

IN THE COURT OF CRIMINAL APPEALS FOR
THE STATE OF ALABAMA

ROBERT REX EDWARDS,
        APPELLANT,

V                                    CASE # CR 03-2117

STATE OF ALABAMA,
        APPELLEE.

FILED
DEC 20 2004
P. rec'd 12/22/04
CLERK
ALA COURT CRIMINAL APPEALS

## NOTICE OF RECEIPT

NOW COMES, ROBERT REX EDWARDS, APPELLANT TO
THIS HONORABLE COURT to notify the court
that he recieved a not complete transcript.

The appellant found that his 2ND AMENDMENT
TO his rule 32 was missing. The amendment
was sent to the Circuit Court on the 12 DAY
of MAY, 2004. Pre-paid and placed in the hands
of the institutional mail-room worker in
accordance with HOUSTON v LACK, 101 LEd 2d 245
(1988).

  THE Appellant would appreciate it if this Court
could order The Circuit Court To include the
missing amendment to the transcript. This is to
avoid the problem with his appeal unlike the
first appeal (CR-01-2180) that ATTORNEY ELIZABETH
H. HUNTLEY mishandled by not doing as I told
her and what the transcripts (both trial and
pretrial that she ordered delays for). I never
got any of the pretrial transcripts either.
Eventhough I sent a Letter quoting ARPC
1.16(d). My case handling mirrors TURNER

_v STATE_, 854 So. 2d 162 (AL CR AP 2003) To the same judge, appeal attorney, and why it was sent to the Courts of CRIMINAL APPEALS. The appellant had the opertonity to witness the judge SIBLEY REYNOLDS resentence TURNER TO 15 years on the same phoney indictment. This was on AUG 9, 2004 prior to 9:30 AM.

Because of the nature of the charges that was against me that I was prejudiced and bias at in my case and that she did not have any 'loyalty to the clients' _BROOKS v STATE_, 686 So. 2d 1285 (AL CR AP 1996); _DUNCAN v ALABAMA_ 881 F 2d 1013, 1016 (11 CIR 1989); _McGONICO v ALABAMA_ 919 F 2d 1354 (11 CIR 19___). "CONFLICT OF INTEREST" IN THE CASE THEIR CONSCREWING OF RIGHT AND WRONG DESPITE THE FEDERAL COURTS DECISIONS. TO INCLUDE THE US SUPREME COURT THAT was brought up at trial and pretrial hearing and sentencing and not objected to by the state.

The second (2ND) AMENDMENT contained 7 pages including the C.O.S.

In order for the appellant to send copies he would have to do as he did in APRIL, 2004 and send it to his sister to copy And return to him to complete the C.O.S.

BIBB Co CF AND ADOC does not allow photocoping.

Respectfully Submitted THIS THE 19th DAY OF DECEMBER 2004.

pro. se

Robert R Edwards
225984 ; O3-19 B
565 BIBB LANE
BRENT, AL
35034-4040

2

(C.O.S.) CERTIFICATE OF SERVICE

I CERTIFY THAT I HAVE PLACED THIS DOCUMENT IN THE INSTITUTIONAL MAIL-BOX. THIS THE 20th DAY OF DECEMBER, 2004. I RETAINED A CARBON COPY FOR MY RECORD. DUE TO THE FACT THAT THE CARBON PAPER WE USE IS USED FROM THE OFFICES OF BIBB COUNTY CF. THE THIRD COPY WAS UNREADABLE. A DELAY OF OVER 2 WEEKS WOULD OCCUR IF SENT TO MY SISTER TO COPY IN FLORIDA.

   TOTAL OF 3 PAGES.

                          Robert R Edwards PRO-SE
                          ROBERT REX EDWARDS
                          225984 ; D3-19B
                          565 BIBB LANE
                          BRENT, AL 35034-4040

P.S. OFFICIALS AT THIS CAMP DOES NOT BELIEVE IN MEANING ASSISTANCE TO THE COURTS FOR THE INMATES TO INCLUDE UPDATED CASE LAW. A CIVIL LAWSUIT FILED BY AT LEAST 6 INMATES IS ON RECORD STATE AND FEDERAL. BOUNDS v. SMITH
     (EXAMPLE OF CARBON PAPER AND UNREADABLE COPY INCLUDED)

DEC 29 2004   -Motion treated as motion to supplement and transferred to the circuit court.

E IMPLE OF WHAT I WROTE.
THE CARBON IS FROM THE OFFICES — USED
(CLASSIFICATION)

9

IN THE CIRCUIT COURT CLAYTON COUNTY AL

ROBERT REX EDWARDS,
                    PETITIONER,
V
STATE OF ALABAMA,
                    RESPONDANT.

CASE # CC-01-244.6
ON APPEAL CR-03-2117

NOTICE OF ACTIONS

NOW COMES, ROBERT REX EDWARDS, PETITIONER with notice of actions taken in response to incomplete and/or perjured transcript filed to the case # CR-03-2117.

