

71090
Chappell

NO CR-03-2117

IN THE COURT OF CRIMINAL APPEALS OF ALABAMA

ROBERT REX EDWARDS
APPELLANT

FILED
FEB 10 2005
E/m 2/11/05
CLERK
ALA COURT CRIMINAL APPEALS

V

STATE OF ALABAMA
APPELLEE

ON APPEAL FROM THE CIRCUIT COURT OF CHILTON COUNTY (CC-01-244.60)

# BRIEF OF APPELLANT

ROBERT REX EDWARDS
AIS 225984; D3-19B
565 BIBB LANE
BRENT, AL
35034-4040
PRO-SE

EXHIBIT
K

# ORAL ARGUMENT

THE APPELLANT DOES NOT BELIEVE EVEN WITH AN ORAL ARGUMENT THAT JUSTICE WOULD BE SERVED IN THE STATE OF ALABAMA. THEREFORE, THE APPELLANT DOES NOT REQUEST AN ORAL AUGUMENT AT THIS TIME.

TABLE OF CONTENTS

| | |
|---|---|
| ORAL ARGUMENT | i |
| TABLE OF CONTENTS | ii |
| TABLE OF AUTHORITIES | iii |
| STATEMENT OF THE CASE | 1 |
| ARGUMENT | 7 |
| CONCLUSION | 25 |
| CERTIFICATE OF SERVICE | 26 |

