CR-03-2117

## In the COURT of CRIMINAL APPEALS
## of ALABAMA

◆

R.R.E.,

Appellant,

v.

STATE OF ALABAMA,

Appellee.

◆

*On Appeal From the Circuit Court
of Chilton County (CC-01-244.60)*

## BRIEF OF APPELLEE

Troy King
*Attorney General*

J. Thomas Leverette
*Assistant Attorney General*

Jean-Paul M. Chappell
*Assistant Attorney General*
Counsel of Record *

State of Alabama
Office of the Attorney General
11 South Union Street
Montgomery, Alabama  36130
(334) 242-7401, 242-7300*

April 27, 2005



## STATEMENT CONCERNING ORAL ARGUMENT

Oral argument is not appropriate in the instant case because the facts and legal arguments are clearly set forth in the State's brief, and this Court will not be aided by oral presentation.  The State, therefore, does *not* request oral argument.

# TABLE OF CONTENTS

STATEMENT CONCERNING ORAL ARGUMENT........................ i

TABLE OF CONTENTS........................................ ii

TABLE OF AUTHORITIES..................................... v

STATEMENT OF THE CASE AND FACTS.......................... 1

ISSUE PRESENTED FOR REVIEW............................... 14

STANDARD FOR REVIEW...................................... 15

SUMMARY OF THE ARGUMENT.................................. 16

ARGUMENT................................................. 17

The Trial Court Did Not Abuse Its Discretion When
It Denied R.R.E.'S Rule 32 Petition, Because The
Arguments Raised By R.R.E. In His Rule 32 Petition
Or On Appeal Were Waived, Precluded From Review Under
Rule 32.2 Of The Alabama Rules Of Criminal Procedure,
Or Devoid Of Any Factual Support. ...................... 17

    A.   Many of the issues raised in R.R.E.'s Rule
    32 petition and subsequent amendments were waived
    because he failed to present them or offer evidence
    to support the claims at the hearing on the Rule
    32 petition........................................... 17

    B.   R.R.E.'s arguments from the Rule 32 hearing
    concerning the allegedly illegal search of his
    residence (issue one from the Rule 32 hearing),
    and the court forbidding R.R.E. to record the
    court proceedings (issue five from the Rule 32
    hearing) were not raised on appeal; therefore,
    they are waived.  Even if these issues were
    properly before this Court, these issues are
    precluded from review because they could have
    been raised at trial and on direct appeal, but
    were not............................................. 19

C.   R.R.E.'s issue concerning the introduction
of videotaped interviews of children may have
been raised on appeal (issue four from the Rule
32 hearing); to the extent he argued on appeal
that the State failed to grant him access to the
tapes.  This issue, however, could have been
raised at trial or on direct appeal, but was
not; therefore, it is precluded from review.......... 23

D.   R.R.E.'s remaining issues from the Rule 32
hearing (issues two and three) were either too
vague to preserve anything for appellate review
or he was granted relief on the issue, and
therefore, the issue is moot........................ 24

E.   R.R.E.'s appellate arguments that were not
presented to the trial court at the Rule 32 hearing,
but only presented in his petition or amendments
were not properly presented to the trial court.
Issues that were not even presented to the trial
court, either in the petition or at the Rule 32
hearing are also not properly before this Court....... 25

F.   Many of the arguments raised by R.R.E. on
appeal and in his Rule 32 petition and amendments
are also precluded from review by Rule 32.2 of
the Alabama Rules of Criminal Procedure.............. 28

G.   R.R.E.'s issues from his second amendment
included in the supplemental record on appeal
are precluded from review because he did not
raise them at the Rule 32 hearing, they are
precluded from review because he did not
specifically raise them on appeal from the
denial of his petition, or they are precluded
from review because they are issues that were
raised at trial, could have been raised at trial,
or could have been raised on direct appeal........... 30

H.   R.R.E. did not meet his burden of pleading
specific facts as to the issues that he raised
on appeal and in his Rule 32 petition and amendments.. 33

I.   Judge Reynolds properly denied R.R.E.'s Rule 32 petition, although not on the particular grounds raised by the State in this brief; therefore, the judgment must be affirmed............................... 34

CONCLUSION............................................... 35

CERTIFICATE OF SERVICE................................... 36

# TABLE OF AUTHORITIES

## Cases

Arrington v. State, 716 So. 2d 237 (Ala. Crim. App. 1997)................................................. 28

Brownlee v. State, 666 So. 2d 91 (Ala. Crim. App. 1995)................................................. 19

Charest v. State, 854 So. 2d 1102 (Ala. Crim. App. 2002)................................................ 29

Faretta v. California, 422, U.S. 806 (1975)............. 22

McWilliams v. State, CR-01-0235, 2004 WL 918432 (Ala. Crim. App. Apr. 30, 2004)........................ 29

Payne v. State, 791 So. 2d 383 (Ala. Crim. App. 2000).... 17

R.R.E. v. State, CR-01-2180, mem. op. at 2 (Ala. Crim. App. May 30, 2003)................................ 22

Sumlin v. State, 710 So. 2d 941 (Ala. Crim. App. 1998)... 34

Taylor v. State, CR-02-0706, 2004 WL 1909278 (Ala. Crim. App. Aug. 27, 2004)........................... 17

