

Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals
State of Alabama
Judicial Building, 300 Dexter Avenue
P. O. Box 301555
Montgomery, AL 36130-1555

RELEASED
AUG 0 5 2005
CLERK
ALA COURT CRIMINAL APPEAL

H.W."BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

MEMORANDUM

CR-03-2117                     Chilton Circuit Court CC 01-244.60

R.R.E.[1] v. State

McMILLAN, Presiding Judge.

The appellant filed a Rule 32 petition on September 24, 2003, and several amendments thereafter.

On August 26, 2004, pursuant to R.R.E.'s Rule 32, Ala. R. Crim. P., postconviction petition, Judge Sibley Reynolds amended his sentencing order as follows:

---

[1] We refer to the appellant as R.R.E. to remain consistent with his case on direct appeal and to protect the anonymity of his underage victims.

1

EXHIBIT
m

> "Therefore, it is ORDERED, that the convictions for possession of Obscene Material in Counts 5-33 are set aside and the Sentencing Order be amended to reflect the following: Count One-Production of Obscene Material, 10 years, Count Two and Count Three-Sexual Abuse I, 10 years cs to each other, Count Four, Possession of Obscene Material, 10 years. The sentences shall run concurrent on Counts One, Two and Four and the sentence for Count Three shall be consecutive to Counts One Two and Four."

All other requests for relief was denied by the trial court.

This Court had previously affirmed R.R.E.'s direct appeal from the above convictions by memorandum issued on May 30, 2003, and the certificate of judgment had issued to the circuit clerk on June 17, 2003. R.R.E's Rule 32 petition was filed in Chilton Circuit Court on September 24, 2003.

Although R.R.E. raised many arguments in his petition and four subsequent amendments, many of these nonjurisdictional claims were waived when he failed to advance them at the Rule 32 hearing held on August 9, 2004. This Court has held that a petitioner's claims are waived when he fails to raise them or present supporting evidence for them at the hearing on the Rule 32 petition. See Taylor v. State, [Ms. CR 02-0706, August 27, 2004] ___ So. 2d ___, (Ala. Crim. App. 2004), and Payne v. State, 791 So. 2d 383, 399, (Ala. Crim. App. 2000). Therefore, the only arguments that are not waived are those that R.R.E. presented at the Rule 32 hearing. However, R.R.E. must also raise the arguments that he raised at the Rule 32 hearing on appeal or they are waived.

> "Allegations ... not expressly argued on ... appeal ... are deemed by [this Court] to be abandoned. [This Court] will not review issues not listed and argued in brief."

Brownlee v. State, 666 So. 2d 91, 92 (Ala. Crim. App. 1995).

A hearing on the Rule 32 petition and the four amendments was held on August 9, 2004. R.R.E. raised these issues at the hearing:

2

    1) The police illegally searched his computer.

    2) His right against double jeopardy was violated because the conviction for thirty counts of possession of obscene material should have been treated as one count.

    3) His Fifth and Sixth amendment rights were violated "on different things".

    4) "[V]ideotapes were not sworn in at the time they were taken through the DA. It's in the fourth amendment... The interviews of the children that were presented at trial ... The video was a violation of the (inaudible) clause, fourth and fifth amendment."[2]

    5. The Court kept R.R.E. from making a tape recording of the court proceedings.

    As best we can determine, R.R.E. has raised the following issues on appeal:

    1) His Constitutional and Civil Rights were violated, because he is a nudist and a bi-sexual.

    2) His appellate attorney was ineffective because she did not make sure the record was complete; he was forced to accept her services because the jail did not provide access to a law library.

    3) The judge improperly told R.R.E. at the hearing on the Rule 32 petition that, before he could file an appeal, the Court would have to rule against him.

    4) The State did not prove the ages of the victims in the pornography.

    5) R.R.E.'s second amendment to his Rule 32 petition was not included in the record on appeal.

---

    [2]Judge Reynolds questioned R.R.E.'s fourth issue regarding a videotape, stating that the children testified live in open court.

6) The Confrontation Clause was violated because at the Rule 32 hearing, the court reporter indicated that some of the dialogue by R.R.E. was inaudible.

7) Videotaped interviews presented by the DA during trial were not disclosed to R.R.E.

8) Comments made by attorney Robert Bowers, Jr. at the Rule 32 hearing were not made part of the record.

9) The State covered up that their witness, Donald Wulke, was later convicted of sodomy and sexual abuse and got only 8 years' imprisonment in exchange for testifying against R.R.E.

10) His trial was prejudicial because it joined non-criminal activities such as nudism with any sex crime.

11) Children are raped by their parents who get away with the crime; abused children who end up in prison are also rape victims, and R.R.E. has fought to get them help.

12) The procedural bars of Rule 32.2, Ala. R. App. P., should not apply to him because he is pro se and unlearned in the law.

Issue one from R.R.E.'s Rule 32 hearing regarding an alleged illegal search was not argued on appeal and is waived. Likewise, issue five from the Rule 32 hearing regarding the circuit court's denial to allow R.R.E. to tape record the court proceedings was not argued on appeal and is waived. See Brownlee, 666 So. 2d at 92.

Issue two from the Rule 32 hearing that his Fifth and Sixth Amendment Rights were violated for various reasons "on different things" is too vague to preserve anything for review. See Toughy v. State, 776 So. 2d 896, 901 (Ala. Crim. App. 1999). Issue three from the Rule 32 hearing regarding double jeopardy violation is moot because Judge Reynolds granted relief on this issue in his order reducing R.R.E.'s 30 counts of possessing obscene material to one count.

Issue four from the Rule 32 hearing concerning videotaped interviews with the victims appears to have been

raised on appeal in issue seven. However, this claim is precluded by Rule 32.2.(a)(3) and (5) because it could have been objected to at trial when the videotapes were introduced, and it could have been raised on appeal, but was not.

Issues 1, 2, 4, 9, and 10 on appeal were not properly preserved for appellate review because R.R.E. did not present them at the Rule 32 hearing. See <u>Taylor v. State</u>, [Ms. CR 02-0706, August 27, 2004] ___ So. 2d ___ (Ala. Crim. App. 2004); <u>Payne v. State</u>, 791 So. 2d at 399 (Ala. Crim. App. 2000). Issues 3, 5, 6, 8, 11, and 12 were never presented to the trial court and are not properly before this Court. See <u>Arrington v. State</u>, 716 So. 2d 237, 239 (Ala. Crim. App. 1997).

For the foregoing reasons, the trial court's judgment is due to be affirmed.

AFFIRMED.

Cobb, Baschab, and Shaw, JJ., concur. Wise, J., concurs in the result.