IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ROBERT REX EDWARDS,
#225984
        Petitioner,

v.                                          CIVIL ACTION #
                                            2:06-CV-177-WKW

BILLY MITCHEM, et, al,
        Respondant.

## Request for additional time in which to respond.

Come now Petitioner in the above-styled cause and request additional time in which to respond to this court order.

Reasons for additional time follows that justice should be served to all parties in this cause.

Petitioner is in a private for profit prison with inadequate access to the court by means of a law library that is meaningful for filing court papers.

Petitioner can now prove his BRADY claim is valid and relevant to his innonce of the charges. (ACTUALL INNONCE)

Due to an inadequate access to the Law Library petitioner can not research cases cited by the Court or ATTORNEY GENERAL'S OFFICE nor the §2254 Rules. The exhibits for which he has been given by the ATTORNEY GENERAL'S OFFICE is the first time ever seen and proof the judge's order denying me access to them is invalid. Not all exhibits are pornographic as claim by JUDGE REYNOLDS. Especially the computer data and nudist pictures. PETITIONER can now prove the "miscarriage of justice," CONSTITUTIONAL, BRADY, CIVIL RIGHTS, DUE PROCESS, and EQUAL PROTECTION OF THE LAWS VIOLATION.

2

The petitioner can show the courts own records show his attempts to secure the Brady material, but was denied by the court in violation of Constitutional law. Even state statutes cannot trump Constitutional Law. See James v Kentucky, 80 LEd 2d 346 (1984). But in ALABAMA CODE/1975 §36-12-40 does just that in *Ex parte Gill, 841 So 2d 1231 (AL 2002) invalidating Ex parte Beavers 779 So 2d 1223 (AL 2000); Smith v Bennett 365 US 708, 712 (1961). In Wright v Hopper 169 F3d 695, 703 (11 Cir 1999) "Habeas is appropiate method to seek relief for BRADY violation arising from governments alleged non disclosure of material evidence."

Even the petitioner indigency has been taken from him by this private for profit prison despite the requirements of §~~15-12-5(b)~~

3

15-12-5(b)

* courts use 2002 WL 1398007 (AL 2002) version.

In this prison of profit in order to be declared indigent you cannot have more than $5.00 in a 30 day prior to or after period from the date of the indigent request.

According to the law only earned assets of the [petitioner] can be used to determine indigency. Not money (gifts) from family or friends of the [petitioner]. See <u>Hoppins v State of ALABAMA</u> 451 So 2d 363 (Al CR AP 1983) quoting several federal and supreme court (US) cases for which the petitioner do not have.

The prison's policy prevents the petitioner to use stamps as an indigent. Stamps ordered from store. Store orders not filled on stamps for other inmates recently.

PETITIONER does not have the pre-trial transcripts mentioned by the ATTORNEY GENERAL.

4

The state also argues that the petitioner waived certain things in his case before the state court. Petitioner did not waive his Constitutional rights and by law could not waive certain Constitutional rights. For one thing a public trial cannot be closed as mine was. <u>Singer v US</u> 380 US 24,34 (1965) "The right to a public trial cannot be waived, there is no right to a closed trial." <u>Rowards v State</u> CR-03-2117 p68 (USCA 1,6,14)

The UNITED STATES SUPREME COURT had similar cases to mine on the document (docket) while I was on direct appeal. Not to mention the ALABAMA SUPREME had similar cases on its docket. None of those cases were reviewed by my APPEAL ATTORNEY ELIZABETH H. HUNTLEY. Miscarriage of justice has occured.

Therefore, the petitioner requst this Honorable Court to grant his prayer for

5

the additional time to respond due to the new evidence of the exhibits of the BRADY material. JUSTICE would be ~~served~~ served by the granting of the additional time.

The petitioner in 2003 and 2004 filed on the Ineffective Assistance of Counsel to the State Bar. The state Bar ignored the federal laws presented fairly to them about the proceeding of his case.

The petitioner was not allowed to ~~appeal~~ Appeal case # CV-01-214, ~~Edwards~~ State v Edwards in violation of his 7th, 6th, 14 const. Amend. rights. And has never been able to get any documents from the CHILTON COUNTY COURT on that case. (USCA 1, 14).

Where is justice in ALABAMA?
NO ONE KNOWS!
I request a copy of all cited cases.

6

Respectfully, submitted to this HONORABLE COURT ON THIS THE 2ND DAY OF MAY, 2006.

*Robert R. Edwards*

ROBERT REX EDWARDS
225984 ; BAYOU B3
PO Box 650
PINE PRAIRIE, LA
70576-0650

## Certificate of Service

I, ROBERT REX EDWARDS certify that on the 2ND DAY OF MAY, 2006, I placed this request in the INSTITUTIONAL Mail Box postage paid.

ORIGINAL to the MO AL US COURT.
COPY TO AGO Jean-Paul Chappell.
copy to petitioner's file.

*Robert R. Edwards*
pro se

7