In the United States District Court
For the Middle District of Alabama
Northern Division

Robert Rex Edwards,
#225984
    Petitioner,

v.

Billy Mitchem, et. al.,
    Respondant.

Civil Action #
2:06CV177-WFW

RECEIVED
2006 JUN -2  A 10:07
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## Rebuttal to Order and Answer.

Now comes, the petitioner with case facts on why he needs to cite case laws.

This Honorable Court has been in past in err of correct case law for which the 11th Circuit has had to remand back with instructions. This delay can be avoided and more importantly would comply with Law of the Land decisions of the US Supreme Court. And hopefully prevent any miscarriage of justice.

First error is a fundamental right error under HOUSTON v LACK, 481 US 266 (1988). The mail box rule now applies also to a prisoner receiving legal mail in US v FIORELLI, 337 F3d 282 (3 CIR 2003). The petitioner filed his request for additional time on May 2nd, 2006 not May 5th, 2006 as the court has stated in another error.

The conditions in which the judge orders violates several 'Law of the Land' decisions and sister federal circuit decisions to include Lewis v Casey, 116 SCT 2174 (1996); Bounds v Smith, 430 US 817 (1977); US v

GEORGIA, 156 SCT 877 (2006). To name a few.

In fact, you would be impeding a "prisoners' right to sue for his liberty and that denies that prisoner equal protection of the laws." The petitioner must remind this court of the "safety valve" provision that was used to counter not only the Honorable Judge McPherson's order but also his fellow judges in other courts both state and federal. That one citing re-opened every one of the closed cases it was used on that was due to money for an initial docket fee. TAYLOR v DELATOURE, 281 F3d 844, 847 (9TH CIR 2001) 28 USC §1915 (b)(4) to counter 28 USC §1915 (b)(1).

Like in the petitioner's case here at hand the lower courts did not abide by the changes in laws by federal, state and/or "law of the land." To paraphrase since the petitioner no longer has access to a law library to direct quote the case. A prisoner has a fundamental right to be heard to determine whether or not he has merits in his favor.

In BAKER v BARBO, 177 F3d 149 (3 CIR 1999) "Attorney, who does not know the basic sentence for an offense at the time that his client is comtemplating entering a plea is ineffective, even if trial court and prosecutor are also ignorant of relevant changes in the law."

As an activist for prisoners' rights the petitioner is familiar with the laws, but lacks the knowledge of court procedures. This foreign part has made it difficult to formulate the correct order of procedures. In fact, when the petitioner

2

got the answer package from the Assistant ATTORNEY GENERAL one item of it came to the surface he found out that his appointed appellant counsel ELIZABETH H. HUNTLEY also erred from the APPEALS COURT TO THE SUPREME COURT creating a time bar to the HIGHER COURT on JULY 10, 2002. She also gave them the wrong case # CR-02-1162 instead of CR-01-2180.

    The petitioner was kept from the Law Library in AUGUST 2005 for his activities of helping fellow inmates. 2 of them were medical where the Officers would not honor their medical pink slips. Light duty and No shave even by clippers. The DOC OFFICALS invoked an illegal 'day-prior sign in sheet.' The sheet was to be sign starting at 4:45 PM until the slots were filled. 5 minute movement varied from 5:PM to 5:45 PM depending on chow call schedules. The slots were always filled by those already in the law Library. The warden and CAPTAIN would not help the petitioner. In fact the petitioner's book of PRISONERS- RIGHTS LITIGATION MANUAL was taken from him and not returned. 'Theft by Seizure' (USCA 4). No property sheet was issued.

    Even though the courts are suppose to construe pleadings of a pro-se litigant liberally in his case the courts have bar my cases on procedural error and never have considered the merits of the case. A pro-se Litigant pleadings to be held to less stringent standards than formal pleadings

drafted by lawyers. These requirements are from the US SUPREME COURT and Sister courts dealing with pro se litigants. BOAG v McDOUGALL, 454 US 364 (1982); HAINES v KERNER, 404 US 519 (1972); HOUSTON v Lack, supra; ARON v US 291 F3d 1124 (11 CIR 2002); US v MAJORS 329 F3d 791 (5 CIR 2003); WOLFF v McDONNELL, 418 US 539 (1974); JOHNSON v AVERY, 393 US 483 (1969) and many, many others. (HAINES @ 520-21)

The court should also take note that do to the petitioner being outside the jurisdiction of the laws of ALABAMA and the 11th CIRCUIT, and is denied access to an adequate Law Library that does not have a copy of the PRISONERS' Rights Handbooks or the AEDPA from the prison Law Library was a state created impediment that tolled the Limitation Period. EGERTON v COCKRELL, 334 F3d 433 (5 CIR 2003) "The absence of all Federal [and ALABAMA state] materials from a prison Law Library (without making some alternate arrangements to appraise prisoners of their rights) violates the First Amendment right, through the Fourteenth Amendment right, to access to the courts."

