IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ROBERT REX EDWARDS, )
#225984, )
 )
      PETITIONER, )
 )
VS. ) CIVIL ACTION NO.
 ) 2:06-CV-177-WKW
 )
BILLY MITCHEM, et al., )
 )
      RESPONDENTS. )

## SUPPLEMENTAL ANSWER

Come now the Respondents in the above-styled cause, pursuant to this Court's order (Doc. 21) issued on June 5, 2006, and answer Edwards's amendments as follows:

1. This Court construed that Edwards raised two issues that required a response from the Respondents:

> a. "[A]ny default arising from the failure to raise his claims on direct appeal resulted from ineffective assistance of appellate counsel." (Doc. 21, p. 1)
>
> b. "[H]is lack of access to an adequate law library throughout his incarceration constitutes cause for his procedural defaults." (Doc. 21, p. 1)

2. Edwards failed to properly raise his ineffective assistance of appellate counsel claim, his ground to excuse procedural default in ground "a.", in state

court, and he has failed to demonstrate "cause and prejudice" for failing to properly raise this claim, or that a fundamental miscarriage of justice will result. See Edwards v. Carpenter, 529 U.S. 446, 450-53 (2000) (holding that a habeas petitioner's ground of ineffective assistance of counsel to excuse procedural default of another constitutional claim must have been properly presented to the state court in accordance with state procedures or the ineffective assistance of counsel itself may be procedurally defaulted; if the habeas petitioner defaulted on the ineffective assistance of counsel claim, he must show "cause and prejudice" to excuse defaulting on the ineffective assistance of counsel claim or a "fundamental miscarriage of justice"); Coleman v. Thompson, 501 U.S. 722, 750 (1991) (holding that a habeas petitioner must demonstrate either cause and actual prejudice to excuse the default or prove a fundamental miscarriage of justice requires review of his claims); Murray v. Carrier, 477 U.S. 478, 488-89 (1986) (holding that the ineffective assistance of counsel claim should first be presented to the state courts to exhaust the claim).

    2. Edwards's claim concerning his access to the law library is not sufficient to demonstrate procedural default for failing to properly exhaust his federal claims in state court. Edwards cannot demonstrate prejudice, i.e., that he would have been likely would have been successful on appeal had he properly appealed his federal claims in state court. See generally Strickler v. Greene, 527 U.S. 263, 289 (1999)

(holding that to establish prejudice in the context of a suppression of evidence violation, the habeas petitioner must show that there is a "reasonable probability" that "that the result of the trial would have been different if the suppressed documents had been disclosed to the defense." In the context of Edwards's case, Edwards's must show that there is a "reasonable probability" that he would have been successful on appeal had he properly appealed the denial of his Rule 32 petition.). See also Henderson v. Campbell, 353 F. 3d 880, 892 (11th Cir. 2003) ("To establish 'prejudice,' a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different."). Second, his alleged lack of access to a law library would not be sufficient cause to excuse his procedural default.

### ARGUMENT

3. The first issue raised by Edwards is whether "any default arising from the failure to raise his claims on direct appeal resulted from ineffective assistance of appellate counsel." (Doc. 21, p. 1) Edwards had an opportunity to raise this claim in his Rule 32 petition, but he did not specifically do so. See Arrington v. State, 716 So. 2d 237, 239 (Ala. Crim. App. 1997) (holding that a defendant's first opportunity to raise issues concerning ineffective assistance of appellate counsel is in a Rule 32 petition). Edwards did not allege in the state courts that his appellate counsel was ineffective for not properly raising issues on direct appeal; in his

