IN THE DISTRICT COURT OF THE UNITED
STATES FOR THE MIDDLE DISTRICT OF
ALABAMA – NORTHERN DIVISION

ROBERT REX EDWARDS,
#225984    petitioner

v.

BILLY MITCHEM, et.al.,
    RESPONDANT.

CIVIL ACTION
2:06 CV 177 - WFW

2006 JUL 14

MOTION IN REQUEST OF JUDICAL CLARITY

Now comes, the petitioner, to this HONORABLE COURT WITH THIS MOTION.

Petitioner on APRIL 20, 2006 received BRADY material evidence that shows the state with intent did intentionally tampered with evidence 'in order to win a case'. This is another SUPREMACY CLAUSE VIOLATION that 'SHALL' not be done. ALABAMA RULES OF COURT and ALABAMA RULES OF CRIMINAL PROCEDURE RULE 16, et.seq. EVIDENCE that could not be presented on direct appeal or in any POST-CONVICTION REMEDY TO THE COURTS BECAUSE OF A JUDICAL ORDER BY THE CIRCUIT COURT JUDGE, SIBLEY G REYNOLDS. 'EXHIBITS are pornographic and not to be released.'

... this was a 'smoke screen' by the court to cover-up the mis-

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE MIDDLE DISTRICT OF ALABAMA - NORTHERN DIVISION

ROBERT REX EDWARDS,
#225984  petitioner

v

BILLY MITCHEM, et.al.,
      RESPONDANT.

CIVIL ACTION
2:06 CV 177 - WFW

## MOTION IN REQUEST OF JUDICAL CLARITY

Now comes, the petitioner, to this HONORABLE COURT WITH THIS MOTION.

Petitioner on APRIL 20, 2006 received BRADY material evidence that shows the state with intent did intentionally tampered with evidence "in order to win a case." This is another SUPREMACY CLAUSE VIOLATION that "SHALL" not be done. ALABAMA RULES OF COURT and ALABAMA RULES OF CRIMINAL PROCEDURE RULE 16, et.seq. Evidence that could not be presented on direct appeal or in any POST-CONVICTION REMEDY TO THE COURTS BECAUSE OF A JUDICAL ORDER BY THE CIRCUIT COURT JUDGE, SIBLEY G. REYNOLDS. "Exhibits are pornographic and not to be released."

The petitioner contends this was a "smoke

The petitioner, contends the court has intact created an EX POST FACTO CONDITION when they undeleted the files and tried to apply them to a much later event. JUST as EX POST FACTO LAWS have created the primary reason for PRISON overcrowding. This type of EX POST FACTO at least in this instant case violates the "CHAIN OF CUSTODY" and "TESTIMONY OF EVIDENCE" presented at the petitioner's trial. THIS EVIDENCE was intentionally kept from the petitioner by the court throughout his case at every stage while on the state level, ONLY after going to the Federal level did the petitioner retain what he has sought since AUGUST 10, 2001 and can be proven by numerous DISCOVERY MOTIONS to the courts.

"The purpose for establishing a chain of custody is to show that the evidence has not been tampered with." SMITH v STATE, 513 So 2d 1036 (AL CR AP 1987).

With that in consideration then McCormick on EVIDENCE § 212 AT 667 (E. Cleary 3rd Ed (1984). "It will be readily apparent that when real evidence is offered an adequate foundation for admission will require testimony

3

First that the object offered is the object which was involved in the incident, and futher that the condition of the object is substantially unchanged. If the offered item possesses charactistics which are fairly unique and readily identifiable, and if the substance of which the item was composed of is relatively impeevious to change, the trial court is viewed as having broad discretion to admit merely on the basis of testimony that the item is the one in question and is in a substantially unchanged condition."

Because the District Attorney continued to disallow Discovery to the petitioner and the same knew the petitioner's background in computers. CONCLUSION, comes, to mind that by disallowing the BRADY material in order to win a case during an election year. The District Attorney, RANDALL HOUSTON profitted from the conviction in form of being re-elected.

This allegation can be proven in the newspapers of the CLANTON ADVERTIZER and CHILTON COUNTY NEWS. And picked up by state papers on WWW.AL.COM. Not available to the petitioner.

Since his appeal's attorney (appointed) never questioned the judge's authority to disallow BRADY material evidence then the question is: Was she part of the Conspiracy of the "JUDICAL FRAUD" in this instant case?

4

JUDICAL clarity is also required on the fact the ATTORNEY GENERAL'S OFFICE CONTINUES To try to enforce EX POST FACTO LAWS on the petitioner's case. See, STOGNER v CALIFORNIA, 123 SCT 2446 (2003), held that, "an Ex POST FACTO LAW is that, include[s] a new law that inflicts punishment where the parties was not, by law, liable to any punishment."

ANY STATUE, POLICY, RULE, REGULATION, or such are considered EX POST FACTO LAW when used to disadvanage a person for an earlier offense that post-dates that offense. Just as trying to execute a person under the age of 18 in violation of the SUPREMACY CLAUSE of the US SUPREME COURT for which was coined 'JUDICAL MURDER' After the CIVIL WAR of the UNITED STATES.

My alleged crime occured the first week of May, 2001. Infact May 4th, 2001. The files are EX POST FACTO since they were deleted prior to that time frame. And so are the Laws that disadvanage the petitioner from the date of the offense. USCA ART I §10. USCA ART I §9. USCA CONST AMEND 14.

5

ALABAMA CONST 1901 ART I §§ 13 and 29.

The petitioner has let the 'CAT OUT OF BAG' or THE 'GENIE OUT OF THE BOTTLE' on EX POST FACTO LAWS. SINCE 2003 the petitioner knew the secret of PRISON OVER-CROWDING, but had tried to allow the State time to correct itself. Instead of obeying the WARNING the state got worst. NOW all will be released including those I put in prison myself. Or kept in prison after they RAPED those who could not protect themselves. I did not want that to happen, but now it has to be done to correct ALABAMA'S LEADERSHIP.

### CONCLUSION

This court has the power to not only protect its citizens, but also insure their safety. However, this will not be done by 'Misconduct of JUDICAL PROCEEDINGS.' Throughout my case hardly NONE of my alleged facts were objected too. By law the COURT MUST and SHALL TAKE ALLEGED FACT AS TRUE that was not objected to by the STATE.

See, O'NEAL v MCANINCH, 513 US 432, 130 LEd 2d 947, 115 SCT 992 (1995).

I, ROBERT REX EDWARDS, am the Petitioner in this cause and motion and declare under penalty of perjury that all facts presented are true to the best of my knowledge and are true and correct. So held with witness to my GOD, I SWEAR AS TRUE. AND I do so on this the 4th DAY of JULY, 2006.

PRO-SE.

Robert R Edwards
225984; BAYOU B3
PO BOX 650
PINE PRAIRIE, LA
70576-0650

## CERTIFICATE OF SERVICE

I, hereby, place this motion pre-paid to the following and on that date noted.

| PLACE | DATE |
|---|---|
| US DC MID AL | 7-JULY-2006 |
| ATTORNEY GENERAL | 7-JULY-2006 |
| FREE-WORLD SAFE HOUSE | 7-JULY-2006 |
| FILE. | 4-JULY-2006 |
| NEWS PAPER. | 7-JULY-2006 |

NOTE: Received from Court 3-JULY 2006 8:30 PM.

NOTE: This is not the answer to the ATTORNEY GENERAL'S SUPPLEMENTAL ANSWER of 30 JUNE 2006 rec'd

DONE SO PRE-PAID BY MAIL

Robert R Edwards