IN THE UNITED STATES DISTRICT COURT
For the Middle District of Alabama,
Northern Division.

RECEIVED
2006 JUL 31 A 10: 12
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

ROBERT REX EDWARDS,
#225984       petitioner,

v

BILLY MITCHEM, et.al.,
          respondant.

CIVIL ACTION
2:06 CV 177 WFW

Request for Enhancement of Time.

Now comes, the petitioner, to this Honorable Court for an extention of time due to these relevant facts.

Petitioner, on 7-13-06 received a Legal Letter from the US DISTRICT COURT - Western District of Louisiana. (USDC WD LA). Upon arrival of the letter, Lt. Judy Belton called the petitioner to the CAPTAIN'S OFFICE. The petitioner was once again placed in Segregation. Despite Warden S. Bullard telling Lt Judy Belton, she could not do that about 3 hours earlier. She waited until the ALABAMA Monitor Left.

The petitioner was challenging the way

prisoners are treated in segregation and against ALDOC policies, rules, and regulations. The ALDOC is kept in the dark about this private prison by fear tactics. The conditions of confinement in the SWAMP (SEG) is beyond belief and violates all Constitutional Laws established by the Courts on the subject. ALDOC ANNEX E to Sop 403 #.5-7©. <u>PLACEMENT in Administrative Segregation.</u> calls for one (1) phone call or if the prisoner needs to call at a later time then, it will be indicated on the form. Upon initial placement the prisoner is to secure any envelopes, stamps, stationary and legal materials needed for the prisoner will not be allowed into the property for (60) sixty days. All denied by this for profit private prison.

   The petitioner's fellow prisoners went to the CAPTAIN'S OFFICE to get him released due to the retalitory actions toward the petitioner. Petitioner never even got to hold his legal letter or even read it.

   The petitioner's AFFIRMATIVE RIGHTS were once again violated, once again.

The petitioner was released on 7/26/06 due to arriving INS detainees.

The petitioner called his sister upon his release and found out his Commissioner Mr. RICHARD ALLEN was coming to see him.

The petitioner filed another complaint with the US DC WD LA and has asked for an investigation by the US ATTORNEY and the US MARSHALL for felony charges in violation of their authority. Additional charges are also alleged in his complaint.

The petitioner found out that the officers once again took property of several items as contraband without the due process guidelines. The property was not and is not contraband. In fact this facility refers to envelopes and stamps as contraband in the mail. They do not return it, they keep it. Like they do cash and in fact cash the stamps in. LCS HANDBOOK POLICY and Warden Viator's memo. The property taken from the petitioner was his BIBLE, CARBON PAPER to make copies of his legal work, his legal letter from the US DC WD LA,

3

envelopes, notepad and 4 PRISON LEGAL NEW MAGAZINES (PLN v Haley, CV 99-D-486-N (MD AL 2000)), four (4) folders of legal materials on prisoners' issues he was working on. PLUS (1) one watch battery. ALL of which are ALDOC AUTHORIZED ITEMS.

ALDOC guidelines require all property inventories to be written and to be done in front of the prisoner, to prevent theft.

### Retaliation

"The First Amendment prohibits jail and prison officials from retaliating against inmates who report complaints, file greivances or file lawsuits.

Retaliation can take many forms: e.g. Refusing to provide hygiene materials. Reading or interferring with an inmate's legal papers, placing an inmate in segreyation or poor lighting conditions, transferring an inmate to a different cell of different prison, threats even assaults."
CRAWFORD-EL v BRITTON, 523 US 574 ( )
Penrod v Zavaras, 94 F3d 1399 (10 cir 1996)
Williams v DOC, 208 F3d 681 (8 cir 2000)

4

Babcock v White, 102 F3d 267 (7 Cir 1996)
Allah v Severing 222 F3d 220, 224 (3 Cir 2000)

Sandin v Conner 515 US 472 (1995)
"observing that deprivation of Liberty are "so severe in kind or degree (or so removed from the oryinal terms of confinement)" that they require due process regardless of state Law." (USCA Const Amend 1, 8, 14)

42 USC § 1997d
No person reporting conditions of confinement which may constitute a violation under this subchapter shall not be subjected retaliation in any matter for so reporting.

Windberger v Bracknell, 869 F2d 1467 (11 Cir 1989) No 88-7373.
Civil Rights West Key 13, 12 (b)
"Allegations by prisoner that he was disciplined because he filed several greivances in the past was an allegation of punishment for exercising of his First Amendment Right to freedom of speech and right for redress of greivances, even

5

if inmate had no Constitutional right to greivance procedure. (USCA Cons Amend 1,14)

The petitioner knew this would happen in 2003 the petitioner also was in a private for profit prison in Mississippi.

The petitioner now has to hand copy all copies without the CARBON PAPER.

The petitioner prays to this Honorable Court to extend his time due to these circumstances.

This is why the petitioner wanted a pliminary injunction or TRO. If the court had ordered the OFFICERS to follow Constitutional Law and federal protocal this would have never happened.

The petitioner swears on an oath of penalty of perjury that all statements are true and done so on this the 28th Day of July, 2006,

pro-se

Robert A. Edwards
ROBERT REX EDWARDS
225984, Bayou B3
PO Box 650
Pine Prairie, LA
70576-0650

6

## CERTIFICATE OF SERVICE

I, certify that, I have served a copy of this Request to the US DISTRICT COURT for the Middle District of ALABAMA, and the Honorable Assistant ATTORNEY GENERAL Jean-Paul CHAPPELL, By placing in the Institutional Mail-Box postage pre-paid on this the 28th Day of JULY, 2006.

Robert P. Edward
pro-se

One Last minute question. The petitioner sent the motion on the 7th day of JULY, 2006. The day after he bought 30 stamps. Why did it ~~kybe~~ get marked filed on July 17th 2006? Other inmates are also reporting delays or post-marks on all mail. The petitioner is trying to find out now what they are doing to our mail. The petitioner has sent letter to Layfayette Post Office GEN for answers.

Robert P. Edmun