IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT REX EDWARDS, #225984, | ) ) ) |
| PETITIONER, | ) ) ) |
| VS. | ) CIVIL ACTION NO. ) 2:06-CV-177-WKW ) |
| BILLY MITCHEM, et al., | ) ) ) |
| RESPONDENTS. | ) |

**SUPPLEMENTAL ANSWER TO EDWARDS'S
MOTION FOR JUDICIAL CLARITY**

Come now the Respondents in the above-styled cause, pursuant to this Court's order (Doc. 28) issued on July 17, 2006, and answer Edwards's amendment as follows:

1. As best Respondents can ascertain, Edwards raised the following issue concerning an alleged Brady[1] violation:

> a. The trial court committed a Brady violation by refusing to give back to Edwards his child pornography, which would have showed that Edwards had deleted the material from his hard drive before the police found it on his computer. (Doc. 27, p. 2-4) (Note, if this is

---

[1] Brady v. Maryland, 373 U.S. 83 (1963).

not Edwards's claim, the Respondents request a more definite statement of Edwards's Brady claim.)

2. This issue is not exhausted, but it is procedurally defaulted under O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999), because Edwards failed to raise this claim in the state's highest court, the Supreme Court of Alabama. See also Smith v. Jones, 256 F.3d 1135, 1140-41 (11th Cir. 2001) (requiring presentation of claims to the Supreme Court of Alabama for discretionary review to exhaust the claims under O'Sullivan).

3. On direct appeal from his convictions, Edwards only raised the issue that his conviction should be overturned because the trial court failed to follow the guidelines set out in Faretta v. California, 422 U.S. 806 (1975), before allowing Edwards to represent himself at trial. (Doc. 13, Ex. B, p. 9-11) Edwards failed to file a timely application for rehearing, which is a prerequisite for certiorari review in the Supreme Court of Alabama. See Ala. R. App. P. 39(c)(1) and 40(d)(1). The Supreme Court of Alabama struck his petition for certiorari review for failing to comply with Rule 39(c)(1). (Ex. I) Consequently, Edwards's Brady claim was not raised in the state's highest court on direct appeal.

4. Edwards filed a Rule 32 state post-conviction petition. In his petition, he argued that the State failed to give him copies of the pornographic pictures, and he also complained that the failure of the State to turn over the child pornography to

2

him violated Brady. (Doc. 13, Ex. J, C. 15-16) The trial court granted Edwards an evidentiary hearing on his Rule 32 petition, but Edwards failed to raise his Brady claim at the evidentiary hearing. (Doc. 13, Ex. J, R. 4-7) The trial court reduced Edwards's 30 counts of possession of child pornography to a single count, but his other convictions for production of obscene matter containing a child under 17, and sexual abuse in the first degree, remained. (Doc. 13, Ex. J, C. 71) On appeal, Edwards did not raise his Brady claim that he presented in his Rule 32 petition. (Ex K, p. iii-vi, 7-22; Ex. M, p. 3-4) Furthermore, he failed to raise the issue in the state's highest court, because Edwards failed to file an application for rehearing or petition the Supreme Court of Alabama for certiorari review. See O'Sullivan, 526 U.S. at 845; Pruitt v. Jones, 348 F.3d 1355, 1359 (11th Cir. 2003) (holding that O'Sullivan applies to state post-conviction proceedings).

5. Edwards would have needed to file his application for rehearing within 14 days from the Alabama Court of Criminal Appeals's decision issued on August 5, 2005. See Ala. R. App. P. 40(c). The time for filing his application for rehearing, which is a prerequisite for certiorari review in the Supreme Court of Alabama has long passed.

> There is no dispute that this state court remedy . . . is no longer available to [Edwards]; the time for [pursuing Edwards's Brady claim] has long passed ... Thus, [Edwards's] failure to present [this] federal habeas claims to the [Alabama courts] in a timely fashion has resulted in a procedural default of th[is] claim[].

3

O'Sullivan, 526 U.S. at 848.

6. Edwards would also be prevented from raising the claim again in state court, under Rule 32.2(b) of the Alabama Rules of Criminal Procedure, because Edwards presented the claim in his first state post-conviction petition. "The court shall not grant relief on a successive petition on the same or similar grounds on behalf of the same petitioner." Ala. R. Crim. P. 32.2(b).

7. He also has not demonstrated either: 1) sufficient cause and prejudice to excuse his procedural default, or 2) that a fundamental miscarriage of justice will result from a failure by the federal courts to review this Brady claim. See Coleman v. Thompson, 501 U.S. 722, 750 (1991); Smith, 256 F.3d at 1138.

8. Consequently, this Court should consider the Brady claim raised in Edwards's recent amendment to be procedurally defaulted, and it should refuse to address the claim on the merits.

Respectfully submitted,

/s/Jean-Paul M. Chappell (CHA073)
Jean-Paul M. Chappell (CHA073)
Office of the Attorney General
Alabama State House
11 South Union
Montgomery, AL 36130-0152
Telephone: (334) 242-7300
Fax: (334) 242-2848
E-Mail: jchappell@ago.state.al.us

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of August, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: <u>Robert Rex Edwards, AIS#225984, Pine Prairie Correctional Facility, P.O. Box 650, Pine Prairie, LA  70576</u>.

                                                    Respectfully submitted,

                                                    s/Jean-Paul M. Chappell (CHA073)
Jean-Paul M. Chappell (CHA073)
Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, AL  36130-0152
Telephone: (334) 242-7300
Fax: (334) 242-2848
E-mail: jchappell@ago.state1.al.us

162392/92252-001