IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Robert Rex EDWARDS,
#225984          Petitioner,

Vs

Billy Mitchem, Warden, et. al.,
          Respondent.

Civil Action Number:
2:06 – CV – 177

For Chilton County
CC-2001-000244

**MOTION TO LEAVE AND AMEND 42 USC § 2254**
Preview to:
<u>**NOTICE TO FEDERAL COURT -- CONSTITUTIONAL LAWS' SUPREMACY.**</u>

Now comes, the petitioner, to this Honorable Court with this MOTION TO LEAVE AND AMEND his 42 USC § 2254.

With good clause and needed to show this Honorable Court facts recently discovered concerning the 19th Judicial Circuit of Alabama.

The Courts of the 19th Judicial Circuit of Alabama have *intentionally and/or willfully* removed pleadings sent to that once Honorable Court that is now an Anti-Constitutional Relativist Court of Law. Thus not only violating their Alabama Canons of Judicial Ethics but also their oath to the Constitutions of both the United States and their own State of Alabama.

Enclosed please find exhibits that will be presented in the Amendment to this proceedings.

Should this Honorable Court decide not to allow the amendment then the petitioner to this Honorable Court will have no other choice but to file a 42 USC § 552a, Privacy Act and combine its provisions under 42 USC § 1997, et. seq. to have it issue in the United States Department of Justice (USDOJ).

This form of "interloctory appeal" can be put in place under the provisions of an "ABNEY APPEAL" See Brief for details.

## NOTICE TO FEDERAL COURT -- CONSTITUTIONAL LAWS' SUPREMACY.

Now comes, the petitioner, to this Honorable Court with this NOTICE MOTION.

The inferior courts to the *US Supreme Court* must abide by the decisions of the *US SUPREME COURT* concerning the "*contrary to*" and / or "*unreasonable application of*" federal law presented fairly to the state courts.

<u>Williams v Taylor</u>, 529 US 362, 146 L Ed 2d 389, 120 S Ct 1495 (2000) No. 98-8384
"*Contrary to*" the *[US] Supreme Court's* clearly established precedent if the state court (1) applies a rule that contradicts the governing law set forth in the *[US] Supreme Court's* cases; or (2) confronts a set of facts that are materially indistinguishable from a *[US] Supreme Court* decision and nevertheless arrives at a result different from the *[US] Supreme Court's* precedent.
"*Unreasonable application of*" clearly established federal law, as determined by the *[US] Supreme Court* a state court must apply directly. *The [US] Supreme Court's* clearly established precedent if the state court decision correctly identifies the governing legal rule, but applies the rule unreasonably to the facts of a particular prisoner's case.

When the decision comes from a federal court and conflicts with the state decision then the federal decision **overrules** and **trumps** the state courts decision.

The petitioner reminds this Honorable Court that the <u>AFFIRMATIVE RIGHTS – ACCESS TO THE COURTS</u> declares that, "<u>*No Citizen regardless of his transgression is to ever to be legally consigned to the total and unreviewed power of any one branch of Government.*</u>" But look at the way this Honorable Court has done this petitioner's case.

The petitioner was ordered not to cite law, but does that not that consign him to one branch of Government. See, <u>Pardue v State</u>, 571 So 2d 320 (Ala Crim App 1989). The *Attorney General, Don Singleman* argued that *Pardue waived* his right to 13 of the issues raised in his brief simply because he **did not cite legal authorities.** *Pardue* cited <u>Evitts v Lucey</u>, 469 US 387, 83 LED 2d 821, 105 S Ct 830 (1985); 15 ALR 4th 582

42 USC § 2254   2:06-CV-177               2

(1982). "In order to avoid that result, we will not view any argument raised in brief as having being waived on appeal...." The Petitioner's rights were thus violated by the *District Attorney*, the *Attorney General*, the *Judge*, and This *Honorable Court* not to cite authorities as part of his defense. If an attorney does this to his client then his client "*has been denied his Constitutional Right to effective assistance of counsel on appeal.*"

It is well known to this court that in the following still holds to this very day.

