IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT REX EDWARDS, #225984, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:06-CV-177-WKW |
| | ) |
| BILLY MITCHEM, et al., | ) |
| | ) |
| Respondents. | ) |

**ORDER**

The respondents filed an answer and supplements thereto in accordance with the provisions of Rule 5, *Rules Governing Section 2254 Cases in the United States District Courts*, in which they contend that the present habeas corpus petition is due to be denied because the claims raised therein are barred from review by this court. Specifically, the respondents argue that all of Edwards' claims are procedurally defaulted due to his failure to properly exhaust each of these claims in the state courts pursuant to the State's procedural rules. *See Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002); *Holladay v. Haley*, 209 F.3d 1243, 1254 n. 9 (11th Cir.), *cert denied*, 531 U.S. 1017 (2000); *Collier v. Jones*, 901 F.2d 770, 773 (11th Cir. 1990). In support of this argument, the respondents assert that the claims presented by Edwards with respect to an illegal search, invalid arrest, lack of discovery, unconstitutional juries and incarceration after arrest are procedurally defaulted because Edwards failed to present these claims at trial. *Respondents' April 17, 2006 Answer* at 32. The respondents further argue that the aforementioned claims, in

addition to the coerced statement claim, are likewise procedurally defaulted because Edwards failed to raise these claims on direct appeal. *Id*. Additionally, the respondents maintain that petitioner's assertion of a double jeopardy claim arising from his convictions of sexual abuse of two separate victims is procedurally defaulted because this claim "has never been raised in the state courts." *Id*. at 33. They also argue that this claim is without merit because double jeopardy is not implicated by two criminal acts committed on two different victims. *Id*. With respect to Edwards' *Brady* claim, the respondents maintain that this claim is likewise procedurally defaulted because Edwards failed to raise this claim on direct appeal and did not present it at the evidentiary hearing on his Rule 32 or on appeal from the denial of this petition. *Respondents' August 2, 2006 Supplemental Answer* at 2-3. To the extent Edwards argues that his convictions on 30 counts of possession of child pornography constituted only one offense, the respondents assert that this claim is moot as the trial court previously reduced the 30 convictions to one conviction. *Id*. Finally, the respondents assert that all of the claims presented by Edwards in his amendment to the petition filed in October of 2007 are defaulted "as he did not present the claims throughout the state appellate courts.... Edwards failed to properly pursue his direct appeal, throughout the Alabama appellate courts. Furthermore, Edwards failed to appeal his state post-conviction claims, by failing to file an application for rehearing and a petition for certiorari in the Supreme Court of Alabama challenging the denial of his Rule 32 petition." *Respondents' November 5, 2007 Supplemental Answer - Court Doc. No. 37* at 16-17.

The respondents further argue that Edwards' allegation of ineffective assistance of appellate counsel as cause for failing to raise issues on direct appeal likewise entitles him to no relief Edwards never presented this specific claim to the state courts. *Edwards v. Carpenter*, 529 U.S. 4465, 45-453 (2000). The respondents also argue that his claims regarding (i) the trial court's removal of documents, (ii) the failure of Alabama courts to follow federal law, (iii) improper, off-the-record comments by the trial judge, (iv) a conflict between federal and state laws, (v) his attorney's lack of familiarity with computers or Alabama law, and (vi) the challenge to materials contained in the prison law library are likewise barred by the one-year period of limitation because these claims do not relate back to the claims presented in the original petition and Edwards failed to raise them in this court within a year of his convictions becoming final. *Respondents' November 5, 2007 Supplemental Answer - Court Doc. No. 37* at 5-13. The respondents further argue that several of the amended claims entitle Edwards to no relief as they do not implicate "the legality of his incarceration [or] sufficiently plead a violation of a right under federal law to be cognizable in this petition." *Id*. at 13-16. In addressing the petitioner's claim that inadequate access to adequate law libraries throughout his incarceration constitutes cause for his defaults, the respondents assert that this claim establishes neither cause nor prejudice for his defaults. To the extent the state courts adjudicated any of the petitioner's habeas claims on the merits, 28 U.S.C. § 2254(d)(1) places new constraints on the power of a federal district court to grant a state prisoner's application for habeas corpus relief. In sum, the statute directs that this court may grant a writ of habeas corpus only "if the

3

relevant state-court decision was either (1) '*contrary to* ... clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) '*involved an unreasonable application of* ... clearly established Federal law, as determined by the Supreme Court of the United States.' (Emphases added.)" *Williams v. Taylor*, 529 U.S. at 404-405, 120 S.Ct. at 1519. "Under § 2254(d)(1) and the *Williams* decision, [a federal court] can grant relief only if the state court decision denying relief is 'contrary to' clearly established federal law or is an 'unreasonable application' of federal law." *Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001). In the vast majority of cases, a federal district court will be faced with the contention that the state court unreasonably applied federal law.

