IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2008 APR -8 A 9:57
DEBRA P. HACKETT, CL..
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Robert Rex EDWARDS,
225984      petitioner,                Case action
vs                                     2:06-CV-177-WKW
Billy MITCHEM, et, al,
        respondents.

NOTICE TO THIS HONORABLE COURT:
REBUTTAL TO STATE'S CONFLICT DISCLOSURE
STATEMENT DOC 44, 11th DAY MARCH, 2008.

Now Comes, the petitioner, a pro-se INDIGENT
Litigant to this HONORABLE Court with this
NOTICE to this Honorable Court.

   On the 13th Day of March, 2008, The petitioner
received Legal mail from the ATTORNEY
GENERAL'S OFFICE.

   The legal mail was DOCUMENT 44,
"Conflict Disclosure Statement" to this Honorable
Court.

   There are several errors in this Document.

   The petitioner has not received any
other Legal mail since leaving Staton CF.

But first, the petitioner wants to know and needs to point out to this HONORABLE COURT that this the first mailing from anyone envolved in this case since he arrieved here at his 13$\underline{th}$ camp in 5½ years, that is under the control of the respondents. See "List of Camps", Infra.

Futhermore, since arrieving here at Easterling CF the petitioner has been without his legal work for his case that was distroyed by agents of the state and agents of the respondents.

It is therefore, in the best interest of the respondents that the petitioner is kept from presenting his case to this Honorable Court that proves his conspiracy by the state to deprieve him of his Constitutional and Statutory Law Rights that he has presented or tried to present to the courts of the state and this HONORABLE COURT.

Rowe v City of Fort Lauderdale, 279 F3d 1271 (11$\underline{th}$ CIR 2002)

"Conspiring to violate another persons Constitutional [or statutory] rights

2

violates §1983 [Civil Rights sections]."
<u>Ahlers v Schebil</u>, 188 F3d 365 (6th CIR 1999)
"[Petitioner] alleging civil rights
conspiracy under §1985(3) <u>must</u>
establish existance of conspiracy to
deprieve [petitioner] of equal protection
[/treatment] of the laws, an act
furtherance of the conspiracy, and a
resulting injury."
<u>Lewis v Casey</u>, 518 US 343, 357, 135 LEd 2d
606, 621, 116 Sct 2174, 2183 (6-24-1996)
"if once a [petitioner] demonstrated harm
from one particular inadequacy in
government administration, the court
were authorized to remedy all
inadequacies in that administration.
The remedy must of course be limited
to the inadequacy that produced the
injury in fact that the [petitioner] has
established. See <u>Missouri v Jenkins</u>,
515 US 70, 88, 89, 132 LEd 2d 63, 115 Sct
2038 (1995) ("The nature of the ... remedy
is to be determined by the nature and
scope of the Constitutional violation")
( CR-2007-0213, <u>Edwards v State</u> (Ala Crim
3

App Doc 1 10/26/2007)).

Futhermore, the petitioner has demostrated that the Circuit Court not only distroyed documents in order to prevent his claims in court, but also the Appellant Court also violated the Rules of the Courts and the Laws set forth in those Rules to prevent him from addressing his claims in Court. See CR-2007-0213 Writ of prohibition and the corresponding Rules of Court violated by the state courts

Rule 33.5, Ala.R. Crim. Pro. Disqualification of Judge Rule 42(b) Fed. R. Crim Proc. has a similar provision. See, Marberry v PA., 400 US 455, 27 LEd 2d 532, 91 Sct 499 (1971) "The US Supreme Court held that the due process clause of the 14th Amendment requires a judge other than the judge in disqualification shall hold the proceedings."

Rule 33.6, Ala. R. Crim. Proc. quoting Ex Parte Pearce, 111 ALa 99, 20 So 343 (1896) "an illegal order, not just an irregular

4

or erroneous one, outside the courts power can be the subject of a habeas corpus."

Rule 4(f), Ala. R. Civ. Proc. Multiple defendants, Incomplete service provider that the defendants served may proceed to judgment, the court *shall* hear and determine the matter as to such defendant that were served and the plaintiff can still serve the ~~unserved~~ defendants after judgment by the court to the unserved defendants. See, Rule 54(b), Ala. R. Civ. Proc. quoting Sears Roebuck & Co. v Mackey, 351 US 427, 100 LEd 1297, 76 SCt 895 (1956); Cold Metal Process Co. v United Engineering & Foundry Co., 351 US 445, 100 LEd 1311, 76 SCt 904 (1956); 3 Barron & Holtzoft, Federal Practices & Procedures, § 1193 (1958); 6 Moore's Federal Practices 99 54.26 - 54.42 (2 Ed 1971); Wood v City of Birmingham, 247 Ala 15, 22 So 2d 331 (1945); Wilkinson v McCall, 247 Ala 225, 23 So 2d 577 (1945)

5

(applicable to either/or multiple parties as well as multiple claims.)

Rule 29 (D), Ala. R. Jud. Admin. Indigent defendants also applies to service by clerk of courts to all parties. <u>Britt v NC</u>, 404 US 226 (1971)

Rule 30 (D) & (E) Ala. R. Jud. Admin. Payment for Copies. At the Clerk's discretion, however, parties to the action, representatives of businesses that are named parties to the action may receive copies of the court record free of charge. At the discreation of the clerk, copies of court records may be made at no charge for governmental agencies, whether federal, state, county or muncipal. (E) Governmental copies

Rule 2 (b), Ala. R. App. Proc. Suspension of Rules for good cause the court can suspend the Rules on particular cases.

6

Rule 44, ALa.R. App. Proc.
Constitutional Questions.

