IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ROBERT REX EDWARDS, #225984, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:06-CV-177-WKW |
| | ) | [WO] |
| | ) | |
| BILLY MITCHEM, et al., | ) | |
| | ) | |
| Respondents. | ) | |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION AND PROCEDURAL HISTORY

This civil action is before the court on a 28 U.S.C. § 2254 petition for habeas corpus

relief filed by Robert Rex Edwards ["Edwards"], a state inmate, on February 24, 2006.[1]

Edwards amended the petition in July of 2006 and October of 2007.  In this petition, as

amended, Edwards challenges convictions for two counts of first degree sexual abuse of

a person under the age of 12, one count of production of obscene material containing visual

reproduction of a person under the age of 17 involved in obscene acts and one count of

possession of obscene material containing a visual reproduction of a person under the age

---

[1] Although the Clerk stamped the present habeas petition "filed" on February 27, 2006, it is clear Edwards
presented this petition to prison officials for mailing prior to this date.  A pro se inmate's petition is deemed filed
for federal purposes the date it is submitted for mailing.  *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams
v. United States*, 173 F.3d 1339, 1340-41 (11ᵗʰ Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11ᵗʰ Cir. 1993).
In light of the foregoing, the court deemed February 24, 2006 as the appropriate date of filing, *Order of March 7,
2006 - Court Doc. No. 3*, and no evidence has been presented by either party challenging this determination.  Thus,
for purposes of this proceeding, February 24, 2006 is considered the date of filing for the instant federal habeas
action.

of 17 involved in obscene acts imposed upon him by the Circuit Court of Chilton County,

Alabama on June 28, 2002.[2]  These convictions became final by operation of law in August

of 2005.[3]

Edwards filed a direct appeal of these convictions in which he argued that he did not

knowingly and intelligently enter his waiver of the right to counsel.  Specifically, Edwards

alleged the trial court failed to properly advise him of the dangers associated with acting

as one's own counsel as required by *Faretta v. California*, 422 U.S. 806 (1975).

---

[2]The sexual abuse convictions related to actions taken against two separate victims on the same evening. *Respondents' Exhibit D (Memorandum Opinion on Direct Appeal) - Court Doc. No. 13-5* at 2 ("The evidence [presented at trial] indicated that 9-year-old J.B. and his friend S.K., spent the night with [Edwards], who was approximately 40 years of age; that [Edwards] and the minors viewed pornographic material on the appellant's computer; and that [Edwards] touched or stroked each child's penis.... [Edwards] admitted that the minors spent the night at his residence and he admitted to touching J.B.'s penis....").

[3]Edwards represented himself at trial with previously appointed counsel serving as advisory counsel. The court appointed different counsel to represent Edwards on direct appeal.  Edwards again acted *pro se* in all post-conviction proceedings.  The jury convicted Edwards for thirty (30) counts of possession of obscene material.  In the state post-conviction proceeding filed *pro se* under Rule 32 of the Alabama Rules of Criminal Procedure, the trial court reduced these convictions to a single conviction for possession of obscene matter.  *Respondents' Exhibit J (Order on Rule 32 Petition) - Court Doc. No. 13-11* at 74 ("That [Edwards] was in possession of several images of children under the age of 17 years and the same should have been one count of Possession of Obscene Material. Therefore, it is ORDERED, that the convictions for possession of Obscene Material in Counts 5-33 are set aside and the Sentencing Order be amended to reflect the following: Count One - Production of Obscene Material, 10 years, Count Two and Count Three - Sexual Abuse 1st [degree], 10 years cs ["consecutive"] to each other, Count Four, Possession of Obscene Material, 10 years.  The sentences shall run concurrent on Counts One, Two and Four and the sentence for Count Three shall be consecutive to Counts One[,] Two and Four.").  Although Edwards continues to present claims challenging the propriety of his thirty convictions for possession of obscene material, he stands convicted of only one count of this offense.  Any challenges to the other twenty-nine convictions for possession of obscene material are without merit and provide no basis for federal habeas relief as Edwards is not incarcerated pursuant to such convictions.  Additionally, it appears to the court that the claims presented by Edwards to this court relate almost exclusively to his convictions for production of obscene material and possession of obscene material.  The evidence presented at trial with respect to these convictions indicated that Edwards provided a co-worker with a computer disk that "contain[ed] child pornography.... Gary Graves, a computer forensics officer, testified that [Edwards] had thousands of pornographic images on his computer and that 50-60 of those images appeared to contain child pornography."  *Respondents' Exhibit D (Memorandum Opinion on Direct Appeal) - Court Doc. No. 13-5* at 1-2.  It is also clear from the pleadings and documents filed by Edwards that the images obtained from his computer were admitted into evidence and made available to the jury for their review.

*Respondents' Exhibit B (Brief of Appellant) - Court Doc. No. 13-3.*  On May 30, 2003, the Alabama Court of Criminal Appeals affirmed Edwards' convictions in a memorandum opinion.  *Respondents' Exhibit D - Court Doc. No. 13-5.*  In so doing, the appellate court referenced applicable federal law and determined "that, under the totality of the circumstances, the appellant has failed to demonstrate by a preponderance of the evidence that he did not knowingly, intelligently, and voluntarily waive his right to counsel."  *Id.* at 12.  Edwards failed to properly further appeal his convictions as he did not timely file an application for rehearing.  The Alabama Court of Criminal Appeals therefore issued the certificate of judgment on June 17, 2003.  *Respondents' Exhibit E - Court Doc. No. 13-6.*[4] Although on June 19, 2003 counsel filed a motion to file the application for rehearing out of time, *Respondents' Exhibit F - Court Doc. No. 13-7,* the Alabama Court of Criminal Appeals denied this motion.  *Respondents' Exhibit G - Court Doc. No. 13-8.*[5] Counsel then attempted to file a petition for writ of certiorari with the Alabama Supreme Court but the court struck this petition "for failure to comply with Rule 39(c)(1), Alabama Rules of Appellate Procedure."  *Respondents' Exhibit I - Court Doc. No. 13-10.*[6] Since Edwards