1) Petitioner never recieved a copy of the MOTION TO DISMISS supposely filed on AUGUST 3, 2004 and served on the petitioner. The petitioner has never recieved any mailings to the BIBB Co CF during his incarceration there. This can be proven by supeonia of the LEGAL MAIL LOG BOOK maintained at BIBB Co CF.

2) THE DA states in this motion (c.55) #1 that his SEXUAL ABUSE 1st 10 YEAR SENTENCES ARE RUNNING CONCURRENTLY, BUT INFACT ARE RUNNING CONSECUTIVELY, FOR A MAXIMUM OF 20 YEARS FOR WHICH EXCEEDS the Statuetory max of 10 YEARS. ALABAMA CODE § 14-9-41(h). THIS sentence is also in violation of DOUBLE JEOPARDY as stated in the petitioners 2nd AMENDMENT to his RULE 32 Petition. Sent to the COURT 12th MAY, 2004 ALONG with his change of address notice. P3 HALL, SUPRA 95 AT 938.

3) IF the petitioner had recieved the missing

MOTION TO DISMISS he would not been able to file
an rebuttal to the allegations because the DA's
office waited to the last days prior to his hearing
of August 9, 2004 for which he was in Chilton
County Jail on August 6, 2004 to wait for his
Court date. This tactic further shows the illegal
acts committed by the 19th Judicial Circuit.
Prosecutor's misconduct. However, the petitioner
will file an answer to each allegation to the
Court of Criminal Appeals.

4) Petitioner summitted to the Criminal Court
of Appeals a page for page handwritten copy
of his 2nd Amendment to his Rule 32 Petition
that he sent on by 12th May, 2004. This and
his motion to extend was sent by 24th December,
2004, actually given to mail room staff 23rd Dec.
2004. These 7 missing pages are not the only
examples that this court has intentially not
completed the transcript but has file a completion
form and committing perjury by law. Case #
CC-01-244 was missing 119 pages of the record
and most of the motions filed by the parties
a violation of BRITT V NORTH CAROLINA 30 LEd 2d
400, 402 (1971) and for not also included the pre.
trial trial transcripts that the appeal's attorney
claimed she needed.

5) As for the illegal search and seizure the
law plainly show it was illegal. This will
also be proven in the higher courts out of your
jurisdiction.

Respectfully summitted this the 29th Day

2

11

OF DECEMBER, 2004.

pro-see

225984  03-19B
Robert Edwards
565 BIBB LANE
BRENT, AL
        35034-4040

CERTIFICATE OF SERVICE

I CERTIFY THAT A COPY OF THIS DOCUMENT WAS

PLACHD IN THE INSTITUTIONAL MAIL-BOX THIS

THE 28 29 TH DAY OF DECEMBER, 2004

Robert Edwar
PRO-SE

3

12

# COURT OF CRIMINAL APPEALS
# STATE OF ALABAMA

H. W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges



Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

CR-04-0653

Ex parte Robert Rex Edwards   (In re: State of Alabama vs. Robert Rex Edwards)
(Chilton  Circuit Court: CC01-244.6 (CR-03-2117))

## ORDER

The Court of Criminal Appeals ORDERS that document filed by petitioner on January 7, 2005, entitled "1) Notice of Receipt 2) Motion for Appeal Bond" be treated as a petition for a writ of habeas corpus.  The Court ORDERS that the petitioner in this cause be and the same is hereby given 14 days from the date of this order to file a certificate of service with this Court evidencing his/her compliance with the service requirements of Rule 21(c) of the Alabama Rules of Appellate Procedure.  Rule 21(c) requires that the petitioner serve each party named as respondent with a copy of the petition.  As such, the petitioner's certificate of service shall indicate the name and address of each person served with a copy of the petition, as well as the date and manner of such service.

Lastly, the petitioner is hereby placed on notice that in the event this Court has not "received" a certificate of service that conforms to the directives in this order within the 14 day period herein allowed, this petition shall be dismissed for non-compliance with Rule 21(c), Alabama Rules of Appellate Procedure.

Done this the 13th day of January, 2005.

H. W. "Bucky" McMillan, Presiding Judge
Court of Criminal Appeals

cc: Hon. Sibley G. Reynolds, Circuit Judge
Hon. Mike Smith, Circuit Clerk
Robert Rex Edwards, Pro Se
Hon. Troy King, Attorney General
Hon. Randall V. Houston, District Attorney

13

IN THE CIRCUIT COURT OF CHILTON COUNTY, ALABAMA

STATE OF ALABAMA,

VS.                                                         CASE NO.  CC-2001-244.60

ROBERT REX EDWARDS

DEFENDANT.

ORDER TO APPEAR

Upon order from the Court of Criminal Appeals to dispose of the Motion to
Supplement the Record, this Court sets this matter for further hearing at 3:00 p.m. on
February 4, 2005 in Courtroom #1, Chilton County Courthouse, Clanton, Alabama and
for the clerk of this Court to make arrangements for this Defendant to appear and bring
with him his entire case file with all pleadings in this matter.

ORDERED this the _27_ day of January, 2005.