# TABLE OF AUTHORITIES

PAGE

ABNEY v US, 431 US 651 (1977) . . . 13

ADAMS v JAMES, 784 F.2d 1077 (11 CIR 1986) . . . 22

ASHCOFT v FREE SPEECH, 152 LEd.2d 403 (2002) . . . 11, 13, 16, 24

BOUNDS v SMITH, 430 US 817 (1977) . . . 22

BROOKS v STATE, 686 So.2d 1285 (AL CR AP 1996) . . . 9

BSA, INC. v KING COUNTY, 804 F.2d 1104 (9 CIR 1986) . . . 14

CALDWELL v MISSISSIPPI, 472 US 320 (1985) . . . 8, 12

CENTRAL DISTRICT OF CALIFORNIA, 858 F.2d 534 (9 CIR 1988) . . . 14

GERSTEIN v PUGH, 420 US 103 (1975) . . . 3

GREEN v STATE, 796 So.2d 438 (AL CR AP 2001) . . . 9, 15

HAINES v KERNER, 30 LEd 2d (1972) . . 22

HARMAN v BERRY, 728 F.2d 1407 (11 CIR 1984) . . . 22

JAMES v KENTUCKY, 80 LEd.2d 346 (1984) . . . 11

JENKINS v STATE, 472 So.2d 1128 (AL CR AP 1985) . . . 19

MAURO v ARPAIO, 147 F.3d 1137 (9 CIR 1998) . . . 14

McFARLAN v FOLSOM, 854 F.SUPP 862 (MD AL 1994) . . . 22

MORRISON v LEFEVRE, 592 F.SUPP 1052 (SD NY 1984 . . . 22

PERRY v STATE, 568 So.2d 339 (AL CR AP 1990) . . . 5

RENO v ACLU, 138 LEd.2d 874 (1997). 24

SHERMAN v STATE, 778 So.2d 859 (AL CR AP 2000) . . . 11, 14, 16

TURNER v STATE, 854 So.2d 162 (AL CR AP 2003) . . . 23

THOMPSON v CITY OF CLIO, 765 F.SUPP 1066 (AL 1991) . . . 17

US v VILLARO, 700 F.SUPP 803 (D NJ 1988) . . . 19

US v X-CITEMENT VIDEO, INC 513 US 64 (1994) . . . 14

YOUNG v CALHOUN, 656 F.SUPP 970 (SD NY 1987) . . . 22

ALABAMA CODE /1975 AUTHORITY

13A-6-66 . . . . 1

13A-8-100 et.seq . . . . 3

13A-12-190 . . . . 5,16

13A-12-190(14) . . . . 5

13A-12-192 . . . . 2

13A-12-192(b) . . . . 10

13A-12-193 . . . . 16

15-25-1 et.seq . . . . 17

15-5-11 . . . . 3

ALABAMA RULES OF COURT

ARAP RULE 18 . . . . 9,19

ARPC RULE 1.16(d) . . . . 16

ARPC RULE 1.3 . . . . 9

ALABAMA CONSTITUTION

/1901 §509 . . . . 5

FEDERAL AUTHORITIES

CIVIL RIGHTS ACT OF 1964 §601 . 5

DOUBLE JEOPARDY CLAUSE (USCA 5,14) . 10

EIGHTH AMENDMENT (USCA) . 7

FOURTEENTH AMENDMENT (USCA) . 3

42 USC § 2000d et.seq. . 5

SEARCH & SEIZURE (USCA 4,14) . 1

SIXTH AMENDMENT (USCA) . 3

28 USC § 2254 . . . 18
USCA ART 6, CL. 2 . . . 5

STATEMENT OF THE CASE

THIS CASE COMES TO THIS COURT by way of ARCrP RULE 32 THAT was appealed in the CIRCUIT COURT OF CHILTON COUNTY.

ON JUNE 28, 2002 THE APPELLANT was found guilty on all charges and sentenced on JULY 29, 2002. The appellant appealed it on AUG 2, 2002 and an appointed attorney for case CC-01-244 was ELIZABETH H. HUNTLEY. The appellant could not appeal case # CV-01-214 because the court did not want me to have my property. Due to non-prosecution he lost all that he owned. STOLEN BY LAW ENFORCERS. HIS RULE 32 DID However, address the issue of the illegal search and seizure and proved to the court the laws that his retained attorney WILLIAM P. BOGGS said did not exist.

The appellant was arrested on May 18, 2001, FRIDAY on SEXUAL ABUSE 1st ALABAMA CODE/1975 § 13A-6-66 (2 COUNTS).

At the time of his arrest the appellant returned home to find a police car and 2 plain cars loading the contents of his home into the cars. At this time the appellant was placed under arrest and was standing in the sun in front of his home for a long period of time. The appellant told SGT GARY GRAVES about his ISP was in Birmingham, known as JUNO and that he had been downloading the online catalog for his mail-order business NIC-NAC CRAFTS & GIFTS A SMC wholesale business. The appellant did not at anytime tell anyone he was downloading porn from BIRMINGHAM AS SGT GRAVES CLAIMS.

THE appellant bailed out of jail on MAY 21, 2001 and found out that he was fired from his job due to the nature of the charges.

ON JUNE 22, 2001, FRIDAY the appellant was arrested on 30 COUNTS of the same statue ALABAMA CODE/1975 §13A-12-192. The appellant was held for 11 Days without bond for a CLASS 'C' FELONY bondable

OFFENSE. HE WAS NOT TAKEN IN FRONT OF THE DISTRICT COURT JUDGE RHONDA JONES-HARDESTY UNTIL JULY 3, 2001. THIS HAPPEN because the appellant got his friends to call the courthouse since the officers at the jail kept telling him that when they want you they will call for you. His friends wanted to know why he had not had his 72 HOUR Hearing of the charges (GERSTEIN HEARING) a sixth Amendment violation by way of the fourteenth AMENDMENT to the states (US CONST AMEND).

ON JUNE 27, 2001 THE appellant recieved A partial inventory of the items taken from his home on MAY 18, 2001. Not in accordance with ALABAMA CODE/1975 § 15-5-11. Then SGT GARY GRAVES estamated the value of the items taken to be $1,000.00. However, over $10,000.00 in commerical software and the programs that he wrote himself and used on other computers was not valued. THEFT BY SGT. GARY GRAVES by ALABAMA CODE/1975 §§ 13A-8-100 et. seq and SOFTWARE priacy This does not include the value of the books and

electronic devices taken by Law Enforcers.

In July 2001, The appellant approached several attorney in Chilton County about representing him. None wanted to be involved in that type of case. This includes David B. Karn at 401 Lay Dam Rd, Clanton.

Knowing Karn's thoughts about the case as told by himself, The appellant knew he could trust him not to be bias or prejudice. Which turned out true in April 2002. He would not answer any messages left at his office.

Boggs was retained and The appellant gave him $1000.00 borrowed from a friend and Later gave him another $200.00. Money that was going to be used to pay bills, but was demanded by Boggs to file a suppression motion. The lack of cooperation was 2-fold 1) The appellant would not plead guilty to Something he did not do. 2) Did not have the $4000.00 demanded on Dec 13, 2001.