Tuohy v. State, 776 So. 2d 896, 901 (Ala. Crim. App. 1999)................................................ 24

Whitehead v. State, 593 So. 2d 126 (Ala. Crim. App. 1991)................................................ 28

Williams v. State, 782 So. 2d 811 (Ala. Crim. App. 2000)................................................ 22

Williams v. State, 830 So. 2d 45 (Ala. Crim. App. 2001)................................................ 32

Wood v. State, 733 So. 2d 944 (Ala. Crim. App. 1999)................................................ 29

## Rules

Alabama Rules of Criminal Procedure,

Rule 32.2(a)(3) and (a)(5) (2002) ...................... 22

Rule 32.2 ........................................... 28

Rule 32.2(c) ........................................ 29

## STATEMENT OF THE CASE AND FACTS

R.R.E.[1] is appealing the denial of his Rule 32 petition
from the Chilton County Circuit Court.  As best the State
can determine from R.R.E.'s convoluted *pro se* appellate
brief, he raises the following issues on appeal:

1) His Constitutional and Civil Rights were
violated, including his Eighth Amendment Rights,
because he is a nudist and bi-sexual (R.R.E.'s
brief at 7-8);

2) his appellate attorney was ineffective because
she failed to ensure that the appellate record was
complete (R.R.E.'s brief at 9, 15); his appellate
attorney failed to do her job, and he was forced
to accept her services because the jail did not
provide access to a law library (R.R.E.'s brief at
23);

3) the judge improperly told R.R.E. at the hearing
on the Rule 32 petition that, before he could file

---

[1] The State is referring to the appellant as R.R.E. to
remain consistent with his case on direct appeal and to
protect the anonymity of his underage victims.  See R.R.E.
v. State, CR-01-2180 (Ala. Crim. App. May 30, 2003) (mem.
op.).

an appeal, the Court would have to rule against
him (R.R.E.'s brief at 10-13);

4) the State failed to prove the ages of the
victims in the pornography (R.R.E.'s brief at 13-
14, 23-24);

5) R.R.E.'s second amendment to his Rule 32
petition was not included in the record on appeal
(R.R.E.'s brief at 15-17);

6) the Confrontation Clause was violated because,
at the Rule 32 hearing, the court reporter
indicated that some dialogue by R.R.E. was
inaudible (R.R.E.'s brief at 17);

7) videotaped interviews presented by the State
during trial supposedly were not disclosed to
R.R.E. (R.R.E.'s brief at 17);

8) comments apparently made to R.R.E. at the Rule
32 hearing by an attorney named Robert Bowers, Jr.
were not included in the record (R.R.E.'s brief at
17);

2

9) it was not disclosed to R.R.E. that, following his trial, Donald Wutke[2], was convicted of sodomy and sexual abuse and received eight years in prison, including good-time credits, in exchange for the testimony he gave against R.R.E. (R.R.E.'s brief at 17-18);

10) his trial was a prejudicial proceeding because it "join[ed] non-criminal activities such as nudes (nudist) with any sex crimes..." (R.R.E.'s brief at 19);

11) parents who abuse their children get away with their crime; prisoners who were abused children become abused in prison, and R.R.E. seeks to protect these people.  (R.R.E.'s brief at 19-20);

12) The procedural bars of Rule 32.2 of the Alabama Rules of Criminal Procedure should not apply to R.R.E. because he is unlearned in the law.  (R.R.E.'s brief at 21-22)

R.R.E. was convicted in the Chilton County Circuit Court of:

---

[2]  R.R.E. spells the witness's name as "Wulke" but in the direct appeal transcript it is spelled "Wutke".

3

> [O]ne count of production of obscene matter
> containing a visual reproduction of a person under
> the age of 17 involved in obscene acts, a
> violation of § 13A-12-197, Ala. Code 1975, two
> counts of first-degree sexual abuse of a person
> under the age of 12, violations of § 13A-6-
> 66(a)(3), Ala. Code 1975, and 30 counts of
> possession of obscene material containing a
> visual reproduction of a person under the age of
> 17 involved in obscene acts, violations of § 13A-
> 12-192(b), Ala. Code 1975.  He was sentenced to 10
> years' imprisonment for each conviction; the
> sentences for the two convictions of sexual abuse
> were ordered to run consecutively and the
> remaining sentences were ordered to run
> concurrently.

R.R.E. v. State, CR-01-2180, mem. op. at 1 (Ala. Crim. App.

May 30, 2003)[3].  R.R.E. argued on direct appeal only that he

did not knowingly and intelligently waive his right to

counsel.  See id. at 2.  This Court disagreed and affirmed

R.R.E.'s convictions on May 30, 2003.  See id. at 12.  This

Court issued its certificate of judgment on June 17, 2003.

    R.R.E. filed his first, and current, Rule 32

petition on September 24, 2003.  (C. 1) In R.R.E.'s

convoluted pro se petition, he appears to raise the

following claims in the initial petition:

    1. Nudes and nudist photography are not pornography (C.

        11) and many of the

_____

[3] The State requests that this Court take judicial notice of
the records of R.R.E.'s direct appeal.  See State v.
Gagliardi, 747 So. 2d 366, 366 (Ala. Crim. App. 1999).