FROM MAY 3rd, 2006 TO MAY 15th, 2006 the petitioner for 12 1/2 days was without his legal materials, stamps, envelopes and stationary. The private prison selectively uses the ALDOC AR 403 regulations, however, they chose not to use the SOP safeguards of WOLFF, MEACHEM, or Heck to punish inmates, but do not forward the due process SOPs like ANNEX E to SOP # 5-70, PLACEMENT

4

in ADMINISTRATIVE SEGREGATION. The petitioner told them they were in violation of due process. He informed the Law Library Supervisor of her duties to inmates housed in SEGREGATION. NO LAW CLERK ever came to the segregation UNIT (SWAMP) Petitioner notified every one from the wardens by requests and greivances only, but to every officer he came in contact with of the violations. Charges were dismissed due to due process violations on May 15th, 2006 at appox 1:15 PM. At appox 8:05 PM, the petitioner returned back to BAYOU B' B£D 3. Some of the petitioner's materials were not returned to him to include canteen items and razors from the facility. From now on the petitioner is demanding the SOP on Shake downs. Property sheets for all items taken including anything the officer considers to be contraband. USCA 4th. Theft by seizure SOP.

 The petitioner received appox. 1000 pages of papers from the Honorable Asst. Attorney General CHAPPELL, but still not all the record was received. Without the complete record the petitioner can only allege what was done in his case. For instance fact that not all essential element were given to the petit jury. The petitioner's belief is the same occured to the GRAND Jury. For instance the word Lewd is a scienter essential element that must be alleged in the indictment charging a person with a statutory crime. <u>Ex parte Harper</u>,

5

594 So 2d 1181 (AL 1991)(holding that "knowingly" was an essential element of the offense of the unlawful distribution of a controlled substance and must be alleged in the indictment.) See Ex parte Lewis, 811 So 2d 485 (AL 2001).

The term 'lewd' is the difference between a lawful act and an unlawful act. As the petitioner had stated in his Rule 32 without the definition statue to define the elements then no mental culpability state was established. It is not against the law to be nude or a nudist or in artistic nudes or in photographs. In fact it is a First AMENDMENT RIGHT of freedom according to the US CONSTITUTIONAL LAW. It is not against the law to be 'merely naked' in a picture either with or without an erection at any age. According to laws other than ALABAMA an erection does not prove sexual activities or coyness. Neither is it 'lewd'. According to FEDERAL, STATE, and US Supreme Court decisions outlined in the Petitioner's Rule 32. No definitions were established for the sexual abuse charges either. And 'failure to allege an essential element of the charged offense is a jurisdictional defect that renders the indictment void,' Ex parte Lewis, supra. Since the court did not include CODE/1975 § 13A-12-190 or § 13A-6-60 in the indictment or its definitions of the elements for which is a constitutional requirement then the jurors beleived that nudity in ALABAMA was illegal. By not clarifying the simple words used in all 33 counts of

6

the statues in the indictment. The indictment must include all essential elements to be sufficant to charge anyone with any offense. See also US v BOBO, 344 F3d 1076 (11 CIR 2003); JONES v US, 119 SCT 1215 (1999); US v MORROW, 177 F3d 272 (5 CIR 1999) Elements of an offense must be charged in the indictment. If jury instruction constructively amends the indictment, reviewing court reverse conviction. If defendant is convicted on evidence not contained in the indictment, then the consritutional right to a grand jury is violated. If the difference of a lawful act and an unlawful act is the meaning of a word then that word must be defined by law. It must be submitted to the jury as it is defined. A defect in the indictment is jurisdictional and can not be cured by a "Bill of Particulars."

A statue can be Constitutionally challenged on its face. The Supremacy clause trumps all state laws. Constitutional law trumps state statues.

BRADY MATERIAL ISSUES.