3

amended Rule 32 petition, he only argued that his appellate attorney was ineffective for failing to give him copies of his court transcripts (Ex. J, C. 64-65), and counsel did not request pre-trial transcripts. (Ex. J, C. 68) Furthermore, he had a duty to raise the issue that his appellate counsel was ineffective for failing to properly raise certain issues on direct appeal at the Rule 32 hearing that he was afforded, but he failed to do so. At the Rule 32 hearing, Edwards only made a vague reference that His Fifth and Sixth Amendment Rights were violated for various reasons "on different things". (Ex. J, R. 6) On appeal, he attempted to raise a more slightly more specific argument that was never presented to the trial court that his appellate attorney was ineffective because she failed to ensure that the appellate record was complete (Ex. K, p. 9, 15); his appellate attorney failed to do her job, and he was forced to accept her service because the jail did not provide access to a law library (Ex. K, p. 23). The Alabama Court of Criminal Appeals concluded that this issue, however, was not preserved for appellate review, because Edwards failed to raise the issue at the Rule 32 hearing that was provided to him. (Ex. M, p. 5) After the Alabama Court of Criminal Appeals affirmed his conviction on August 5, 2005, Edwards did not file an application for rehearing or petition the Supreme Court of Alabama for certiorari review to properly exhaust his claims under O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); see Pruitt v. Jones, 348 F.3d 1355, 1359 (11th Cir. 2003) (holding that O'Sullivan applies to

4

post-conviction remedies). Because Edwards failed to properly raise the issue of ineffective assistance of appellate counsel for not raising direct appeal issues appropriately in the state courts, by:

a. raising this specific issue in his Rule 32 petition; see Arrington, 716 So. 2d at 239 ("An appellant cannot raise an issue on appeal from the denial of a Rule 32 petition which was not raised in the Rule 32 petition.");

b. failing to specifically raise the issue or present any evidence to support the claim at his Rule 32 hearing; see Payne v. State, 791 So. 2d 383, 399 (Ala. Crim. App. 2000) (holding that claims of ineffective assistance of counsel are deemed abandoned when the petitioner failed to present any evidence in support of the claims at the hearing) (opinion on return to remand); (Ex. M, p. 5)

c. failing to apply for rehearing, within 14 days of the issuance of the opinion, as required by Rule 39(c)(1) and 40(c) of the Alabama Rules of Appellate Procedure; which

d. precluded Edwards from filing a petition for writ of certiorari in the Supreme Court of Alabama, he has failed to exhaust the claim in state court, as required under O'Sullivan, and he is procedurally defaulted from returning to state court to litigate the claim that his failure to raise certain issues on direct appeal was due to ineffective assistance of appellate counsel.

5

4. The Supreme Court of the United State held in <u>Edwards</u>, 529 U.S. at 451-52

> [I]neffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim. And we held in <u>Carrier</u> that the principles of comity and federalism that underlie our longstanding exhaustion doctrine-then as now codified in the federal habeas statute, see 28 U.S.C. §§ 2254(b), (c)-require *that* constitutional claim, like others, to be first raised in state court. "[A] claim of ineffective assistance," we said, generally must "be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." <u>Carrier</u>, [477 U.S.] at 489, 106 S.Ct. 2639.

5. The Court continued that based on these "principles of comity and federalism," and the precedent created in <u>O'Sullivan</u> and <u>Coleman</u>, a petitioner must raise the independent claim of ineffective assistance of counsel in the manner prescribed by state law, or the claim could be procedurally defaulted.

> The question raised by the present case is whether <u>Carrier's</u> exhaustion requirement for claims of ineffective assistance asserted as cause is uniquely immune from the procedural-default rule that accompanies the exhaustion requirement in all other contexts-whether, in other words, it suffices that the ineffective-assistance claim was "presented" to the state courts, even though it was not presented in the manner that state law requires. That is not a hard question. An affirmative answer would render <u>Carrier's</u> exhaustion requirement illusory.
>
> We recognized the inseparability of the exhaustion rule and the procedural-default doctrine in <u>Coleman</u>: "In the absence of the independent and adequate state ground doctrine in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court. The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases."

6

> 501 U.S., at 732, 111 S.Ct. 2546. We again considered the interplay between exhaustion and procedural default last Term in O'Sullivan v. Boerckel, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999), concluding that the latter doctrine was necessary to "'protect the integrity' of the federal exhaustion rule." Id., at 848, 119 S.Ct. 1728 (quoting id., at 853, 119 S.Ct. 1728 (STEVENS, J., dissenting)). The purposes of the exhaustion requirement, we said, would be utterly defeated if the prisoner were able to obtain federal habeas review simply by "'letting the time run'" so that state remedies were no longer available. Id., at 848, 119 S.Ct. 1728. Those purposes would be no less frustrated were we to allow federal review to a prisoner who had *presented* his claim to the state court, but in such a manner that the state court could not, consistent with its own procedural rules, have entertained it. In such circumstances, though the prisoner would have "concededly exhausted his state remedies," it could hardly be said that, as comity and federalism require, the State had been given a "*fair* 'opportunity to pass upon [his claims].'" Id., at 854, 119 S.Ct. 1728 (STEVENS, J., dissenting) (emphasis added) (quoting Darr v. Burford, 339 U.S. 200, 204, 70 S.Ct. 587, 94 L.Ed. 761 (1950)).
>
> ...[A]n ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted....