<u>Bounds v. Smith</u>, 430 US 817, 825, 97 S CT 1491, 1496 (1977)
>Held " ... that a habeas corpus petition or civil rights complaint need only to set forth facts giving rise to the cause of action, but see, Federal Rules of Procedures 8 (a) (1), (3), it hardly follows that a law library or other such assistance is not essential to frame such documents. It would verge on incompetence for a lawyer to file an initial pleading without researching such issues as jurisdiction, venue, standing, exhaustion of remedies, proper parties' plaintiff and defendant, and types of relief available. Most importantly, of course, a lawyer must know what the law is in order to determine whether a colorable claim exist, and if so, what facts are necessary to state a cause of action.
>   If a lawyer must perform such preliminary research, it is no less vital for a pro-se prisoner. ( A source of current legal information would be particularly important so that prisoners could learn whether they have claim at all, as where new court decisions might apply retroactively to invalidate convictions.) Indeed, despite the "less stringent standards" by which a pro-se pleading is judged, <u>Haines v. Kerner</u>, 404 US 519, 520, 92 S CT 594, 595 (1972).

Then as a PRO-SE defending himself has even more rights to cite authorities since he is not a learned professional in the field of law. One side of the two way street that has access to more resources than any indigent prisoner in the Alabama Department of Corrections can have, even at the petitioner's present prison (his 11th in five (5) years), he is denied his "*State Created Rights*" and "*Liberty Interest*" created by a rule, regulation, guideline, policy or any other type of enforcement as if it is law. <u>Meachum v Fano</u>, 427 US 215, 49 L Ed 2d 451, 96 S Ct 2532, (1976); See, <u>US v Marolf</u>, 173 F 3d

42 USC § 2254   2:06-CV-177                3

1213 (9th Cir 1999), "Internal agency regulations cannot legitimate the violation of constitutional or statutory rights.

The petitioner and those with him are even denied their ALDOC Rules and Regulations such as:

<u>ALDOC AR 412</u> § (II) Law Library and even his mail from his former Louisiana Prison under <u>ALDOC AR 303</u> § X, Mail. And the LCS contract with the <u>ALDOC</u> / <u>ADOC</u> § 4.19. Mail "... in accordance with A. D. O. C. procedures." They continue to not to forward any mail to include legal mail they claim its our policy just like their policy not forward or return to sender any cash or stamps but to put it in the welfare fund. <u>LCS Correctional Services, INC. Offender Handbook</u>, revised April 1st, 2005, South Louisiana Correctional Center on page 11 "The Center shall not send stamps or cash coming in through the mail, back to the sender. The stamps and cash will be considered contraband and shall be put into the Offender Welfare Fund."

**Why are they opening prisoners' mail that they know have been transferred?**

They know they were transferred.

**How many Federal Laws does this violate?**

The petitioner has even had this Honorable Court to tell him that on Case # CV-2003-T-558-N, <u>EDWARDS v Chilton County Jail, et. al.</u>, that, ""County" was not a "person."" But see, <u>Christie v IOPA</u>, 176 F 3d 1231 (9th Cir 1999) "County" was a "person" in which could be sued under § 1983."

Then there was the "safety valve" of 28 USC § 1915 (b)(4), <u>Taylor v Delatoure</u>, 281 F 3d 844, 847 (9th Cir 2001).

Then the prisoner mail of <u>Houston v Lack</u>, 481 US 266 (1988), outgoing legal mail to courts and <u>US v Fiorelli</u>, 337 F 3d 282 (3rd Cir 2003), incoming legal mail to the courts. For posting pleadings to the courts purposes.

Then the case of <u>Shannon v Jack Eckerd Corp.</u>, 55 F 3d 561, 563 (11th Cir 1995) ("[A] district court order is not final and, therefore, is not appealable ... if it does dispose of all of the [petitioner's] prayers for relief.") versus the "ABNEY APPEAL."