> In determining whether the state court's decision is an unreasonable application of the law set out in [applicable] Supreme Court decisions, we need not decide whether we would have reached the same result as the state court if we had been deciding the issue in the first instance. Instead, we decide only whether the state court's decision of the issue is objectively unreasonably. *See Williams v. Taylor*, 529 U.S. 362, 411, 120 S.Ct. 1495, 1522, 146 L.Ed.2d 389 (2000) ("Under §2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."); *Brown v. Head*, 272 F.3d 1308, [1313] (11th Cir. 2001)("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide.").

*Wright v. Secretary for the Dept. of Corrections*, 278 F.3d 1245, 1256 (11th Cir. 2002). Additionally, the statute makes it clear that a federal court cannot grant relief with respect to claims adjudicated on the merits by the state courts "unless the adjudication of the claim

4

. . . resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). With respect to the ineffective assistance of counsel claims, the respondents maintain that these claims are procedurally barred from federal review because Edwards failed to file an application for rehearing and did not petition the Alabama Supreme Court on appeal from the denial of his Rule 32 petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Smith v. Jones*, 256 F.3d 1135, 1140-1146 (11th Cir. 2001), *cert. denied*, 534 U.S. 1136, 122 S.Ct. 1081, 151 L.Ed.2d 982 (2002).

A procedural default bars consideration of the merits of a claim unless the petitioner can establish "cause" for the failure to follow the state's procedural rules and show "prejudice" resulting from this failure. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Wainwright v. Sykes*, 433 U.S. 72 (1977). However, even if the petitioner fails to show cause and prejudice, a procedural default will not preclude a federal court from considering a habeas petitioner's federal constitutional claim where the petitioner is able to show that the court's failure to address his claim would result in a "fundamental miscarriage of justice." *Schlup v. Delo*, 513 U.S. 298, 320 (1995); *Murray v. Carrier*, 477 U.S. 478 (1986). The miscarriage of justice exception allows federal courts to address procedurally defaulted claims if the petitioner shows that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Carrier*, 477 U.S. at 496.

Accordingly, it is

ORDERED that on or before November 26, 2007 the petitioner may file a response to the answer filed by the respondents. Any pleadings, documents or evidence filed after this date will not be considered by the court except in exceptional circumstances. The petitioner is advised that at any time after November 26, 2007 the court shall "determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the [court] shall make such disposition of the petition as justice shall require." Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*.

The petitioner is instructed that when responding to the respondents' answers he may file sworn affidavits or other documents in support of his claims. Affidavits should set forth specific facts which demonstrate that the petitioner is entitled to relief on those grounds presented in the habeas corpus petition. If documents which have not previously been filed with the court are referred to in the affidavits, sworn or certified copies of those papers must be attached to the affidavits or served with them. When the petitioner attacks the respondents' answers by use of affidavits or other documents, the court will, at the proper time, consider whether to expand the record to include such materials. *See* Rule 7, *Rules Governing Section 2254 Cases in the United States District Courts*.

The petitioner is cautioned that in responding to the respondents' assertion that each of his claims for relief are procedurally defaulted he must state specific reasons why he failed to comply with the state's procedural rules or otherwise did not present or pursue these claims in state court either at the trial court level, on appeal or in available post-conviction proceedings. The petitioner is advised that the reasons presented must be

legally sufficient and that the facts surrounding or relating to the reasons for the failure must be stated with specificity. Moreover, if the petitioner asserts that this court should address the procedurally defaulted claims under the fundamental miscarriage of justice exception, the petitioner must show specific reasons for the application of this exception.

Done this 6th day of November, 2007.

        /s/ Wallace Capel, Jr.
WALLACE CAPEL
UNITED STATES MAGISTRATE JUDGE