This Honorable Court was also notified
of the conflict of interest with the
Magistrate Judge and his erross made
in the past on another of the petitioner's
cases CV-2003-T-558-N, EDWARDS v CHILTON
County Jail as well as the errors built
up on this current case.
It is also noted that not all of the
agents of the state involved in this instant
case is not Listed by the Assistant ATTORNEY
General, Honorable Mr CHAPPELL. The
question is why did the Honorable MR CHAPPELL
not List all of the camps that the
petitioner was "Merry-go-rounded" to since
his incarceration or even this particular
case?
Why did Honordble Mr. CHAPPELL make it
seem Like the petitioner went straight
from Limestone CoCF to Easterling CF,
but in reality the petitioner has been to
numerous camps which include private prisons
not authorized to hold Alabama Dep't of

7

Correction's inmates (ALDOC). Since none of
the private businesses were authorized by
the Alabama State Legislature.
  ALa Code 1975 § 14-1-1.2  Acts 1983,
1st Ex Sess NO 83-69  Acts 1999-599
  ALa. Const. 1901 ART III § 43.01 Amend
582   Acts 1995-651)
  ALa Code 1975 §14-5-2. Chapter controlling.
"It shall be unlawful to hire or lease
for any purpose any convict, state or
county, except as otherwise provided
in this article."
ALa Code 1975 § 14-5-4. Violations.
"Any person, firm or corporation violating
any of the provisions of §§ 14-5-2 and
14-5-3 shall be, for each violation,
guilty of a felony and be punished
by imprisonment in the penitentiary
for not less than one (1) nor more than
ten (10) years.

  This section of Law is unique because
it is self enhancing, Not a Class "C" felony
and provides for consecutive sentencing for
each violation. Servitude prevention statute.
                              8

<u>List of CAMPS.</u>

The petitioner is now submitting the updated Lists of Camps he has been subjected to by the Respondents. The Agencies of the <u>State of Alabama.</u>*

<u>Number   CAMP                 City Located</u>

<u>Date begining   to date ending.</u>

PP = Private Prison

* 1    CHILTON COUNTY JAIL    CLANTON, AL
~~TOTAL~~ June 28th, 2002   to December 4th, 2002.

* 2    KILBY C.F.           Mt Meigs, AL
December 4th, 2002   to December 18th, 2002.

* 3    St Clair Co CF    Springville, AL
December 18th, 2002 To   August 22nd, 2003.

PP  4   TCCF/CCA             TUTWILER, MS
August 22nd, 2003   to February 26th, 2004.

* 5    KILBY CF             Mt Meigs, AL
February 26th, 2004   to April 26th, 2004.

* 6    BIBB Co CF           Brent, AL
April. 26th, 2004    to July 11th, 2005.

* 7    DRAPER CC            Elmore, AL
July 11th, 2005    To December 28th, 2005.

* 8    Limestone Co CF    Harvest, AL
December 28th, 2005   to March 08th, 2006.

PP  9   Pine Prairie CC/LCS   Pine Prairie, La
March 08th, 2006    to August 16th, 2006

9

PP 10   So Louisiana CC/LCS   Basile, La
         August 16th, 2006  to July 24th, 2007.
PP 11   Perry Co CC/LCS   Uniontown, AL
         July 24th, 2007,  to  November 11th, 2007.
* 12    Staton CF          Elmore, AL
         November 11th, 2007  to  December 11th, 2007.
* 13    Easterling CF      Clio, AL
         December 11th, 2007  TO  PRESENT.

  The petitioner contends that by state
and federal laws his custodians in the
ALDOC and Private Prisons has conspired
with other state agencies to prevent him
from proving the facts of his case for
which he is in prison for.

                 Law Library complaints

  This fact was presented to the ATTORNEY
General's Office when former ALDOC Warden
Jim Cook that was employed by the
Private prison at Tutwiler, Ms. the
Correctional Corporation of America
(CCA) Warden would not allow inmates
to use the Law Library unless we sent
request with precise cases needed to do
our cases with. This *Messere v Fair,

                 10

* Note: No longer have citing

Constitutional violation was noted in a 4½ page grievance filed on his actions towards those who want to fight their illegal sentence. When the petitioner was called to the Warden's Office the Warden's retaliatory act was to order the petitioner to work for the private businesses Glow HALL. The petitioner refused to go to work for the private business and is not sentenced to be a slave for such a private business.

The petitioner received an unauthorized by law disciplinary that was controlled totally by Jim Cook who was the arresting officers, set on the hearing board and approved the disciplinary which the ALDOC noted in the petitioner's jacket as a FELONY OFFENSE.* Diamond v Thompson violation that was decided by this HONORABLE Court in 1973, also WOLFF v McDONNEL, 418 US 539 (1974); Sandlin v Conner 515 US 472 (1995) Establishing due process rights to the "ENTITLEMENT INTEREST" of Life, Liberty and Property even while in prison along with equal protection/treatment of the Laws.

11

The petitioner received two (2) more
disciplinaries under Cook's order in
retaliation for reporting him to the
Southern Center of Human Rights and
the Alabama Attorney General's office
which included the 4½ page grievance
along with copies of the disciplinary.
SCHR.ORG responded with a letter from
Vannessa Filley who was under the Director,
Stephen Bright. No response from the Ala.
AG however, the letter to both of them
included Ala Code 1975 §14-5-1, et. sey,
§14-1-1, et sey, Ala. Const. 1901, Art. III
§§ 42, 43, Art 1 §§ 30, 35, Art ___ § 232
Acts 1995-651, Ala Const Amend 582, Acts,
1999-599.

The Attorney General's Office has also
gotten letters sent through (3rd) third
parties. This also applies to the Governor
and the ALDOC, The 3rd parties include
Atty. William N. Clark of Birmingham, AL,
the President of the Senate, Lt. Gov.
Jim Folsom, Jr and other agencies.