---

[4]Where further action is not undertaken upon issuance of the opinion by the appellate court, the certificate of judgment issues eighteen (18) days after entry of the appellate court's opinion.  Rule 41(a), *Alabama Rules of Appellate Procedure.*

[5]An applicant has fourteen (14) days from issuance of judgment by the Alabama Court of Criminal Appeals to seek rehearing.  Rule 40(c), *Alabama Rules of Appellate Procedure.*

[6]This rule directs that "[t]he filing of an application for rehearing in the Court of Criminal Appeals is a prerequisite to review by certiorari in the Supreme Court" on appeals of criminal convictions.  Rule 39(c)(1), *Alabama Rules of Appellate Procedure; see also* Rule 40(d)(1), *Alabama Rules of Appellate Procedure* ("In all criminal cases [appealing convictions], the filing of an application for rehearing in the Alabama Court of Criminal

did not fully pursue his direct appeal and failed to properly seek relief from the Alabama Supreme Court, he could not file a petition for certiorari with the United States Supreme Court and the time for seeking review of his convictions therefore lapsed upon expiration of the time for filing an application for rehearing -- fourteen (14) days from issuance of the memorandum opinion.  Rule 40(c), *Alabama Rules of Appellate Procedure*; *see Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129 (2001); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari to the United States Supreme Court may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by the aforementioned state court).  Thus, the convictions imposed upon Edwards for first degree sexual abuse, production of obscene material and possession of obscene material became final, at the latest, on June 17, 2003.

On September 11, 2003, Edwards filed a *pro se* state post-conviction petition

---

Appeals is a prerequisite to certiorari review by the Alabama Supreme Court."].

pursuant to Rule 32, *Alabama Rules of Criminal Procedure*.[7]  Edwards also filed

amendments to the Rule 32 petition.  As with the majority of Edwards' pleadings, the Rule

32 petition and amendments are rambling, convoluted and enigmatic.  After thorough

review of the Rule 32 petition, as amended, the court discerns Edwards to have raised the

following claims for relief:  (1) The evidence presented with respect to his convictions for

possession and production of obscene material depicting children is insufficient to support

such convictions as (i) nude pictures and nudist photography of children do not constitute

pornography under the definition set forth in a federal criminal statute aimed at protecting

children from sexual exploitation, (ii) nudity alone, in the absence of sexually explicit

conduct, cannot be considered child pornography, (iii) governmental action to prevent

possession or production of nude pictures/photographs of children is violative of the First

Amendment, (iv) not all of the thousands of images on petitioner's computer were of

minors nor were all such images sexual in nature, (v) the testimony of Sgt. Graves failed

to establish the exact age of the persons in the photographs as Graves was not an expert in

---

[7]Edwards certified he executed the Rule 32 petition on September 11, 2003.  Although the state court entered the petition as "filed" on September 24, 2003, it is clear that Edwards submitted his Rule 32 petition to prison officials for mailing prior to the date that the state court received the petition.  *Respondents' Exhibit J (Edwards' Rule 32 Petition) - Court Doc. No. 13-11* at 13.  As previously noted, federal law directs that a pro se inmate's petition is deemed filed in federal cases the date the petition is delivered to prison officials for mailing.  *Houston,* 487 U.S. at 271-272.  "Alabama courts have [adopted this rule and] held that a pro se incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing."  *Ex parte Allen*, 825 So.2d 271, 272 (Ala. 2002); *Holland v. State*, 621 So.2d 373, 375 (Ala.Crim.App. 1993) ("[A] pro se incarcerated petitioner 'files' a Rule 32 petition when he hands the petition over to prison authorities for mailing.").  Consequently, the prison mailbox rule applies to pro se Rule 32 petitions filed in the state courts of Alabama.  Thus, September 11, 2003 is the appropriate date of filing for Edwards' Rule 32 petition.

either pediatrics or child development, (vi) state criminal statutes forbidding possession/production of obscene material involving children are violative of free speech, overbroad and constitute improper censorship; (2) Illegal search and seizure "of all ... equipment and stuff" constitutes theft under state law; (3) The trial judge and prosecutor violated *Brady v. Maryland*, 373 U.S. 83 (1963) throughout the state proceedings by (i) not allowing petitioner to copy files retrieved during the search or interview the State's witnesses prior to trial, (ii) denying him copies of the pictures made the basis of the charges against him so that he could have a certified physician determine the possible age of persons depicted, (iii) failing to return tape recordings petitioner made of his neighbors, (iv) not providing him access to Department of Human Resources ["DHR"] records regarding his sexual abuse victims, (v) refusing testimony from DHR officials relevant to other possible acts of sexual abuse against the victims by their parents, (vi) denying a jury questionnaire, (vii) failing to produce six audio recordings from a witness who had been killed in an automobile accident,[8] and (viii) failing to issue subpoenas for requested witnesses; (4) The trial judge did not allow petitioner to record the court proceedings and the court reporter falsified the transcript by typing only what the judge deemed necessary; (5) The trial judge should have recused himself as he issued the search warrant; (6) A proper inventory of items taken from his home was not compiled and petitioner did not

---

[8]Edwards argues that this individual provided statements indicating that the victims of Edwards' sexual abuse had also been sexually assaulted by members of their families.  Such evidence is wholly irrelevant to the charges lodged against Edwards.