_____
CIRCUIT JUDGE, REYNOLDS

14

FILED 5/12/04

IN THE CIRCUIT COURT OF CHILTON COUNTY, AL

ROBERT REX EDWARDS,
          PETITIONER,

V                                    CC-01-294 ; CV-01-214
STATE OF ALABAMA,                    CR-01-2180
          RESPONDANT.

          2ND AMENDMENT TO RULE 32
          STATE AND FEDERAL AUTHORITY

NOW COMES, ROBERT REX EDWARDS, PETITIONER
STATE AND FEDERAL AUTHORIZIES AS PROOF OF
VIOLATIONS OF THE BILL OF RIGHTS OF THE
UNITED STATES.

MONTANA V HALL, 95 L.Ed. 2d 924 (ANNOT.) SUPER-
SEDING HUDSON V LOUISIANA, 67 L.Ed. 2d 831 (ANNOT.)
Id AT 934. The Supreme Court noted that in
recent decisions it had increasing looked to
the specific guaranties of the Bill of Rights
to determine whether a state criminal trial
was conducted with due process of law, and
had rejected the notion that the fourteenth
Amendment applied to the states only a
watered-down version of the Bill of Rights
which allows basic constitutional rights
to be denied by the states as long as the
totality of the circumstances did not disclose
a denial of "fundamental fairness." Once
it is decided that a particular provision of
the Bill of Rights is fundamental to the
American scheme of justice, the Supreme
Court ruled, the same constitutional
standards apply against both the state and

federal governments.

THIS RULING APPLIES NOT ONLY TO THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT OF THE FEDERAL CONSTITUTION, BUT TO ALL PROVISIONS OF THE BILL OF RIGHTS AND MADE APPLICABLE BY THE FOURTEENTH AMENDMENT TO THE STATES.

SUPREMACY CLAUSE OF THE UNITED STATES AS CITED IN JAMES V KENTUCKY, 80 LEd 2d 346 (1984) The Supreme Court held that state statues did not take precedent over Constitutional Law.

UNDER THESE PROVISIONS THE PETITIONER CONTENDS THAT THE COURT COMMITED:

1.) DOUBLE JEOPARDY ON COUNTS 4 TO 33 OF THE INDICTMENT.

2.) DOUBLE JEOPARDY ON COUNTS 2 AND 3 OF THE INDICTMENT.

3.) VIOLATION OF 'BILL OF RIGHTS.'

2

RE: 1.) COUNTS 4 TO 33 ARE OF THE SAME STATUE. ALABAMA CODE/1975 § 13A-12-192(b) GIRARD V STATE ___ SO 2d ___ (AL CR AP 11-22-2002) multiple counts of § 13A-12-192(b) is Double Jeopardy.

HALL, SUPRA, 95 LEd 2d AT 935 § 3. Double Jeopardy Clause prohibits Against multiple punishments of a defendant for the same offense.

§ 3[a] concluding that a Double Jeopardy rule previously announced in a case arising out of a federal prosecution must be applied to a state criminal trial, USCA CONST Amend 5, 14.

RE: 2.) COUNT 2 AN 3 ARE OF THE SAME STATUE. ALABAMA CODE/1975 § 13A-6-66(a3)

HALL, SUPRA 95 AT 928. PROSECUTION FOR [ROBBERY] of one person as bar to subsequent prosecution for [ROBBERY] of another person committed AT the same time. 51 ALR3d693

UNDER THIS PROVISION ONLY ONE STATUE CAN BE USED NO MATTER HOW MANY OTHER PERSONS WERE INVOLVED.

RE: 3.) THE WATERED-DOWN DEFINITION OF MILLER V CALIFORNIA, 413 US 15 (1973)

USING BREAST NUDITY OF A FEMALE ONLY
VIOLATES THE FIRST AMENDMENT DECISION
AS FOR THE "MILLER TEST." PERRY U STATE
568 SO 2d 339 (ALA CR AP 1990) "MEANING OF
LEWD" IS DEFINED BY LAW AND THEREFORE,
THE COURT'S RULING IS IN ERROR USING
"ITS NATURAL, PLAIN, ORDINARY AND COMMONLY
UNDERSTOOD MEANING," AS ITS DEFINITION.
"LOCAL COMMUNITY" VIOLATES US SUPREME COURT
RULING IN ACLU V ASHCOFT 322 F.3d 240
(3 C*R 2003) CITING RENO V ACLU 521 US
844; 117 Sct 2329; 138 LEd.2d 874 (1997) AS
APPLIED TO THE WORLD WIDE WEB (INTERNET).

THE OA AND SGT. GARY GRAVES ERRED IN
ESTIMATING THE AGE OF THE PERSONS IN THE
PHOTOGRAPHS AND GAUGING ANOTHER PERSONS
GROWTH BASED ON HIS OWN CHILDREN.