Since the Grand Jury on August 10, 2001 was not informed of the constitutional rights then they were unconstitutionally empaneled. They were also not informed that

their innocent baby pictures of their own children being nude was as a child porn just as the innocent nudist photos. The appellant knows that the fact that proud parent take frontal nudity pictures of children. The appellant knows one former grand jury member who took pictures of her sons every year as a birthday photo to show how much they have grown-up. This went on to the oldest was 18 and got married and the younger was 17 and went to college.

The panel was not also informed that breast and genital nudity as defined by ALABAMA CODE /1975 § 13A-12-190 has to be Lewd as defined by the Law of the Land not PERRY v STATE, 568 So 2d 339 (AL CR AP 1990). ALABAMA CONSTITUTION 1901 § 509; USCA ART 6, CL. 2; 42 USC § 2000d et, seq.,; CIVIL RIGHTS ACT of 1964 § 601 et. seq.

THis also included "Local community" ALABAMA CODE /1975 § 13A-12-190(14). By Law of the Land of several US SUPREME Court AND Federal cases.

As with the GRAND Jury the petit jury on JUNE 24, 2002 AND JUNE 28, 2002 were not informed.

By them not being informed of these rights then they were used as pawns by the prosecution. OR DOES IT STILL NOT HOLD TRUE THAT THE PROSECUTION SHALL NOT TRY TO JUST WIN A CASE BUT TO SEE JUSTICE SERVED. YOUR OWN ALABAMA RULES OF COURT QUOTES THAT.

It is a miscarriage of justice to try to go around the guarantees of the Constitution just to "send a message" that they do NOT Like the defendant's acts. Or in my case my sexuallity and being a nudist. The court allowed the real monsters to go free those who rape their children. Prison has not changed me. The appellant still fight to protect our rights and the rights of the weak. The appellant is however tired of fighting a state that will not even go by their own rules. This will be my last attempt to do a state remedy. From now on STATE REMEDIES ARE FUTILE and the appellant will seek federal relief. AND may the wheels of justice crush ALABAMA LAW and make them do what is right again.

My RULE 32 is completely jurisdictional and the court and DA are once again wrong.

ARGUMENT

The appellant's arguement is simple and to the point., but could take over 100 pages to show the court all the judical errors, but that would be brief. My Constitutional and civil rights were violated because of the fact that I am a nudist and a bi-sexual. When the court and prosecution decided that their beliefs is the only beliefs allowed to be heard in court (Just like former Chief Justice Roy Moore only allowed Judeo-Christian beliefs to be in the court's opening prayers.) and they allow and rely on the higher courts such as the CRIMINAL COURT OF APPEALS, SUPREME or FEDERAL COURTS to correct their errors then they inturn have violated the (8th)

Eighth Amendment of the US CONSTITU-TION as in Caldwell v Mississippi, 472 US 320, 323 (1985) the prosecutor suggested that the jury's decision to impose the death penalty would not be final because it would be reviewed for correctness by an appellant court. The court vacated the sentence because Id AT 328-29. The Court expressed concern that such prosecutorial comments might encourage a jury to impose an unwarranted death sentence to "send a message" of extreme disapproval of the defendant's acts. Id at 331. The majority also asserted that such comments ~~propose~~ would produce juror bias because a jury seeking to minimize its role in sentencing might impose the death penalty based on

the assumption that the death sentence would be reviewed, whereas a Life sentence would be ~~reviewable,~~ unreviewable.

In my case the prosecution ignored precedent Law and even "Law of the Land" Supremacy Clause. They even ignored ALABAMA precedent Law and The appeal's attorney did not do her job by precedent of Loyality or diligence. In fact Rule 1.3 of the ALABAMA RULES OF PROFESSIONAL CONDUCT. A Lawyer shall not willfully neglect a Legal matter entrusted to him. See BROOKS V STATES, 686 SO.2d 1285 (AL CR AP 1995) ON PAGES 1286-87. If she had Shepardized two of my charges, ALABAMA CODE / 1975 § 13A-6-66 then she would have found GREEN V STATE, 796 So.2d 438, 439 (AL CR AP

2001) on the fact that all transcripts are required for different attorneys on a case. The fact that the prosecution did not object to my use of preeedent law the Supremacy clause law in my trial made them reviewable on appeal not to mention other jurisdictional caselaw such as the Constitutional violations that occured in my case. Proved on this appeal was the violation of the DOUBLE JEOPARDY CLAUSE on Counts 4 to 33 ALABAMA CODE/1975 § 13A-12-192 (b). Counts 5-33 SET-ASIDE which proved also that my arrest on JUNE 22, 2001 and held 11 DAYS WITHOUT Bond or seeing a judge violated several Constitutional Laws.