> 1000's of ... images on [his] computer
> [were not] of minors, not all were
> sexual, and not all were "child porn" as
> labeled by Sgt. Gary Graves who testified
> that he est[i]mated the age of the
> persons in the photographs.  He used his
> own children to gauge the age of the
> persons in the photographs[,] [which]
> shows he is not an expert witness on
> child growth rates.

(C. 12) The pictures were not child pornography because

there was no sexually explicit conduct present in the

photographs, and Alabama's child pornography laws are

overbroad.  (C. 19-22)

> 2. Illegal seizure of his "equipment and stuff on
>    constitutio[n]al grounds."  (C. 13)  Evidence
>    was illegally seized based on an allegedly
>    improper warrant.  (C. 19)
>
> 3. The State violated many discovery rules (C. 15-
>    18), including not allowing R.R.E. to copy
>    files (C. 15), not allowing him to interview
>    State's witnesses, but the State interviewed
>    his witnesses (C. 15), not giving him copies of
>    the underage pornographic pictures (C. 16), and
>    not giving him access to Department of Human
>    Resources records about his sexual abuse
>    victims.  (C. 17)

4. Chilton County Circuit Judge Reynolds did not allow R.R.E. to record the court proceedings, and the "court reporter only type[d] what the judge wanted her to." (C. 15-16)

5. Sergeant Gary Graves lied about R.R.E. downloading pornography from Birmingham, and was not an expert witness in pediatrics or child development. (C. 16, 22, 29)

6. Robert Wutke lied about R.R.E. inappropriately exposing himself at work. (C. 16, 29)

7. The trial court failed to subpoena witnesses. (C. 18, 29)

8. Trial court failed to produce six audio recordings of a witness killed in an auto accident. (C. 18)

9. Judge Reynolds should have recused himself from the suppression hearing because he issued the search warrant. (C. 18)

10. R.R.E. signed a coerced confession under duress. (C. 22, 25)

11. R.R.E.'s indictment was vague and incomplete. (C. 23)

12. R.R.E.'s Fifth Amendment rights were violated at his arrest and at trial by hearsay evidence from Angela Bryant.

13. R.R.E. received ineffective assistance of counsel because he did not have appointed representation "from the beginning of the arrest in violation of Alabama v. Shelton." His retained counsel would not cooperate with him, nor would his appointed legal advisor, David Karn. (C. 26)

14. The trial court was without jurisdiction to "render judgment or to impose the sentence" because the indictment was invalid, he received 10 years with no good time in violation of the Fourteenth Amendment, full discovery was not allowed, and R.R.E.'s First Amendment Rights are being violated. (C. 27)

15. Newly discovered evidence has been discovered that Donald Wutke was under investigation for a felony, and had a prior felony record which was not disclosed to R.R.E. This information impacted Wutke's credibility. (C. 29)

16. The Chilton County Jail had no law library. (C. 29)

17. R.R.E. received a disproportionate sentence and did not receive incentive time. (C. 30)

R.R.E. filed a motion to amend his petition in March 2004, where he argued:

1. His conviction on 30 counts of possessing obscene material of a child under the age of 17 violated his double jeopardy rights, citing Girard v. State, 883 So. 2d 714 (Ala. Crim. App. 2002). (C. 40)  This argument was also made in a writ of habeas corpus filed on July 7, 2004. (C. 45)

2. The material he possessed was not pornography and the ages of the victims in the photographs had not been established. (C. 40-42)

R.R.E. filed another amendment to his Rule 32 petition on July 7, 2004, where he reiterated many of his previously raised arguments. (C. 46-54)  The State filed a motion to dismiss the petition on August 3, 2004. (C. 55-56)  The State argued that the issues raised by R.R.E. could have been raised at trial and on direct appeal, but were not. (C. 55-56)  It also argued that R.R.E.'s claims were not specific. (C. 55)  Further, the court had jurisdiction to

8

convict and sentence R.R.E. "and nothing offered in his
[p]etition amounts to improper [c]ourt jurisdiction, which
would entitle him to a new sentencing hearing or trial."
(C. 56)  The State also argued that R.R.E. was sentenced
within the sentencing guidelines.  (C. 56)  Finally, the
State argued that R.R.E. has not offered any facts that
amount to newly discovered evidence.  (C. 56)

R.R.E. filed an additional amendment to his petition on
August 9, 2004.  In this petition, he parroted the claims
he had previously raised.  (C. 57-70)  The only additional
claim that can be ascertained by the State is that his
appellate attorney was ineffective for failing to give him
copies of his court transcripts (C. 64-65), and did not
request pre-trial transcripts.  (C. 68)

A hearing on the Rule 32 petition and the amendments
was also held on August 9, 2004.  (R. 2-9)  R.R.E. raised
the following issues at the hearing:

1. The police illegally searched his home and
computer.  (R. 4-5)

2. His right to be free from double jeopardy was
violated because the conviction on 30 counts of

9

possessing obscene material should have been treated as one count. (R. 5)