The petitioner never got discovery of any Brady material until April 20th, 2006 from ASST. ATTORNEY GENERAL CHAPPELL. However, petitioner still beleives that the GRAND JURY never received the true meaning of the statues by way of the definition statues Code/1975 § 13A-6-190 and § 13A-12-190. If true then the indictment and convictions are invalid by law.

In GREEN v STATE, 746 So 2d 438, 439 (AC 2001) The ALABAMA SUPREME COURT deemed that if any stage of a trial or appeal that is done

7

by different attorneys then they must have have all parts of the case in order to affect effective assistants of counsel to their client. The transcript must be certified complete with all relevant facts of the case at hand. GREEN's case was like the petitioner's charges of sexual abuse 1st. His appealant counsel did not research any relevant cases nor did she show loyalty to her client and his wishes. DUNCAN v ALABAMA, 881 F2d 1013, 1016 (11 cir 1989). How could she have known what had happen in all stages of her client's case? She did the same thing to TURNER v STATE, 854 So 2d 162 (AL CR AP 2002). Opening/closing commits, pre-trial hearings, Motions filed but not acted on, and all other factors that can be prejudice to a defendant or proof of guilt or innocense has to be made part of the official record. This is to prevent miscarriage of justice. The sheriff's department also seized more materials after the petitioner was prenoused guilty to include his briefcase, law work, and his home computer from which he used to file his motions.

    CODE/1975 §§ 13A-12-190, et, seq carries a statue of of §13A-12-198. This statue was supposed to be used instead of the "fruits of the CRIME" HABEAS. By not using this statue they created judical error and misconduct. My home was not 134 Court St, Prattville, AL. That is the DA's offices. They intentionally used that address so that HE would not get notice of any judical notice in the seizure case CV-01-214. ON JULY, 29th

8

2002. Petitioner could not be present at non-jury trial of his belongings, because he was in handcuffs in the jury room at the other end of the courthouse. This violates the 7th and 14th CONST. AMEND of THE US Constitution. Alone petitioner had over $10,000 in commercial software as a programmer. The CONSTITUTION states any amount over 20 dollars shall be decided by a jury. These illegal acts continued in the Chilton County Jail. Petitioner had no attorney on case CV-01-214 appeal eventhough he request and was granted an appeal the petitioner had no access to a law library, notary service, or law forms to affect an appeal. Petitioner was held from June, 28, 2002 to December 4th, 2002 in County jail with no way to protect his property. Petitioner even filed a 42 USC §1983 with this court. Edwards v. CHILTON COUNTY JAIL, et,al,, CV-03-T-558-N. The errors amounted to the dismissal of the case. Later petitioner found out he was right on one issue according to case law CHILTON COUNTY JAIL was considered a "person", similar cases in other courts. Also 42 USC § 1997.

If my witnesses were called to court as the judge had stated on June 24th, 2002 jury selection the outcome would have been very much different. FOR INSTANCES MARY in trailer 22, next door to the BRYANT family had talked to CHEEK & PRADY about what was happening in that trailer. Later I found out Prady was a personal friend of Eugene BRYANT's employer.

9

My appeals attorney was kept intentionally blinded by the DA and court. After all, the petitioner's case was used by them in an election year campaign. 4 article in the CLANTON ADVERTIZER, 2 articles in the CHILTON COUNTY NEWS, and then there was the TV shots and other newspaper articles. The petitioner's sister even attempted to send him the articles but they were rejected by the ALABAMA DEPARTMENT of Corrections. Excuse was could have encited a riot and personal safety hazard.

At least the petitioner did find out that April Kromer the one who to the petitioner as ROBERT Scott Edwards to Bo PRADY by name alone lost her abused children and later arrested for 3 Robberies and 8 Burglaries in 3 counties. Donald Wuthe who testified against him for a lesser sentence (a due process violation due to the fact that his deal was not told to the defendant or jury.) went to prison for various charges including sexual crimes. The children involved in the case were finally taken from the abusive parents, despite what the so called investigators beleived to be lies. And now the petitioner has the proof he has sought for nearly 5 years. The files were deleted internet pop-ups of the porn and nudist from the petitioner's temporary internet files. According to the US Supreme court and federal Laws. Pop-ups cannot be used to convict anyone.
→ there was no way to control pop-ups. I wish I had access to a law library to quote this

10

→ Controlling pop-ups slowed computers down to much in 2000 and 2001 on large downloads like my SMC business.