Id. at 452-53 (footnote omitted).

6. Edwards is procedurally defaulted from raising his claim of ineffective assistance of appellate counsel for failing to raise certain issues on direct appeal throughout the Alabama courts by Rule 32.2(d) of the Alabama Rules of Criminal Procedure, which states that:

> Any claim that counsel was ineffective must be raised as soon as practicable, either at trial, on direct appeal, or in the first Rule 32 petition, whichever is applicable. In no event can relief be granted on a claim of ineffective assistance of trial or appellate counsel raised in a successive petition.

7

Edwards had an opportunity to raise this issue in his first Rule 32 petition and at the evidentiary hearing that was granted him, but he failed to do so. He is also precluded from raising this claim of ineffective assistance of appellate counsel by Rule 32.2(c) of the Alabama Rules of Criminal Procedure, because any petition that is now filed would be outside the one-year limitations period, as Edwards's conviction became final in 2003. Edwards also cannot file an application for rehearing or petition the Supreme Court of Alabama for certiorari as the time for filing such requests has long since passed. See Ala. R. App. P. 39(c)(2) and 40(c).

6. The Supreme Court of the United States, however, also held in Edwards, as with other constitutional claims, the federal courts may "excuse[] [the default of the ineffective assistance of counsel claim establishing cause] if the prisoner can satisfy the cause-and-prejudice standard with respect to *that* claim." Id. at 453. See also Culotta v. Mitchem, 2:03-CV-686, 862, 2006 WL 752947, at *3 (M.D. Al. Mar. 22, 2006) ("Unless Culotta can satisfy the *cause and prejudice* standard for his procedurally defaulted ineffective assistance of counsel claim, this claim cannot serve as cause for other procedurally defaulted claims.")

7. The question now becomes, has Edwards established sufficient "cause-and-prejudice" to justify failing to properly raise his ineffective assistance of appellate counsel claim through the state trial and appellate courts? The answer is "No."

8

**Cause and Prejudice Based on His
Alleged Denial of Access to a Law Library**

8. The discussion of whether Edwards's has established "cause and prejudice" to justify his failure for raising his ineffective assistance of appellate counsel claims in the state court dovetails with Edwards's second issue. Edwards's cause for failing exhaust his ineffective assistance of counsel claim appears to be based on his allegation that he was denied access to an adequate law library. Edwards, however, must establish "cause and prejudice" to excuse his procedural default, which he has failed to do.

9. To establish "prejudice," Edwards must be able to establish that "there is at least a reasonable probability that the result of the proceeding would have been different." Henderson, 353 F. 3d at 892. Therefore, Edwards must show that there is a reasonable probability that had he raised the issue of ineffective assistance of appellate counsel in his application for rehearing and in his certiorari petition to the Supreme Court of Alabama that he would have been successful in his appeal. This is highly unlikely, and Edwards cannot establish prejudice. Edwards did not specifically raise the issue in his Rule 32 petition that his appellate counsel failed to properly pursue claims on direct appeal; therefore, the Alabama Court of Criminal Appeals would not have considered it. That court has consistently held that issues that were not raised in the trial court cannot be raised for the first time on appeal from the denial of the Rule 32 petition. See Chambers v. State, 884 So.