<u>Abney v US</u>, 431 US 651, 653, ___ L Ed 2d ___, ___ S Ct ___ (1977)
*Constitutional Rights* do not have to have final judgment of court.
"*Collateral order doctrine*," allows appeal from a judgment that 1) conclusively determines the disputed issue, 2) is completely separate from the issue of the [petitioner's] guilt, and 3) is effectively unreviewable on appeal from a final judgment.

1) The issue is *Constitutional Rights* that have been removed by unconstitutional acts of laws or laws that are written to vaguely. That the courts continue to violate the *Laws of the Land*.

2) The *Due Process of Law* does not determine guilt but protects rights from zealous lawmakers and law enforcers who have abandon their oath to the <u>US Constitution</u> and their own <u>Alabama Constitution of 1901</u>.

3 The <u>Alabama Supreme Court</u> claims that the <u>US Constitution</u> does not exist they have not done this by words but by decisions in their <u>RELATIVIST COURTS</u>. Therefore, foreclosing review by the State's highest authority. That the courts continue to violate the *Laws of the Land*. Examples in brief.

The State Courts of ALABAMA do not recognize <u>Federal</u> or <u>US Supreme Court</u> decisions contrary to their decisions, examples are in this brief. But this *court of law* should already be aware of this.

The petitioner's research is that if a petitioner does not refute the opposing side then the opposing side will win by not quoting laws that are against that overrule their decision as in the *Pardue, supra* case. One should always be aware of his enemies' tactics.

The petitioner in his battle has learned that there is no fair reasoning to allow someone to decide his fate. "That does not apply to our laws." Is what the *Assistant District Attorney* said about a 9th Circuit case and the *US Supreme Court's* decision. Then of course they had that commit about their own *Supreme Court's* cases.

### What is Due Process of Law?

*Due process of the law* means *the law of the land. US Constitution* Article VI, clause 2; *USCA* 14th *Amendment* as applied to the states. *Supremacy Clause. English Petition of Rights of 1628.*

*Equal protection of the law* refers to the Federal Laws as applied to the individual states. *USCA* 14th *Amendment. Magna Carta of 1215.*

*Law of the Land* and *Legal Judgment of His Peers* is what the *Magna Carta* actual says but the forefathers translated it to today's meaning.

*Supreme law of the land* trumps *Supreme power of the Courts. US Constitution Article VI*, clause 2; *USCA* 14th *Amendment* as applied to the states. *Supremacy Clause.*

*Ouimette v Moran*, 942 F 2d 1, 9-11 (1st Cir 1991)
  *Due process [of law]* violated because prosecution failed at trial to disclose extensive criminal record of state's chief witness and withheld from petitioner existence and nature of deals between state and witness in return for witness' exculpatory testimony.

Wulke's criminal background nor the deal was discovered until the petitioner went to Kilby CF.

*Barrientes v Johnson*, 221 F 3d 741,753 (5th Cir 2000)
  *Due process [of law]* violated where prosecution made false implications about the [petitioner's] guilt in another crime.

Several different Robert Edwards' cases and saying the petitioner had a criminal history but the petitioner's record proves otherwise. In fact, more than four (4) used.

<u>Martin v Parker</u>, 11 F 3d 613,616 (6th Cir 1993)
*Due process [of law]* violated because prosecution made improper comments and repeated references to petitioner's prior bad acts.

Commits that the judge said was off the record but the damage already planted in the juror's mind.

<u>Crivens v Roth</u>, 172 F 3d 991,999 (7th Cir 1999)
*Due process [of law]* violated because prosecution withheld evidence that could have been used to impeach testimony of state's key witness and affect creditability.

<u>Kyles v Whitley</u>, 514 US 419, 453 (1995)
*Due process [of law]* violated because prosecution suppressed *exculpatory evidence* that if disclosed, could reasonably have altered results of proceedings.

Status of the files, deal with witnesses to testify, silent witness tapes, charges of the state's witness, conflict of advisor counsel, not subpoena of neighbors that judge was told of and even more information on what kind of investigation.

**What was Wulke charged with and why make a deal with him to dismiss or reduce the charges?** Look at the statement of Wutke, he testified he turned the disk in as soon as he discovered its contents but look at the dates.