The records also show that the Governor's
Office and the Attorney General's office

12

was notified in 2001, just after the
Police Department stole his business NIC-
NAC Crafts and Gifts, Ala Code 1975 §
13A-8-10, 100, et. seq Alabama Computer
Crime Act. The Governor then Don Single-
man responded with a signed Letter
wanting to know more about the theft and
had recommendations to which agencies
could assist him recover from the illegal
search and Seizure.'* Mapp v OHIO'* US v
Bulifilce also is part of the transcript.

   The state never obtained a search
warrant to search the contents of the
Harddrives which have expected privacy
attached since they were not in plain
view of anyone except the petitioner.
   The Law requires a seperate search
warrant for each and every item not in
plain view ((CC-2001-244.6, CR-03-2117)
(Edwards v State)) Rule 32 petition for
which no merits of the case were ever
dismissed by the state and as a PRO-SE
Indigent Litigant could not be waived
unless the court had explained such a
waiver in ! OPEN COURT ! Rule 32.5, 32.9.

13

! No Open Court ever existed in Public View Closed Court

Ala R. Crim, Proc.

Since the Legislature of the State
never approved of any Contract between
the A[L]DOC and any private business
then each actor who did not do their
duty to put a halt to such a venture
is guilt of a felony, on each violation.
Ala Code 1975 § 14-5-4. Ala Const 1901
ART III § 43.01, Amend 582.

A copy of this proceeding and a copy
of the Attorney General's statement
will be forwarded to the USDOJ CRO/SPL
17011 At Washington, DC.

Since the ALDOC is a state agency
who continues to hindered the petitioner's
effort to present his case and has in fact
distroyed over 80% of his legal materials
then then the petitioner charges the
ALDOC and its agents with Conspiracy
to deprieve his Constitutional And
Statutory Rights of Access to the Courts
and Entitlements under the Laws of
Alabama and the ALDOC's own
Administration Regulations. (ALDOC AR).

Even now the petitioner mail is lost

14

or rejected without due process of Law under Alooc AR 303, 448, 433, 434, and 208. Under Procunier v Martinez, 416 US 396, 419-20 (1974).

The responsibility of this court under Lewis v Casey is plain and simple, but now it will take the USDOJ to set in and enforce it.

The petitioner's case from the start has included Supremacy Clause cases from the US Supreme Court, but the Relativist Court of Alabama has never stopped doing what the Civil War had should had taken care of. The petitioner even wrote several stories that were published on these facts. PRESIDENT ABRAHAM LINCOLN was right and Alabama remains a Slave State. The largest business in the State of Alabama. Free or cheap labor of prisoners to support their lifestyles.

Governor Don Siegleman was not the only violator. The petitioner's computers had data back to 1981 on this subject.

Why was only 2 of the 44 harddrives ever recorded in the endcase report? Four (4)

15

Harddrives were directly connected to the Main Computer and the two (2) laptops had Large capacity harddrives on them.

"Conflict of interest" between the petitioner as not only an inmate, but also in the real world. Fact is who is really who? Why did the state use another Robert Edwards to gain an illegal entry and illegal search and seizure of a private citizen with no violation of Law and a background in the Military and engineering sectors? Robert Scott Edwards has never been Robert Rex Edwards not as an alias or as a real person.

"Conflict of Interest" exists on all Levels due to the 46 year Background of the petitioner. B.G.I.

This Honorable court Now has to deal with a question it can not begin to answer. Unless all of the petitioner's belonging is given a throughout and plain view examination. This Honorable Court has to abide by the precedent Law at the time of this case or before. To do otherwise

16

will create an Ex Facto Condition of
Law. EX POST FACTO - AFTER the fact.
   That Ex Facto Condition of Law existed
in the petitioner's computer as well.
The exhibits used to convict the petitioner
were Temporary Internet Folder files
that were deleted Long before May
4th and 5th of 2001. The end case report
shows that the petitioner's clock and
the Forensic clock were only 48 seconds
different from each other. At no other
time was any proof given that anyone
seen those files on either of the dates
the petitioner was accused of violating
any Law.
   The petitioner by Law both Federal
and state was not guilty of any crime
for having deleted files on his computer.
Lee v Kennua (US 2002); Ashcoft v Free
Speech Coalition (US 2001); ACLU v Ashcraft
(US 2001); Sherman v State (AL 2001); Rule
15, Ala. R. App Proc; ALa Code 1975§13A-6-
112. ALL of these have been presented
to the state courts and even this Court.
   The petitioner made a promise to

17

keep his Vow of Honor he took to protect
the citizens both foreign and domestic
and wishes now he broke it and help
release all of the enemies of all law
abiding citizens. At least then the
State would be forced to correct its
Coding of the Alabama 1975 statutes.
    The petitioner wrote personal letters
to the Honorable Assistant Attorney General
Mr CHAPPELL and in those letters he
sent what he knew about the errors of
Law in hopes that he would help correct
those laws.
    One such motion that can be sent to
State courts and is valid would set
free each person who did not know his
or her victims age. Osbourne/Sherman.
    Another motion shows why those convicted
of BURGLARY and Theft are illegally
Sentenced and have to set free and their
record expludged. IT is only part of the
Bailey writ. Look-up "Rule of LENITY."
404 US 336 (1971); 415 US 831 (1974) 240 F3d
1222 (10 CIR 2001); 530 US 466 (2000); 527 US 227
(1999); 242 F3d 407 (7 CIR 2001); 177 F3d 149 (3C: 1999)

Example Burglary 3$\underline{rd}$ 10 year $\overline{c}$ $\overline{t}$ is 3 years and 4 months actually incarceration. Theft of Property 1$\underline{st}$ 16 year. According to the ALDOC the greater sentence controls. The US Supreme Court and even Alabama Law says there can only be one punishment. The Maximum sentence is therefore, the Class 'C' Felony statutes "Rule of Lenity" requires sentencing courts to impose lesser of (2) two penalities. Ala Code 1975 §15-3-8.