receive a receipt for the property seized; (7) The search and seizure of evidence occurred pursuant to an invalid warrant based on priors of another individual and issued in the name of Robert Scott Edwards; (8) Sgt. Graves lied about petitioner downloading pornography from Birmingham, Alabama; (9) Donald Wutke provided false information that Edwards had been reprimanded at work for exposing himself to another employee and lied when asked whether he, Wutke, had ever brought printouts of containing images of sexual acts to work; (10) petitioner's statement to officer Edwards "was not a true statement of facts" as it was obtained under duress because petitioner was in handcuffs and Alabama law enforcement officials "have an abusive history of causing harm" to suspects; (11) The trial court failed to inform the grand jury that issuing indictments against petitioner for possession/production of obscene material involving children violated the Supremacy Clause because such actions are protected under federal law and, therefore, stripped the grand jury of authority; (12) The petit jury likewise entered convictions for possession/production of obscene material involving children in violation of the Supremacy Clause; (13) The indictment is vague and incomplete as it does not contain a statement of how many grand jurors voted to indict petitioner with respect to each charge contained in the indictment; (14) The obscene material statutes under which petitioner was convicted are unconstitutional; (15) Petitioner's Fifth Amendment right against self-incrimination was violated at arrest and during trial by evidence presented from Angela Bryant regarding inculpatory statements made to her by petitioner; (16) Anyone in possession of nude

pictures of a child is guilty of a felony and members of the grand jury should have been impeached on this ground; (17) The trial court denied petitioner counsel immediately upon his arrest;[9] (18) Petitioner received ineffective assistance of counsel because (i) retained counsel did not know applicable state law and refused to provide assistance after petitioner failed to provide payment for counsel's services, (ii) appointed counsel failed to cooperate with petitioner and had previously advised petitioner he did not handle the type of cases lodged against petitioner, (iii) appointed/advisory counsel did not provide advice to petitioner or make any statements during the trial proceedings and had a conflict of interest, and (iv) neither retained nor appointed/advisory counsel returned petitioner's files to him which contained research gathered by petitioner showing photographs of nude children in library books; (19) The trial court was without jurisdiction to render judgement or impose sentence because (i) the indictment was invalid, (ii) he is not entitled to good time on the sentences imposed for the sex offense convictions, (iii) full discovery was denied by the trial judge and prosecutor, (iv) his convictions are violative of the First Amendment and (v) the court failed to act in accordance with applicable state and federal rules as well as the Supremacy Clause; (20) Newly discovered evidence indicates that a witness for the State, Donald Wutke, was under investigation and had a prior felony record which impacts his credibility; (21) The Chilton County Jail had no law library for inmates in violation of the Constitution; (22) Petitioner received a disproportionate sentence when compared to

---

[9]Edwards concedes upon initiation of the criminal charges he retained an attorney.

8

other more serious felony offenders; (23) The sentence imposed exceeds the maximum authorized by law as his convictions are violative of the Supremacy Clause which permits the conduct at issue; (24) Petitioner's conviction on 30 counts of possessing obscene material depicting children is violative of double jeopardy; (25) The material possessed by petitioner was not pornography and the ages of the victims were not properly established; (26) Appellate counsel provided ineffective assistance by (i) failing to obtain full and complete copies of all transcripts, (ii) failing to read the transcripts, (iii) failing to provide petitioner copies of his court transcripts, and (iv) having insufficient knowledge of the law; (27) Petitioner's arrest was illegal as the arrest warrant was issued for Robert S. Edwards and allegedly based on prior convictions of this individual; and (28) Petitioner was not provided a hearing within seventy-two (72) hours of his arrest on the possession/production charges and held without bond for eleven (11) days in the Chilton County Jail on such charges. *Respondents' Exhibit J - Court Doc. No. 13-11* at 11-30, 43-45, 49-56 and 60-73.

The trial court held a hearing on the Rule 32 petition, as amended, on August 9, 2004. At this hearing, Edwards raised only the following issues: (1) Illegal search and seizure of petitioner's home and computer; (2) The convictions on 30 counts of possessing obscene material was violative of double jeopardy as the conduct constituted only one count of this offense; (3) Petitioner's rights under the Fifth and Sixth Amendment were violated for different reasons; (4) Introduction of videotapes from the sex abuse victims at trial violated the Fourth and Fifth Amendments; and (5) The court prevented Edwards from

recording the proceedings.

On August 26, 2004, the trial court issued an order granting the petition with respect to Edwards double jeopardy claim regarding his possession of obscene material convictions and denying it in all other respects. *Respondents' Exhibit J (Order on Rule 32 Petition) - Court Doc. No. 11* at 74 ("That the Defendant was in possession of the several images of children under the age of 17 years and the same should have been one count of Possession of Obscene Material.  Therefore, it is ORDERED, that the convictions for possession of Obscene Material in Counts 5-33 are set aside and the Sentencing Order be amended to reflect the following:  Count One - Production of Obscene Material, 10 years, Count Two and Count Three - Sexual Abuse 1st [degree], 10 years [consecutive] to each other, Count Four, Possession of Obscene Material, 10 years.  The sentences shall run concurrent on Counts One, Two and Four and the sentence for Count Three shall be consecutive to Counts One[,] Two and Four.  Clerk of Court to amend transcript to reflect this Order.  All other request[s] for relief shall be and [are] denied.").  Edwards appealed the trial court's decision.

The Alabama Court of Criminal Appeals issued an unpublished memorandum opinion on August 5, 2005 affirming the trial court's decision on the Rule 32 petition. *Respondents' Exhibit M - Court Doc. No. 13-15 -- Edwards v. State*, 945 So.2d 1096 (Ala.Crim.App. 2005).  This memorandum opinion reads, in pertinent part, as follows:

Although [Edwards] raised many arguments in his [Rule 32] petition

10

and four subsequent amendments, many of these nonjurisdictional claims were waived when he failed to advance them at the Rule 32 hearing held on August 9, 2004. This Court has held that a petitioner's claims are waived when he fails to raise them or present supporting evidence for them at the hearing on the Rule 32 petition. See *Taylor v. State*, [Ms. CR 02-0706, August 27, 2004] ___ So.2d ___, (Ala.Crim.App. 2004), and *Payne v. State*, 791 So.2d 383, 399 (Ala.Crim.App. 2000). Therefore, the only arguments that are not waived are those that [Edwards] presented at the Rule 32 hearing. However, [Edwards] must also raise the arguments that he raised at the Rule 32 hearing on appeal or they are waived.

"Allegations ... not expressly argued on ... appeal ... are deemed by [this Court] to be abandoned. [This Court] will not review issues not listed and argued in brief."

*Brownlee v. State*, 666 So.2d 91, 92 (Ala.Crim.App. 1995).

A hearing on the Rule 32 petition and the four amendments was held on August 9, 2004. [Edwards] raised these issues at the hearing:

1) The police illegally searched his computer.