AN ALABAMA CASE IN 2000 HAD PRESCEDENT

4

18

AS CITED IN SHERMAN v STATE 778 So.2d 859
(AL CR AP 2000)
Id at 860. In US v X-CITEMENT VIDEO, INC.
513 US 64, 73 n.2; 115 SCT 464; 130 LEd2d 372
(1994), which held that knowledge of age must
be proven in a case against a distributor or
reciever of sexually explicit materials, the
United States Supreme Court, citing CENTRAL
DISTRICT OF CALIFORNIA, [858 F2d 534 (9 CIR
1988)], explaining that a distributor or reciever
lacks the opportunity to question an underage
performer and therefore is in a postion differ-
ent from a producer, who "confronts the victims
personally and may be reasonably required
to ascertain the victim's age."

ANOTHER CASE THAT SHOWS THAT A
NUDE PERSON SUCH AS NUDIST IS PRO-
TECTED BY THE FIRST AMENDMENT.

MAURO v ARPAIO, 147 F3d 1137, 1139 (9 CIR
1998)- IN BSA, INC v KING COUNTY, 804 F2d
1104, 1107 (9 CIR 1986) holding that nudity alone
is not enough to make material legally
obscene.

NO MATTER THE AGE OF THE PERSONS
IN THE PHOTOGRAPHS PLAIN NUDITY IS
PROTECTED EXPRESSION. USCA 1.

5

ALABAMA RULES OF APPELLATE PROCEDURE (ARAP)
RULE 15. OVERRULING CASES.
No former adjudication of the court <u>shall</u>
be overruled by the court, <u>shall not</u> be so
overruled without consideration by the court
as a whole is simply carried foward in this
rule. This requirement is intended to elimin-
ate the possibility of a conflict between
the rulings of divisions.

<u>JENKINS V STATE</u>, 472 So. 2d 1128 (AL CR AP 1985)
quoting <u>PEOPLE V SHAPIRO</u>, 50 NY. 2d 747; 409
NE. 2d 897; 431 NYS. 2d 422 (1980) Here as in
Shapiro, [S]ince prosecutions for sex crimes,
particularly ones regarded as deviate, tend
in any event to invoke prejudical preconcept-
ions among jurors, the joiner of the indict-
ments [offenses] created an impermissible
risk.    Reverse & remanded.

    The prosecution violated ALABAMA RULES

OF CRIMINAL PROCEDURES AS OUTLINED IN

ALABAMA CODE / 1975 §§ 15-25-1 et. al.,

THE INTERVIEWED VIDEO TAPE WAS NOT

CONDUCTED AS IN § 15-25-2 (a), (b) and

thus Violates the CONFRONTATION CLAUSE

Under STRICKLAND V STATE, 550 So. 2d 1042
(AL CR AP 1988) AFF'D 550 So. 2d 1054 (AL 1989).

6

20

<u>CERTIFICATE OF SERVICE</u>

I CERTIFY THAT I HAVE PLACED THIS
IN THE MAIL-BOX ON THIS THE 12TH DAY
OF MAY, 2004.

Robert R Edwards

ROBERT REX EDWARDS
AIS 225984, B2-5B
565 BIBB LANE
BRENT, AL 35034-4040

2

IN THE CIRCUIT COURT OF CHILTON
ALABAMA

ROBERT REX EDWARDS,
PETITIONER,

V                                          CASE # CC-01-244,6

STATE OF ALABAMA,
RESPONDANT.

CLARIFICATION NEEDED ON
DEFINITION OF PRODUCTION ✓
DISTRIBUTION.

NOW COMES, ROBERT REX EDWARDS, petitioner
to this COURT ON CLARIFICATION OF THE
MEANING OF PRODUCTION ✓ DISTRIBUTION.

A producer-produces a new product such
as a film, video or picture called a
photographer. PRODUCTION is a new pro-
duct produces such as a farmen pro-
duces grains fruit or vegetables-crops.
A couple produces a new life.

A DISTRIBUTOR distributes goods that
a producer or a reciever makes or gets.

22

A distributor takes copies of films, pictures, or photographs from a reciever or producer and distributes them to others. A copy of a COMPUTER FILE IS NOT a production unless it is written by a producer. A copy is only distributed to ANOTHER PERSON NOT PRODUCED AS A NEW PRODUCT.

When the petitioner copied the files and gave them to DONALO WULKE he distributed those files NOT produced them. Therefore, he can NOT be charged with VIOLATION OF ALABAMA CODE/1975 §13A-12-197. This is what SHERMAN V STATE, 778 So.2d 859 (AL CR AP 2000) was about.

As for the federal cases over state cases See MONTANA V HALL, 95 LEd.2d at 935 §3[a] concluding that a DOUBLE JEOPADY rule previously announced in a case arising out of a federal prosecution must be applied to a state criminal trial. USCA CONST AMEND 5, 14.

THIS ALSO APPLIES TO ALL FEDERAL

2

23

cases to state's cases where
federal TRUMPES STATE Law. ALA
CONST 1901 AMEND 509; USCA CONST
ART 6, CC.2.

These were presented to the CIRCUIT
COURT ON AUG 9, 2004

If the petitioner knew that the 2ND
AMENDMENT TO HIS RULE 32 THEN he
WOULD have had the court copy it that
day. For he had all files in court, CAN
be verified by CO Keller.

The petitioner rule 32 is a constit-
utional challenge to the way the
court presented the statues to the
court and jury. GENITAL and BREAST
nudity has to be Lewd NOT JUST MERE
NUDITY.