The following comes from page (R.8) of this appeal. ON August 9, 2004, the judge

and DA made judical errors in making the following statements after the appellant got into an argument with DA MASSENGALE on what constitutes distribution or just coping a file and giving it to someone. (A non copy written file.) It continues in fact that the DA tried to cover-up his mistakes and illegal acts by stating the appellant was trying "to hide behidd the constitution that was never intended for his behavior to protect."

My First Amendment rights are protected by the CONSTITUTION and court decisions not only in the US SUPREME COURT but also precedent laws of ALABAMA. SHERMAN v STATE, 778 So.2d 859 (AL CR AP 2000); JAMES v KENTUCKY, 80 LEd.2d 346 (1984). ASHCOFT v FREE SPEECH, 152 LEd.2d 403 (2001) The following dialog occured. (Transcribed

THE DEFENDANT: I guess it would be upto the CRIMINAL COURT of APPEALS then

because I'm going to ~~appeal~~ file with them to appeal it.

THE COURT: Mr. Edwards, I haven't ruled against you.

THE DEFENDANT: I know but --

THE COURT: Mr. Edwards, in order for you to be able to appeal, you have to lose. OKAY?

THE DEFENDANT: Yes.

THE COURT: Anything else.

THE DEFENTANT: No, Sir.

As you can see the CALDWELL v MISSISSIPPI, supra, occured on my part, but not rejected to by either the DA or JUDGE. JUST as in my trial when the DA did in his opening comments.

The judge erred by stating, "in order for you to be able to appeal, you have to lose."

Constitutional rights do not have to have final judgment of court known as the "Collateral order doctrine," allows appeal from a judgement that (1) conclusively determines the disputed issue, (2) is completely separate from the issue of the defentant's guilt, and

(3) is effectively unreviewable on appeal from a final judgment. See ABNEY v US, 431 US 651, 653 (1977). That in fact any party can appeal a decision of the Lower Court in a timely matter of notice to the court that he will appeal any decision for or against him whether on a collateral or final decision. The appellant did not have to lose to appeal the decision of the judge. In fact even if he had ruled completely in my favor the appellant would have appealed the case to affirm the completeness and finality of the case.

The issues the appellant raised were jurisdictional. For instance the age of the person can not be determined because of "youthful Looking adults." ASHCOFT V FREE SPEECH, supra, and constitutionality of community standards.

The appellant recieved a CLASS 'A' FELONY sentence of 10 years mandatory, no good time for production of obseene material of a person under 17. ALABAMA CODE / 1977 § 13A-12-197. However, SHERMAN v STATE, supra, dictates the following citing US v X-CITEMENT VIDEO, INC., 513 US 64, 73 n.2; 115 S Ct 464; 130 L Ed. 2d 372 (1994), which held that knowledge of age must be proven in a case against a distributor or reciever of sexually explicit materials, the US Supreme Court, citing CENTRAL DISTRICT OF CALIFORNIA, [858 F2d 534 (9 CIR 1988)], explaining that a distributor or reciever lacks the opportunity to question an underage performer and therefore is in a position different from a producer, who "confronts the victims personally and maybe reasonably required to ascertain the victim's age?"

That was for actually child porn not mere nudity as cited in MAURO v ARPAIO, 147 F.3d 1137, 1139 (9 CIR 1998) citing BSA, INC, v KING COUNTY, 804 F.2d 1104, 1107 (9 CIR 1986) holding that mere nudity alone is not enough to make material legally obseene.