3. His Fifth and Sixth Amendment Rights were violated for various reasons "on different things". (R. 6)

4. "[V]ideotapes were not sworn in at the time they were taken through the DA. It's in the fourth amendment ... The interviews of the children that were presented at trial ... The video was a violation of the (inaudible) clause, fourth and fifth amendment." (R. 5-6)

5. The court prevented R.R.E. from making a tape recording of the court proceedings. (R. 6-7)

Judge Reynolds specifically countered R.R.E.'s fourth claim concerning a video tape by stating that the children testified live in open court. (R. 6) The State also argued that the issues raised by R.R.E. could have been raised at trial. (R. 7) The State also argued that the court had informed R.R.E. of his right to counsel, but R.R.E. chose to represent himself. (R. 7) The court, however, appointed a legal advisor to assist him. (R. 7) R.R.E. also understood his rights concerning taking the

witness stand, chose to take the stand, and admitted "his

involvement with two young boys." (R. 8) R.R.E. also

admitted to giving pornography to a co-worker, and admitted

to what the pornographic pictures depicted. (R. 8)

Judge Reynolds issued an order on August 26, 2004 that

read:

1. That the Defendant presented himself for trial
   on one count of Production of Obscene material,
   two counts of Sexual Abuse 1st, and thirty
   counts of Possession of Obscene Material and
   has been found guilty of all thirty-three
   counts.

2. The Defendant appealed his convictions and the
   same were affirmed.

3. That the Defendant was in possession of ...
   several images of children under the age of 17
   years and the same should have been one count
   of Possession of Obscene Material.

Therefore it is ORDERED, that the convictions for
possession of Obscene Material in Counts 5-33 are
set aside and the Sentencing Order be amended to
reflect the following: Count One-Production of
Obscene Material, 10 Years, Count Two and Count
Three-Sexual Abuse 1st, 10 years cs [consecutive]
to each other, Count Four, Possession of Obscene
Material, 10 years. The sentences shall run
concurrent on Counts One, Two, and Four and the
sentence for Count Three shall be consecutive to
Counts One, Two, and Four.

(C. 71) R.R.E. filed a timely notice of appeal on

September 21, 2004. (C. 72)

11

On February 14, 2005, this Court ordered the record be supplemented with R.R.E.'s second amendment to the Rule 32 petition. (SR[4]. 26-28) R.R.E.'s certificate of service was dated May 12, 2004, before the Rule 32 petition was denied, but it was not filed with the clerk's office until February 4, 2005. (SR. 14-20) In the amendment, as best as can be determined by the State, he raised the following arguments:

1. His right to be free from double jeopardy was violated when he was convicted and sentenced on counts four through 33 in his indictment -- the 30 counts of possessing obscene matter containing a child under the age of 17. (SR. 15-16)

2. His right to be free from double jeopardy was violated by his conviction and sentence on counts two and three of the indictment -- the first-degree sexual abuse of J.B. and the first-degree sexual abuse of S.K. (SR. 15-16)

3. The images of underage pornography on his computer did not meet the definition of pornography. (SR. 16-18)

---

[4] "SR." refers to the supplemental record on appeal in this case.

12

4. The district attorney and Sergeant Graves "erred in estimating the age of the persons in the photographs and gauging another person's growth based on his own children." (SR. 17)

5. Nudists and nudism are protected by the First Amendment. (SR. 18)

6. The prosecution violated Sections "15-25-1 et. al., the interviewed videotape was not conducted as in § 15-25-2(a), (b) and thus violates the Confrontation Clause." (SR. 19)

R.R.E. apparently brought a copy of this amendment to a hearing that was held on February 4, 2005. (SR. 2) Judge Reynolds reviewed and considered the amendment, but his August 26, 2004 order remained unchanged. (SR. 2)

13

## ISSUE PRESENTED FOR REVIEW

Did the trial court abuse its discretion when it denied R.R.E.'s Rule 32 petition, because the arguments raised by R.R.E. in his Rule 32 petition or on appeal were waived, precluded from review under Rule 32.2 of the Alabama Rules of Criminal Procedure, or devoid of any factual support?

14

## STANDARD FOR REVIEW

The standard of review for the denial of a Rule 32 petition is whether the trial court abused its discretion. See Grady v. State, 831 So. 2d 646, 647 (Ala. Crim. App. 2001). "If the trial court's ruling denying the petition is correct for any reason, [this Court] will not reverse its decision." Id. (internal citations omitted). In judging whether a trial court abused its discretion, this Court looks to whether "the decision is based on an erroneous conclusion of law or whether the record contains no evidence on which [the trial court] rationally could have based [its] decision." State v. Reynolds, 819 So. 2d 72, 79 (Ala. Crim. App. 1999).

15

## SUMMARY OF THE ARGUMENT

R.R.E. raised numerous disjointed and convoluted claims in his *pro se* Rule 32 petition and subsequent amendments. A majority of his claims, however, were not presented at his Rule 32 hearing; therefore, they are waived. Some of the claims presented at the hearing were not advanced on appeal, and are waived for this reason. The remaining claims that were presented at the hearing and on appeal were precluded from review by Rule 32.2 of the Alabama Rules of Criminal Procedure.