very important case that is relevant to his innocense. But the petitioner never thought he would be held in another unconstitutionally ran private for profit prison agoin or he would have written the case law down in his notes. But until he received the exhibits he did not know the source of the photos and did not want to risk a claim of frivious by the court without having proof. Judge Reynolds must not have given even Ms Huntley the exhibits, because 90% of the paper exhibits were not pictures but statements and computer data. I wonder if this is fact or not. If it is fact then the court COMMITTED PROSECUTOR MIS-CONDUCT in order to maintain the convictions. Where is the justice in that? Still the petitioner does not understand why if she is a professional attorney then why did she not do any research. Eppecially on cases similar to mine in appeals courts or Federal courts or the SUPREME COURTS. There were plenty of them being decided or had been decided to look at. Even GREEN, supra would have helped and why did she only attack my pro-se status? That reminds me Judge Reynolds tried another unconstitutional act on Sept 19, 2002. He reversed my pro-se status or at least thought he could, but even at that point I knew he did not have any authority to do so. In fact my mental status was determine to be sound. The reason I did not want any attorney from that district I fired KARN 3 times. See POWELL v ALABAMA, 287 US 45 (1932).

11

I had a fundamental right to counsel of my choice, even an appointed attorney. In July 2001, the petitioner (I) approached DAVID KARN at his Law Dam office his bias opinion of my lifestyle is why/did not want someone to represent him in court. Karn would have thrown the case. In fact the record even states he had information on the case, no file, and he as the ATTORNEY GENERAL committed silent on the record except to introduce himself.

The petitioner Constitutional Right to an OPEN and PUBLIC trial was kept from him. In fact an officer was placed at the entrance to the court room to turn away anyone who wanted to attend the trial. The court by law could not order a closed trial, but they did and even enforced it. In fact at each stage of the case you will find out the petitioner case was last on the docket. The petitioner got to witness all types of misjustice such as an unemployed man put in jail for not being able to pay alimony and child support. Later at the jail the petitioner discovered that the man had never had an ability to pay hearing and was unemployed due to just getting out of hospital after a car wreak. Interesting how much one County is corrupted by the Law enforcers.

The tape recording would have shown the truth of the courts corruptions as in <u>HANSEN v US</u> 956 F2d 245 (11 cir 1992) did. It would show just how the court behaved because of the nature of the alleged crimes.

12

The confrontational clause was violated multiple times by the court to include unsworn video tapes and witnesses on the tapes not present in the court. The petitioner had no prior opportunity to cross-examine the witnesses, but yet "Testimonial Hearsay" was allow in the record. See CRAWFORD v WASHINGTON, 124 SCT 1354 (2004) In fact while the prosecution was allowed to investigate the petitioner's witnesses. The petitioner was not allowed to interview the state's witnesses against him. When the CHILD PROTECT SERVICE social worker interviewed JOSHUA BRYANT she was leading him on what to say. I was denied off the record to cross-examine her. The judge claimed that she was not on trial and is not a suspect to be questioned and that it would be a waste of the courts valuable time just as this trial is. If I had my microrecorder then it would be part of the true actuate record. But Reynolds violated The SUNSHINE ACT. His actions were similar to Hansen's case. By sending all the videos to the jury room and not allowing the cross-examination of all witnesses for or against the accused then miscarriage of justice has occured by allowing the video in the jury room then a chance of live testimony has occured again. See U.S. v. BINDER, 769 F2d 595, 600-01 (9 CIR 1985)

   Why did not the appeals attorney not bring forth relevant cases that were on going or decided while I was on direct appeal on my case. BAKER v BARBO, supra.

13

Even now the petitioner's Prisoner's Rights activities is still helping him show other inmates how the judicial system of ALABAMA has wrongfully convicted them. For instance when he was researching Double Jeopardy he came accross inmates with consecutive sentences of murder and capital murder involving only one victim. When they were made aware of the violations of their right under double jeopardy they went back to court to have all but one removed.

Between January 2003 and April 2006 over 3000 inmates were convicted of Code /1975 §13A-8-4. theft of property 2nd degree. Problem was the crime did not exist See Act 2006-297 for details.

→ Then of course there are 1000s among 1000s of illegal double convictions of BURGLARY and Theft of property for which are Double Jeopardy, but no law enforcer cares about violating the laws are they are interested in is convictions as notches on a gun.

Is that not one of the most valued part of being a prosecutor is not to just win a case but to have justice served.

ALABAMA does not beleive in justice.

One of the reasons I have joined in and have wrote groups in both the private and the legal scheme of justice to help correct our misconseption of the laws. This I will be committed to for life.