9

2d 15, 19 (Ala. Crim. App. 2003); Arrington v. State, 716 So. 2d 237, 239 (Ala. Crim. App. 1997); Whitehead v. State, 593 So. 2d 126, 130 (Ala. Crim. App. 1991); Morrison v. State, 551 So. 2d 435, 437 (Ala. Crim. App. 1989). Furthermore, the court had determined that Edwards failed to specifically argue and present evidence that his appellate attorney was ineffective, which is evident from the Rule 32 hearing. (Ex. J, R. 4-9; Ex. M, p. 5) Therefore, the issue would not have been preserved for appellate review. See Burgess v. State, CR-02-0977, 2005 WL 2402672, at *1 (Ala. Crim. App Nov. 30, 2005) (op. on application for reh'g); Brooks v. State, CR-01-0607, 2005 WL 995416, at *4 (Ala. Crim. App. Apr. 29, 2005); Taylor v. State, CR-02-0706, 2004 WL 1909278, at *19-20 (Ala. Crim. App. Aug. 27, 2004), rev'd on other grounds Ex parte Taylor, No. 1040186, 2005 WL 2403729 (Ala. Sept. 30, 2005); Payne v. State, 791 So. 2d 383, 399 (Ala. Crim. App. 2000) (op. on return to remand) ("Because it appears that Payne did not present evidence at the evidentiary hearing with regard to [certain] claims ... [this Court] conclude[s] that he has abandoned these claims and we will not review them.").

10. Because there is not a reasonable probability that Edwards would have been successful on his ineffective assistance of appellate counsel claim had he presented in his application for rehearing, due to his failure to squarely present the claim in his Rule 32 petition and at the evidentiary hearing he was granted, he

10

cannot demonstrate that this Court should forgive his procedural default. "[A] petitioner may obtain federal review of a procedurally defaulted claim if he can show both 'cause' for the default *and* actual 'prejudice' resulting from the default." Henderson, 353 F.3d at 892 (emphasis added).

11. The Respondents also believe that Edwards has failed to establish "cause" to excuse his procedural default of failing to file an application for rehearing in the Alabama Court of Criminal Appeals following the affirmance of the denial of the Rule 32 petition. His excuse appears to be that he was denied access to the law library. Edwards first complains that he was denied access to the law library in August 2005.

> The petitioner was kept from the law library in August 2005 for his activities in helping fellow inmates. [Two] of them were medical where the officers would not honor their medical pink slips. Light duty and no shave even by clippers. The DOC officials invoked an illegal 'day prior sign in sheet.' The sheet was to be sign starting at 4:45 until the slots were filled. [Five] minute movement varied from 5 p.m. to 5:45 p.m. depending on chow call schedules. The slots were always filled by those already in the law library. The warden and captain would not help the petitioner. In fact, the petitioner's book of Prisoners Rights Litigation Manual was taken from him and not returned. 'Theft by seizure' (USCA 4). No property sheet was issued.

(Doc. 18, p. 3)

12. To demonstrate cause, Edwards must show "that some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). "'To establish 'cause' for

11

procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court.'" Wright v. Hopper, 169 F.3d 695, 703 (11th Cir.1999)." Henderson, 353 F.3d at 892.

13. Even if Edwards's allegations were true, which the Respondents are not conceding, Edwards cannot demonstrate sufficient cause for failing to file his application for rehearing. The Alabama Court of Criminal Appeals's opinion affirming the denial of his Rule 32 petition was issued on August 5, 2005. (Ex. M) His application for rehearing would have been due on August 19, 2005, under Rule 40(c) of the Alabama Rules of Appellate Procedure. First, Edwards does not specify what dates he was prevented from accessing the law library or for how long he was prevented access; he only makes a general allegation that he was prevented access in August 2005. Second, Edwards could have requested additional time from the Alabama Court of Criminal Appeals for filing his application for rehearing, citing his lack of access to the law library. There is nothing preventing the state court from extending the time for filing an application for rehearing or the brief in support of the application; see Ala. R. App. P. 2(b) (stating that the appellate court may for "good cause shown" suspend any of the appellate rules except "an appellate court may not extend the time for taking an appeal, as provided in Rule 4(a)(1); and the supreme court may not extend the time

12

for filing a petition for certiorari to the courts of appeals as provided in Rule 39(b)...."). Furthermore, Edwards had already requested an extension of time to file his reply brief on the grounds that he did not have access to the law library, which the Alabama Court of Criminal Appeals granted. (Ex. P and Q) Therefore, he was aware that he could have requested additional time to file his application and brief in support of on this ground, and, he was aware based on previous experience with the Court of Criminal Appeals that they would have likely granted his request for additional time based on this ground. Third, the Respondents do not believe that the lack of access to a prison law library should have prevented Edwards from, at the very least, filing his application for rehearing. The application need only state "with particularity the points of law or the facts the applicant believes the court overlooked or misapprehended." Ala. R. App. P. 40(b). Based on Edwards's previous detailed filings, the Respondents believe that Edwards could have satisfied this requirement. There is no requirement that the applicant specifically cite caselaw to support his position in the application. Edwards could then have requested additional time to file his brief in support of the petition. Therefore, Edwards's general statement that he was denied access to the law library in August 2005 is insufficient to demonstrate cause for his procedural default.