<u>O'neil v McAninch</u>, 513 US 432, 437 (1995)

**Did the petitioner invoke this right either by *express provision, by implication, or by conflict between Federal and State Laws*?**

<u>Boomer v AT&T Corp.</u>, 309 F3d 404 (7th Cir 2002)
<u>Ace Auto Body & Towing LTD. V City of New York</u>, 171 F3d 765 (2nd Cir 1999)
<u>Broad v Sealaska Corp.</u>, 85 F3d 422 (9th Cir 1996)
Under *Supremacy Clause*, federal law preempts state law by express provision, by implication, or by conflict between federal and state law.

This is an **Affirmative YES** and by law under the *Supremacy Clause, federal law preempts state law and power.* <u>US Constitution Article VI</u> clause 2; <u>Alabama Constitution of 1901 Amendment</u> 509; <u>Civil Rights Act of 1964</u>, as amended.

The *Case Action Summaries* and the court hearings prior to the trial, at the trial and at the sentencing stages points to all three (3) *elements* of the federal requirement. The petitioner by law only had to meet one requirement to prove *plain error* by the trial court. The operator *OR* tells how many necessary *elements* are required to prove.

The violation of <u>Rule 12.8, Alabama Rules of Criminal Procedures</u> (A. R. Crim. P.) and Sample form 11 of the A. R. Crim. P. "...in the presence of ____ other members of the Grand Jury." Is missing on the face of the *indictment*. <u>ALCODE / 1975</u> § 12-16-200. Petitioner's Exhibit _____.

  Rule 1.3, <u>Alabama Rules of Professional Conduct</u>. (<u>A. R. P. C.</u>)
    A lawyer **shall not** *willfully* neglect a legal matter entrusted to him.

  Rule 1.16(d), <u>A. R. P. C.</u>
    [The petitioner cannot quote this rule but the rule tells the attorney to return all documents back to their clients upon completion of the case.]

*Boggs* had never heard of the *Computer Crime Act*, <u>AL CODE / 1975</u> § 13A-8-100, et.seq. Nor did he know about this type of alleged crime as proven later on. The petitioner found out that *Boggs* did not know computers and his assistant *Hayes* is the only to show at the court and that is the only time the petitioner ever talked to her, on average about ten (10) minutes before case called.

*David B. Karn* was fired at least three (3) to four (4) times, but he was still appointed each time back to represent a client who did want him as a counsel nor the counsel want the client as proven by the July 2001 meeting in his Lay Dam Office when

the petitioner was looking for retained counsel "I don't do those type of cases." Was what *Karn* told the petitioner. Petitioner's Exhibit _____

    See, *Powell v Alabama* 287 US 45, 77 L Ed 2d 158, 53 S Ct 55 (1932). Quoted in *US v Padilla-Martinez*, 762 F 2d 942 (11th Cir 1985)
    The 6th Amendment provides that, " in all criminal prosecutions, the accused *shall* enjoy the right … to have the assistance of counsel for his defense." This broad guarantee of counsel has been interpreted to include four rights"
    1) The right of counsel, *Powell, supra*.
    2) The right to effective assistance of counsel, *Glasser v US*, 315 US 60 (1942)
    3) The right to a preparation period sufficient to insure a minimal level of quality of counsel.
    4) The right to be represented by counsel of one's choice. *Id* at 70, 62 S Ct 464.

*Karn* did not want to represent the petitioner and had another conflict of interest. One of the principle plaintiff was the son of his client in another case. A burglary case.

The petitioner had no choice, but to either defend for himself or let the wolves devour him. He chose to defend himself due to being without having a way to pay for any retained attorney, but then look at *Boggs and Hayes* they never returned his files to him and thus violated their own ethics rules. 100s of nudes from PUBLIC LIBRARY books throughout the state to prove that nudity even that of a child was not unlawful if it was just "mere nudity." See *Constitutional Law* West key § 930, 945. Petitioner's Exhibit _____ [Petitioner is unsure but believes that a *Rule of Evidence* exist that prove that if the exact items are in public documents and are not considered to be pornographic then neither is his nudist pictures no matter the age of the person. He believes it is Rule 1001 but he does not have and law references to refer to at this private prison void of law but containing Alabama and US citizens. Another *First Amendment* violation and *ALDOC AR 412* § (II). **No** *Rules of Courts* or any other Books in the Law Library.