Now how many are falsely imprisoned in Alabama Prisons? How many Millions of Dollars will the state have to pay?

The petitioner gave the state a chance to correct the sentences and therefore, save the taxpayers the BURDEN from the JUDICIAL and EXECUTIVE BRANCH ERRORS.

Yes, there is a "Conflict of Interest" both Financial and Professional, but also Personal on Constitutional Law Grounds.

Now it is this Honorable Court's choice!

Respectfully submitted this the 18$\underline{th}$

19

Day of March, 2008.

Robert R Evans

counter signed

Robert R Evans

3/28/08

225984 ; 01-25A-ECF
200 Wallace Drive
Clio, AL 36017-2613

This camp is no different. Three (3)
Pro-se Litigant Dell Computers Leased to
the Law Library for the population to use.
But yet the population is denied use
of the FOLIO-LEXIS NEXIS and even
two of the Computers.

Countersigned 3/28/08    Robert R Evans

Even this court's mail has been kept
from the petitioner. What about his
First Amendment Rights to the free
flow of mail. Especially Legal Mail.
Exhibit attached.

Robert R Evans

countersigned 3/28/08    Robert R Evans

20

44

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ROBERT REX EDWARDS,       )
  #225984,                )
                          )
        PETITIONER,       )
                          )
VS.                       )   CIVIL ACTION NO.
                          )   2:06-CV-177-WKW
                          )
BILLY MITCHEM, et al.,     )
                          )
        RESPONDENTS.      )

## CONFLICT DISCLOSURE STATEMENT

Come now Troy King, Billy Mitchem, and Bob Riley, Respondents in the above-named cause, and pursuant to this Court's notice issued on February 26, 2008, make the following disclosure regarding potential conflicts of interest:

1. Neither Troy King, Billy Mitchem, or Bob Riley have any known affiliations that would create a "professional or financial conflict" for Magistrate Judge Wallace Capel, Jr. or District Court Judge W. Keith Watkins, the judges assigned to this case.

2. Edwards, since the filing of his habeas petition, has been transferred from the Limestone Correctional Facility to Easterling Correctional Facility. The

warden at Easterling Correctional Facility, Louis Boyd, also has no known

affiliations that would create a conflict for Judges Capel or Watkins.

Respectfully submitted,

Troy King (KIN047)
*Attorney General*
By:

/s/Jean-Paul M. Chappell
Jean-Paul M. Chappell
*Assistant Attorney General*
#CHA073

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of March, 2008, I electronically filed

the foregoing with the Clerk of the Court using the CM/ECF system and I hereby

certify that I have mailed by United States Postal Service the document to the

following non-CM/ECF participants: Robert Rex Edwards, AIS# 225984,

Easterling Correctional Facility, 200 Wallace Drive, Clio, Alabama  36017-2615.

Respectfully submitted,

/s/Jean-Paul M. Chappell (CHA073)
Jean-Paul M. Chappell (CHA073)
Office of the Attorney General
Alabama State House
11 South Union
Montgomery, AL 36130-0152
Telephone: (334) 242-7300
Fax: (334) 242-2848
E-Mail: jchappell@ago.state.al.us


ADDRESS OF COUNSEL:
Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, AL 36130
(334) 242-7300

391225/92252-001

# KNOW YOUR RIGHTS
# PRIVILEGED AND NON-PRIVILEGED MAIL

### ACLU National Prison Project

**Important Note:** The law is always evolving.  If you have access to a prison law library, it is a good idea to confirm that the cases and statutes cited below are still good law.  The date at the bottom of this page indicates when this information sheet was last updated.

The Supreme Court has held that the First Amendment of the United States Constitution entitles prisoners to receive and send mail, subject only to the institution's right to censor letters or withhold delivery if necessary to protect institutional security, and if accompanied by appropriate procedural safeguards.[1]

A prison's restrictions on *mail received by prisoners* must be rationally related to a legitimate penological interest.[2]

A prison's restrictions on prisoners' *outgoing correspondence* must meet a more exacting standard.  They must be "no greater than is necessary or essential" to protect an "important or substantial" government interest.[3]

Prison officials' ability to inspect and censor mail depends on whether the mail is privileged or not.

### Non-Privileged Mail (including commercial mail, letters from family members, friends and businesses)
The Constitution permits incoming non-privileged mail to be opened outside the prisoner's presence.[4]  Prison officials can read non-privileged mail for security or for other correctional purposes without probable cause and without a warrant.[5]

---

[1] Hudson v. Palmer, 468 U.S. 517, 547 (1984).  See also Parrish v. Johnson, 800 F.2d 600, 604 (6th Cir. 1986) ("Any 'arbitrary opening and reading of ... mail [with] no justification − other than harassment' may violate the First Amendment.").

[2] Turner v. Safley, 482 U.S. 78, 89-91 (1987).

[3] Procunier v. Martinez, 416 U.S. 396, 413-14 (1974), overruled in part on other grounds by Thornburgh v. Abbott, 490 U.S. 401 (1989); Nasir v. Morgan, 350 F.3d 366 (3rd Cir. 2003); but see Ortiz v. Fort Dodge Correctional Facility, 368 F.3d 1024, 1026 n.2 (8th Cir. 2004) (applying Turner standard to restrictions on outgoing correspondence).