2) His right against double jeopardy was violated because the conviction for thirty counts of possession of obscene material should have been treated as one count.

3) His Fifth and Sixth amendment rights were violated "on different things."

4) "[V]ideotapes were not sworn in at the time they were taken through the DA. It's in the fourth amendment ... The interviews of the children that were presented at trial ... The video was a violation of the ... fourth and fifth amendment. [The trial judge questioned this claim stating that the child victims testified live in court.]

5. The Court kept [Edwards] from making a tape recording of the court proceedings.

As best we can determine, [Edwards] has raised the following issues on appeal [of the decision issued by the trial court on his Rule 32 petition]:

1) His Constitutional and Civil Rights were violated, because he is a nudist and a bi-sexual. .

2) His appellate attorney was ineffective because she did not make sure the record was complete; he was forced to accept her services because the jail did not provide access to a law library.

3) The judge improperly told [Edwards] at the hearing on the Rule 32 petition that, before he could file an appeal, the Court would have to rule against him.

4) The State did not prove the ages of the victims in the pornography.

5) [Edwards] second amendment to his Rule 32 petition was not included in the record on appeal.

6) The Confrontation Clause was violated because at the Rule 32 hearing, the court reporter indicated that some of the dialogue by [Edwards] was inaudible.

7) Videotaped interviews presented by the DA during trial were not disclosed to [Edwards]..

8) Comments made by attorney Robert Bowers, Jr. at the Rule 32 hearing were not made part of the record.

9) The State covered up that their witness, Donald Wulke, was later convicted of sodomy and sexual abuse and got only 8 years' imprisonment in exchange for testifying against [Edwards].

10) His trial was prejudicial because it joined non-criminal activities such as nudism with any sex crime.

11) Children are raped by their parents who get away with the crime; abused children who end up in prison are also rape victims, and [Edwards] has fought to get them help.

12) The procedural bars of Rule 32.2, Ala.R.App.P., should not apply to [Edwards] because he is pro se and unlearned in the law.

Issue one from [Edwards'] Rule 32 hearing regarding an alleged illegal search was not argued on appeal and is waived.  Likewise, issue five from the Rule 32 hearing regarding the circuit court's denial to allow [Edwards] to tape record the court proceedings was not argued on appeal and is waived.  See *Brownlee*, 666 So.2d at 92.

Issue two from the Rule 32 hearing that his Fifth and Sixth Amendment Rights were violated for various reasons "on different things" is too vague to preserve anything for review.  See *Toughy v. State*, 776 So.2d 896, 901 (Ala.Crim.App. 1999).  Issue three from the Rule 32 hearing regarding double jeopardy violation is moot because Judge Reynolds granted relief on this issue in his order reducing [Edwards'] 30 counts of possessing obscene material to one count.

Issue four from the Rule 32 hearing concerning videotaped interviews with the victims appears to have been raised on appeal in issue seven.  However, this claim is precluded by Rule 32.2(a)(3) and (5) because it could have been objected to at trial when the videotapes were introduced, and it could have been raised on appeal, but was not.

Issues 1, 2, 4, 9, and 10 on appeal were not properly preserved for appellate review because [Edwards] did not present them at the Rule 32

hearing.  See *Taylor v. State*, [Ms. CR 02-0706, August 27, 2004] ___ So.2d
___, (Ala.Crim.App. 2004); *Payne v. State*, 791 So.2d at 399 (Ala.Crim.App.
2000).  Issue 3, 5, 6, 8, 11, and 12 were never presented to the trial court and
are not properly before this Court.  See *Arrington v. State*, 716 So.2d 237,
239 (Ala.Crim.App. 1997).

For the foregoing reasons, the trial court's judgment is due to be
affirmed.

*Respondents' Exhibit M - Court Doc. No. 13-15* at 2-5 (footnote omitted).  Edwards

undertook no further action on the appeal of his Rule 32 petition.  Specifically, Edwards

failed to file an application for rehearing and did not petition the Alabama Supreme Court

for certiorari review.  The Alabama Court of Criminal Appeals therefore issued the

certificate of judgment on August 24, 2005.  *Respondents' Exhibit N - Court Doc. No. 13-

16.*

Edwards initiated this 28 U.S.C. § 2254 action on February 24, 2006 and thereafter

filed amendments to this petition.  In these pleadings, Edwards indicates his intent to

proceed on the issues raised in the Rule 32 petition as filed in the trial court and asserts the

following additional claims for relief:

1.    The arrest warrants for possession/production of
      obscene material are faulty as they are based on
      evidence improperly seized from petitioner.

2.    The convictions for two counts of first degree
      sexual abuse are violative of double jeopardy
      even though they involve more than one person
      because the acts occurred at the same time.

3.    Appellate counsel provided ineffective
      assistance because she failed to (i) raise

13

constitutional issues established at trial by petitioner proceeding *pro se*, (ii) abide by the wishes of her client, and (iii) properly exhaust petitioner's direct appeal remedies.

4.   "The Courts of the 19th Judicial Circuit of Alabama have *intentionally and/or willfully* removed pleadings sent to that once Honorable Court that is now an Anti-Constitutional Relativist Court of law ... violating [state judicial] ethics [and] their oath to the Constitutions of both the United States and [the] ... State of Alabama." *Petitioner's October 2, 2007 Amendment - Court Doc. No. 35* at 1.

5.   Petitioner was ordered "not to cite law" in support of his response to the respondents' answer which "consign him to one branch of Government" in violation of his constitutional rights and will result in preclusion of relief because "the opposing side will win" based on their citation of only favorable authority.[10] *Petitioner's October 2, 2007 Amendment - Court Doc. No. 35* at 2, 6.

6.   Prison officials open his mail after transfer and refuse to forward mail to him.[11]

7.   The Alabama Supreme Court and all state courts refuse to follow the United States Constitution,

---

[10]This claim refers to an order issued by this court addressing a motion filed by Edwards in which he sought copies of all cases cited by the respondents in their initial answer. *Order of May 8, 2006 - Court Doc. No. 16*. The court denied this motion and, in so doing, simply advised Edwards "that ... it is not necessary that he cite any case law in his response...." *Id*. The order did not, as Edwards alleges, preclude him citing case law but merely advised him the court did not require such citation from him. Moreover, this court does not simply rely on case citations by the parties, either respondents or petitioner, in issuing opinions but, instead, undertakes its own exhaustive research regarding all applicable case law. Thus, this claim is patently frivolous.