SINCE the state did not state the
reason why each sited case was not
merited then the court has the
burden of proof to show it is not.
The reason is the ALA CONST. and the
US FEDRAL CONST.

TODAY FEBRUARY 4, 2005 JUDGE REYNOLDS
STATED 9th CIRCUIT FEDERAL CASES DO NOT

3

24

APPLY TO THE STATE OF ALABAMA. IF THIS IS TRUE THEN WHY DO ALL CASES The petitioner has read consists of more than ONE CIRCUIT? INCLUDING the 9th CIRCUIT.

ALABAMA CODE /1975 §13A-6-66 (a)(3) the two counts because the legislature DID NOT STATE It could BE APPLIED MULTIPLE VIOLATES DOUBLE JEOPARDY. PRINCIPLE CASE LAW- OWENS, ALABAMA'S MINORITY STATUS: A single criminal act injuring multiple persons CONSTITUTES only a single offense. 16 CUM. L. REV. 85, 105-06 (1985).

This contradicts JUDGE RAYNOLD'S ARGUMENT That because it was two different (alleged) victims then they are separate counts. This CONFIRMS HALL, supra §3(a).

A COPY OF THIS WILL BE FOWARDED TO The CRIMINAL COURT OF Appeals for CASE # CR-03-2117.

The petitioner forgot to mention in court that he has still recieved the exhibits of the original nor the pre-trail hearing from the appeals attorney ELIZABETH H. HUMPHREY.

4

25

)                                    )

The petitioner respectfully the court to reconsider their in position on the facts presented in this case LAW.

RESPECTFULLY SUBMITTED THIS THE 4th DAY OF FEBRUARY, 2005.

pro-se                    Robert R Edwards
                          225984; 03-19B
                          565 BIBB LANE
                          BRENT, AC
                              35034-4040

CERTIFICATE OF SERVICE

I CERTIFY THAT I HAVE PLACED THIS IN THE INSTITUTIONAL MAIL-BOX THIS THE 7th DAY OF FEBRUARY, 2005

ORIGINAL                       COPY
CHILTON COUNTY COURT           CRIMINAL COURT OF Appeals
CLERK, MIKE SMITH              CLERK, LANE MANN
PO BOX 1947                    PO BOX 301555
CLANTON, AL 35046-1947         MONTGOMERY, AL 36130-1555

                          Robert R Edwards

5

*26*

THE STATE OF ALABAMA - - JUDICIAL DEPARTMENT

THE ALABAMA COURT OF CRIMINAL APPEALS

CR-03-2117



Robert Rex Edwards, Appellant

vs.

State of Alabama, Appellee

Appeal from Chilton Circuit Court No. CC01-244.60

## ORDER

The above referenced cause is an appeal from the trial court's August 26, 2004, order granting in part and denying in part the appellant's Rule 32 petition. The appellant's briefing time was suspended on December 28, 2004, when this Court ordered that any supplemental records in this cause be filed by January 25, 2005. On February 9, 2004, this Court received a copy of a portion of the trial court's case action summary which contains a February 4, 2005, entry noting in substance that, at a hearing on such date, the appellant brought with him a copy of his second amendment to his Rule 32 petition and that the trial court having considered that amendment found that the order of August 26, 2004, remained unchanged. This Court notes that had the second amendment referenced in the February 4, 2005, entry on the case action summary been filed prior to August 26, 2004, then the record on appeal in this cause should include a copy of said amendment. However, we further note that the trial court would have lacked jurisdiction to consider the second amendment if it had not been filed prior to August 26,

Upon consideration of the above and because the completeness of the record on appeal needs to be resolved, the Court of Criminal Appeals **ORDERS** that the trial court shall enter written findings as to the date the second amendment to the Rule 32 petition was filed and order the circuit clerk to prepare, file, and serve a supplemental record containing said findings and, in the event the trial court finds that the second amendment to the Rule 32 petition was filed prior to August 26, 2004, the trial court shall direct the circuit clerk to include a copy of the second amendment in the supplemental record herein ordered. The Court further **ORDERS** that the trial court take the action herein directed in sufficient time for the circuit clerk to prepare, file, and serve the supplemental record by March 7, 2005.

27

Lastly, the Court **ORDERS** that the appellee's briefing time is stayed pending further order of this Court.

Done this 14th  day of February, 2005.


_____

H. W. "BUCKY" McMILLAN, PRESIDING JUDGE

cca/sm

cc:    Hon. Sibley G. Reynolds, Judge
       Hon. Mike Smith, Clerk
       Deborah M. "Angel" Sharman, Court Reporter
       Robert Rex Edwards, Appellant
       Office of the Attorney General

28

# COURT OF CRIMINAL APPEALS
# STATE OF ALABAMA

**H. W. "BUCKY" McMILLAN**
Presiding Judge
**SUE BELL COBB**
**PAMELA W. BASCHAB**
**GREG SHAW**
**A. KELLI WISE**
Judges



Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

## CR-04-0653

Ex parte Robert Rex Edwards   (In re: State of Alabama vs. Robert Rex Edwards)
(Chilton  Circuit Court: CC01-244.6 (CR-03-2117))

## ORDER

Upon consideration of the above referenced Petition for Writ of Habeas Corpus, the
Court of Criminal Appeals orders that said petition be and the same is hereby DISMISSED.