These precedent caselaws were in the appellant's 2ND AMENDMENT TO HIS RULE 32 that the court did not include in my transcript. JUST as The court elects to not compLETE a transcript by not including all documents presented in court whether ruled on or not. How can an appellate court know whether or not a particular motion or document was jurisdictional or Lawful if the court had decided on theirselves not to complete a transcript. This is just Like with my first appeal and how it violated GREEN v STATE, supra, This inturns shows that my appeal attorney failed to do her job. She knew that the transcript was incomplete. Numerous times she asked for an extention based on the need of additional transcripts. The appellant in fact never

sh sent to him when she finished the appeal (CR-01-2180)(ALABAMA RULES OF PROFESSIONAL CONDUCT. RULE 1.16(d)).

Also presented to the court was ASHCOFT v FREE SPEECH, supra. Proving not only that ALABAMA CODE/1975 § 13A-12-193 was invalid on age (confirming SHERMAN v STATE, supra, but also ALABAMA CODE/1975 § 13A-12-190 on "LOCAL COMMUNITY STANDARDS" CANNOT Be used concerning WORLD WIDE WEB.

The appellant's 2ND AMENDMENT TO HIS RULE 32 WAS a critical step in his case. Why would the appealant AMEND his Rule 32 then put a third and fourth AMENDMENT without first putting in a second AMENDMENT. SURELY this shows that his case is that of prosecution misconduct. The misconduct

can also be shown by the violation of the Confrontational Clause marked inaudiable (R.6) she knew what the appellant said because of the commit of an attorney named ROBERT BOWERS, JR. who kept trying to tell me to be quite so that the appellant would not get into more trouble. However his life and Liberty is not in jeopardy by this illegal courts decisions. ALABAMA CODE /1975 §§ 15-25-1 et, seq., ON videotaped interviews presented by the DA without the appellant having disclosure to it prior to the trial. ((Bowers also had commits about THE ALABAMA SUNSHINE LAW and THOMPSON V CITY OF CLIO, 765 F. SUPP 1066 (ALA 1991).) NONE of Bowers commits are part of the record, but should have been.)) ~~THE~~ THE WAY the count covered up that their

key witness DONALD WULKE was Later convicted of sodomy and sex abuse and only got 8 years with good-time for testifing against the appellant. WULKE told the appellant of the deal himself at KILBY CF in MARCH 2004. That violated even more Laws. Including not informing the of his pending case or that he had a prior felony. But this is the STATE OF ALABAMA who's own Chief Justice Roy Moore violated Federal Orders. So what can we respect from a local circuit court.

As Soon as this is denied my 28 USC §2254 will prevail in Federal Court and then ALABAMA will get another slap in her face. To bad, The appellant still loves the state but not the Law enforcers or any prison official.

Even your own RULES of Court are violated

on presedent Law ALABAMA RULES OF APPELLANT PROCEDURE (ARAP) RULE 15 by the Lower courts. Like JENKINS v STATE, 472 So. 2d 1128 (AL CR AP 1985) on pregudical proceedings of joining non-criminal activities such as nudes (NUDIST) with any sex crime for instance US v. VILLARD, 700 F SUPP 803 (D NJ 1988) Vacated on grounds stated in the appellant's Rule 32.

The appellant could would 100 PAGES in this argument, but then this would not be a brief. In interest of justice, The appellant prays to this Honarable Court to review his rule 32 and find a just decision.

One thing has been proven to me. NOT ONLY are children raped by their parents and the parents get away, because they are the children's parents. The appellant discovered that

abused children who end up in prison are also rape victims that have no voice, even the officers get a kick out of watching what happens to these children of GOD. Since the appellant's false imprisonment he has fought to help them get help and he will continue whether he is prison or in the "free world." For the victims do have rights just as the BRY-ANT AND KZOP'S children do. BUT who cares about a weak person's rights? How are the children now?

The following are adverse ruling to the state's contention that the subjects should have been or could have been brought up at trial or direct appeal.

Appellant was pro-se and unlearned in law. Eventhough, he is a quick study and was aided by a silent advisor who was bias and prejudice. THe advisor was also the counsel of the father of STEVEN KIDD. Several cases show that a person acting pro-se has a right to not have to be as strick as a learned attorney. HERE is an equal opportunity challenge to the court. WHY not allow inmates the opportunity as attorneys by making a law that all prisons are to comply with the requirements of the court. OTHER states do, why NOT ALABAMA? I Bet my argument would be more organized. OR is the attorneys

afraid that they would be out of a job? Why is the number of convicted under untruthful acts of prosecutors and law enforcemen so High? 45% OF ALL ALABAMA CASES ARE REVERSED JUST ON DISCRIMINATION.