Even if this Court considers the claims that were not presented at the hearing, but were presented in the petition or amendments and on appeal to be properly before this Court, these issues were precluded from review by Rule 32.2 of the Alabama Rules of Criminal Procedure. The issues were either raised at trial, could have been raised a trial but were not, could have been raised on direct appeal but were not, or were untimely raised under Rule 32.2(c). Finally, R.R.E. failed to meet his burden of pleading with specificity any of his claims that he raised in his petition and on appeal.

16

ARGUMENT

**The Trial Court Did Not Abuse Its Discretion When It Denied R.R.E.'S Rule 32 Petition, Because The Arguments Raised By R.R.E. In His Rule 32 Petition Or On Appeal Were Waived, Precluded From Review Under Rule 32.2 Of The Alabama Rules Of Criminal Procedure, Or Devoid Of Any Factual Support.**

A.   **Many of the issues raised in R.R.E.'s Rule 32 petition and subsequent amendments were waived because he failed to present them or offer evidence to support the claims at the hearing on the Rule 32 petition.**

R.R.E. raised many convoluted arguments in his *pro se* petition and subsequent amendments.  Many of these arguments, however, were waived when R.R.E. failed to advance them at the Rule 32 hearing.  This Court has held that a petitioner's claims are waived when he fails to raise them or present supporting evidence for the claim at the hearing on the Rule 32 petition.  See e.g., <u>Taylor v. State</u>, CR-02-0706, 2004 WL 1909278, at *19-20 (Ala. Crim. App. Aug. 27, 2004); <u>Payne v. State</u>, 791 So. 2d 383, 399 (Ala. Crim. App. 2000) (both holding that claims of ineffective assistance of counsel must be raised, and evidence to support the claims must be presented, at the Rule 32 hearing or the arguments are waived).  The only arguments, therefore, that are not waived are those that R.R.E. presented at the Rule 32 hearing.

17

R.R.E. presented the following issues at his Rule 32 hearing:

1. The police illegally searched his home and computer. (R. 4-5)

2. His right to be free from double jeopardy was violated because the conviction on 30 counts of possessing obscene material should have been treated as one count. (R. 5)

3. His Fifth and Sixth Amendment Rights were violated for various reasons "on different things". (R. 6)

4. "[V]ideotapes were not sworn in at the time they were taken through the DA. It's in the fourth amendment ... The interviews of the children that were presented at trial ... The video was a violation of the (inaudible) clause, fourth and fifth amendment." (R. 5-6)

5. The court prevented R.R.E. from making a tape recording of the court proceedings. (R. 6-7)

B.   R.R.E.'s arguments from the Rule 32 hearing
     concerning the allegedly illegal search of his
     residence (issue one from the Rule 32 hearing),
     and the court forbidding R.R.E. to record the
     court proceedings (issue five from the Rule 32
     hearing) were not raised on appeal; therefore,
     they are waived.  Even if these issues were
     properly before this Court, these issues are
     precluded from review because they could have been
     raised at trial and on direct appeal, but were
     not.

R.R.E., however, must also raise the arguments that he

raised at the hearing on appeal or they are also waived.

"[A]llegations ... not expressly argued on ... appeal ...

are deemed by [This Court] to be abandoned.  [This Court]

will not review issues not listed and argued in brief."

Brownlee v. State, 666 So. 2d 91, 92 (Ala. Crim. App. 1995)

(internal citations and quotations omitted).  As best the

State can ascertain, R.R.E. raised the following issues on

appeal:

1) His Constitutional and Civil Rights were

violated, including his Eighth Amendment Rights,

because he is a nudist and bi-sexual (R.R.E.'s

brief at 7-8);

2) his appellate attorney was ineffective because

she failed to ensure that the appellate record was

complete (R.R.E.'s brief at 9, 15); his appellate

19

attorney failed to do her job, and he was forced
to accept her service because the jail did not
provide access to a law library (R.R.E.'s brief at
23);

3) the judge improperly told R.R.E. at the hearing
on the Rule 32 petition that, before he could file
an appeal, the Court would have to rule against
him (R.R.E.'s brief at 10-13);

4) the State failed to prove the ages of the
victims in the pornography (R.R.E.'s brief at 13-
14, 23-24);

5) R.R.E.'s second amendment to his Rule 32
petition was not included in the record on appeal
(R.R.E.'s brief at 15-17);

6) the Confrontation Clause was violated because
at the Rule 32 hearing the court reporter
indicated that some dialogue by R.R.E. was
inaudible (R.R.E.'s brief at 17);

7) videotaped interviews presented by the State
during trial were allegedly not disclosed to
R.R.E. (R.R.E.'s brief at 17);

8) comments apparently made to R.R.E. at the Rule

32 hearing by an attorney named Robert Bowers, Jr.

were not included in the record (R.R.E.'s brief at

17);

9) it was not disclosed to R.R.E. that, following

his trial, Donald Wutke, was convicted of sodomy

and sexual abuse and received eight years in

prison, including good-time credits, in exchange

for the testimony he gave against R.R.E. (R.R.E.'s

brief at 17-18);

10) his trial was a prejudicial proceeding because

it "join[ed] non-criminal activities such as nudes

(nudist) with any sex crimes..." (R.R.E.'s brief

at 19);

11) parents who abuse their children get away with

their crime; prisoners who were abused children

become abused in prison, and R.R.E. seeks to

protect these people.  (R.R.E.'s brief at 19-20);

12) The procedural bars of Rule 32.2 of the

Alabama Rules of Criminal Procedure should not

apply to R.R.E. because he is unlearned in the

law.  (R.R.E.'s brief at 21-22).