Those above examples show why Judge Reynolds erred in my case. Double jeopardy applies to multiple victims occurring at
→ the same time. Called OWENS; ALABAM MINORITY

14

→ Mckelvey v State, 630 So2d 61 after Exparte Mckelvey @56 (AL'92
Exparte Rice, 766 So2d 143 (AL 1999)

<u>STATUS</u>: A single criminal act injuring multiple persons constitutes only a single offense. 16 Cum. Law. Rev. 85, 105-06 (1985)

Counts 2 and 3 are the same statue and are Double Jeopardy.

Even now the petitioner is being subjected to violations of the Ex Post Facto CLAUSE. His initial arrest date was 5-18-01 and any changes in laws or policies that are harsher or non existing prior to 5-18-01 can not be used against the petitioner. See, <u>STOGNER V CALIFORNIA</u>, 123 SCT 2446 (2003

"A revision of the statue of Limitations permitting prosecution for sex-related child abuse after the prior limitation prior has expired, if the prosection is brought within o year of the victim's report to the police, violates Ex Post Facto Clause, It is a new law that inflicts punishment on people who under the old law were not subject to punishment."

Since the petitioner's arrest the governor has enacted laws that violates Ex Post Facto to all PRISONERS to include the petitioner. The denial of C.I.T. under Code/1975§14-9-

→ 41 is one example. The new Double Jeopardy Amendment of the ALABAMA Constitution 1901 and ACT 2006-112 are two other examples.

The ALABAMA Board of Pardon and Paroles and the ALABAMA Dep't of CORRECTIONS are appling such Ex Post Factos on all inmates not just those labeled sex offenders and this is an another form of due process and equal protection of the laws violations of our RIGHTS.

ALABAMA Laws are never checked for violations of Constitutional until it is to late.

15

→ ACT 2005-301 (USCA 14 violation)

## PRAYER FOR RELIEF

The petitioner now concludes his brief with this prayer to this Honorable Court and to the Honorable Jean-Paul Chappell, for Honorable CHAPPELL knows more about what the petitioner has been involved with while in prison and not only his case but also to help his fellow inmates. In fact, the petitioner time in lock-up was due to an illegal memo by Major Riley to all prisoners in this unconstitutionally ran prison. I bet you did not know the latest memo is on the Law Library and NOTARY SERVICE. Here an inmate has to turn anything in on MONDAY to be reviewed prior to be notarized on that TUESDAY. This is to make sure nothing about how the prison is ran can be sent out to court. In other words you file a lawsuit you go to lock-up (SWAMP).

5-24-06

The petitioner attempted to file a 42 USC § 1997 with the ATTORNEY GENERAL of ALABAMA, LOUISIANA, and The USDOJ. (C) in WASHINGTON, DC for that he spent 12½ days in lockup for reporting the facts of our conditions. NO LAW WORK, STAMPS, ENVELOPES, phone call, or stationary was allowed. The

H  petitioner was even put in solitary confinement and to this day has not seen the WARDEN BULL AND The ALABAMA MONITOR. All the petitioner wants is justice of the laws.

Respectfully summited this the 29th Day of ~~2006~~, MAY, 2006.

Robert Adams
Pro-se

16

(C) 42 USC § 1997d
H   ALDOC AR403 ANNEX E to SOP # 5-70

Certificate of Service

I, Robert Rex Edwards certify that on the 29th day of May, 2006. That I the petitioner of this court file has sent a copy to the Honorable Jean-Paul Chappell the Assistant Attorney General of Alabama. I also certify that the orginal is sent to the US Dist. Court for the Middle Dist. of Alabama.

*Robert R Edwards*

pro-se

Robert Rex Edwards
225984; Bay B3
PO Box 650
Pine Prairie, LA
70576-0650

I, Robert Rex Edwards to hereby swear that a 42 USC §1997 will be forth coming not only on his condition of confinement. But also to include how the courts in Alabama have violated Constitional Law by denying indigent inmates their rights to sue for their liberty and thus denying them equal protection of the laws. The petitioner refers to the use of Ex parte Gill, 841 So 2d 1231 (AL 2002) 2002 WL 1398007 to thumps Constitutional Law (west key) 509,850 and Smith v Bennett, 365 US 708, 712 (1961) and related case laws. US v Georgia 156 SCT 877 (2006) Brady violation.

*Robert R Edwards*

17