14. Edwards also complains that he was in administrative segregation, and his "legal materials, stamps, envelopes, and stationary" were taken from him between May 3, 2006 and May 12, 2006. (Doc. 19, p. 4-5) This is absolutely irrelevant concerning his "cause" for procedurally defaulting in state court. By May of 2006, his direct appeal and Rule 32 proceedings had ended, and he had already begun his federal habeas proceedings.

15. Edwards also complains that he did not have access to a law library while in the Chilton County jail between June 28, 2002 and December 24, 2002, and was unable to challenge his civil forfeiture case in CV-01-214. His civil forfeiture case is ancillary to the matters concerning his conviction, and does not have any bearing on whether his conviction is unconstitutional. See e.g., Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States....").

16. Furthermore, during this period of time, Edwards was represented by standby counsel, and an appellate attorney, his access to the courts was not limited in anyway, and this allegation does not establish cause for his failure to raise any of his habeas claims properly in state court. See e.g., Lewis v. Casey, 518 U.S. 343, 351 (1996) (holding that the right to a law library is not a "freestanding" claim, but is grounded in "'meaningful access to the courts...'" [Bounds v.

14

Smith], [430 U.S. 817,] 823, 97 S.Ct. [1491,] 1495 (1977)(internal quotation marks omitted), and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim."

17. Edwards also had over 18 months from December 4, 2002, until June 17, 2004, to timely raise the issue that his counsel was ineffective for failing to raise certain issues on direct appeal; thereby, raising his "cause" of ineffective assistance of appellate counsel in the state courts. Furthermore, he had nearly an additional two months until the hearing on August 9, 2004, to formulate his argument and present it at the Rule 32 hearing he was granted; therefore, his lack of a law library from June to December 2002, would not establish cause for his failure to raise the ineffective assistance of appellate counsel claim in state courts; thereby allowing it to be properly considered as cause for failing to raise his other constitutional claims. 'Unless [Edwards] can satisfy the *cause and prejudice* standard for his procedurally defaulted ineffective assistance of counsel claim, this claim cannot serve as cause for other procedurally defaulted claims." Culotta, 2006 WL 752947, at *3.

16. Consequently, Edwards cannot demonstrate "cause and prejudice" for his failure, during the state post-conviction process, to properly present his ineffective assistance of appellate counsel claim as justification for excusing his

15

procedural default for failing to properly present his habeas claims throughout the appellate state courts as required under O'Sullivan, 526 U.S. at 845. Therefore, this Court should not address the merits of Edwards's habeas claims, but conclude that he has not demonstrated sufficient "cause and prejudice" to overcome his procedural defaults.

### EXHIBIT LIST

Exhibit P – Request for 7 day extension to file rebuttal brief.

Exhibit Q – Granting of the extension.

Respectfully submitted,

s/Jean-Paul M. Chappell (CHA073)
Jean-Paul M. Chappell (CHA073)
Office of the Attorney General
Alabama State House
11 South Union
Montgomery, AL  36130-0152
Telephone: (334) 242-7300
Fax:  (334) 242-2848
E-Mail: jchappell@ago.state.al.us

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of June, 2006, I filed the foregoing with the Clerk of the Court (including exhibits) and I hereby certify that I have mailed (including exhibits) by United States Postal Service the document to the following non-CM/ECF participants: <u>Robert Rex Edwards, AIS#225984, Pine Prairie Correctional Facility, P.O. Box 650, Pine Prairie, LA  70576</u>.

                                        Respectfully submitted,

                                        s/Jean-Paul M. Chappell (CHA073)
                                        Jean-Paul M. Chappell (CHA073)
                                        Office of the Attorney General
                                        Alabama State House
                                        11 South Union Street
                                        Montgomery, AL  36130-0152
                                        Telephone: (334) 242-7300
                                        Fax: (334) 242-2848
                                        E-mail: jchappell@ago.statel.al.us

147368/92252-001