    *Demallory v. Cullen*, 442 F2d 446, 449 (7 Cir 1988)
    The Demallory court observed that the law library only had state statutes

that reflect the laws of only 1969 and therefore, denied inmates access and failed both elements of the *Bounds* test.
*Prison* West Key 4(11). Dependence on untrained inmate paralegals as alternative to library access does not provide inmates with Constitutionally sufficient access-to-courts.
*Prison* West Key 4(13). Where limitations on library use prevent filing of briefs in time for court's consideration, limitations are sufficiently prejudicial to sustain inmate's access-to-the courts claim. Rule 12 (b)(6), ederal Rules of Civil Procedures.

<u>US v Morrison</u>, 449 US 361, 66 L Ed 2d 564, 101 S Ct 665 (1981)
Reversal mandated if prejudice is proven on attorney-client relationship.

The petitioner's direct appeal (CR-01-2180) was a violation of *effective assistance of counsel* the appointed counsel *Elizabeth H. Huntley* would not abide by the wishes of her client that was in the *Chilton County Jail <u>without access</u>* to a *pro-se law library* and therefore, was forced to accept the appointed counsel. Nor did she know how to file a Rule 39(c) certiorari.

<u>Malave v Carney Hosp.</u>, 170 F 3d 217 (1st Cir 1999)
"Decision to settle litigation belongs to the client, not the lawyer."

<u>Evitts v Lucey</u>, 469 US 387, 83 L Ed 2d 820, 105 S Ct 830 (1986)
"... counsels failure to comply with state appealant procedures rule caused dismissal of appeal."

*Huntley* did not comply with Rule 39, <u>Alabama Rules of Appellant Procedures</u>, (A.R.A.P.). The <u>Alabama Supreme Court</u> on July 10th, 2003, she used case # CR-02-1162 as case # CR-01-2180 and got time barred from being reviewed by the highest court of the state. Since this was *ineffective assistance of counsel* that is a *plain error of law* and goes towards an *illegal sentence* and *due process of law* then it is *jurisdictional*. No time bar can be placed under Rule 32, et. seq., A.R.Crim.P.

<u>Brooks v State</u>, 686 So 2d 1285 (Ala Crim App 1996)
<u>Duncan v Alabama</u>, 881 F2d 1013, 1016 (11th Cir 1989)

*US v Binder*, 769 F 2d 595, 600-01 (9th Cir 1985)
"... prejudice when trial court allowed replay of video tape testimony during jury deliberations because equivalent to allowing live witness to testify again, placing to much emphasis on testimony."

*Offer v Scott*, 72 F 3d 30, 33 (5th Cir 1995)
Substantial and injurious effect found because trial court permitted jury to view videotaped interview of alleged victim of child abuse when child previously fabricated incidents of abuse.

*Judge, Sibley G. Reynolds* allowed all evidence to be sent to the jury room to include evidence not viewed in *OPEN COURT*. Then again when was the court every an *OPEN COURT and PUBLIC TRIAL*. *Singer v US*, 380 US 24, 34 (1965) (The right to a public trial cannot be waived. There is no right to a closed trial.) *Press-Enterprise Co. v Superior Court*, 464 US 501 (1984); *Press-Enterprise Co. v Superior Court*, 478 US 1 (1986); *Waller v Georgia*, 467 US 39 (1984). (Public access is a positive role in criminal court proceedings.) *Id.* 464 US at 508. (Public access to voir dire to ensure fairness and to prevent *prosecutor misconduct*.)