[4] See Martin v. Tyson, 845 F.2d 1451, 1456-57 (5th Cir. 1988), cert. denied, 488 U.S. 863 (1988).

[5] See Smith v. Boyd, 945 F.2d 1041, 1043 (8th Cir. 1991).

Business and commercial mail may be treated as non-privileged.

Some courts restrict the reading of outgoing mail.[6]

Prisons may not ban mail simply because it contains material downloaded from the internet.[7]  Prisoners may not be punished for posting material on the internet with the assistance of non-incarcerated third parties.[8]

**Privileged Mail (including attorney-client communications)**
"Privileged" mail is entitled to greater confidentiality and freedom from censorship.  Privileged mail may be briefly held to verify the identity of the addressee.[9]  In order for mail to be treated as privileged, it must be clearly marked.[10]  Privileged mail may be checked for contraband but cannot be read in the ordinary course of prison routine.[11]  The "contraband" check must be conducted in front of the prisoner.[12]  Outgoing privileged mail may generally be sent unopened.[13]

Some courts have accorded privileged status to mail to and from various public officials and agencies of state, local and federal government.[14]

**What can a prisoner do if privileged mail is opened outside the prisoner's presence?**
A court will not necessarily rule for the prisoner in every case in which privileged mail was opened outside of the prisoner's presence.  This is not a reflection on whether the prisoner's right was violated, but instead reflects the deference the courts give to prison administrators.  A court might rule, for example, that a prison receives a large volume of letters each day and may make a mistake once in a while.

A prisoner will have a greater chance of winning a lawsuit if there is a showing

---

[6]  See Wolfish v. Levi, 573 F.2d 118, 130 (2nd Cir. 1978), rev'd in part on other grounds sub nom, Bell v. Wolfish, 441 U.S. 520 (1979).

[7]  Clement v. California Dep't of Corrections, 364 F.3d 1148 (9th Cir. 2004).

[8]  Canadian Coalition Against the Death Penalty v. Ryan, 269 F.Supp.2d 1199 (D. Ariz. 2003).

[9]  See Guajardo v.Estelle, 580 F.2d 748, 758-59 (5th Cir. 1978), clarified on other grounds by McFarland v. Leyh (In re Texas Gen. Petroleum Corp.), 52 F.3d 1330 (5th Cir. 1995).

[10]  See O'Donnell v. Thomas, 826 F.2d 788, 790 (8th Cir. 1987).

[11]  See Reneer v. Sewell, 975 F.2d 258, 260 (6th Cir. 1992).

[12]  Id.

[13]  See Davidson v. Scully, 694 F.2d 50, 53 (2nd Cir. 1982).

[14]  See Muhammad v. Pitcher, 35 F.3d 1081, 1083-86 (6th Cir. 1994).

that he or she was actually harmed by the opening of the letter outside the prisoner's presence. Examples of actual harm would be if the prison official's policy is to open all privileged mail outside the recipient's presence, if the letter is copied, or if information contained in the letter is used against the prisoner.

When a prisoner receives a piece of privileged mail that has been opened outside his or her presence, the prisoner should file a grievance. Often, prison officials will admit that they erred, and that such accidents should not occur in the future. The prisoner should keep a copy of this grievance and any responses in case this act happens again. If the error happens again, the prisoner should file another grievance, mentioning the previous one and the prison official's response. If the prisoner can establish that the prison has a policy to open privileged mail outside the recipient's presence, then the prisoner has a better chance of succeeding in a lawsuit.

# IN THE CIRCUIT COURT OF CHILTON COUNTY, ALABAMA

STATE OF ALABAMA,

    PLAINTIFF,

VS.



ROBERT REX EDWARDS,

    DEFENDANT.

CASE # CC-2001-000244 AND
CV-2001-000214

\*

MOTIONS TO WITHDRAW DAVID KARN AS LEGAL ADVISOR.

REASON I APPROACHED DAVID KARN IN JULY 2001 AT HIS OFFICE AT 401 LAY DAM ROAD IN CLANTON ABOUT MY CASE. HE WOULD NOT HAVE ANYTHING TO DO WITH IT.

THEREFORE I DO NOT WANT HIM AS ADVISOR. I HAVE NO TRUST IN HIM. OR ANY ATTORNEY IN CHILTON COUNTY, DISTRICT, OR ASSOCIATE OF JUDGE. ("FRIEND OF COURT")

ROBERT REX EDWARDS
SSN 420 86 5715
PO BOX 806
CLANTON, AL 35046-0806

cc AG.STATE.AL.US
cc ASKDOJ@USDOJ.GOV

20020419

US v Paddilla & Martinez, 762 F2d 942 (11 czr 1985)

Powell v Alabama (US 1932) 287 US 45 (

US CA 6th, 14th Amendment

Glasser v US, 315 US 60 (1942)

Malave v Carney Hosp 170 F3d 217 (1 czr 1999)

ALA. Const. 1901 Art I §6

LCS Correctional Services
Perry County Correctional Center
Disciplinary Report

| Name of Detainee Edwards Robert Rex | Number A225984 | Date of Incident 10-01-07 | Time of Incident approximately 9:30 Am |
|---|---|---|---|
| Place of Incident Alpha 3 | Job Assignment | | Housing Assignment Alpha 3 - Bed 32 |
| Rule Violated Disobedience Aggravated and disrespect, defiance | | Rule Number # 23 Defiance II Schedule B 5 and Schedule A 7 | |

**Description of Incident** ( include all relevant information - unusual detainee behavior , staff witnesses, physical altercation, physical evidence and disposition, immediate action including use of force. Use other side if necessary)