[11]The court notes that it is Edwards' responsibility, not that of prison officials, to inform any one sending him mail, including all courts, of a correct address for proper service of documents.

14

federal law or decisions of the United States Supreme Court.

8. Donald Wutke's criminal history and deal with the prosecution was not discovered until Wutke entered the prison system and advised petitioner of such information.

9. Petitioner invoked his rights with respect to a conflict between federal and state law.

10. The trial judge erred when he (i) allowed all evidence to be sent back to the jury room including evidence admitted but not previously viewed by the jury in open court, (ii) held a hearing regarding his own recusal, (iii) had no knowledge of the Computer Crime Act, § 13A-8-100, *et seq.*, (iv) refused to apply the law of multiplicity, (v) made improper comments off the record, and (vi) presided over petitioner's trial even though he had signed the search warrant authorizing the search and seizure which produced the evidence against petitioner thereby establishing the judge's bias and prejudice against petitioner.

11. Advisory counsel was ineffective for failing to interject objections even though not requested to do so by petitioner who had chosen to represent himself.

12. Petitioner did not waive jury instructions.

13. The Alabama Supreme Court abused its discretion and acted in violation of United States Supreme Court precedent in deciding a due process issue in an unrelated case.

14. The Alabama Supreme Court has watered down

15

the Bill of Rights.

15.     A nudist has the constitutional right of freedom of expression and petitioner's acts were lawful as he did not have a culpable state of mind.

16.     In argument to the jury, the prosecutor described Edwards as "an animal, actually '*a spider spinning his web*.'" *Petitioner's October 2, 2007 Amendment - Court Doc. No. 35* at 16 (emphasis in original).

17.     The Circuit of Chilton County and the State of Alabama violated judicial procedures at every stage of petitioner's criminal proceedings to suit a narrow view of moral standards.

18.     Correctional officials are denying him adequate time for research in the law library and no prison law library contains sufficient materials.

*Petitioner's October 2, 2007 Amendment - Court Doc. No. 35* at 1-16.

In their answers to the petition, as amended, the respondents argue the claims pending before this court entitle Edwards to no relief.  Specifically, the respondents contend all of Edwards' claims for federal habeas relief are procedurally barred from review because Edwards failed to present these claims to the state courts in accordance with the State's procedural rules either at trial, on direct appeal or in the Rule 32 proceedings. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732-1733 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate

review process," including review by the state's court of last resort, even if review in that court is discretionary.); *Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003) ("Nothing in *Boerckel's* reasoning suggests that a different rule should apply in state post-conviction appeals as opposed to direct appeals."); *Smith v. Jones*, 256 F.3d 1135, 1140 (11th Cir. 2001), *cert. denied*, 534 U.S. 1136, 122 S.Ct. 1081, 151 L.Ed.2d 982 (2002) ("Alabama's discretionary direct review procedures bring Alabama prisoner habeas petitions within the scope of the *Boerckel* rule."); *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002); *Holladay v. Haley*, 209 F.3d 1243, 1254 n. 9 (11th Cir.), *cert denied*, 531 U.S. 1017 (2000); *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999); *Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992); *Collier v. Jones*, 901 F.2d 770, 773 (11th Cir. 1990). In support of this argument, the respondents maintain Edwards committed the following procedural defaults with respect to the issues pending before this court: (1) Edwards raised only one issue on direct appeal; (2) Edwards failed to properly exhaust the direct appeal process as he did not timely file an application for rehearing and the Alabama Supreme Court refused his petition for writ of certiorari; (3) Edwards raised numerous issues in the Rule 32 petition and amendments filed with the Circuit Court of Chilton County but waived the majority of these issues because he did not present them at the Rule 32 hearing or on appeal to the Alabama Court of Criminal Appeals; and (4) Edwards did not file an application for rehearing in the Alabama Court of Criminal Appeals from its opinion affirming the trial court's decision on the Rule 32 petition thereby relinquishing the ability to seek certiorari

17

in the Alabama Supreme Court.  The respondents further argue Edwards has failed to meet

the requisite burden of proof on any fundamental miscarriage of justice claim as he has

presented no new, reliable evidence not available to him at the time of trial demonstrating

his factual innocence, and, instead relies on the same evidence and arguments presented

in his defense at trial.  *Bousley  v. United States*, 523 U.S. 614, 623-624 (1998); *Schlup v.

Delo*, 513 U.S. 298, 324 (1995).

In addition to the foregoing arguments, the respondents likewise argue that several

of Edwards' claims raised in his October 2007 amendment to the petition are barred by the

one-year period of limitation set forth in 28 U.S.C. 28 U.S.C. § 2244(d)(1) as they do not

relate back to the claims raised in the original petition or first amendment.  *Respondents'

Supplemental Answer - Court Doc. No. 37* at 10-12.[12]  The respondents further contend that

a number of the most recently amended claims are not cognizable in a federal habeas action

as they do not challenge the lawfulness or duration of Edwards' incarceration nor address

---

[12]The law is well settled that pendency of a federal habeas action does not toll the one-year period of limitation set forth in 28 U.S.C. § 2244(d)(1).  *Duncan v. Walker*, 533 U.S. 167, 181 (2001).  Thus, any claims raised by Edwards in his October 2007 amendment which do not relate back to claims previously presented to this court would be subject to dismissal as untimely because Edwards failed to submit the claims to this court within a year of his convictions becoming final, exclusive of the time his Rule 32 action remained pending in the state courts.  *Mayle v. Felix*, 545 U.S. 644, 662, 650, 125 S.Ct. 2562, 2566, 2573-2574 (2005) ("An amended habeas petition ... does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."  Claims asserted after expiration of the one-year period of limitation cannot "be reviewed simply because they relate to the same trial conviction, or sentence as a timely filed claim, [otherwise,] AEDPA's limitation period would have slim significance."); *see also Farris v. United States*, 333 F.3d 1211, 1215 (11th Cir. 2003); *Pruitt v. United States*, 274 F.3d 1315, 1318-1319 (11th Cir. 2001); *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000). However, in light of the determination, *infra* at pp. 20-30, that all claims raised in the present petition are procedurally defaulted, the court will not undertake a lengthy discussion regarding the additional bar to a few claims created by the one-year period of limitation.