Done this the 8th day of February, 2005.

H. W. "Bucky" McMillan, Presiding Judge
Court of Criminal Appeals

cc: Hon. Sibley G. Reynolds, Circuit Judge
Hon. Mike Smith, Circuit Clerk
Robert Rex Edwards, Pro Se
Hon. Troy King, Attorney General
Hon. Randall V. Houston, District Attorney

29

IN THE CIRCUIT COURT OF CHILTON, AL

ROBERT REX EDWARDS,
            PETITIONER,
V
STATE OF ALABAMA,
        RESPONDANT.



CASE # CC-01-244.6

RULE 32

REQUEST Explantion of Why the
STATE REFUSES TO ADDRESS EACH
ISSUE PRESENTED TO THE COURT.

The petitioner is demanding the court to
address each and every issue and adverse
case law presented in his RULE 32.
    The state's own motion to dismiss did not
follow the procedures outlined in its own
RULES OF COURT. VAUGENESS. NOT SPECFIED.
    The court has still not explained why the
state has volated every discovery rule
in the petitioner's case.
    Is the state afraid that the testimony
on the micro tapes or the people the court
refused to subpeonia jeopardize their already
illegal case.
    I have not only proven precedent law, but
also BRADY violation 3 part test for discovery.
    The case would have had a different outcome
if the jury had all the facts.

Respectfully SUBMITTED THIS the 18 th DAY of
FEBRUARY, 2005

                    Robert R. Edwards

30

IN THE CIRCUIT COURT OF CHILTON CO., ALA.

ROBERT REX EDWARDS,
        PETITIONER,

V                                    CASE # CC-01-244.6

STATE OF ALABAMA,
        RESPONDANT.     RE CR-03-2117

            REBUTAL TO ORDER ISSUED BY JUDGE
        SIBLEY REYNOLDS ON FEBRUARY 4, 2005
                RECD 2-10-05
NOW COMES the petitioner reissuing his 9-27-04
REBUTTALS TO THE ORDER OF THE COURT ON 8-26-04.
    PETITIONER REMINDS THIS COURT OF THE
DEFINITION OF PRECEDENT LAW.
    "A case decided by a court that serves
as the rule to be followed in similar
cases later on. For example, a case decided
in the UNITED STATES SUPREME COURT is
"precedent" for all other courts."
    THE COURT'S conclusion is in violation
of such 'precedent laws' outlined throughout
petitioner's rule 32.
    THEREFORE, the petitioner prays to the
court to vacate and set-aside his

convictions in accordance with precedent
Laws of ALABAMA AND the UNITED STATES
OF AMERICA.

Respectfully submitted this the 18 DAY
OF FEBRUARY, 2005

                          Robert R Edwards

             prose     225984 D3-28B
                         565 BIBB LANE
                         BRENT, AL
                             35034-4040

               CERTIFICATE OF SERVICE
I CERTIFY THAT I HAVE SENT A COPY
OF THIS REBUTTAL AND EXHIBITS THIS
THE 18 DAY OF FEBRUARY, 2005.

                          Robert R Edwards

COPY TO THE FOLLOWING:
CIRCUIT CLERK MIKE SMITH, PO BOX 1947
    CLANTON, AL 35046-1947
COURT OF CRIMINAL APPEALS, PO Box 301555
    MONTGOMERY, AL 36130-1555
ATTORNEY GENERAL'S OFFICE, 11 SO UNION ST
    MONTGOMERY, AL 36130

PAGE
2

32

rebutal to Aug 26, 2004 Order

ROBERT REX EOWARD,           IN THE CIRCUIT COURT
          PETITIONER,              CHILTON COUNTY,
V                                  ALABAMA
STATE OF ALABAMA,
          RESPONDANT           CASE # CC-01-244


MOTION TO SET-ASIDE CONVICTION
AND SENTENCE DUE TO PRECEDENT
          CASE LAW.


Now COMES, ROBERT REX EOWARDS, petitioner, to
this court with good cause to have his
conviction set-aside due to precedent
case Laws in the higher courts of ALABAMA.
ARAP RULE 15.
SHERMAN V STATE, 778 So.2d 859 (ALCRAP 2000)
Age cannot be known to distributor or
reciever of explicit sexual conduct
material. Must be proven in a case against
a distributor or receiver. Coping material is
not production.
GIRARD V STATE, __ So.2d __ (ALCRAP 11-23-02)
MULTIPLE COUNTS OF ALABAMA CODE/1975 §13A-
12-192(b) is DOUBLE JEOPARDY.
JENKINS V STATE, 472 So.2d 1128 (ALCRAP 1985)

33

joiner of indictments (counts) create
an impermissible risk of prejudical
preconceptions among jurors. Joining of
of NON-ILLEGAL NUDE PHOTOS with charge
of SEXUAL ABUSE 1ST SUCH AS AS IN US
V VILLARD, 700 F. SUPP 803 (DNJ 1988).