HAINES v KERNER, 30 L.Ed.2d 652 (1972) A pro-se ~~litig~~ prisoner's complaint is governed by "Less stringent" stantands than formal pleadings drafted by Lawyers. See ADAMS v JAMES, 784 F.2d 1077 (11 CIR 1986); YOUNG v CALHOUN, 656 F.SUPP. 970 (SD NY 1987); MORRISON v LEFEVRE, 592 F.SUPP 1052 (SD NY 1984); HARMAN v BERRY, 728 F.2d 1407 (11 CIR 1984); BOUNO v SMITH, 430 US 817 (1977); McFARLAND v FOLSOM, 854 F SUPP 862 (MD AL 1994)

THEREFORE, RULE 32.2 DOES NOT APPLY IN THE APPELLANTS CASE SINCE HE WAS PRO-SE THOUGHOUT ALL PROCEEDINGS EXCEPT, HIS FIRST APPEAL CR-01-2180- DUE TO BEING IN A JAIL

without or access to a Law Library for 5 months He had no choice but to rely on an appointed appeal attorney to handle his criminal case, but Lost his civil case (CV-01 214) due to the fact he could not appeal it as of a result Lost all that he own, stolen BY LAW ENFORCERS. HE Later found out that he was not the only one she railroaded CHARLES N. TURNER v STATE, 854 So.2d 162 (AL CR AP 2003) was treated as I was. SHE collected the state's money and did not do her job. How many more are done this way by her?

The court transcript from the original trial Points out precedent Law of the Supremacy Clause and that cases point out that a person's age can not be determined by estamated the age of a person in a photograph without

knowledge of that person to be or not be a youthful appealing adult. ASHCROFT v FREE SPEECH, 152 LEd 2d 403, 410 (2002). Cited from RENO v ACLU, 138 LEd 2d 874 (1997) and other US SUPREME COURT RULINGS. CONSTITUTIONAL LAWS OVERRIDE STATE STATATORY LAWS. (CC-01-244 T. 163-175, T. 236 and C.22)

THE appellant's entire RULE 32 attacks ALL DECISION MADE BY THE COURT IN HIS CASE. Eventhough not organized like an learned attorney, but still very much ~~effiv~~ effectively showing rights that were taken from him.

The appellant does not believe justice will even be served in an ALABAMA COURT OR BY ANY CROOKED ALABAMA ATTORNEY, JUDGE, OR LAW ENFORCER.

CONCLUSION

The appellant prays to this Honorable Court, TO HAVE JUSTICE SERVED OVER ALL.

RESTORE MY RIGHTS.
RESTORE MY BELONGINGS STOLEN BY THIS ILLEGAL ACT.
TO SET ME FREE.
TO INVESTIGATE THE WRONG DOINGS OF THE COURT.
TO HELP THE APPELLANT HELP THOSE IN PRISON WHO HAVE BEEN WRONGLY SENTENCED.
TO HELP THOSE WHO HAVE BEEN RAPED WHILE IN PRISON.
BUT ABOVE ALL TO HELP STOP THE ABUSE BY PARENTS TO THEIR OWN CHILDREN BY ENFORCING THE INCEST LAWS THEY ARE NOW CLASS 'C' FELONIES.
TO GIVE A FAIR CHANCE TO PROVE I WAS INNOCENT OF THE CHARGES
RESPECTFULLY SUBMITTED 31ST DAY OF JANUARY, 2005.

PRO-SE Robert R Edwards

CERTIFICATE OF SERVICE

I CERTIFY THAT I HAVE SENT THIS DOCUMENT TO MY SISTER TO PHOTOCOPY AND RETURN 5 COPIES TO THE COURT OF CRIMINAL APPEALS.

SINCE MY SISTER IS ACTING AS MY AGENT I UNDERSTAND THAT THE DAY THE COURT RECIEVES IT. IT WILL BE DEEMED FILED.

RESPECTFULLY SUBMITTED THIS THE 31st DAY OF JANUARY, 2005

PROSSE Robert Edwards

ROBERT REY EDWARDS
225984 ; D3-19B
565 BIBB LANE
BRENT, AL 35034-4040