Issue one from R.R.E.'s Rule 32 hearing -- concerning the State's allegedly illegal search -- was not argued on appeal from the denial of the Rule 32 petition; therefore, it is waived.  See Brownlee, 666 So. 2d at 92.  Even if this issue was not waived, however, it is an issue that could have been raised at trial and on direct appeal, but was not.  See Williams v. State, 782 So. 2d 811, 841 (Ala. Crim. App. 2000) (holding that claims of an illegal search are precluded from post-conviction review because they could have been raised at trial or on appeal); Ala R. Crim P. 32.2(a)(3) and (a)(5) (2002).  R.R.E. only argued on appeal "that his waiver of counsel was not knowingly and intelligently entered.  Specifically, [R.R.E.] contends that the trial court never conducted a Faretta[v. California, 422, U.S. 806 (1975)] hearing or advised him of the dangers of self-representation."  R.R.E. v. State, CR-01-2180, mem. op. at 2 (Ala. Crim. App. May 30, 2003).

Issue five from R.R.E.'s Rule 32 hearing -- concerning the court's denial to allow R.R.E. to tape record the court proceedings -- also does not appear to have been raised on appeal from the denial of the Rule 32 petition, so it is waived.  See Brownlee, 666 So. 2d at 92.  This issue is

22

also precluded from review under Rules 32.2(a)(3) and (a)(5) of the Alabama Rules of Criminal Procedure because it is a non-jurisdictional issue that could have been raised at trial and on direct appeal, but was not.

      C.    **R.R.E.'s issue concerning the introduction of videotaped interviews of children may have been raised on appeal (issue four from the Rule 32 hearing); to the extent he argued on appeal that the State failed to grant him access to the tapes. This issue, however, could have been raised at trial or on direct appeal, but was not; therefore, it is precluded from review.**

Issue four from R.R.E.'s Rule 32 hearing -- concerning the videotaped interviews with the victims -- appears to have been raised on appeal (issue seven on appeal), when R.R.E. argued that the State did not provide him access to the videotapes. (R.R.E.'s brief at 17.) This claim, to the extent he argues that the State violated discovery principles, could have been objected to at trial when the videotapes were introduced, but was not raised, and is precluded by Rule 32.2(a)(3). (D.R.[5] 121-122) R.R.E. is also precluded by Rule 32.2(a)(5) from raising this claim because he could have raised it on appeal, but did not.

---

[5] "D.R." refers to the transcript of the court proceedings from R.R.E. direct appeal in R.R.E. v. State, CR-01-2180 (Ala. Crim. App. May 30, 2003).

23

D.    R.R.E.'s remaining issues from the Rule 32 hearing
(issues two and three) were either too vague to
preserve anything for appellate review or he was
granted relief on the issue, and therefore, the
issue is moot.

R.R.E.'s remaining issues are that his Fifth and Sixth

Amendment Rights were violated for various reasons "on

different things" (R. 6), and his right to be free from

double jeopardy was violated when the court convicted him

of 30 counts of possessing obscene material when he should

have only been convicted of one count.   (R. 5)

R.R.E.'s first issue regarding his Fifth and Sixth

Amendment rights is too vague to preserve anything for

review.  See e.g., Tuohy v. State, 776 So. 2d 896, 901

(Ala. Crim. App. 1999) (internal citations omitted) ("The

trial court must be apprised of the basis for the objection

with sufficient particularity to allow an informed decision

to be made on the particular legal issues involved.").

R.R.E.'s remaining issue concerning the double jeopardy

violation is moot because Judge Reynolds granted relief on

this issue and reduced R.R.E.'s 30 counts of possessing

obscene material to one count.  (C. 71)

24

E.    R.R.E.'s appellate arguments that were not
presented to the trial court at the Rule 32
hearing, but only presented in his petition or
amendments were not properly presented to the
trial court.  Issues that were not even presented
to the trial court, either in the petition or at
the Rule 32 hearing are also not properly before
this Court.

To reiterate, R.R.E. appeared to raise the following

issues on appeal:

1) His Constitutional and Civil Rights were

violated, including his Eighth Amendment Rights,

because he is a nudist and bi-sexual (R.R.E.'s

brief at 7-8);

2) his appellate attorney was ineffective because

she failed to ensure that the appellate record was

complete (R.R.E.'s brief at 9, 15); his appellate

attorney failed to do her job, and he was forced

to accept her service because the jail did not

provide access to a law library (R.R.E.'s brief at

23);

3) the judge improperly told R.R.E. at the hearing

on the Rule 32 petition that, before he could file

an appeal, the Court would have to rule against

him (R.R.E.'s brief at 10-13);

25

4) the State failed to prove the ages of the
victims in the pornography (R.R.E.'s brief at 13-
14, 23-24);