*Press-Enterprise Co. v Superior Court*, 464 US 501 (1984)
The public has a common-law right to inspect and copy public records, including judicial records. See *Nixon v Warner Communication, Inc.*, 435 US 589, 597 (1978); *US v Martin*, 746 F 2d 964, 968-69 (3rd Cir 1984) Common-law Right of access to judicial records and documents extends to transcripts of tape recordings used by jury in criminal trial which were not admitted into evidence. *Smith v US District Court Officers*, 203 F 3d 440, 442 (7th Cir 2000)

**Can the state remove a common-law provision? NO!** Even the Alabama Supreme Court said so on a murder case.

*Ex Parte Key*, 890 So 2d 1056 (Ala 6/27/2003)
[State tried to state that the common-law provision was abolished by the new coding of Alabama law the court disagreed.]

*Ex Parte Key*, 890 So 2d 1068 (Ala Crim App 10/31/2003) after remand.
The court reversed *Key v State*, 890 So 2d 1043 (Ala Crim App 2002) concluding that the common-law was intact.

*Holland v State*, 614 So 2d 1012 (AL 1993)
The term "public writings" include judicial records.

*Alabama Constitution of 1901*, *Article I* § 6, *US Constitutional Amendments* 6th, and by the way of the 14th as applied to the states.

In Alabama the right of a public trial is guaranteed by the Constitution.
Public trial is of such importance that any error affecting it is not deemed harmless (where reversal is automatic). *In re: Oliver*, 333 US 257, 92 L Ed 682, 68 S Ct 499 (1948). "[W]ithout exception all courts have held that an accused is at the very least entitled to have his friends, relatives and counsel present, no matter with what the offense he may be charged." *Id.* at 271, 272, 68 S Ct 507.

*Johnson v US*, 520 US 461, 468, 137 L Ed 2d 718, 117 S Ct 1544 (1997)
The right is of such importance that any error affecting it is deemed structural, where reversal is automatic.

By law and ethics *Karn* was *ineffective assistance of counsel* for not objecting even if not asked. **After all, he got paid for being in the court room did he not? Why should the taxpayers pay for someone sleeping at the wheel of justice?** The fact is he was being paid $450.00 for being a silent ear of justice. *Confrontational clause* violation. Whether or not the jury does not viewed the videotape does not matter the *plain error* was committed when the judge gave the instructions. *Binder, supra*.

*Judge Reynolds* failed to subpoena witnesses as instructed on June 24th 2002 at the Petit Jury selection hearing. Rule 5.2, A.R. Crim. P.

*Judge Reynolds* did not know of the Computer Crime Act. *AL CODE / 1975* § 13A-8-100, et. seq. But being a judge should have at least the laws of his own state.

*Judge Reynolds* holding a hearing on his own recusal, on May 8th, 2002, especially when the petitioner even quoted it would violate the law on the Motion to Recuse. See, *Ex Parte White*, 53 Ala App 377, 300 So 2d 420 (1974). *In re IBM Corp.*,

618 F 2d 923 (2nd Cir 1980), "... whether [petitioner] has established clearly that judge has personal bias and prejudice against [petitioner] in favor of opponent...."

28 USC[[A][S]] §§ 144, 455; 158 L Ed 2d 1047

Disqualification of original trial judge. 22 ALR FED 709; 60 ALR 3d 176

**Did *Judge Reynolds* know the applicable laws to include *multiplicity*?**

**Yes**, as the attorney for the City of Clanton and elected judge.

**Was *Judge Reynolds prejudices* and *bias* towards this type of case?**

**Yes!** See, *Motion to Recuse Judge Reynolds.* April 1st, 2002. Heard on May 8th, 2002 by *Judge Reynolds.* <u>Alabama Canons of Judicial Ethics</u>, provides in pertinent part:

C. Disqualifications
   1) A judge should disqualify himself in a proceeding in which his disqualification is required by law or his impartiality might be questioned, including but not limited to instances where:
   a) He has a special *bias* or *prejudices* concerning a party, or personal *knowledge* of disputed evidentiary facts concerning the proceeding ...."