Detainee Edwards A225984 was told that all towels, sheets, etc.
had to be down by 6:00 A.m. I, Capt. Lightsey had taken several towels down,
and had them in my hand. Detainee Edwards snatched a towel out of my hand,
and I snatched it back from him. Detainee Edwards would not comply
with the orders to go back and be quiet. The Unit Manager Rachel Tabb
was a witness to the behavior problems from the detainees. This defiant
action and posturing could have sparked a riot.

| Detainee placed in Adm. Seg. | ✓ Yes | No |
|---|---|---|

| Signature of reporting employee Capt. Lightsey | Printed Name and Title Nancy Lightsey (Captain) |
|---|---|

| Date of Report 10-1-07 | Time of Report 3:30 pm | Copy given to Detainee by Sgt. Gates | Detainee Signature refused to sign |
|---|---|---|---|

| Plea by Detainee | Not Guilty | Guilty | Verdict | Not Guilty | Guilty |
|---|---|---|---|---|---|

Disciplinary hearings will be scheduled within 7 days of the incident ,excluding weekends and holidays unless the detainee wishes to waive his right to a 24 hours notice. Does detainee wish to waive his 24hr notice. ___ yes ___ no

| Detainee Signature: | Date: | Time: |
|---|---|---|

| Date of Hearing | Counsel Substitute Name | Counsel Substitute Signature |
|---|---|---|

Motions:

**Reason for disposition:** ___Report is clear and precise ___ lack of credible evidence ___ Based on detainee statement
___ The officer's version is determined to be more credible than the detainees ___ Only defense is denying the contents of the report
___ The Detainee presented no evidence to refute the charges ___The investigating officer's testimony was deemed more truthful and accurate than the detainee's ___ Plea Bargain ___ The detainee's demeanor led the board to believe that the detainee's testimony was untrue
___ Other

**Reasons for Sentence:** ___ Seriousness of offense ___ The need to protect the institution, employee or other ___ Poor conduct record
a total of _____ rule violations. A total of _____ Schedule B violations since _____ . A total of _____ rule violations since _____
___ Other_____

| Sentence | ___ Suspended _____ Days ___ Imposed |
|---|---|
| Sentence | ___ Suspended _____ Days ___ Imposed |

**Disciplinary Board:** Cost may be imposed for any property loss, damage or medical expense occasioned through the fault of an detainee who in so causing the loss, damage, or medical expense also is found guilty through the disciplinary process of violating one or more rules set out in the Disciplinary Rules and procedures for Detainees.

| Chairman (Disciplinary Officer)_____ | Date _____ |
|---|---|
| Member: _____ | Date _____ |

IN THE CRIMINAL COURT OF APPEALS
STATE OF ALABAMA

ROBERT REX EDWARDS,          )
    PETITIONER,              )
                             )
                             )
    v.                       )     CASE # CC 2001000244
                             )        CR 2001  2180
                             )
STATE OF ALABAMA,            )
    RESPONDANT.              )

## NOTICE OF ACTIONS

NOW COMES, ROBERT REX EDWARDS, petitioner filing this notice of actions

on this court based on the errors in my COURT OF CRIMINAL APPEARS brief.

Information supplied th the court has not been verified or use therefore,

the petitioner is now notifing this court of pending lawsuit based on

5 USC 552a  PRIVACY ACT.  The four qualifications as plaintiff/petitioner

/complainant are:

    1) that the agency failed to maintain accurate records;

    2) that it did so intentionally or willfully;

    3) that the events consequently led to the decision;

    4) that an adverse ... determination was made respecting the plaintiff.

On or about SEPTEMBER 5, 2003 this action will produce a court action.

By law all that is required is a 10 day notice of actions. I prefer to

be fairer than that. Copy of this sent to my appeal attorney for not

correcting the errors in time for the court to take notice.

                      RESPECTFULLY SUBMITTED,
                      ROBERT REX EDWARDS

  AIS 225984; DORM G2C 234, 1000 ST CLAIR ROAD, SPRINGVILLE,  AL 35146-5582

*Robert R Edwards*

*8-11-03*

IN RESPONCE TO: AUGUST 5, 2003
CR 01-2180

ROBERT REX EDWARDS
AIS 225984; DORM G2C 234
1000 ST CLAIR ROAD
SPRINGVILLE, AL 35146-5582
AUGUST 11, 2003

ELIZABETH H. HUNTLEY,
ATTORNEY AT LAW
402 1st AVENUE
CLANTON, AL. 35045

*Copy to Ethics Commission*
*Copy to Alabama State Bar*
*Huntley CSP NO. 04-1121 (A)*
*KARN CSP NO. 03-17 (A)*

DEAR MRS. HUNTLEY,

This is to inform under Alabama Rules of Professional Conduct
RULE 1.16(d) "Upon termination of representation, a lawyer shall
take steps to the extent reasonably practicable to protect clients
interests, ... surrendering papers and property to which the client
is entitled. See BRITT v. NORTH CAROLINA, (1971) 30 L Ed 2d 400.

I futher release you from the obligation of attorney / client
privlege in order to have you under ARPC rule 3.7 "LAWYER AS WITNESS"
to the facts presented in my case by your letters and statements of
the case.

Re: letter dated from you JULY 28, 2003 as stated:
"... please keep in mind that the only issues that can be addressed on
appeal are those issues in the transcript and record of the case."

My pro se status was the only defense you used, all the letters
I sent you on different facts of the case you did not address.

ENCLOSED IS THE RESEACH I HAVE DONE ON THE LAWS I WAS ACCUSED OF
BREAKING! BASED ON THESE FACTS THE NUDISTS EXHIBITS ARE NOT PORNO-
GRAPHIC. THE FACTS PRESENTED HERE WAS ADDRESSED IN COURT IN SEVERAL
OF THE DAYS AT COURT PRIOR TO AND THE DAY OF THE TRIAL. See USSC-2.