violations of a federal right. *Respondents' Supplemental Answer - Court Doc. No. 37* at

13-14; *Hill v. McDonough*, 126 S.Ct. 2096, 2101 (2006); *Estelle v. McGuire*, 502 U.S. 62,

67-68 (1991); *Nelson v. Estelle*, 642 F.2d 903, 905 (5th Cir. 1981).[13]

Upon review of the initial § 2254 petition, the amendments to this petition, the

answers of the respondents, Edwards' responses to the answers, the state court record,

opinions issued by the state courts and applicable federal law, this court finds that no

evidentiary hearing is required, Rule 8(a), *Rules Governing Section 2254 Cases in United*

*States District Courts*, and concludes that the petition for habeas corpus relief is due to be

denied.

## II.  DISCUSSION

### A.  Actual Innocence - Independent Claim

Throughout the pleadings filed in this case, Edwards presents arguments relative to

his actual innocence of possession/production of obscene material depicting children under

the age of 17.  Edwards bases these arguments on the defenses made during trial in which

he challenged the sufficiency of the evidence with respect to the actual age of the

individuals depicted in the material he possessed and alleged the images did not constitute

pornography as they merely showed nude children.  *See Respondents' Exhibit D - Court*

*Doc. No. 13-5.*

---

[13]It is clear that the claims regarding validity of arrest warrants and citation of case law in no way
implicate the lawfulness of Edwards' incarceration.  As such, these claims provide no basis for federal habeas
corpus relief.

The law is well settled "that '[c]laims of actual innocence ... have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.' *Herrera v. Collins,* 506 U.S. 390, 400, 113 S.Ct. 853, 860, 122 L.Ed.2d 203 (1993). It is not our role to make an independent determination of a petitioner's guilt or innocence based on evidence [presented at trial or] that has emerged since the trial. 'This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution--not to correct errors of fact.' *Id.*" *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002). In accordance with the foregoing directives of applicable federal law, Edwards is entitled to no relief from this court on any independent substantive claim of actual innocence asserted with respect to his possession/production convictions.

## B. Procedural Default

All of the claims presented by Edwards in his petition for habeas corpus relief are procedurally defaulted as Edwards failed to present these claims to the state courts in accordance with the State's applicable procedural rules. *O'Sullivan v. Boerckel*, *supra.*; *Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003); *Pruitt*, 348 F.3d at 1358-1359. Upon thorough review of the answers filed by the respondents and the state court records submitted by the parties, the court gleans the relevant procedural defaults as follows:

1. All substantive challenges to Edwards' convictions, including his claims regarding (i) an illegal search and seizure, (ii) errors by the trial judge at all stages of the

proceedings, (iii) improper actions by the prosecutor, (iv) the sufficiency of the evidence, (v) repeated *Brady* violations, (vi) an illegal arrest, (vii) lack of discovery, (viii) various errors committed by the grand and petit juries, (ix) denial of an inventory for items seized, (x) perjured testimony by two of the State's witnesses, (xi) incarceration after arrest on the possession/production charges, (xii) a delay in an initial appearance on the aforementioned charges, (xiii) a coerced statement, (xiv) the validity of the indictment, (xv) the constitutionality of the state criminal statutes governing possession/production of obscene material, (xvi) violation of the right against self-incrimination, (xvii) jurisdiction of the trial court, (xviii) evidence discovered regarding Donald Wutke's conviction(s) and agreement with the prosecution, (xix) denial of a law library awaiting trial, (xx) the constitutionality of the sentences imposed and (xxi) undefined violations of his Fifth and Sixth Amendment rights, are procedurally defaulted because Edwards did not raise them either at trial or on direct appeal.

(2) The aforementioned issues, any other claims raised in the Rule 32 petition, as amended, and all claims challenging the assistance provided by pre-trial, advisory and appellate counsel are procedurally defaulted because the petitioner on appeal from the denial of his Rule 32 petition failed to file an application for rehearing in the Alabama Court of Criminal Appeals or seek certiorari in the Alabama Supreme Court.

(3) The majority of his Rule 32 claims raised in the initial written petition and amendments, and claims alleging an illegal computer search, denial of the opportunity to

tape record the court proceedings, improper admission of videotaped interviews of the victims, violation of Edwards' rights as a nudist and bi-sexual, denial of effective assistance of appellate counsel due to counsel's failure to ensure a complete record, forced acceptance of appellate counsel, an improper comment by the trial judge as to petitioner's ability to appeal the Rule 32 decision, failure of the State to prove the actual age of the victims in the pornography, a cover-up by the State regarding the sexual offense convictions of Donald Wutke and his deal with the State, and a prejudicial trial due to joining nudism with any sex crime are likewise barred from review because the last state court to render judgment on these issues determined that Edwards procedurally defaulted these claims under applicable state rules. *Atkins*, 965 F.2d at 955 (citations omitted) ("Federal review of a petitioner's claim is barred by the procedural-default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and that bar provides an adequate and independent state ground for denying relief."). Specifically, on appeal from the denial of the Rule 32 petition, the Alabama Court of Criminal Appeals held that Edwards waived the majority of the claims presented in his Rule 32 petition and amendments "when he failed to advance them at the Rule 32 hearing...." *Respondents' Exhibit M - Court Doc. No. 13-15* at 2. The issue "regarding an alleged illegal search was not argued on appeal [of the Rule 32] and is waived. Likewise, issue five from the Rule 32 hearing regarding the circuit court's denial to allow [Edwards] to tape record the court proceedings was not argued on [this] appeal