STRICKLAND V STATE 550 SO. 2d 1042 (AL
CR AP 1988) AFF'D 550 SO. 2d 1054 (AL 1989)
The CPs video violated the confrontation
clause of ALABAMA CODE/1975 §§ 15-25-1
et. seq.

ACLU V ASHCOFT 322 F3d 240 (3 CIR 2003)
Citing RENO V ACLU 521 US 844 (1997) THE
COMMUNITY STANDARDS DO NOT APPLY TO
THE WORLD WIDE WEB.
ASHCOFT V FREE SPEECH 152 LE d2d 403
(2002) Local community standard, age est-
imated, maturity, YOUTHFUL LOOKING ADULTS.
SGT GRAVES erred in estimating the age
of the persons in the pictures and also
shows ALABAMA CODE/1975 § 13A-12-193 as
VAGUE and UNCONSTITUTIONAL
US V VILLARD, 885 F.2d 117, 121 (3 CIR 1989)
MUST BE MORE THAN MERELY NUDITY.
ALABAMA CONST AMEND 509. SUPREMACY CLAUSE

34

I COULD GO ON AND ON BUT YOU HAVE
MY RULE 32 AND ALL THIS DOES IS
REPEAT IT,

RESPECTFULLY SUBMITTED THIS THE 26TH
DAY OF SEPTEMBER, 2004.

Robert R Edwards
225984 ; A 3-31 B
565 BIBB LANE
BRENT AL 35034-4040

CERTIFICATE OF SERVICE

I CERTIFY THAT I HAVE PLACED THIS
MOTION IN THE INSTITUTIONAL MAIL
BOX THIS THE 27 DAY OF SEPTEMBER,
2004.

Robert R Edwards
PRO-SE

3

35

*Rebuttal to Aug 26, 2004 Order*

ROBERT REX EDWARDS,          IN THE CIRCUIT COURT
          PETITIONER,          CHILTON COUNTY,
V                              ALABAMA
STATE OF ALABAMA,
          RESPONDANT.          CASE # CC-01-244.6

HABEAS CORPUS TO MODIFY ILLEGAL
SENTENCE UNDER PROVISION OF
DOUBLE JEOPARDY

NOW COMES, ROBERT REX EDWARDS, petitioner
to this court to modify an illegal
sentence under provisions of DOUBLE
Jeopardy as set forth in MONTANA V
HALL, 95 LEd.2d 924 (ANNOT.)
     Id at 928. Prosecution for [ROBBERY]
of one person as bar to subsequent prose-
cution for [ROBBERY] of another person
committed at the same time. 51 ALR 3d
693.
     UNDER this provision only one statue
can be used no matter how many other
persons were involved.
     Id at 935 §3. DOUBLE JEOPARDY CLAUSE
prohibits against multiple punishments
of a defendant for the same offense.
§3[a] concluding that a DOUBLE JEOPARDY

36

rule previously announced in a case
arising out of a federal prosecution
must be applied to a state criminal
trial.

    USCA CONST AMEND 5,14; 42 USC §2254.
UNDER Double Jeopardy petitioner
contends that he was illegally arrested,
arraigned, indicted, tried and convicted
and imprisoned on the statue of

1) ALABAMA CODE/1975 § 13A-12-192(6) on
Counts 4 to 33 of the indictment.

2) ALABAMA CODE/1975 § 13A-6-66(a)(3) on
Counts 2 and 3 of the indictment.

    THEREFORE, UNDER The Supremacy
Clause of the UNITED STATES as cited
in JAMES v KENTUCKY, 80 LEd.2d 346 (1984)
The Supreme Court held that state statues
did not take precedent over Constitutional
Law.

    Id at 934 The states cannot water-down
the provisions of the `Bill of Rights.
    USCA CONST AMEND 1-10,14


PRECEDENT CASELAW in Ex parte RICE,
766 So.2d 143 (ALA 1999) Shows that whether

2

37

)                                    )

it is one person or multiple persons, only one count of the same statue is allowed unless the Legislature's intent provides such a condition. THE language of the statue is conclusive.

RESPECTFULLY SUBMITTED THIS THE 26th DAY OF SEPTEMBER, 2004.

Robert R Edwards
225984; A3-31B
565 B2BB LANE
BRENT, AL 35034-4040

CERTIFEATE OF SERVICE
I CERTIFY THAT I PLACED THIS HABEAS CORPUS IN THE INITUTIONAL MAIL-BOX THIS THE 27th DAY OF SEPTEMBER, 2004. POST-PAID.

Robert R Edwards
PRO-SE

3

38

IN THE CRIMINAL COURT OF APPEALS FOR THE
STATE OF ALABAMA

ROBERT REX EDWARDS,
          APPELLANT,

V                                    CASE # CR-03-211

STATE OF ALABAMA,              FOR   CC-01-244.6
          APPELLEE.                  CHILTON CO.