5) R.R.E.'s second amendment to his Rule 32
petition was not included in the record on appeal
(R.R.E.'s brief at 15-17);

6) the Confrontation Clause was violated because
at the Rule 32 hearing the court reporter
indicated that some dialogue by R.R.E. was
inaudible (R.R.E.'s brief at 17);

7) videotaped interviews presented by the State
during trial were allegedly not disclosed to
R.R.E. (R.R.E.'s brief at 17);

8) comments apparently made to R.R.E. at the Rule
32 hearing by an attorney named Robert Bowers, Jr.
were not included in the record (R.R.E.'s brief at
17);

9) it was not disclosed to R.R.E. that, following
his trial, Donald Wutke, was convicted of sodomy
and sexual abuse and received eight years in
prison, including good-time credits, in exchange

for the testimony he gave against R.R.E. (R.R.E.'s
brief at 17-18);

10) his trial was a prejudicial proceeding because
it "join[ed] non-criminal activities such as nudes
(nudist) with any sex crimes..." (R.R.E.'s brief
at 19);

11) parents who abuse their children get away with
their crime; prisoners who were abused children
become abused in prison, and R.R.E. seeks to
protect these people.  (R.R.E.'s brief at 19-20);

12) The procedural bars of Rule 32.2 of the
Alabama Rules of Criminal Procedure should not
apply to R.R.E. because he is unlearned in the
law.  (R.R.E.'s brief at 21-22).

Issue seven has already been discussed.  Issues 1, 2,
4, 9, and 10 appear to have been raised in some manner
either in R.R.E.'s initial petition or in the amendments.
These issues, however, were not properly preserved for
appellate review because R.R.E. failed to present them at
the Rule 32 hearing.  See e.g., Taylor, 2004 WL 1909278, at
*19-20; Payne, 791 So. 2d at 399.  Issues 3, 5, 6, 8, 11,
and 12, do not appear to have ever been presented to the

trial court; therefore, they are not properly before this
Court. This Court has held that issues not presented to
the trial court cannot be raised for the first time on
appeal from the denial of a Rule 32 petition. See
Arrington v. State, 716 So. 2d 237, 239 (Ala. Crim. App.
1997); Whitehead v. State, 593 So. 2d 126, 130 (Ala. Crim.
App. 1991).


F.    **Many of the arguments raised by R.R.E. on appeal
      and in his Rule 32 petition and amendments are
      also precluded from review by Rule 32.2 of the
      Alabama Rules of Criminal Procedure.**

    Even if this Court found that the issues that were
raised in R.R.E.'s petition and amendments, but not
properly raised at the Rule 32 hearing, were properly
before this Court, they would be precluded by Rule 32.2 of
the Alabama Rules of Criminal Procedure.

    Issues 1, 4, 7, 9, and 10 from R.R.E.'s appellate brief
are claims that were raised at trial[6], could have been
raised at trial, but were not, or issues that could have
been raised on direct appeal, but were not. Therefore,

---

[6]   R.R.E. argued at his sentencing hearing that the
pornographic pictures found on his computer did not
constitute pornography. (D.R. 236)  See also R.R.E., CR-01-
2180, mem. op. at 4.

these issues would be precluded by Rule 32.2(a)(2),
32.2(a)(3), or 32.2(a)(5) of the Alabama Rules of Criminal
Procedure.

A Rule 32 petition is the proper forum for R.R.E. to
raise his ineffective assistance of appellate counsel claim
(issue two on appeal). See Wood v. State, 733 So. 2d 944,
945 (Ala. Crim. App. 1999). This claim, however, was
untimely raised under Rule 32.2(c) of the Alabama Rules of
Criminal Procedure. Under Rule 32.2(c), R.R.E. had one
year from the issuance of the certificate of judgment to
raise this claim. This Court issued its certificate of
judgment on June 17, 2003. The first time R.R.E. raised
the issue of ineffective assistance of appellate counsel
was in his amendment filed on August 9, 2004. (C. 57, 64-
65, 68) The amendment raises a new issue and does not
relate back to R.R.E.'s earlier filings; therefore, the
claim is precluded under Rule 32.2(c). See McWilliams v.
State, CR-01-0235, 2004 WL 918432, at *7 (Ala. Crim. App.
Apr. 30, 2004); Charest v. State, 854 So. 2d 1102, 1104,
1105 & n.2 (Ala. Crim. App. 2002) (holding that untimely
amendments that raise new claims, which do not relate back

to the timely filed petition, are precluded from review under Rule 32.2(c)).

        G.   R.R.E.'s issues from his second amendment included in the supplemental record on appeal are precluded from review because he did not raise them at the Rule 32 hearing, they are precluded from review because he did not specifically raise them on appeal from the denial of his petition, or they are precluded from review because they are issues that were raised at trial, could have been raised at trial, or could have been raised on direct appeal.