See, <u>Ex Parte Bryant</u>, 682 So 2d 39 (Ala 1996) as quoted in <u>Ex Parte Brooks</u>, 847 So 2d 396 (Ala 9/27/2002)(Judge Greene was recused from the case due to his name being on the search warrant and had personal knowledge of the case.)

*Judge Reynolds* name was on the *search warrant* and since it was his warrants to steal the petitioner's property in violation of the <u>Fourth Amendment</u> then he was not going to say he made an error in authorizing the *search and seizure*.

<u>Harris v State</u>, 2006 Ala Crim App LEXIS 13 (February 3rd, 2006)
   The court in <u>Harris</u> had to view a *motion to suppress* on the "*ore tenus rule*" and sit in judgment of the *evidence de nova*, indulging no presumption in favor of the trial court's application of the law to those facts.
                                                            Petitioner's exhibit _____
Note: This was the 10th day of December, 2001 and when the retained attorneys demanded $4000.00 or the would dropped the case. *Hayes* through the hearing

**Did the petitioner waive jury instructions? NO!!** Petitioner being PRO-SE was never given notice by the court of such a waiver.

<u>Reed v Rose</u>, 468 US 1, 14-15 (1984)
Relief from waiver of challenge to jury instructions granted because Constitutional claim so novel that legal basis not reasonably known by counsel at trial.

By removing the petitioner micro-cassette recorder the state violated the *Sunshine Act*. <u>AL CODE /1975</u> § 13A-14-2

<u>Thompson v City of Clio</u>, 765 F Supp 1066 (Ala 1991)
Mayor ordering police chief to seize tape recorder brought to council meeting by council member and held it outside of chambers until council meeting was completed, so as to prevent council member from recording the session, resulted in an unreasonable seizure of the tape recorder for Fourth Amendment purposes; council member's First Amendment Right to preserve record or proceeding was violated.

(These sections of law were violated by the state and Judge Reynolds)
<u>Search and Seizure</u> West key §§13,23
<u>Constitutional Law</u> West key § 90.1(1)
<u>Civil Rights</u> West key §§ 214(4,6),244,  42 USC § 1983
<u>Federal Civil Procedure</u> West key § 2515
<u>Alabama Constitution of 1901</u>, Article I, §§ 4, 5
<u>US Constitution</u> 1st, 4th, 5th, 6th, and 14th <u>Amendments</u>
<u>Texas v Johnson</u>, 491 US 397, 404, 105 L Ed 2d 342, 109 S Ct 2533, 2539 (1989)
<u>Spence v Washington</u>, 418 US 405, 409-10, 41 L Ed 2d 842, 94 S Ct 2727, 2730 (1974)

The state violated the <u>Sunshine Act</u> evidence on one micro-cassette by one witness who was killed in a car accident. Silent witness rule. <u>Ex Parte Weddington</u>, 403 So 2d 750 (Ala 2002) "Voudrie test" <u>Voudrie v State</u>, 387 So 2d 248 (Ala Crim App 1980).

The state violated the <u>Sunshine Act</u> evidence by not allowing taping of the court's commits that *prejudiced* the petitioner by the state and the judge. See, <u>Hansen v US</u>, 956 F 2d 245 (11th Cir 1992)

**Did the <u>Alabama Supreme Court</u> abuse its discretions concerning the <u>US Supreme Court</u>? Absolutely AFFIRMED!!**

On the 30th day June, 2006 the <u>Alabama Supreme Court</u> overstepped its jurisdiction when it decided <u>Ex Parte Seymour</u>, 946 So2d 536 (Ala 2006) concerning *due process of law*. <u>US v Cotton</u>, 535 US 625, 630-31, 122 S Ct 1781, 152 L Ed 2d 860 (2002) states "(subject-matter jurisdiction refers to a court's "statutory or constitutional power" to adjudicate a case.)

**Can the <u>Alabama Supreme Court</u> water-down the "<u>*Bill of Rights*</u>?" Absolutely NEVER!!**

....