THEREFORE, I place notice to you that this is the same reason
my appeal motion stated that I did not want someone from this DISTRICT,

WHY DID YOU NOT RESEARCH ANY OF THE STATEMENT MADE IN THE TRANS
SCRIPT?                                                          8/12/03

THIS COVER SHEET AND __18__ PAGES ENCLOSED.

*Robert R Edwards*   ROBERT REX EDWARDS, PRO SE.

IN THE CIRCUIT COURT OF CHILTON COUNTY, ALABAMA

ROBERT REX EDWARDS,                    )
          PETITIONER,                  )
                                       )
     v.                                )     CASE # CC 2001000244
                                       )     CASE # CV 2001000214
STATE OF ALABAMA,                      )
          RESPONDANT.                  )

## NOTICE OF ACTIONS

NOW COMES, ROBERT REX EDWARDS, petitioner filing this notice of actions

on this court based on the errors by this court in my cases.

Due to the fact this court has chosen not to honor my FOIA/PRIVACY ACT

request. I now hereby, the petitioner is now notifing this court of

pending lawsuit based on 5 USC 552a  PRIVACY ACT. The four qualifi-

cations as plaintiff/petitioner/complainant are:

     1) that the agency failed to maintain accurate records;
     2) that it did so intentionally or willfully;
     3) that the events consequently led to the decision;
     4) that an adverse ... determination was made respecting the plaintiff.

On or about SEPTEMBER 5, 2003 this action will produce a court action.
By law all that is required is a 10 day notice of actions. I prefer to
be fairer than that. Copy of this sent to my appeal attorney for not
informing the court of the errors at the Court of Criminal Appeals.

     NOTICE TO MIKE SMITH:

On MAY 2, 2003, you signed for the FOIA/PRIVACY ACT request that was
certified mail. ARTICLE NO. 7002 0510 0000 0709 6647. I only received
a small part of the requested paperwork. None of CV 2001 000214 was
received. BLACK SPOT THE PUBIC AREAS AND SEND THE EXHIBITS.

     SEE    ARREST - SEARCH OF PREMISES,(1990) 108 L Ed 2d 987
     DOE v. CHAMBERLIN,(2001) 139 F Supp 2d 637 affirmed 299 F 3d

          *Robert R Edwards*      RESPECTFULLY SUBMITTED,  8/11/03
                                  ROBERT REX EDWARDS

AIS 225984; DORM G2C 234, 1000 ST CLAIR ROAD, SPRINGVILLE, AL 35146-5582
JUDGE REYNOLDS IS ONCE AGAIN IN ERROR AND NOW FEDERAL COURT WILL BEGIN!
BY S US SUPREME COURT RULINGS — NUDES ARE NOT PORNOGRAPHIC!

| | CASE ACTION SUMMARY (CONTINUATION) SENTENCING ORDER | Case Number CC-01-244 |
|---|---|---|

**State of Alabama** V. Robert Rex Edwards

Page Number ____ of ____ pages

| DATE | JUDGE'S INITIALS | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|---|

7-29-02

### Sentencing Order

*The defendant and counsel, and counsel for the State of Alabama appeared in open court for the defendant to be sentenced on his/her conviction of* Production Obscene Matter - 1 Ct.

Sexual Abust 1st - 2 Cts, Poss obscene material 30 ct.

*The defendant is adjudged guilty of* Poss. Obscene Material 30 Cts.

Sexual Abuse 1st 2 cents

***Habitual Felony Offender*** Production Obscene Material 1 Cent

The defendant has been given reasonable notice that the State intended to move the Court to sentence the defendant under the provisions of §§13A-5-9 and 10, *Code of Alabama, 1975*

The State's motion to sentence the defendant pursuant to the Habitual Felony Offender Act is
☐ granted; ☒ denied.    The Court finds the Defendant has —0— ☒ prior convictions: _____

_____

No Sentence (withdr)

### Sentence

____ The defendant waived a sentence hearing.

____ The Court conducted a sentence hearing.

____ A pre-sentence report was requested by the defendant and considered by the Court.

____ The defendant waived a pre-sentence investigation and report.

____ Y.O.A.

____ The Court asked the defendant if he/she had anything to say why the sentence of law should not be imposed against him/her, and ☒ the defendant having had his/her say ☐ the defendant had nothing to say, it is ORDERED as follows: The defendant is sentenced to the custody of the Commissioner of the Department of Corrections for a period of 10 year(s), and _____ day(s), _____ month(s) Sexual Abuse 1st X 2 - CS ☒ his/her life, ☐ his/her life without parole. Production of Obscene X 1 - 10 yrs
10 yrs. Poss of Obscene Matter X 30

____ The defendant is sentenced to the custody of the Sheriff of _____ County, Alabama, for a period of _____ one year, _____ month(s), _____ day(s).

____ The defendant is sentenced to the custody of the Warden of the City of _____, Alabama, Jail, for a period of _____ one year, _____ month(s), _____ day(s).

____ The defendant is fined the sum of $ _____.

____ Frank Lee Youth Center is recommended.

____ The defendant's sentence shall be concurrent with the sentence(s) imposed in Possession of Obscene Material X 30 And Production of Obscene Material X 1

____ The defendant shall pay restitution in the amount of $ _____ to _____.

____ The defendant shall pay the costs of this case.

____ The defendant shall pay the Alabama Crime Victims Compensation Commission the sum of $ 100 oe

____ The defendant shall reimburse the State of Alabama the costs of his/her appointed counsel in the amount of $ 450.00.