22

and is waived." *Id.* at 4.  The issue "concerning videotaped interviews with the victims ... is precluded by Rule 32.2(a)(3) and (5) because it could have been objected to at trial when the tapes were introduced, and it could have been raised on appeal, but was not." *Id.* at 4-5.  Additionally, the Alabama Court of Criminal Appeals deemed the claims regarding nudism/bi-sexual prejudice, ineffective assistance of appellate counsel, sufficiency of the evidence as to the age of children in the images, a prosecutorial cover-up and prejudicial trial proceedings "not properly preserved for appellate review because [Edwards] did not present them at the Rule 32 hearing." *Id.* at 5.  Finally, the appellate court held that the improper judicial comment issue was "never presented to the trial court and [is] not properly before this Court." *Id.*

(4)  To the extent Edwards presents claims of ineffective assistance of appellate counsel as cause for the procedural defaults arising during direct appeal, the claims are procedurally defaulted either for the reasons herein above set forth or due to Edwards' failure to raise the specific claim of ineffective assistance in his Rule 32 petition.

(5) With respect to any claim not previously raised in the state courts, Edwards is procedurally defaulted for the failure to properly present the claim(s) to the state courts.

This court may reach the merits of Edwards' procedurally defaulted claims "only in two narrow circumstances.  First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both 'cause' for the default and actual 'prejudice' resulting from the default.  *See Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 2644, 91

L.Ed.2d 397 (1986); *[Wainwright v.] Sykes*, 433 U.S. [72,] 87 [(1977)]....  Second, a federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice.  *Murray*, 477 U.S. at 495-96, 106 S.Ct. at 2678.  A 'fundamental miscarriage of justice' occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent.  *Id*."  *Henderson*, 353 F.3d at 892.

### 1. <u>Cause and Prejudice</u>.

> "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court."  *Wright v. Hopper,* 169 F.3d 695, 703 (11th Cir.1999).  To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different.  *Id.*; *Crawford v. Head,* 311 F.3d 1288, 1327-28 (11th Cir.2002).

*Henderson*, 353 F.3d at 892.  In an attempt to meet this burden, Edwards complains he received ineffective assistance of counsel on direct appeal.  Edwards also alleges his *pro se* status with its concomitant lack of legal knowledge should excuse any defaults arising from his failure to properly present his claims during the Rule 32 proceedings. Additionally, Edwards asserts that lack of adequate law libraries throughout the term of his incarceration, limitation on his right of access to the courts and confiscation of his legal materials on December 14, 2007 constitutes cause for defaults related to ***his*** failure to act in accordance with state procedural rules.

As previously determined, Edwards is procedurally defaulted on his claims of

ineffective assistance of appellate counsel as he failed to properly pursue these claims in the state courts in available state proceedings. Ineffective assistance of counsel will excuse a procedural default only when the ineffective assistance claim itself has been independently and properly raised in the state courts. *Murray*, 477 U.S. at 489 ("a claim of ineffective assistance [must] be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default."); *Hill v. Jones*, 81 F.3d 1015, 1030 (11th Cir. 1996) (a procedurally defaulted claim of ineffective assistance of counsel cannot serve as cause to excuse the default of a separate claim). Thus, such claims cannot constitute cause necessary to excuse each of Edwards' procedural defaults. Furthermore, none of the allegations of ineffective assistance of appellate counsel in any way justify Edwards' failure to properly exhaust his procedurally defaulted claims during the Rule 32 proceedings.

Edwards' reliance on his *pro se* status and attendant lack of legal knowledge as cause likewise provide no basis for relief from the applicable procedural bars as neither an inmate's lack of legal knowledge, his failure to understand legal principles nor the inability to recognize potential claims for relief at an earlier juncture constitute an extraordinary circumstance sufficient to warrant such relief. *Harmon v. Barton*, 894 F.2d 1268 (11th Cir. 1990); *Smith v. Newsome*, 876 F.2d 1461 (11th Cir. 1989). Moreover, complete ignorance of the law fails to establish cause for a procedural default. *Harmon v. Barton*, 894 F.2d 1268 (11th Cir. 1990); *Smith v. Newsome*, 876 F.2d 1461 (11th Cir. 1989); *Spencer v. Kemp*,

781 F.2d 1458, 1462 (11th Cir. 1986); *Barksdale v. Lane*, 957 F.2d 379, 385-386 (7th Cir. 1992) (petitioner's *pro se* status does not constitute adequate grounds for cause); *see also Wakefield v. Railroad Retirement Board*, 131 F.3d 967, 969 (11th Cir. 1997) (ignorance of the law is not a factor which warrants relief from procedural bars); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194, 121 S.Ct. 1195, 149 L.Ed.2d 110 (2001) ("[I]t is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.' *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)."); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir.2000), *cert. denied*, 534 U.S. 863, 122 S.Ct. 145, 151 L.Ed.2d 97 (2001) (lack of legal knowledge or legal resources, even in a case involving a *pro se* inmate, does not warrant equitable relief from a procedural bar); *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998) (equitable relief from procedural bar not justified by fact that petitioner did not understand the law).

To the extent the petition can be construed to assert that the inadequacy of law libraries in the institutions where Edwards has been incarcerated during the pendency of his Rule 32 action and various alleged limitations on his right of access to the courts demonstrate cause for his defaults during the Rule 32 proceedings, Edwards is entitled to no relief as he has failed to establish a causal connection between these alleged deficiencies and his ability to file requisite documents either with the trial court or on appeal of his Rule 32 petition. Specifically, Edwards filed a lengthy Rule 32 petition in the Circuit Court of Chilton County and subsequently filed several amendments to this petition.

The record further demonstrates that Edwards freely and routinely filed documents with both the trial and appellate court during the pendency of his Rule 32 petition. The trial court conducted a hearing on the petition at which time Edwards failed to raise several of his claims thereby effectuating a procedural bar relative to such claims. None of the allegations presented by Edwards asserts or demonstrates cause for this particular default.