ACKNOWLEDGMENT OF RECIEPT
Reciept of EXTENSION

ON MARCH 9, 2005 @ 7:30 PM the Appellant
(EDWARDS) recieved a letter from the
ATTORNEY GENERAL'S OFFICE TO THE CRIMINAL
COURT OF APPEALS.

    EDWARDS has NO objections to the exten-
sion, but has a question concerning it.

    EDWARDS has not recieved the supple-
mental brief that was ordered by this
Honorable COURT TO the CIRCUIT COURT of
CHILTON COUNTY to be completed by
MARCH 7, 2005. How can the ATTORNEY
GENERAL'S OFFICE file a brief with
an incomplete transcript? OR did
the CIRCUIT COURT just not send me a
copy of the supplemental brief?

EDWARDS is also concerned with the fact that the CIRCUIT COURT has a history of covering up its mistakes, THIS can be proven by researching case law.

EDWARDS respectfully, request an order to be issued to the CIRCUIT COURT for them to supply THE CRIMINAL COURT of APPEALS ALL MOTIONS FILED TO THE CIRCUIT COURT FROM MARCH 2001 To this date and have the circuit court explain why they did not rule on the filings or include them in the first appeal CR-01-2180 in violation of GREEN v STATE, 746 So 2d 438, 439 (AL CR AP 2001) The transcript afterall was certified complete, but in fact was not complete. Just as this cause was certified complete but was not complete.

Respectfully SUBMITTED THIS THE 10th DAY of MARCH, 2005

Robert K Edwards
225984 ; 02-27B
565 B2BB LANE
BRENT, AL
35034 -4040

PRO-Se

2

40

<u>CERTICATE OF SERVICE</u>

I CERTIFY THAT I HAVE placed this DOCUMENT in the institutional mail-box on this the 10th DAY of MARCH, 2005.

*Robert R Edward*

COPY TO
CRIMINAL COURT OF APPEALS
ATTORNEY GENERAL'S OFFICE
CHILTON COUNTY, CLERK
MY FILE

*Robert R Edward*

3

41

IN THE CIRCUIT COURT OF 41        C  AC

ROBERT REX EDWARDS,
        PETITIONER,

V                                    CASE # CC-01-244.6

STATE OF ALABAMA,
        RESPONDANT.        ON APPEAL CR-03-2117


CORRECTION OF RECORD
AND INTENT OF USE.

The petitioner now comes to this court
with caselaw proof to correct the error
on Record made by JUDGE SG REYNOLDS
on FEBRUARY 4, 2005.

    CASELAW PROVES that the judge's statement
to paraphase - Because there was two victims
that there is two separate charges of
sex Abuse 1ST (ALABAMA CODE/1975 §13A-6-66
(a)(3). WITHOUT transcript of proceeding of
February 4, 2005  I cannot quote directly.)

    DOUBLE JEOPARDY Had occured due to the
use of the same statue for 2or more persons.
Ex Parte Rice, 766 So.2d 143 (ALA 1999) The
ALABAMA Supreme Court Quoted OWENS,
ALABAMA MINORITY STATUS: A single criminal
act injuring multiple persons constitutes only

)                          )

a single offense. 16 cum. L. Rev. 85, 105-06
(1985)

I have started to go back though my
court transcripts and record that I
have and will list each and every error of
law and whether or not these violations
fall under jurisdictional or 'collateral
order doctrine appealable.' Already the
petitioner has enough such caselaw that
he can use the 'ABNEY APPEAL' and
directly enter his 42 USC § 2254 and
bypass all appellant courts of this illegal
state proceedings.

By the 'LAWS of the Land.' I give
notice of my intentions.

An order to the Criminal court of APPEALS
to mandamus all records of this case
and case # CV-01-214 will be forth coming.

RESPECTFULLY, SUBMITTED THIS THE 22ND
DAY OF MARCH, 2005. PLACED and served by
mail this the 23rd DAY OF MARCH, 2005.

                          Robert Edmond
                          PROSE

43

| State of Alabama<br>Unified Judicial System<br><br>ı ARAP-14    Rev. 11/91 | **CERTIFICATE OF COMPLETION AND TRANSMITTAL OF RECORD ON APPEAL BY TRIAL CLERK** | Appellate Case Number<br>CR-03-2117<br>CC-01-244.60 |
|---|---|---|

| TO: THE CLERK OF<br>    THE COURT OF CRIMINAL APPEALS OF ALABAMA | DATE OF<br>NOTICE OF APPEAL:  9-21-04 |
|---|---|

| APPELLANT<br>    Robert R. Edwards |
|---|
| v.  STATE OF ALABAMA |

I certify that I have this date completed and transmitted herewith to the appellate court the record on appeal by assembling in (a single volume of __43__ pages) (_____ volumes of 200 pages each and one volume of _____ pages) the clerk's record and the reporter's transcript and that one copy each of the record on appeal has been served on the defendant and the Attorney General of the State of Alabama for the preparation of briefs.

I certify that a copy of this certificate has this date been served on counsel for each party to the appeal.

DATED this __4th__ day of __April__, __2005__.

_____Mike Smith (c)_____
Circuit Clerk