R.R.E. raised the following issues in a second amendment to his Rule 32 petition, which he indicates that he filed on May 12, 2004, but which was not filed with the trial court until February 4, 2005, after the denial of the petition. (SR. 2, 14-20) The trial court nevertheless considered the amendment, but did not change its original order denying the petition. (SR. 2)

    1. His right to be free from double jeopardy was violated when he was convicted and sentenced on counts four through 33 in his indictment -- the 30 counts of possessing obscene matter containing a child under the age of 17. (SR. 15-16)

    2. His right to be free from double jeopardy was violated by his conviction and sentence on counts two

and three of the indictment -- the first-degree

sexual abuse of J.B. and the first-degree sexual

abuse of S.K.  (SR. 15-16)

3. The images of underage pornography on his computer

did not meet the definition of pornography.  (SR. 16-

18)

4. The district attorney and Sergeant Graves "erred in

estimating the age of the persons in the photographs

and gauging another person's growth based on his own

children."  (SR. 17)

5. Nudists and nudism are protected by the First

Amendment.  (SR. 18)

6. The prosecution violated Sections "15-25-1 et. al.,

the interviewed videotape was not conducted as in §

15-25-2(a), (b) and thus violates the Confrontation

Clause."  (SR. 19)

Issue one is moot as he obtained relief on this issue

from the trial court.  (C. 71)  Issue two was not raised on

direct appeal and is considered waived.  See Brownlee, 666

So. 2d at 92.  Even if the issue was raised it is without

merit.  Each count required proof of the sexual abuse of a

different victim; therefore, the elements were different,

and R.R.E.'s double jeopardy rights were not violated.

> [T]he test to be applied to determine whether
> there are two offenses or only one is whether each
> provision requires proof of an additional fact
> that the other does not. The test emphasizes the
> elements of the two offenses. If each offense
> requires proof of a fact that the other does not,
> then the ... test is satisfied, notwithstanding a
> substantial overlap in the proof offered to
> establish the offenses.

Williams v. State, 830 So. 2d 45, 47-48 (Ala. Crim.

App. 2001).  One count required proof that R.R.E. sexually

abused J.B.  The other count required that R.R.E. sexually

abused S.K.  Therefore, R.R.E.'s double jeopardy rights

were not violated.

Issues three and five were not argued at the Rule 32

hearing held on August 9, 2004; therefore, they are not

preserved for appellate review.  See e.g., Taylor, 2004 WL

1909278, at *19-20; Payne, 791 So. 2d at 399.  Also, R.R.E.

argued at his sentencing hearing that the photographs did

not meet the definition of pornography (D.R. 236), and he

could have raised these issues that the material was

constitutionally protected on direct appeal, but did not.

Therefore, these issues are barred by Rule 32.2(a)(2) and

(a)(5) of the Alabama Rules of Criminal Procedure.  Issue

four was also not presented at the Rule hearing, and is precluded from review. See e.g., Taylor, 2004 WL 1909278, at *19-20; Payne, 791 So. 2d at 399. Also, this issue is precluded by Rule 32.2(a)(5) of the Alabama Rules of Criminal Procedure because it could have been presented on appeal, but was not. Finally, issue six is precluded from review because R.R.E. could have objected when the tapes were introduced (D.R. 121-122), but did not, and he could have raised the issue on direct appeal, but did not. See Ala. R. Crim. P. 32.2(a)(3) and (a)(5).

**H.    R.R.E. did not meet his burden of pleading specific facts as to the issues that he raised on appeal and in his Rule 32 petition and amendments.**

The State would also submit that R.R.E. did not meet his burden of proof by pleading with specificity the claims that he raised in the trial court and on appeal. Rule 32.3 of the Alabama Rules of Criminal Procedure places the burden of proof squarely on the petitioner to "plead[] and prov[e] by a preponderance of the evidence the facts necessary to entitle the petitioner to relief." Rule 32.6(b) of the Alabama Rules of Criminal Procedure requires:

33

The petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds.  A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings.

R.R.E. failed to meet this burden.  His petition, amendments, and appellate brief are a mere collection of disjointed claims devoid of factual support.

I.   **Judge Reynolds properly denied R.R.E.'s Rule 32 petition, although not on the particular grounds raised by the State in this brief; therefore, the judgment must be affirmed.**

Although Judge Reynolds failed to cite the reasons set forth in this brief for denying R.R.E.'s petition, his decision was nevertheless correct and must be affirmed. See Sumlin v. State, 710 So. 2d 941, 943 (Ala. Crim. App. 1998) (stating that, if the trial court's decision to deny a Rule 32 petition is correct for any reason, even if not stated, this Court must affirm the denial).

CONCLUSION

For the reasons stated in this brief, this Court should affirm the denial of R.R.E.'s Rule 32 petition.

Respectfully submitted,

Troy King
*Attorney General*

J. Thomas Leverette
*Assistant Attorney General*

Jean-Paul M. Chappell
*Assistant Attorney General*

35

## CERTIFICATE OF SERVICE

I hereby certify on this 27th day of April, 2005, I have served a copy of the foregoing on R.R.E., by placing said copy in the United States mail, first class, postage prepaid, and addressed as follows:

> R.R.E.
> AIS # 225984 D3-19B
> 565 Bibb Lane
> Brent, AL  35034-4040

Jean-Paul M. Chappell
Assistant Attorney General
CHA073

ADDRESS OF COUNSEL:
Office of the Attorney General
Criminal Appeals Division
Alabama State House
11 South Union Street
Montgomery, Alabama  36130
(334) 242-7300

189038/71090-001