In all cases constituting a *MENS REA* or *culpable mental state* then that *scienter element* that is required to prove the *motive of a guilty mind.*

The *mens rea* in some statutes also are the only difference between a *lawful act* and an *unlawful act.* Such as the rights of Nudism's free expression of the *US Constitution First Amendment.*

<u>Seymour, supra</u> is therefore, a *miscarriage of justice* and violates the <u>US Constitution</u> Article III § 2, cl. 2. *Supremacy Clause.*

> <u>James v Kentucky</u>, 466 US 341, 80 L Ed2d 346, 104 S Ct 1830 (1984)
>> The judge refused to give requested instructions, the [US] Supreme Court reversed and held that state statutes <u>did</u> <u>not</u> take precedent over *Constitutional Law* and that the judge had to give the requested instructions / admonition.
>
> <u>Powell v Alabama</u>, *supra.*
> <u>Boykin v Alabama</u>, 395 US 288, 23 L Ed 2d 224, 89 S Ct 1709 (1969)
> <u>Douglas v Alabama</u>, 380 US 415, 13 L Ed 2d 934, 85 S Ct 1074 (1965)
> <u>Alabama v Shelton</u>, ___US ___, 152 L Ed 2d 888, 122 S Ct 1764 (2002)
> <u>Alabama v Smith</u>, 490 US 794, 104 L Ed 2d 865, 109 S Ct 2201 (1989)
> 98 L Ed 2d 1115 (ANNOT,) § 5.
> <u>US Constitution</u> and its *Amendments*
> <u>Alabama Constitution of 1901</u> and its *Amendments*

The list is to much to put in one brief but this was needed to clarify the violation's range.

....

The records that the state *intentionally* and *willfully* has hidden would show that the prosecutor described the defense as an animal, actually *"a spider spinning his web."* The jurors did not have to put any humanity into their decisions.

<u>Deters v US Parole Comm'n</u>, 85 F 3d 655 (DC Cir 1996); affirmed in <u>Toolasprashad v BOP</u>, 286 F 3d 576 (DC Cir 2002); 5 USC § 552a, Privacy Act.

The four (4) qualifications as plaintiff / petitioner / complainant
1) that the agency failed to maintain accurate records;
2) that it did so *intentionally* or *willfully*;
3) that the events consequently led to the decision;
4) that an adverse… determination was made respecting the [petitioner]

….

The Court of Chilton County and the State of Alabama has violated judicial procedures concerning *indictments, discovery,* and/or *transcripts* and has committed *irreparable injuries* to his and every citizens' "*Bill of Rights*" and the <u>Amendment</u> Rights of the <u>United States Constitution</u>. The "*Bill of Rights*" cannot be watered down to suit the views of one individual, group, or even one state's narrow view or moral standards. <u>USCA Constitutional Law</u> as applied to the states by way of the 14th <u>Amendment</u> of the <u>United States Constitution's</u> Supremacy Clause. <u>US Constitution</u> Article IV, clause 1; <u>USCA</u> 14th <u>Amendment</u> as applied to the states. <u>Alabama Constitution of 1901</u>, Article I. *The Declaration of Rights*.

**This is only a partial brief of what is in the pleading to amend and § 552a briefs.**

## Conclusion

The petitioner has one large problem however and this Honorable Court has helped in making that problem. The petitioner is being denied timely access to the Law Library at first he was given more time but the officials at the camp realized that the petitioner did not require any laws. The Law Library itself is void of any applicable law for the

detainees here other than Immigrations Laws. This is a Federal and State violation of Access to the Courts. <u>ALDOC</u> <u>AR</u> <u>412</u> and <u>ALDOC</u> <u>AR</u> <u>214</u> violation of a PRO-SE rights to present complaints and applicable laws in his defense since he is held against his will.

ALL I NEED IS MORE TIME IN THE LAW LIBRARY AND NO RETALIATION FROM ANY OFFICIALS! **Can this Honorable Court help with this problem of mine? What does the law say about a PRO-SE representing himself in court? Shall I ask the USDOJ?**

1st day October, 2007.

*[signature]*

42 USC § 2254   2:06-CV-177                    17