____ The payment of court ordered monies shall be a condition of parole, early release, S.I.R., or work release.

____ The defendant is given credit for time served.

____ Defendant shall complete SAP while incarcerated.

| | CASE ACTION SUMMARY (CONTINUATION) SENTENCING ORDER | Case Number CC—01-244 |
|---|---|---|

**STATE OF ALABAMA v.** *Robert Rex Edwards*

Page Number ____ of ____ Pages

| DATE | JUDGE'S INITIALS | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|---|

### Terms And Conditions Of Probations

The defendant's probation is conditioned on the Defendant complying with the following conditions of probation:

The defendant shall not be arrested for any further offenses.

The defendant shall maintain full time employment.

The defendant shall secure full time employment within _____.

The defendant shall not consume any alcoholic beverages or frequent any establishments that serve or sell alcoholic beverages as their primary service.

The defendant shall not have any contact with illegal drugs or associate with any persons who sell, furnish or use illegal drugs.

The defendant shall pay the Court ordered monies;   ☐ Attorney fees on or before _____;
☐ Restitution on or before _____;   ☐ Costs and VCF on or before _____;
☐ in installments commencing on _____ (date) at the rate of $ _____;
per  ☐ month   ☐ week   ☐ each two weeks, until paid in full.

The defendant shall not enter _____ during his/her probation.

The defendant shall complete the DUI level _____ program.

The defendant shall work on and obtain his/her GED and provide verified proof to the same to the probation officer.

The defendant shall enroll in the   ☐ Lighthouse;   ☐ Cadet Center;   or   ☐ _____;
and complete the program and any aftercare program that is recommended.

The defendant shall not have any contact with _____

_____;

The defendant shall remain a   ☐ full time student at _____
☐ part time student at _____; and maintain a _____ grade point average.

The defendant shall comply with any other terms and conditions of probation that may be required by the Department of Probations and Parole.

The defendant shall make him/herself available for searches or tests when ordered by the probation officer, including, but not limited to, urinalysis, breath tests, and blood tests or a search of his residence or any property under his control.

_____

_____

_____

_____

The defendant was advised that he has the right to appeal his conviction and sentence, and, if indigent, has the right to appointed counsel and the court reporter's transcript provided without cost.

DONE and ORDERED this __29th__ day of ___July___, __2002__

_____
CIRCUIT COURT JUDGE



**STATE OF ALABAMA**

JIM FOLSOM, JR.
LIEUTENANT GOVERNOR

ALABAMA STATE HOUSE
MONTGOMERY, ALABAMA 36130

January 9, 2008

Robert Rex Edwards
225984; D2-19A
200 Wallace Drive
Clio, AL 36107-2615

Dear Mr. Edwards:

I received your letter on December 26, 2007.

As for your situation with the prison system of Alabama there is not much that I can do to help. Unfortunately, my position as Lieutenant Governor does not have any jurisdiction over the Department of Corrections, but I have forwarded a copy of your letter to them for their review.

If I may be of any other assistance please feel free to contact my office.

Sincerely,

Jim Folsom Jr.

JFjr./rh

*LETTERS were addressed
"President of the Senate"
Not Lt. Gov. about distruction of legal materials
This one included a letter to be given
to the Attorney General, TROY KING
HAND DELIVERED TO RM 310*

11 SOUTH UNION STREET, SUITE 725 • (334) 242-7900 (O) • (334) 242-4661 (FAX)
E-MAIL: info@ltgov.alabama.gov



JIM FOLSOM, JR.
LIEUTENANT GOVERNOR

ALABAMA STATE HOUSE
MONTGOMERY, ALABAMA 36130

**STATE OF ALABAMA**

February 14, 2007

Mr. Robert Rex Edwards
225984;  WOLF 1-3
3843 Stagg Av.
Basile, LA  70515-5501

Dear Mr. Edwards:

I received your letter dated February 9, 2007.

As I mentioned to you in my prior correspondence, there is not much that I can do to help.  Unfortunately, my position as Lieutenant Governor does not have any jurisdiction over the Department of Corrections, but I have forwarded your letter to them for their review.

To save time, you may wish to correspond with them directly with the Alabama Department of Corrections, 1400 Lloyd Street, Montgomery, AL 36107

Sincerely,

Jim Folson

Jim Folsom

c/encl:  Alabama Department of Corrections

JFjr./lma

*Letters were addressed*
*"President of the senate"*
*not Lt. Gov. about problems with LCS*
*medical Services and the dorm full*
*of water  copy to TROY KING.*

## Certificate of Service

I, hereby, certify that I sent this
Document to my sister in INDIANA to
Copy and serve to each of the following

| | |
|---|---|
| DEBRA P. HACKETT, clerk<br>US DC Middle Dist. Ala<br>PO Box 711<br>Montgomery, AL 36101-0711 | Jean-Paul M. CHAPPELL<br>Asst Atty General<br>11 So Union St - Ste 310<br>Montgomery, AL 36130-0152 |
| US DOJ - CRD/SPL 17011<br>950 PennsyLvania AV, NW<br>Washington, DC 20530 | Lisa Kung/SCHR.org<br>83 Popular St NW<br>ATLanta, Ga 30303-2122 |

BRYAN A STEVENSON
122 Commerce St - ejia.org
Montgomery, AL 36104

Rbnknson
PRO-SE

countersigned 3/28/08    Robert R Edward
Sent to court   4/6/08

END Page

Robert Rex EDWARDS
225989; 07-25A-ECF
200 Wallace Drive
Clio, AL 36017-2613



§ 2254
2:06 CV 177 WKW

Debra P. Hackett, Clerk
U.S. District Court
P.O. Box 711
Montgomery, AL
                36101-0711

Legal
    Mail