Edwards filed a timely appeal of the trial court's order disposing of his Rule 32 petition and submitted a lengthy brief in support of his appeal. However, in this brief, Edwards failed to present each of the claims previously raised in the Rule 32 petition filed with the trial court. This failure constituted an additional procedural default relative to his claims for federal habeas relief. Again, this default cannot be excused by the allegations of cause set forth by Edwards. Additionally, in addressing the claims presented by Edwards on the Rule 32 appeal, the Alabama Court of Criminal Appeals determined that Edwards had failed to properly preserve any issues for review either because he did not raise them at trial, on direct appeal, in the hearing on the Rule 32 petition or on appeal from the trial court's order addressing such petition. *Respondents' Exhibit M - Court Doc. No. 13-5* at 4-5. After issuance of the memorandum opinion affirming the decision of the trial court on the Rule 32 petition, Edwards failed to undertake any further action on this appeal. Nothing before the court suggests that this failure resulted from a lack of adequate law libraries or a denial of access to the courts. Moreover, neither alleged inadequate prison law libraries nor limited access thereto, standing alone, establishes cause necessary to

27

excuse a procedural default.  *Felder*, 204 F.3d at 171; *Marsh*, 223 F.3d at 1220.  The court further notes that the alleged confiscation of Edwards' legal materials occurred  after final resolution of his Rule 32 petition and cannot provide a basis for cause relative to Edwards' failure to properly exhaust his claims during the Rule 32 proceedings.

In sum, it is clear from the record in this case that during the periods relevant to the procedural defaults at issue, Edwards had the ability to prosecute his choice of claims in the state courts.[14]  The record is devoid of any "objective factor external to the defense that prevented [Edwards] from raising the claim[s] and which cannot be fairly attributable to his own conduct."  *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  In light of the fact that Edwards raised his claims for federal relief while proceeding *pro se* in both this court and the state courts, it is clear that such claims are not issues "intrinsically beyond [a] *pro se*

---

[14]Although inmates are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts[,]."  *Bounds v. Smith*, 430 U.S. 817, 825 (1977), the Supreme Court subsequently clarified and limited this right.  *Lewis v. Casey*, 518 U.S. 343 (1996).  In identifying the particular right protected by *Bounds*, the Court explained that "*Bounds* established no ... right [to a law library or to legal assistance].  The right that *Bounds* acknowledged was the (already well-established) right of *access to the courts*.... [P]rison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'"  *Id*. at 350-351 (emphasis in original) (citations omitted).  The Court further opined *Bounds* did not require "that the State ... enable the prisoner to *discover grievances*, and to *litigate effectively* once in court....  To demand the conferral of such sophisticated legal capabilities upon a mostly uneducated and indeed largely illiterate prison population is [not something] ... the Constitution requires."  *Id*. at 354 (emphasis in original).  Moreover, *Lewis* emphasized that a *Bounds* violation is related to the lack of an inmate's capability to present claims.  518 U.S. at 356.  "*Bounds*, which as we have said *guarantees no particular methodology but rather the conferral of a capability -- the capability of bringing contemplated challenges to sentences ... before the courts*." *Id*. at 356-357 (emphasis added).  "[T]he Constitution does not require that prisoners ... be able to conduct generalized legal research, but only that they be able to present their grievances to the courts - a more limited capability that can be produced by a much more limited degree of legal assistance."  *Id*. at 360.  Edwards has utterly and completely failed to come forward with any evidence that inadequate law libraries or insufficient time therein deprived him of the *capability* of pursing claims during his Rule 32 action in the state courts.

28

petitioner's ability to present." *Harmon*, 894 F.2d at 1275.

Based on the foregoing, the court concludes that Edwards has failed to demonstrate cause for his failure to present his federal habeas claims to the state courts in compliance with applicable procedural rules. Furthermore, Edwards has presented nothing which establishes the existence of actual prejudice emanating from infringement of federal law. Nevertheless, this court may still reach the merits of Edwards' procedurally defaulted claims in order to prevent a fundamental miscarriage of justice

**2. Fundamental Miscarriage of Justice**. Throughout his pleadings in this court, Edwards argues he is not guilty of possession/production of obscene material depicting persons under the age of 17 engaged in obscene acts as the possession/production of such material is protected by the Constitution of the United States and maintains this court should therefore address his claims to avoid a fundamental miscarriage of justice.

The miscarriage of justice standard is directly linked to actual innocence. *Schlup v. Delo*, 513 U.S. 298, 321 (1995). Actual innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted. *Id.* at 315. This exception applies where a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *Schlup v. Delo*, *supra*. "To establish actual innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable juror would have convicted him.' *Schlup*

29

*v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)."

*Bousley v. United States*, 523 U.S. 614, 623 (1998). "[T]he *Schlup* standard is demanding

and permits review only in the "'extraordinary'" case." *House v. Bell*, 547 U.S. 518, 538,

126 S.Ct. 2064, 2077 (2006). Thus, "[i]n the usual case the presumed guilt of a prisoner

convicted in state court counsels against federal review of defaulted claims." 547 U.S. at

537, 126 S.Ct. at 2077. "It is important to note in this regard that 'actual innocence' means

factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339,

112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)." *Bousley*, 523 U.S. at 623-624; *Doe

v. Menefee*, 391 F.3d 147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a

federal district] court is not legal innocence but factual innocence."). *Schlup* observes that

"a substantial claim that constitutional error has caused the conviction of an innocent

person is extremely rare.... To be credible, such a claim requires petitioner to support his

allegations of constitutional error with ***new reliable evidence*** -- whether it be exculpatory

scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that

was not presented at trial. Because such evidence is obviously unavailable in the vast

majority of cases, claims of actual innocence are rarely successful." 513 U.S. at 324

(emphasis added).

Edwards fails to make the requisite showing of actual innocence as he has presented

no "new reliable evidence" nor do his allegations suggest that any such evidence exists

which could satisfy the stringent standard set forth in *Schlup*. Edwards' procedurally

defaulted claims are therefore foreclosed from federal habeas review.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Robert Rex Edwards be denied and that this case be dismissed with prejudice.  It is further

ORDERED that on or before October 29, 2008 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 16th day of October, 2008.


                    _____/s/ Wallace Capel, Jr._____
                    WALLACE CAPEL, JR.
                    UNITED STATES MAGISTRATE JUDGE